Kent Ries
State Bar No. 16914050
2700 S. Western St., Suite 300
Amarillo, Texas 79109
(806) 242-7437
(806) 242-7440 - Fax
COUNSEL FOR TRUSTEE

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, | § | CASE NO. 18-20209-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, INC., | § | CASE NO. 18-20210-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| KENT RIES, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-2003 |
| | § | |
| GALMOR FAMILY LIMITED PARTNERSHIP and GALMOR MANAGEMENT, L.L.C., | § | |
| | § | |
| Defendants. | § | |

### FIRST AMENDED COMPLAINT

TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:

**FIRST AMENDED COMPLAINT -PAGE 1**

Kent Ries, Trustee in these two bankruptcy cases ("Trustee"), complains against Defendants, Galmor Family Limited Partnership and Galmor Management, L.L.C. as follows:

## I.
## BACKGROUND & PROCEDURE

1. This Adversary Proceeding has been severed from Adversary Proceeding No. 19-2006 previously filed in this Court.

2. Defendant Galmor Family Limited Partnership ("FLP"), is a Texas limited partnership, which is represented by Davor Rukavina of Numsch, Hardt, Kopf & Harr. The FLP timely filed its Answer in the original Adversary Proceeding.

3. Defendant Galmor Management, L.L.C. ("GM"), is a Texas limited liability corporation, which is represented by Davor Rukavina of Munsch, Hardt, Kopf & Harr. The GM is a new Defendant in this severed Adversary Proceeding. GM is the corporate limited partner for the FLP.

4. This is a core proceeding under 28 U.S.C. §157(b)(2)(A)&(O). This is an Adversary Proceeding under Bankruptcy Rule 7001(1). The parties have consented to this Court's jurisdiction of a final order or judgment to the claims asserted herein.

5. Both Debtors filed for relief under Chapter 11 of the United States Bankruptcy Code on June 19, 2018 and converted to Chapter 7 cases on January 8, 2019. Kent Ries was subsequently appointed and qualified to serve as the Trustee over both the bankruptcy estates.

## II.
## RELEVANT FACTS

6. The FLP owns in excess of $3,000,000.00 of real estate in the Texas panhandle. The FLP owes approximately $600,000.00 secured by liens on some or all of the FLP assets.

The FLP owes the bankruptcy estates approximately $2,400,000.00 as an unsecured creditor, pursuant to the sworn bankruptcy schedules filed by the Debtors in their respective cases.

## III.
## SUIT ON DEBT

7. According to the sworn schedules of Michael Stephen Galmor ("Galmor"), Schedule B, Number 30, the FLP is indebted to the Galmor bankruptcy Estate in the total amount of $1,310,807.00.

8. According to the sworn schedules of Galmor's/G&G Steam Service, Inc. ("G&G"), Schedule B, Number 74, the FLP is indebted to the G&G bankruptcy Estate in the total amount of $1,096,051.32.  A breakdown of this amount, including a description of the basis for the debt, is provided in G&G's schedules.  These same debts were described in the G&G Combined Disclosure Statement and Plan of Reorganization filed during G&G's Chapter 11 case.

9. The Trustee is entitled to a judgment for each respective Estate for the amounts owed each respective Estate.  Galmor and G&G extended funds to the FLP so that the FLP could continue to operate its various businesses from the period of May, 2014 until the two bankruptcy cases were filed.  Additionally, Galmor and other employees of the FLP weren't paid their earned wages during this time period as the FLP was without funds to pay them.  Based on these acts and transactions, the Glamor and G&G bankruptcy Estates are entitled, under Texas law (including, but not limited to, causes of action for breach of contract, quantum meriut, unjust enrichment, money had and received and suit on account), to a recovery by Judgment for their debts from both the FLP and its corporate general partner, GM, jointly and severally.

10.     Both sets of sworn schedules described above were signed under penalty of perjury by Michael Stephen Galmor.  Galmor was the only party who can speak on behalf of the FLP or GM as he was their sole management at the time the above schedules were filed.  Therefore, the Trustee asserts that the FLP and GM are barred by principles of res judicata and collateral estoppel from disputing these debts owed to the bankruptcy Estates.

11.     The Trustee is also entitled to legal fees, interest and court costs incurred in the collection of these debts.

**WHEREFORE, PREMISES CONSIDERED**, the Trustee, respectfully requests this Court grant relief consistent with the above claim, and for such other and further relief this Court deems is just and proper.

Respectfully submitted,

Kent Ries, Attorney at Law
2700 S. Western St., Suite 300
Amarillo, Texas 79109
(806) 242-7437
(806) 242-7440-Fax

By:  /s/ Kent Ries
     Kent Ries
     State Bar No. 16914050

COUNSEL FOR TRUSTEE

## **CERTIFICATE OF SERVICE**

I certify that on the 29th day of May, 2020, a true and correct copy of the foregoing Complaint was sent electronically to the party listed below:

Davor Rukavina
Munsch, Hardt, Kopf & Harr
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659

/s/ Kent Ries
Kent Ries