Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas Berghman, Esq.
Texas Bar No. 24082683
MUNSCH HARDT KOPF & HARR P.C.
500 N. Akard St., Ste. 3800
Dallas, Texas 75201
Telephone: 214-855-7500
Facsimile: 214-855-7584

ATTORNEYS FOR LESLIE PRITCHARD

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, | § | CASE NO. 18-20209-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, INC., | § | CASE NO. 18-20210-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| KENT RIES, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-2003 |
| | § | |
| GALMOR FAMILY LIMITED PARTNERSHIP and GALMOR MANAGEMENT, L.L.C., | § | |
| | § | |
| Defendants. | § | |

## ANSWER TO FIRST AMENDED COMPLAINT

TO THE HONORABLE ROBERT L. JONES, U.S. BANKRUPTCY JUDGE:

COMES NOW Leslie Pritchard ("Pritchard"), court-appointed liquidator for Galmor Family Limited Partnership (the "GFLP") and Galmor Management, L.L.C. ("GM," with GFLP,

the "Defendants"), the defendants in the above styled and numbered Adversary Proceeding commenced by Kent Ries (the "Trustee") and, responding to the Trustee's *First Amended Complaint* (the "Complaint"), answer as follows. To the extent any factual allegation is not expressly admitted, it is denied.

## I.    ANSWER

1. Pritchard admits the allegations in paragraph 1 of the Complaint.

2. The undersigned does not represent GFLP. The undersigned represents Pritchard who, pursuant to the Court's *Agreed Judgment: (i) Ordering Supervised Liquidation of Texas Entities; (ii) Appointing Managers of the Same; and (iii) Severing Remaining Claims*, entered at Docket No. 26 in Adversary Proceeding No. 19-2006, Pritchard has been appointed with sole authority to defend GFLP as part of winding it down.

3. The undersigned does not represent GM. The undersigned represents Pritchard who, pursuant to the Court's *Agreed Judgment: (i) Ordering Supervised Liquidation of Texas Entities; (ii) Appointing Managers of the Same; and (iii) Severing Remaining Claims*, entered at Docket No. 26 in Adversary Proceeding No. 19-2006, Pritchard has been appointed with sole authority to defend GM as part of winding it down.

4. Pritchard admits the allegations in paragraph 4 of the Complaint.

5. Pritchard admits the allegations in paragraph 5 of the Complaint.

6. Pritchard generally admits the first two sentences of paragraph 6 of the Complaint, subject to specific amounts. Pritchard denies the allegations in the third sentence of paragraph 6 of the Complaint.

7. Pritchard admits that that is what the sworn schedules show, but denies the underlying allegations contained in paragraph 7 of the Complaint, or that either Defendant owes the Trustee anything.

8. Pritchard admits that that is what the sworn schedules and other documents show, but denies the underlying allegations contained in paragraph 8 of the Complaint, or that either Defendant owes the Trustee anything.

9. Pritchard denies all allegations contained in paragraph 9 of the Complaint, and she denies that the Trustee is entitled to any relief.

10. Paragraph 10 of the Complaint asserts conclusions of law to which no response is required. Pritchard denies that the Trustee is entitled to any relief.

11. Pritchard denies the allegations in paragraph 11 of the Complaint.

## II.     DEFENSES AND AFFIRMATIVE DEFENSES

12. The alleged debts the Trustee sues on are barred by the Statute of Frauds and the Statute of Limitations.

13. The alleged debts the Trustee sues on are barred by latches, estoppel, and the unclean hands of Debtor Galmor.

14. In managing the Defendants, upon information and belief Debtor Galmor engaged in large and systematic self-dealing, breaching his fiduciary duties. His actions and statements, including on any schedules, are not binding on the Defendants due to his self-dealing and *ultra vires* actions, and his breaches of fiduciary duty.

15. To the extent that Debtor Galmor was funding the Defendants from himself or his other companies, even as he was denuding the Defendants of their property and funds for his

personal benefit, such funding was in the nature of a volunteer without a reasonable expectation of repayment, much less a binding agreement of repayment.

16. To the extent that the Defendants incurred any obligation as alleged in the Complaint, any such obligation is not binding for Debtor Galmor's failure to follow underlying requirements for obtaining debt and for his *ultra vires* acts.

17. The Trustee's claims are barred by the frauds and illegalities of Debtor Galmor, in whose shoes the Trustee stands.

18. The Trustee's claims are barred by the waiver, accord and satisfaction, and assumption of risk of Debtor Galmor, in whose shoes the Trustee stands.

### III.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Pritchard, for herself and the Defendants, prays that the Trustee take nothing on account of his Complaint and that Pritchard recover from the Trustee's estates her reasonable attorney's fees and costs incurred herein.

RESPECTFULLY SUBMITTED this 22d day of June, 2020.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas Berghman, Esq.
Texas Bar No. 24082683
3800 Ross Tower
500 North Akard St.
Dallas, Texas  75201
Telephone: (214) 855-7500
Facsimile: (214) 978-4375

**ATTORNEYS FOR LESLIE PRITCHARD**

## **CERTICIATE OF SERVICE**

    The undersigned hereby certifies that, on this the 22d day of June, 2020, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof, including on Kent Ries, the plaintiff herein.

                                                    By: /s/  Davor Rukavina
                                                      Davor Rukavina, Esq.