Kent Ries  
2700 S. Western St., Suite 300  
Amarillo, Texas 79109  
(806) 242-7437  
(806) 242-7440 – Fax  
kent@kentries.com  
COUNSEL FOR TRUSTEE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, | § | CASE NO. 18-20209-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, INC., | § | CASE NO. 18-20210-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| KENT RIES, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-2003 |
| | § | |
| GALMOR FAMILY LIMITED PARTNERSHIP and GALMOR MANAGEMENT, L.L.C., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO ANSWER DISCOVERY**

TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:

COMES NOW, KENT RIES, Trustee of the two bankruptcy Estates, also known as Plaintiff ("Plaintiff") in the above styled and numbered adversary proceeding, and files this

Plaintiff's Motion to Compel Defendants to Answer Discovery, and in support thereof would respectfully show the Court as follows:

1. Debtor filed for relief under Chapter 11 of the United States Bankruptcy Code June 18, 2018. The Chapter 11 bankruptcy case was converted to a case under Chapter 7 on January 8, 2019.

2. This adversary proceeding is a claim against Defendant for debts owed to the Plaintiff's bankruptcy Estates.

3. On September 28, 2020 the Plaintiff served Interrogatories and Requests for Production of Documents to Defendants. The Defendants requested extensions to answer such discovery, which Plaintiff agreed to. After approximately eleven (11) months, the Defendants served Plaintiff with their answers on August 23, 2021.

4. The Interrogatories requesting facts be disclosed, specifically Nos. 5 through 11, are generally not answered, other than conclusory legal statements. These interrogatories asked Defendants to describe the facts that support their defenses in their answer. This is the main purpose of discovery. There are few, if any, factual responses to even the simplest of Plaintiff's Interrogatories. Attached to this Motion are true and correct copies of Defendants' Interrogatory responses.

5. The Defendants have likewise not complied with Plaintiff's Requests for Production in any meaningful way. The answers are all "responsive documents will be produced". Attached to this Motion are true and correct copies of Defendants' Request for Production responses.

6. The Defendants actual document production didn't occur for another month, on September 29, 2021. This was after multiple phone calls and emails from the Plaintiff to follow

up on such discovery. The Defendants main response for the delay was they hadn't reviewed the documents themselves, so they couldn't properly produce them.

7. Finally, the Defendants sent Plaintiff a link to the cloud of over 33,600 pages of documents in response to the Plaintiff's eleven (11) specific production requests. The Defendants made no attempt to correlate any documents to any request. This is not the way discovery should work. Plaintiff should not have to hunt through Defendants' bulk production to find which documents relate to which requests. This is nothing more than a forced Easter egg hunt. The Defendant's answers might as well have been "here's a bunch of documents, you figure it out".

8. The Plaintiff asserts that the Defendant's responses fail to comply with their required duties under Federal Rules of Bankruptcy Procedure 7026, 7033 and 7034 and Rule 26, 33 and 34 of the Federal Rules of Civil Procedure.

9. The Plaintiff needed these documents to prepare for and take depositions of the three key witnesses in this Adversary Proceeding. These depositions are set for the last week of October, in order to meet the discovery deadline of October 29, 2021. The delay in properly answering discovery is not reasonable. Plaintiff believes Defendant is improperly derailing the discovery process with answers that are really not answers. Plaintiff asks this Court to instruct Defendant to act otherwise.

WHEREFORE, Plaintiff prays that the Defendants be ordered to answer all the discovery asked of them, and for such other and further relief to which the Plaintiff may be allowed, at law or in equity.

Respectfully submitted,

Kent Ries, Attorney at Law
2700 S. Western St., Suite 300
Amarillo, Texas 79109
(806) 242-7427
(806) 242-7440 - Fax

By: /s/ Kent Ries
    Kent Ries
    State Bar No. 1691450

COUNSEL FOR TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of October, 2021, a true and correct copy of the above and foregoing was sent electronically via ECF and emailed, to the parties listed below and on the attached matrix.

    Davor Rukavina
    Munsch, Hardt, Kopf & Harr
    500 N. Akard Street, Suite 3800
    Dallas, Texas 75201-6659

    /s/ Kent Ries
    Kent Ries

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, | § | CASE NO. 18-20209-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, INC., | § | CASE NO. 18-20210-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| KENT RIES, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-2003 |
| | § | |
| GALMOR FAMILY LIMITED PARTNERSHIP and GALMOR MANAGEMENT, L.L.C., | § | |
| | § | |
| Defendants. | § | |

**OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO GALMOR FAMILY LIMITED PARTNERSHIP AND GALMOR MANAGEMENT, L.L.C.**

TO: Kent Ries, Plaintiff, by and through Kent Ries, Esq., 2700 S. Western Street, Suite 300, Amarillo Texas.

Leslie Pritchard ("Pritchard"), court-appointed liquidator for Galmor Family Limited Partnership (the "GFLP") and Galmor Management, L.L.C. ("GM," with GFLP, the "Defendants"), the defendants in the above styled and numbered Adversary Proceeding, in such capacity and for the GFLP and GM, hereby serves the following *Objections and Answers* of GFLP

and GM to the *Plaintiff's First Set of Interrogatories* (the "Interrogatories") *and Requests for Production* (the "Requests").

## Interrogatories

INTERROGATORY NO. 1: Identify each person who was interviewed, consulted, or participated in the preparation or formulating of answers to these Interrogatories. If more than one person answered these Interrogatories, list for each such person the specific interrogatory which he or she answers or participated in answering.

    ANSWER:

    Defendants object to this Interrogatory to the extent it requires her to disclose any privileged matter, including any consulting expert or counsel.

    Subject to said objection, Defendants answer as follows: Pritchard.

INTERROGATORY NO. 2: Identify each individual likely to have discoverable information that you, may use to support your claims in this suit, including a brief description of the individual's knowledge regarding this case.

    ANSWER:

1. Pritchard. Pritchard has knowledge of Debtor Steve Galmor's self-dealing from the Defendants and that the Debtors did not loan funds to the Defendants.

2. Steve Galmor. Galmor will have knowledge of his self-dealing from the Defendants and that the Debtors did not loan funds to the Defendants.

3. Traci Galmor Coleman (sister). Information regarding transfer of Galmor homestead and Gin Miller properties and regarding the funding and or management of the FLP.

4. Shawn Galmor Zaiontz (sister). Information regarding Galmor's intentions to obstruct the beneficiaries of the FLP from receiving funds from same.

5. Brandon Galmor (nephew). Information regarding management of the FLP

6. Justin Galmor. Justin Galmor worked in the Elk City office of Galmor's GG and has knowledge regarding the accounting of the Debtors.

7. Charles King. Charles King is an estate planning attorney and has knowledge regarding the tax attributes of the Debtors as well as the settling of the FLP.

8. Ken Fields. Ken Fields is an attorney and has knowledge regarding the oil and gas and rock quarry interests of the Debtors and the FLP.

9. Carol Leblanc. Carol Leblanc was employed by the Quarry and may have knowledge regarding the operations of the quarry including volume.

10. Kelly Walker. Kelly Walker was employed by the Quarry and may have knowledge regarding the operations of the quarry including volume.

11. Patricia Cannon. Patricia Cannon was a witness to the BDG will and the circumstances of the execution of the same.

12. Mickey Cannon. Mickey Cannon was a witness to the BDG will and the circumstances of the execution of the same.

13. Tonya Vinyard. Tonya Vinyard was present at the execution of the BDG will.

14. Justin Stroop. Justin Stroop will have knowledge of cattle operations and purchases/sales of cattle.

15. Hayden Duncan. Hayden Duncan will have knowledge of cattle operations and purchases/sales of cattle.

16. Cross Roads Cattle – Jennings Steen and Justin Stroop will have knowledge of cattle operations and purchases/sales of cattle.

17. Jose Salas. Jose Salas will have knowledge of cattle operations and purchases/sales of cattle.

18. Jaycee Carter. Jaycee Carter will have knowledge regarding the purchase/sale of 2.4 acre parcel at the corner of the Gin Yard property.

INTERROGATORY NO. 3   Identify each individual that Plaintiff might use at trial to present evidence under Federal Rules of Evidence 702, 703 or 705, including a brief description of the individual's knowledge regarding this case and the individual's opinions and conclusions.

ANSWER:

Defendants object to this Interrogatory because they are not required to disclose any expert prior to the time that such disclosures are required under any scheduling order. Prior to such time, all such matters are privileged under the attorney-work product privilege. Defendants will answer this Interrogatory as required by Rule 26 at the appropriate time.

Subject to said objection, Defendants disclose that they have retained Maison Vasek to provide a general forensic accounting of the Defendants' books and transactions and of Steve Galmor's self-dealing from the Defendants, and to review whether the Defendants owe any alleged funds to the Debtors.

INTERROGATORY NO. 4: Identify each and every person you intend to call or may call as an expert witness at trial and state:

   a. The subject matter as to which each and every expert will testify; and
   b. The substance of the facts and opinions to which the expert is to testify; and
   c. A summary of the grounds for each opinion.

   ANSWER:

   Defendants object to this Interrogatory because they are not required to disclose any expert prior to the time that such disclosures are required under any scheduling order. Prior to such time, all such matters are privileged under the attorney-work product privilege. Defendants will answer this Interrogatory as required by Rule 26 at the appropriate time.

   Subject to said objection, Defendants disclose that they have retained Maison Vasek to provide a general forensic accounting of the Defendants' books and transactions and of Steve Galmor's self-dealing from the Defendants, and to review whether the Defendants owe any alleged funds to the Debtors

INTERROGATORY NO. 5: Identify all the facts that support your denial that the Defendants do not owe the Trustee anything in Paragraph 7 of your Answer.

   ANSWER:

   Defendants object to this Interrogatory as they are not required to prove that the Defendants do not owe the Trustee anything, as this is the Trustee's burden on which the Trustee has presented zero evidence except the Debtors' filed schedules, which Defendants do not believe. Furthermore, discovery is ongoing as is the analysis of documents received in discovery.

   Subject to the foregoing, Defendants answer that: (i) they do not believe the Debtors' schedules; (ii) they do not believe that the Debtors were making any advances to the Defendants; (iii) to the extent that the Debtors paid any expenses of the Defendants or otherwise advanced any funds, there is no promissory note or other writing evidencing any promise by the Defendants to repay the same; (iv) to the extent that the Debtors paid any expenses of the Defendants or otherwise advanced any funds, Steve Galmor was not authorized to cause the Defendants to incur any debt or obligation to repay the same; (v) documents prepared by the Debtors, including through counsel, for negotiation and other purposes, do not list any debt or obligation of the Defendants to the Debtors, and no such debts or obligations appear to have been carried on the books and records of the Defendants and no such claims appear to have been carried on the books and records of the Debtors, all including potentially tax returns; and (vi) the Debtors committed self-dealing with the Defendants that should be netted out against any alleged funds owing, including by transferring real property to Steve Galmor for no consideration, extracting rock from the quarry without paying for it, denuding the Debtors of oil and gas royalties, and using the Defendants' funds and properties to support his lifestyle and businesses without payment

or return consideration and in breach of his fiduciary duties. Discovery is ongoing and Defendants will supplement this Interrogatory once they learn of additional facts.

INTERROGATORY NO. 6: Identify all the facts that support your denial that the Defendants do not owe the Trustee anything in Paragraph 8 of your Answer.

ANSWER:

Defendants object to this Interrogatory as they are not required to prove that the Defendants do not owe the Trustee anything, as this is the Trustee's burden on which the Trustee has presented zero evidence except the Debtors' filed schedules, which Defendants do not believe.

Subject to the foregoing, Defendants answer that: (i) they do not believe the Debtors' schedules; (ii) they do not believe that the Debtors were making any advances to the Defendants; (iii) to the extent that the Debtors paid any expenses of the Defendants or otherwise advanced any funds, there is no promissory note or other writing evidencing any promise by the Defendants to repay the same; (iv) to the extent that the Debtors paid any expenses of the Defendants or otherwise advanced any funds, Steve Galmor was not authorized to cause the Defendants to incur any debt or obligation to repay the same; (v) documents prepared by the Debtors, including through counsel, for negotiation and other purposes, do not list any debt or obligation of the Defendants to the Debtors, and no such debts or obligations appear to have been carried on the books and records of the Defendants and no such claims appear to have been carried on the books and records of the Debtors, all including potentially tax returns; and (vi) the Debtors committed self-dealing with the Defendants that should be netted out against any alleged funds owing, including by transferring real property to Steve Galmor for no consideration, extracting rock from the quarry without paying for it, denuding the Debtors of oil and gas royalties, and using the Defendants' funds and properties to support his lifestyle and businesses without payment or return consideration and in breach of his fiduciary duties. Discovery is ongoing and Defendants will supplement this Interrogatory once Defendants learn of additional facts.

INTERROGATORY NO. 7: Identify all the facts that support your denial that the Defendants do not owe the Trustee anything in Paragraph 9 of your Answer.

ANSWER:

Defendants object to this Interrogatory as Defendants are not required to prove that the Defendants do not owe the Trustee anything, as this is the Trustee's burden on which the Trustee has presented zero evidence except the Debtors' filed schedules, which Defendants do not believe.

Subject to the foregoing, Defendants answer that: (i) Defendants do not believe the Debtors' schedules; (ii) Defendants do not believe that the Debtors were making any advances to the Defendants; (iii) to the extent that the Debtors paid any expenses of the Defendants or otherwise advanced any funds, there is no promissory note or other writing

evidencing any promise by the Defendants to repay the same; (iv) to the extent that the Debtors paid any expenses of the Defendants or otherwise advanced any funds, Steve Galmor was not authorized to cause the Defendants to incur any debt or obligation to repay the same; (v) documents prepared by the Debtors, including through counsel, for negotiation and other purposes, do not list any debt or obligation of the Defendants to the Debtors, and no such debts or obligations appear to have been carried on the books and records of the Defendants and no such claims appear to have been carried on the books and records of the Debtors, all including potentially tax returns; and (vi) the Debtors committed self-dealing with the Defendants that should be netted out against any alleged funds owing, including by transferring real property to Steve Galmor for no consideration, extracting rock from the quarry without paying for it, denuding the Debtors of oil and gas royalties, and using the Defendants' funds and properties to support his lifestyle and businesses without payment or return consideration and in breach of his fiduciary duties. Discovery is ongoing and Defendants will supplement this Interrogatory once Defendants learn of additional facts.

INTERROGATORY NO. 8: Identify all the facts that support your assertion that the debts the Trustee sues on are barred by latches in Paragraph 13 of your Answer.

ANSWER:

To the extent that either of the Debtors advanced any funds on behalf of or to the Defendants: (i) the Debtors did not take any action to sue for or recover such alleged debts or otherwise reduce any such debts to documents and instruments; (ii) the Debtors did not claim that any such debts were owing to them until it suited them to say such things in order to hide their own incompetence leading to bankruptcy and to attempt to obtain funds for themselves; and (iii) resulting prejudice to the Defendants who, because of this delay, may lack the documentation and other evidence that may demonstrate that the allegations are false and that it is in fact the Debtors who denuded the Defendants and owe them money for breach of fiduciary duty and otherwise. Discovery is ongoing and Defendants will supplement this Interrogatory once Defendants learn of additional facts.

INTERROGATORY NO. 9: Identify all the facts that support your assertion that the debts the Trustee sues on are barred by estoppel in Paragraph 13 of your Answer.

ANSWER:

These claims are barred by estoppel because the Debtors failed to allege that these debts were owing, and, in fact, represented otherwise in settlement negotiations, including ones which led to a settlement by which the Defendants released certain claims against the Debtors. The claims are further barred by estoppel because the Debtors denuded the Defendants, including by using the funds and properties of the Defendants for their personal gain and benefit, without return consideration and in breach of fiduciary duties. Discovery is ongoing and Defendants will supplement this Interrogatory once Defendants learn of additional facts. Although the Trustee himself has not engaged in conduct that

would give rise to estoppel, he and his estate are charged with the Debtors' prepetition conduct.

INTERROGATORY NO. 10: Identify all the facts that support your assertion that the debts the Trustee sues on are barred by unclean hands of the Debtors in Paragraph 13 of your Answer.

ANSWER:

The claims are barred by unclean hands because the Debtors denuded the Defendants, including by using the funds and properties of the Defendants for their personal gain and benefit, without return consideration and in breach of fiduciary duties. Discovery is ongoing and Defendants will supplement this Interrogatory once Defendants learn of additional facts. Although the Trustee himself has not engaged in conduct that would give rise to unclean hands, he and his estate are charged with the Debtors' prepetition conduct.

INTERROGATORY NO. 11: Identify all the facts that support your assertion that the Debtors engaged in self-dealing, ultra vires actions and breached his fiduciary duties in Paragraph 14 of your Answer.

ANSWER:

The Debtors engaged in self-dealing, ultra vires actions, and breaches of fiduciary duty

The partnership agreement of the Family Limited Partnership subjects the general partner to fiduciary duties owed by a partner in a general partnership, and it permits self-dealing only when on as favorable terms as through a third-party transaction. The agreement further prohibits a general partner from incurring partnership indebtedness in excess of 50% of the loan-to-value ratio of the partnership's property. Defendants incorporate their responses to Interrogatories 5, 6, 7, and 9. Defendants will supplement this response as more information is gathered.

INTERROGATORY NO. 12: Identify your business operations since 2010.

ANSWER:

To the best of Pritchard's knowledge, answering for Defendants, Defendants operated a rock quarry, oil and gas interests, and a cattle and farming operation.

## Verification

STATE OF TEXAS §
§
COUNTY OF DALLAS §

Before me, the undersigned notary, on this day personally appeared **Leslie Pritchard**, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

"My name is Leslie Pritchard. I am capable of making this Verification. I have read the foregoing document. The facts stated in the answers to the interrogatories are within my personal knowledge and/or are based on information I obtained from other persons, and are true and correct."

Galmor Limited Family Partnership

_____
By: Leslie Pritchard, Managing
Member of Galmor
Management, LLC

Its: General Partner

Galmor Management, LLC

_____
By: Leslie Prichard
Title: Managing Member

SUBSCRIBED AND SWORN TO BEFORE ME on this the 23 day of August, 2021.

Notary Public, State of Texas  Mays Alrudaini

My Commission Expires: 08/23/2023



MAYS ALRUDAINI
Notary Public, State of Texas
Comm. Expires 08-19-2023
Notary ID 132134787

## Requests for Production

1. Produce a copy of all documents that relate to your answer in Interrogatory No. 5.

RESPONSE:

Responsive documents will be produced.

2. Produce a copy of all documents that relate to your answer in Interrogatory No. 6.

RESPONSE:

Responsive documents will be produced.

3. Produce a copy of all documents that relate to your answer in Interrogatory No. 7.

RESPONSE:

Responsive documents will be produced.

4. Produce a copy of all documents that relate to your answer in Interrogatory No. 8.

RESPONSE:

Responsive documents will be produced.

5. Produce a copy of all documents that relate to your answer in Interrogatory No. 9.

RESPONSE:

Responsive documents will be produced.

6. Produce a copy of all documents that relate to your answer in Interrogatory No. 10.

RESPONSE:

Responsive documents will be produced.

7. Produce a copy of all documents that relate to your answer in Interrogatory No. 11.

RESPONSE:

Responsive documents will be produced.

8. Produce true and correct copies of any documents or materials provided to, reviewed by or prepared by each individual/you may use at trial to present evidence under Federal Rules of Evidence 702, 703 or 705.

RESPONSE:

Responsive documents not protected by Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Procedure 26(b)(4) will be produced.

9. Produce true and correct copies of any letter, notes, memos, e-mails or other correspondence sent to or received from any person you may use at trial to present evidence under Federal Rules of Evidence 702, 703 or 705.

RESPONSE:

Responsive documents not protected by Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Procedure 26(b)(4) will be produced.

10. Produce all tax returns filed for the Defendants from the tax years 2010 through 2018.

RESPONSE:

Responsive documents will be produced.

11. Produce all annual financial statements for the Defendants for the years ending 2010 through 2018.

RESPONSE:

Responsive documents will be produced.

Dated this 23rd day of August, 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    3800 Ross Tower
    500 North Akard St.
    Dallas, Texas 75201
    Telephone: (214) 855-7500
    Facsimile: (214) 978-4375

**ATTORNEYS FOR GALMOR FAMILY LIMITED PARTNERSHIP AND GALMOR MANAGEMENT, L.L.C.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 23rd day of August, 2021, true and correct copies of this document were served upon Kent Ries, Esq. via e-mail.

By: /s/ Thomas Berghman
    Thomas D. Berghman, Esq.