**EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, | § | CASE NO. 18-20209-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, INC., | § | CASE NO. 18-20210-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| KENT RIES, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-2003 |
| | § | |
| GALMOR FAMILY LIMITED PARTNERSHIP and GALMOR MANAGEMENT, L.L.C., | § | |
| | § | |
| Defendants. | § | |

**Declaration of Thomas D. Berghman**

STATE OF TEXAS

COUNTY OF DALLAS

    I, Thomas Berghman, hereby state and testify to the following as being true and correct and under penalty of perjury pursuant to the laws of the United States of America:

    1.    My name is Thomas Berghman. I am over the age of 21, have never been convicted of a felony or crime of moral turpitude, and am otherwise competent to execute this Declaration.

    2.    I am an attorney duly licensed to practice law in the State of Texas. I am a shareholder at Munsch Hardt Kopf & Harr, P.C. I am counsel to Leslie Pritchard ("Pritchard"),

the court-appointed liquidator for the Galmor Family Limited Partnership and Galmor Management, LLC, defendants (the "Defendants") in this Adversary Proceeding.

3.       This Declaration is prepared in support of *Defendants' Objection and Response to Plaintiff's Motion to Compel Defendants to Answer Discovery* (the "Objection").

4.       From August 2020 through July 2021, I issued twelve (12) subpoenas (the "Subpoenas") to third parties related to the finances and records of the Debtors and the Defendants.

5.       Attached to this Declaration as Exhibit A is true and correct copy of that certain *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)* served on "Aim Bank, a Texas state banking association" by me on behalf on behalf of Ms. Pritchard as liquidator as authorized in the Liquidation Order.

6.       Attached to this Declaration as Exhibit B is true and correct copy of that certain *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)* served on "Centennial Bank, an Arkansas financial institution" by me on behalf on behalf of Ms. Pritchard as liquidator as authorized in the Liquidation Order.

7.       Attached to this Declaration as Exhibit C is true and correct copy of that certain *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)* served on "Deena Carter, an individual" by me on behalf on behalf of Ms. Pritchard as liquidator as authorized in the Liquidation Order.

8.       Attached to this Declaration as Exhibit D is true and correct copy of that certain *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in*

*a Bankruptcy Case (or Adversary Proceeding)* served on "Eden, Sprowles & Company, PC" by me on behalf on behalf of Ms. Pritchard as liquidator as authorized in the Liquidation Order.

9.     Attached to this Declaration as Exhibit E is true and correct copy of that certain *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)* served on "First State Bank of Mobeetie" by me on behalf on behalf of Ms. Pritchard as liquidator as authorized in the Liquidation Order.

10.     Attached to this Declaration as Exhibit F is true and correct copy of that certain *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)* served on "Great Plains National Bank, an Oklahoma financial Institution" by me on behalf on behalf of Ms. Pritchard as liquidator as authorized in the Liquidation Order.

11.     Attached to this Declaration as Exhibit G is true and correct copy of that certain *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)* served on "Happy State Bank, a Texas state financial institution" by me on behalf on behalf of Ms. Pritchard as liquidator as authorized in the Liquidation Order.

12.     Attached to this Declaration as Exhibit H is true and correct copy of that certain *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)* served on "Kellye Fuchs, CPA" by me on behalf on behalf of Ms. Pritchard as liquidator as authorized in the Liquidation Order.

13.     Attached to this Declaration as Exhibit I is true and correct copy of that certain *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in*

*a Bankruptcy Case (or Adversary Proceeding)* served on "PK & Associates, LLP" by me on behalf on behalf of Ms. Pritchard as liquidator as authorized in the Liquidation Order.

14.     Attached to this Declaration as Exhibit J is true and correct copy of that certain *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)* served on "PK & Company, PLLC, an Oklahoma Professional Limited Liability Company" by me on behalf on behalf of Ms. Pritchard as liquidator as authorized in the Liquidation Order.

15.     Attached to this Declaration as Exhibit K is true and correct copy of that certain *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)* served on "Shelton Title Companies, Inc." by me on behalf on behalf of Ms. Pritchard as liquidator as authorized in the Liquidation Order.

16.     Attached to this Declaration as Exhibit L is true and correct copy of that certain *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)* served on "Wheeler Title & Abstract Co., L.C." by me on behalf on behalf of Ms. Pritchard as liquidator as authorized in the Liquidation Order.

17.     In the response to the Subpoenas, I worked with counsel for these third parties, or directly with these third parties, to obtain responsive documents.

18.     Upon receipt of documents produced by the third parties in response to the Subpoenas, the documents were uploaded to an online e-discovery database and hosting platform called CS Disco.  The website for CS Disco is http://www.csdisco.com.  In my role as counsel to clients of Munsch Hardt, I have used CS Disco since 2017.

19.     In May 2020, I oversaw the creation of a database for hosting the business records of Defendants and directed Munsch Hardt's e-discovery professionals in doing so.  Below is a true

and correct "screenshot" from CS Disco identifying the name of the database and the exact date of its creation – May 7, 2020:



20.     Starting in May 2020, the business records of Defendants were centralized and maintained in the database.  This has been the regular course of business throughout the liquidation, for the past eighteen (18) or more months.

21.     Documents uploaded to the database are processed by CS Disco and, upon completion, the documents are fully searchable including by keyword search, Boolean logic, Bates number, date, "custodian" (i.e. who produced the document), file type (i.e. PDF, email message, etc.), and other "metadata" including date created, sender, who last modified a document, and so on.

22.     During Munsch Hardt's representation of Ms. Pritchard, Ms. Pritchard has provided documents to Munsch Hardt related to this and other litigation.  All such documents have been uploaded to CS Disco.  The third-party documents produced pursuant to the Subpoenas are available to Ms. Pritchard via login to CS Disco, and the above-described database is the main and only global depository for the business records of the Defendants.  These are thus the business records of the Defendants kept in the ordinary course of business of the liquidation.  To my knowledge, no other documents have been provided by the Debtors or the Trustee despite their long-time management of the Defendants to Pritchard's appointment as liquidator.

23.     The CS Disco database was supplied with documents upon receipt from the third parties over a period starting from May 2020 through September 2021.  Only in September 2021

was the production from third parties in response to the Subpoenas substantially complete, which is why no documents were produced until September 2021.

24.     On September 28, 2020, the Trustee served discovery requests on Defendants. On August 23, 2021, via email, the undersigned served Defendants' *Objections and Answers to Plaintiff's First Set of Interrogatories and Requests for Production to Galmor Family Limited Partnership and Galmor Management, LLC* (the "Discovery Responses") on the Trustee along with an invitation for a phone call, a true and correct copy of which are attached as Exhibit M. Following the service of the Discovery Responses, the Trustee and I spoke briefly by telephone regarding Defendants' production, including that Defendants would produce all of Defendants' business records as permissible under the rules.

25.     On September 20, 2021 at 1:55 p.m. I sent the Trustee an email containing a link and password to access the document production. On September 21, 2021 at 10:49 a.m., less than twenty-four (24) hours following the sending of the link, the Trustee responded advising that the production was not responsive to his requests. Following an additional exchange of emails, I prepared and sent a letter to the Trustee on September 29, 2021. In drafting the letter, I reviewed each produced document and noted a description of the documents by Bates range. The review of documents in order to identify the bates ranges took no more than four (4) hours. Moreover, the letter offered the trustee access to the CS Disco database. Attached hereto as Exhibit N is a true and correct copy of the email conference chain with the Trustee culminating in the letter, which is included. Following the letter, several additional emails followed, but no resolution was reached.

26.     The entire range of the documents produced were Bates stamped as "Pritchard_000001" through "Pritchard_033623". The document range of "Pritchard_16733" through "Pritchard_028567" are documents previously produced by Steven Galmor in other

litigation as evidenced by the Bates label "SG 00000#" in this document range. These appear to be documents previously produced by MSG in separately litigation, and the Trustee has referenced these documents in his own discovery responses. A true and correct copy of the Trustee's discovery responses and documents referenced therein are attached hereto as Exhibit O.

27. With respect to discovery by Defendants on the Trustee, the Trustee, who does not appear to be counsel for Kellye Fuchs, has nevertheless intervened on Ms. Fuchs' behalf with respect to documents in the possession of Ms. Fuchs. Attached hereto as Exhibit P is a true and correct copy of the documents which appear to be responsive to the Subpoena attached hereto as Exhibit H which was served on November 16, 2020 with a response date of December 4, 2020, but which have yet to be produced. These documents, if produced, are likely to be of some value in aiding Defendants to prepare additional Interrogatory responses.

I hereby swear under oath and penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*/s/ Thomas Berghman*
Thomas Berghman

# Exhibit A

TB Declaration 0008

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

Northern District of Texas

IN RE:
MICHAEL STEPHEN GALMOR,
           Debtor.

And

GALMOR'S/G&G STEAM SERVICE, INC.
           Debtor.

Case No. 18-20209-RLJ-7

Case No. 18-20210-RLJ-7

KENT RIES, TRUSTEE
      v.
MICHAEL STEPHEN GALMOR, RANDY MARK
GALMOR, LESLIE DONNETTE GALMOR
PRITCHARD, TRACI MARIE GALMOR COLEMAN
and GALMOR FAMILY LIMITED PARTNERSHIP,
           Defendants

Adv. Proc. No.   19-2006

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Aim Bank, a Texas state banking association

*(Name of person to whom the subpoena is directed)*

[X]  *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE Munsch Hardt Kopf & Harr, P.C. c/o Thomas Berghman<br>500 N. Akard St., Ste. 3800<br>Dallas, Texas 75201 | DATE AND TIME<br>August 26, 2020 at 9:00 a.m. |
|---|---|

[ ]  *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _August 10, 2020_____

                CLERK OF COURT

                             OR

_____       */s/ Thomas Berghman*
    *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing the  Galmor  Family  Limited  Partnership,  who issues or requests this subpoena, are:
 Munsch Hardt Kopf & Harr, P.C., c/o Thomas Berghman, 500 N. Akart St., Ste. 3800, Dallas, Texas 75201

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

TB Declaration 0009

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| MICHAEL STEPHEN GALMOR, | § | |
| Debtor. | § | Case No. 18-20209-RLJ-7 |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, | § | Case No. 18-20210-RLJ-7 |
| INC. | § | |
| Debtor. | § | |
| | § | |
| | § | |
| KENT RIES, TRUSTEE | § | |
| | § | |
| v. | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, RANDY | § | Adv. No. 19-2006 |
| MARK GALMOR, LESLIE DONNETTE | § | |
| GALMOR PRITCHARD, TRACI MARIE | § | |
| GALMOR COLEMAN and GALMOR | § | |
| FAMILY LIMITED PARTNERSHIP, | § | |
| Defendants. | § | |
| | § | |

## SUBPOENA DUCES TECUM

**To:** **Aim Bank, a Texas state banking association, 305 N. Main Street, Shamrock, Texas 79079**

Pursuant to the Subpoena accompanying this document, the Subpoena commands you to produce the documents listed below on Exhibit "A" at the time and place specified in the Subpoena.

Dated this 10th day of August, 2020, at Dallas, Texas.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas Berghman*
       Davor Rukavina, Esq.
       Texas Bar No. 24030781
       Thomas D. Berghman, Esq.
       Texas Bar No. 24082683
       500 N. Akard St., Ste. 3800
       Dallas, Texas  75201-6659
       Telephone: (214) 855-7500
       Facsimile: (214) 855-7584

**ATTORNEYS FOR GALMOR FAMILY LIMITED PARTNERSHIP**

# EXHIBIT "A"

**A.**    **INSTRUCTIONS**

In producing the documents designated below, you must produce all responsive documents in your possession, custody, care or control, regardless of whether the documents are currently in your possession, or in the possession of your attorney(s), accountant(s), employee(s), agent(s) or other representative(s), regardless of who obtained the documents on your behalf, and regardless of the source from which the documents were obtained.

In the event that any document is known which is responsive to any request, but which is no longer within your possession, custody or control, specify what disposition was made of it and identify the person in whose possession, custody or control the document is now. In the event that any document referred to in or encompassed by any request has been destroyed, specify the date of destruction, the manner of destruction, the reason for destruction, the person authorizing destruction and the custodian of the document at the time of its destruction.

If any portion of any document is responsive to any request, then the entire document must be produced. Documents shall be produced in the order in which they are found in your files. Documents that are found stapled, clipped, or otherwise fastened shall be produced in such form.

In the event that no document exists which is responsive to a particular request, a written response indicating the same shall be provided.

In the event you withhold any document on the basis of privilege, a log shall be provided describing: (i) the nature of the document (e.g. e-mail, memorandum, letter, etc.); (ii) the date of the document; (iii) the parties to the document, including the name of any sender and any recipient, whether as the named recipient, copied person, or blind copied person; and (iv) the privilege invoked.

**B.**     <u>DEFINITIONS</u>

In producing the documents requested below, you are to use the following definitions:

1.     "<u>Accounts</u>" means, collectively, the loans or account numbers or loans or account numbers ending in: (1) 20059457, (2) 50792, (3) 20059085, (4) 100153955, (5) 16373, (6) 20059457, and (7) 67202.

2.     "<u>And</u>" and "<u>or</u>" shall each be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any specification.

3.     "<u>Communication</u>" shall mean any contact or act by which any information is transmitted or conveyed between two or more persons, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telexes, electronically transmitted messages, e-mails, or by any document, and any oral contact by such means as face-to-face meetings or conversations and telephone conversations that are transcribed, notated, or in any other manner memorialized in written, typed, or recorded form.

4.     "<u>Documents</u>" refers to (a) all handwritten, typed, or printed matter of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, agreements, correspondence, forecasts, memoranda, notes, jottings, speeches, press releases, diaries, examinations, statistics, letters, telegrams, minutes, time records, payroll records, expense records, contracts, reports, studies, training manuals, canceled checks, statements, receipts, delivery tickets, returns, summaries, work orders, pamphlets, books, prospectuses, statement of operations, interoffice and intraoffice communications, offers, notations of any sort of conversations,

telephone calls, meetings, or other communications, bulletins, printed matter, computer printouts, teletypes, invoices, worksheets, and all drafts, alterations, modifications, changes, and amendments of any of the foregoing; (b) graphic or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape(s), recordings, motion pictures, and; (c) electronic, mechanical or electric records or representations of any kind, including, without limitation, e-mails, tapes, cassettes, disks, recordings, and all transcriptions, in whole or in part, of any of the foregoing.

5. "Including" means 'including but not limited to', and is not restrictive or limiting.

6. "Person" means any natural person or any company, corporation, partnership, association, joint venture, sole proprietorship, governmental agency, and any other legally recognized entity.

7. "Relate", "related to" "relating" or "relating to" refers to any act, work, meeting, oral or written communication, or document, referring, directly or indirectly, in any way to the described facts, or evidencing, directly or indirectly, such facts.

8. "Safety Deposit Boxes" means all safety deposit boxes related to any of the Accounts and/or in the name of Michael Stephen Galmor, Shirley Galmor, Bobby Galmor, Galmor Contribution Trust, or the Galmor Family Limited Partnership.

9. "You" and "your" means Aim Bank, a Texas state banking association and your agents, attorneys, counsellors, employees, and persons acting on its behalf or purporting to act on your behalf, and including all branches, at any location.

10. The singular form of a word includes the plural form of that word and the plural form of a word includes the singular form.

11. Responsive documents are to be produced regardless of what language they are in.

C.    **D**OCUMENTS TO BE **P**RODUCED

1.  Documents related to Galmor Contribution Trust.

2.  Bank statements and loan documents related to the Galmor Family Limited Partnership.

3.  Documents related to Michael Stephen Galmor.

4.  Documents related to Shirley and Bobby Galmor.

5.  Documents related to Shirley Galmor.

6.  Documents related to loan or account number or loan or account number ending in 20059457.

7.  Documents related to loan or account number or loan or account number ending in 50792.

8.  Documents related to loan or account number or loan or account number ending in 20059085.

9.  Documents related to loan or account number or loan or account number ending in 100153955.

10. Documents related to loan or account number or loan or account number ending in 16373.

11. Documents related to loan or account number or loan or account number ending in 20059457.

12. Documents related to loan or account number or loan or account number ending in 67202.

13. All financial statements relating to Bobby Galmor or Steve Galmor.

14. All UCC filings related to any of the Accounts.

15. All records related to the Safety Deposit Boxes, the contents of the Safety Deposit Boxes, and information regarding the dates of access to the Safety Deposit Boxes.

16. All records related to wire transfers, either domestic or international, and either incoming or outgoing, with respect to any of the Accounts.

17. All records of certificates of deposit with respect to any of the Accounts.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 10th day of August, 2020, he caused true and correct copies of this document, including the Subpoena, to be served on Aim Bank, a Texas state banking association, by a person who is at least 18 years old and not a party, at Aim Bank, a Texas state banking association, 305 N. Main Street, Shamrock, Texas 79079.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas Berghman*
      Davor Rukavina, Esq.
      Texas Bar No. 24030781
      Thomas D. Berghman, Esq.
      Texas Bar No. 24082683
      500 North Akard Street, Ste. 3800
      Dallas, Texas 75201-6659
      Telephone: (214) 855-7500
      Facsimile: (214) 855-7584

**ATTORNEYS FOR GALMOR FAMILLY LIMITED PARTNERSHIP**

# Exhibit B

TB Declaration 0019

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

### Northern District of Texas

IN RE:
MICHAEL STEPHEN GALMOR,
         Debtor.

Case No. 18-20209-RLJ-7

And

GALMOR'S/G&G STEAM SERVICE, INC.
         Debtor.

Case No. 18-20210-RLJ-7

KENT RIES, TRUSTEE
v.
MICHAEL STEPHEN GALMOR, RANDY MARK
GALMOR, LESLIE DONNETTE GALMOR
PRITCHARD, TRACI MARIE GALMOR COLEMAN
and GALMOR FAMILY LIMITED PARTNERSHIP,
         Defendants

Adv. Proc. No.   19-2006

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Centennial Bank, an Arkansas financial institution
*(Name of person to whom the subpoena is directed)*

[X] *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE Munsch Hardt Kopf & Harr, P.C. c/o Thomas Berghman<br>500 N. Akard St., Ste. 3800<br>Dallas, Texas 75201 | DATE AND TIME<br>August 26, 2020 at 9:00 a.m. |
|---|---|

[ ] *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _August 10, 2020_____

         CLERK OF COURT

OR

_____
  *Signature of Clerk or Deputy Clerk*

_/s/ Thomas Berghman_____
  *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing the  Galmor  Family  Limited  Partnership,  who issues or requests this subpoena, are:
 Munsch Hardt Kopf & Harr, P.C., c/o Thomas Berghman, 500 N. Akart St., Ste. 3800, Dallas, Texas 75201

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

TB Declaration 0020

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
                         *Server's signature*

_____
                       *Printed name and title*

_____
                         *Server's address*

Additional information concerning attempted service, etc.:

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| MICHAEL STEPHEN GALMOR, | § | |
| Debtor. | § | Case No. 18-20209-RLJ-7 |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, | § | Case No. 18-20210-RLJ-7 |
| INC. | § | |
| Debtor. | § | |
| | § | |
| | § | |
| KENT RIES, TRUSTEE | § | |
| | § | |
| v. | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, RANDY | § | Adv. No. 19-2006 |
| MARK GALMOR, LESLIE DONNETTE | § | |
| GALMOR PRITCHARD, TRACI MARIE | § | |
| GALMOR COLEMAN and GALMOR | § | |
| FAMILY LIMITED PARTNERSHIP, | § | |
| Defendants. | § | |
| | § | |

## SUBPOENA DUCES TECUM

**To:** **Centennial Bank, c/o CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.**

Pursuant to the Subpoena accompanying this document, the Subpoena commands you to produce the documents listed below on Exhibit "A" at the time and place specified in the Subpoena.

Dated this 10th day of August, 2020, at Dallas, Texas.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: ___*/s/ Thomas Berghman*___
     Davor Rukavina, Esq.
     Texas Bar No. 24030781
     Thomas D. Berghman, Esq.
     Texas Bar No. 24082683
     500 N. Akard St., Ste. 3800
     Dallas, Texas  75201-6659
     Telephone: (214) 855-7500
     Facsimile: (214) 855-7584

**ATTORNEYS FOR GALMOR FAMILY
LIMITED PARTNERSHIP**

### EXHIBIT "A"

**A.     INSTRUCTIONS**

In producing the documents designated below, you must produce all responsive documents in your possession, custody, care or control, regardless of whether the documents are currently in your possession, or in the possession of your attorney(s), accountant(s), employee(s), agent(s) or other representative(s), regardless of who obtained the documents on your behalf, and regardless of the source from which the documents were obtained.

In the event that any document is known which is responsive to any request, but which is no longer within your possession, custody or control, specify what disposition was made of it and identify the person in whose possession, custody or control the document is now.  In the event that any document referred to in or encompassed by any request has been destroyed, specify the date of destruction, the manner of destruction, the reason for destruction, the person authorizing destruction and the custodian of the document at the time of its destruction.

If any portion of any document is responsive to any request, then the entire document must be produced.  Documents shall be  produced in the order in which they are found in your files. Documents that are found stapled, clipped, or otherwise fastened shall be produced in such form.

In the event that no document exists which is responsive to a particular request, a written response indicating the same shall be provided.

In the event you withhold any document on the basis of privilege, a log shall be provided describing: (i) the nature of the document (e.g. e-mail, memorandum, letter, etc.); (ii) the date of the document; (iii) the parties to the document, including the name of any sender and any recipient, whether as the named recipient, copied person, or blind copied person; and (iv) the privilege invoked.

B.    DEFINITIONS

In producing the documents requested below, you are to use the following definitions:

1.    "Accounts" means, collectively, the loans or account numbers or loans or account numbers ending in: (1) 67202, (2) 2303006912, and (3) 2303006904.

2.    "And" and "or" shall each be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any specification.

3.    "Communication" shall mean any contact or act by which any information is transmitted or conveyed between two or more persons, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telexes, electronically transmitted messages, e-mails, or by any document, and any oral contact by such means as face-to-face meetings or conversations and telephone conversations that are transcribed, notated, or in any other manner memorialized in written, typed, or recorded form.

4.    "Documents" refers to (a) all handwritten, typed, or printed matter of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, agreements, correspondence, forecasts, memoranda, notes, jottings, speeches, press releases, diaries, examinations, statistics, letters, telegrams, minutes, time records, payroll records, expense records, contracts, reports, studies, training manuals, canceled checks, statements, receipts, delivery tickets, returns, summaries, work orders, pamphlets, books, prospectuses, statement of operations, interoffice and intraoffice communications, offers, notations of any sort of conversations, telephone calls, meetings, or other communications, bulletins, printed matter, computer printouts,

teletypes, invoices, worksheets, and all drafts, alterations, modifications, changes, and amendments of any of the foregoing; (b) graphic or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape(s), recordings, motion pictures, and; (c) electronic, mechanical or electric records or representations of any kind, including, without limitation, e-mails, tapes, cassettes, disks, recordings, and all transcriptions, in whole or in part, of any of the foregoing.

5.      "Including" means 'including but not limited to', and is not restrictive or limiting.

6.      "Person" means any natural person or any company, corporation, partnership, association, joint venture, sole proprietorship, governmental agency, and any other legally recognized entity.

7.      "Relate", "related to" "relating" or "relating to" refers to any act, work, meeting, oral or written communication, or document, referring, directly or indirectly, in any way to the described facts, or evidencing, directly or indirectly, such facts.

8.      "Safety Deposit Boxes" means all safety deposit boxes related to any of the Accounts and/or in the name of Bobby Galmor or the Galmor Contribution Trust.

9.      "You" and "your" means Centennial Bank, and your agents, attorneys, counsellors, employees, and persons acting on its behalf or purporting to act on your behalf, and including all branches, at any location.

10.     The singular form of a word includes the plural form of that word and the plural form of a word includes the singular form.

11.     Responsive documents are to be produced regardless of what language they are in.

C.    **D**OCUMENTS TO BE **P**RODUCED

1.  Documents related to Bobby Galmor.

2.  Documents related to the Galmor Contribution Trust.

3.  Documents related to loan or account number or loan or account number ending in 67202.

4.  Documents related to loan or account number or loan or account number ending in 2303006912.

5.  Documents related to loan or account number or loan or account number ending in 2303006904.

6.  All financial statements relating to Bobby Galmor or Steve Galmor.

7.  All UCC filings related to any of the Accounts.

8.  All records related to the Safety Deposit Boxes, the contents of the Safety Deposit Boxes, and information regarding the dates of access to the Safety Deposit Boxes.

9.  All records related to wire transfers, either domestic or international, and either incoming or outgoing, with respect to any of the Accounts.

10. All records of certificates of deposit with respect to any of the Accounts.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 10th day of August, 2020, he caused true and correct copies of this document, including the Subpoena, to be served on Centennial Bank, c/o CT Corporation System, by a person who is at least 18 years old and not a party, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas Berghman*
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Thomas D. Berghman, Esq.
    Texas Bar No. 24082683
    500 North Akard Street, Ste. 3800
    Dallas, Texas 75201-6659
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584

**ATTORNEYS FOR GALMOR FAMILY LIMITED PARTNERSHIP**

4836-7915-3863v.1
TB Declaration 0029

# Exhibit C

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

Northern District of Texas

IN RE:
MICHAEL STEPHEN GALMOR,
        Debtor.               Case No. 18-20209-RLJ-7

And

GALMOR'S/G&G STEAM SERVICE, INC.
        Debtor.               Case No. 18-20210-RLJ-7

KENT RIES, TRUSTEE
v.                          Adv. Proc. No.  19-2006
MICHAEL STEPHEN GALMOR, RANDY MARK
GALMOR, LESLIE DONNETTE GALMOR
PRITCHARD, TRACI MARIE GALMOR COLEMAN
and GALMOR FAMILY LIMITED PARTNERSHIP,
        Defendants

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Deena Carter, an individual

*(Name of person to whom the subpoena is directed)*

[X] *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE  Munsch Hardt Kopf & Harr, P.C. c/o Thomas Berghman<br>500 N. Akard St., Ste. 3800<br>Dallas, Texas 75201 | DATE AND TIME<br>December 4, 2020 at 9:00 a.m. |
|---|---|

[ ] *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _November 16, 2020

           CLERK OF COURT

                           OR

_____     */s/ Thomas Berghman*
  *Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing the Galmor Family Limited Partnership,  who issues or requests this subpoena, are:
Munsch Hardt Kopf & Harr, P.C., c/o Thomas Berghman, 500 N. Akart St., Ste. 3800, Dallas, Texas 75201

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

TB Declaration 0031

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                    _____
                                                             *Server's signature*

                                                    _____
                                                             *Printed name and title*

                                                    _____
                                                             *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   *(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   *(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   *(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| MICHAEL STEPHEN GALMOR, | § | |
| Debtor. | § | Case No. 18-20209-RLJ-7 |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, | § | Case No. 18-20210-RLJ-7 |
| INC. | § | |
| Debtor. | § | |
| | § | |
| | § | |
| KENT RIES, TRUSTEE | § | |
| | § | |
| v. | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, RANDY | § | Adv. No. 19-2006 |
| MARK GALMOR, LESLIE DONNETTE | § | |
| GALMOR PRITCHARD, TRACI MARIE | § | |
| GALMOR COLEMAN and GALMOR | § | |
| FAMILY LIMITED PARTNERSHIP, | § | |
| Defendants. | § | |
| | § | |

## SUBPOENA DUCES TECUM

**To:     Deena Carter, 7010 U.S. Hwy 83, Twitty, Texas 79079**

Pursuant to the Subpoena accompanying this document, the Subpoena commands you to produce the documents listed below on Exhibit "A" at the time and place specified in the Subpoena.

Dated this 16th day of November, 2020, at Dallas, Texas.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas Berghman*
       Davor Rukavina, Esq.
       Texas Bar No. 24030781
       Thomas D. Berghman, Esq.
       Texas Bar No. 24082683
       500 N. Akard St., Ste. 3800
       Dallas, Texas 75201-6659
       Telephone: (214) 855-7500
       Facsimile: (214) 855-7584

**ATTORNEYS FOR GALMOR FAMILY LIMITED PARTNERSHIP**

## EXHIBIT "A"

**A.  INSTRUCTIONS**

In producing the documents designated below, you must produce all responsive documents in your possession, custody, care or control, regardless of whether the documents are currently in your possession, or in the possession of your attorney(s), accountant(s), employee(s), agent(s) or other representative(s), regardless of who obtained the documents on your behalf, and regardless of the source from which the documents were obtained.

In the event that any document is known which is responsive to any request, but which is no longer within your possession, custody or control, specify what disposition was made of it and identify the person in whose possession, custody or control the document is now. In the event that any document referred to in or encompassed by any request has been destroyed, specify the date of destruction, the manner of destruction, the reason for destruction, the person authorizing destruction and the custodian of the document at the time of its destruction.

If any portion of any document is responsive to any request, then the entire document must be produced. Documents shall be  produced in the order in which they are found in your files. Documents that are found stapled, clipped, or otherwise fastened shall be produced in such form.

In the event that no document exists which is responsive to a particular request, a written response indicating the same shall be provided.

In the event you withhold any document on the basis of privilege, a log shall be provided describing: (i) the nature of the document (e.g. e-mail, memorandum, letter, etc.); (ii) the date of the document; (iii) the parties to the document, including the name of any sender and any recipient, whether as the named recipient, copied person, or blind copied person; and (iv) the privilege invoked.

B. <u>DEFINITIONS</u>

In producing the documents requested below, you are to use the following definitions:

1. "<u>And</u>" and "<u>or</u>" shall each be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any specification.

2. "<u>Communication</u>" shall mean any contact or act by which any information is transmitted or conveyed between two or more persons, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telexes, electronically transmitted messages, e-mails, or by any document, and any oral contact by such means as face-to-face meetings or conversations and telephone conversations that are transcribed, notated, or in any other manner memorialized in written, typed, or recorded form.

3. "<u>Documents</u>" refers to (a) all handwritten, typed, or printed matter of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, agreements, correspondence, forecasts, memoranda, notes, jottings, speeches, press releases, diaries, examinations, statistics, letters, telegrams, minutes, time records, payroll records, expense records, contracts, reports, studies, training manuals, canceled checks, statements, receipts, delivery tickets, returns, summaries, work orders, pamphlets, books, prospectuses, statement of operations, interoffice and intraoffice communications, offers, notations of any sort of conversations, telephone calls, meetings, or other communications, bulletins, printed matter, computer printouts, teletypes, invoices, worksheets, and all drafts, alterations, modifications, changes, and amendments of any of the foregoing; (b) graphic or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape(s), recordings, motion pictures, and; (c) electronic, mechanical or electric records or representations

of any kind, including, without limitation, e-mails, tapes, cassettes, disks, recordings, and all transcriptions, in whole or in part, of any of the foregoing.

4. "Including" means 'including but not limited to', and is not restrictive or limiting.

5. "Person" means any natural person or any company, corporation, partnership, association, joint venture, sole proprietorship, governmental agency, and any other legally recognized entity.

6. "Relate", "related to" "relating" or "relating to" refers to any act, work, meeting, oral or written communication, or document, referring, directly or indirectly, in any way to the described facts, or evidencing, directly or indirectly, such facts.

7. "You" and "your" means Deena Carter, and your agents, attorneys, counsellors, employees, and persons acting on its behalf or purporting to act on your behalf.

8. The singular form of a word includes the plural form of that word and the plural form of a word includes the singular form.

9. Responsive documents are to be produced regardless of what language they are in.

C.    **DOCUMENTS TO BE PRODUCED**

1.  All tax returns you have filed since January 1, 2011 for or on behalf of Galmor Family Limited Partnership, Galmor Management, LLC, Galmor Family Trust, Galmor Contribution Trust, Galmor Marital Trust, Bobby Don Galmor, Shirley Jo Galmor, the Estate of Bobby Don Galmor, the Estate of Shirley Jo Galmor, Galmor's Inc., GG Steam Service,, Galmor's/G&G Steam Service, Michael Stephen Galmor, SGM Leasing, LLC, SGM Management, LLC, SGM Real Estate, LLC, MSG Oil & Gas, Galmor Land & Cattle, Damor Pump & Supply, Damor, Collingsworth Gas Gathering, Twitty Investments, Twitty Production, Twitty Partners, Shamrock Texas Partners, Shamrock Dry Gas, Okie-Tex LLC, Galmor's Roustabout, DEBO, DEVO, the Steve Galmor rock quarry business, the Galmor rock quarry business, or any other entity over which Michael Steven Galmor exercises control, or of which Michael Stephen Galmor is an officer, trustee, insider, manager, partner, member, or interest holder (collectively, the Galmor-MSG Entities").

2.  All Schedule K-1 tax forms you have filed since January 1, 2011 for or on behalf of any of the Galmor-MSG Entities.

3.  All financial statements relating to any of the Galmor-MSG Entities.

4.  All Documents and Communications containing 401K information relating to any of the Galmor-MSG Entities.

5.  All Communications related to your filing of tax returns or other tax forms for or on behalf of any of the Galmor-MSG Entities.

6.  All Documents related to your filing of tax returns or other tax forms for or on behalf of any of the Galmor-MSG Entities.

7.  All books and records of any of the Galmor-MSG Entities.

8.  All QuickBooks company files of any of the Galmor-MSG Entities, including all passwords.

9.  All Documents related to or referencing the estate tax matters or estate plan of Bobby Don Galmor, Shirley Jo Galmor, Shirley Jo Galmor Life Estate, the Steve Galmor Life Estate, Steve Galmor Trusts, Steve Galmor Family Trusts, Steve Galmor Family Limited Partnership, or Steve Galmor financial plans or Steve Galmor estate plans.

10. All Documents and Communications, including but not limited to Communications with Charles King, Ken Fields, and Steve Galmor, relating to the merger of Galmor's Inc. and Galmor's GG.

TB Declaration 0039

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 16th day of November, 2020, he caused true and correct copies of this document, including the Subpoena, to be served on Deena Carter, by a person who is at least 18 years old and not a party, at 7010 U.S. Hwy 83, Twitty, Texas 79079.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas Berghman*
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Thomas D. Berghman, Esq.
    Texas Bar No. 24082683
    500 North Akard Street, Ste. 3800
    Dallas, Texas 75201-6659
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584

**ATTORNEYS FOR GALMOR FAMILY LIMITED PARTNERSHIP**

# Exhibit D

TB Declaration 0041

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

Northern District of Texas

IN RE:
MICHAEL STEPHEN GALMOR,
        Debtor.

And

GALMOR'S/G&G STEAM SERVICE, INC.
        Debtor.

Case No. 18-20209-RLJ-7

Case No. 18-20210-RLJ-7

KENT RIES, TRUSTEE
v.
MICHAEL STEPHEN GALMOR, RANDY MARK
GALMOR, LESLIE DONNETTE GALMOR
PRITCHARD, TRACI MARIE GALMOR COLEMAN
and GALMOR FAMILY LIMITED PARTNERSHIP,
        Defendants

Adv. Proc. No.   19-2006

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Eden, Sprowls & Company, PC

*(Name of person to whom the subpoena is directed)*

[X] *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE  Munsch Hardt Kopf & Harr, P.C. c/o Thomas Berghman  500 N. Akard St., Ste. 3800  Dallas, Texas 75201 | DATE AND TIME  December 4, 2020 at 9:00 a.m. |
|---|---|

[ ] *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _November 16, 2020

        CLERK OF COURT

                      OR

                                      */s/ Thomas Berghman*

_____     _____
   *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing the  Galmor  Family  Limited  Partnership,  who issues or requests this subpoena, are:
 Munsch Hardt Kopf & Harr, P.C., c/o Thomas Berghman, 500 N. Akart St., Ste. 3800, Dallas, Texas 75201

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

TB Declaration 0042

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

TB Declaration 0043

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| MICHAEL STEPHEN GALMOR, | § | |
| Debtor. | § | Case No. 18-20209-RLJ-7 |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, | § | Case No. 18-20210-RLJ-7 |
| INC. | § | |
| Debtor. | § | |
| | § | |
| | § | |
| KENT RIES, TRUSTEE | § | |
| | § | |
| v. | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, RANDY | § | Adv. No. 19-2006 |
| MARK GALMOR, LESLIE DONNETTE | § | |
| GALMOR PRITCHARD, TRACI MARIE | § | |
| GALMOR COLEMAN and GALMOR | § | |
| FAMILY LIMITED PARTNERSHIP, | § | |
| Defendants. | § | |
| | § | |

## SUBPOENA DUCES TECUM

**To:     Eden, Sprowls & Company, PC c/o Kellye Fuchs, 1000 N Main Street, Elk City, OK 73644; Kellye@pk.cpa.com**

Pursuant to the Subpoena accompanying this document, the Subpoena commands you to produce the documents listed below on Exhibit "A" at the time and place specified in the Subpoena.

Dated this 16th day of November, 2020, at Dallas, Texas.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas Berghman*
      Davor Rukavina, Esq.
      Texas Bar No. 24030781
      Thomas D. Berghman, Esq.
      Texas Bar No. 24082683
      500 N. Akard St., Ste. 3800
      Dallas, Texas  75201-6659
      Telephone: (214) 855-7500
      Facsimile: (214) 855-7584

**ATTORNEYS FOR GALMOR FAMILY
LIMITED PARTNERSHIP**

## EXHIBIT "A"

**A.    INSTRUCTIONS**

In producing the documents designated below, you must produce all responsive documents in your possession, custody, care or control, regardless of whether the documents are currently in your possession, or in the possession of your attorney(s), accountant(s), employee(s), agent(s) or other representative(s), regardless of who obtained the documents on your behalf, and regardless of the source from which the documents were obtained.

In the event that any document is known which is responsive to any request, but which is no longer within your possession, custody or control, specify what disposition was made of it and identify the person in whose possession, custody or control the document is now.  In the event that any document referred to in or encompassed by any request has been destroyed, specify the date of destruction, the manner of destruction, the reason for destruction, the person authorizing destruction and the custodian of the document at the time of its destruction.

If any portion of any document is responsive to any request, then the entire document must be produced.  Documents shall be  produced in the order in which they are found in your files. Documents that are found stapled, clipped, or otherwise fastened shall be produced in such form.

In the event that no document exists which is responsive to a particular request, a written response indicating the same shall be provided.

In the event you withhold any document on the basis of privilege, a log shall be provided describing: (i) the nature of the document (e.g. e-mail, memorandum, letter, etc.); (ii) the date of the document; (iii) the parties to the document, including the name of any sender and any recipient, whether as the named recipient, copied person, or blind copied person; and (iv) the privilege invoked.

B.    DEFINITIONS

In producing the documents requested below, you are to use the following definitions:

1.    "And" and "or" shall each be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any specification.

2.    "Communication" shall mean any contact or act by which any information is transmitted or conveyed between two or more persons, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telexes, electronically transmitted messages, e-mails, or by any document, and any oral contact by such means as face-to-face meetings or conversations and telephone conversations that are transcribed, notated, or in any other manner memorialized in written, typed, or recorded form.

3.    "Documents" refers to (a) all handwritten, typed, or printed matter of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, agreements, correspondence, forecasts, memoranda, notes, jottings, speeches, press releases, diaries, examinations, statistics, letters, telegrams, minutes, time records, payroll records, expense records, contracts, reports, studies, training manuals, canceled checks, statements, receipts, delivery tickets, returns, summaries, work orders, pamphlets, books, prospectuses, statement of operations, interoffice and intraoffice communications, offers, notations of any sort of conversations, telephone calls, meetings, or other communications, bulletins, printed matter, computer printouts, teletypes, invoices, worksheets, and all drafts, alterations, modifications, changes, and amendments of any of the foregoing; (b) graphic or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape(s), recordings, motion pictures, and; (c) electronic, mechanical or electric records or representations

of any kind, including, without limitation, e-mails, tapes, cassettes, disks, recordings, and all transcriptions, in whole or in part, of any of the foregoing.

4.      "Including" means 'including but not limited to', and is not restrictive or limiting.

5.      "Person" means any natural person or any company, corporation, partnership, association, joint venture, sole proprietorship, governmental agency, and any other legally recognized entity.

6.      "Relate", "related to" "relating" or "relating to" refers to any act, work, meeting, oral or written communication, or document, referring, directly or indirectly, in any way to the described facts, or evidencing, directly or indirectly, such facts.

7.      "You" and "your" means Eden, Sprowls & Company, PC, and your agents, attorneys, counsellors, employees, and persons acting on its behalf or purporting to act on your behalf.

8.      The singular form of a word includes the plural form of that word and the plural form of a word includes the singular form.

9.      Responsive documents are to be produced regardless of what language they are in.

C.    <u>DOCUMENTS TO BE PRODUCED</u>

1. All tax returns you have filed since January 1, 2011 for or on behalf of Galmor Family Limited Partnership, Galmor Management, LLC, Galmor Family Trust, Galmor Contribution Trust, Galmor Marital Trust, Bobby Don Galmor, Shirley Jo Galmor, the Estate of Bobby Don Galmor, the Estate of Shirley Jo Galmor, Galmor's Inc., GG Steam Service,, Galmor's/G&G Steam Service, Michael Stephen Galmor, SGM Leasing, LLC, SGM Management, LLC, SGM Real Estate, LLC, MSG Oil & Gas, Galmor Land & Cattle, Damor Pump & Supply, Damor, Collingsworth Gas Gathering, Twitty Investments, Twitty Production, Twitty Partners, Shamrock Texas Partners, Shamrock Dry Gas, Okie-Tex LLC, Galmor's Roustabout, DEBO, DEVO, the Steve Galmor rock quarry business, the Galmor rock quarry business, or any other entity over which Michael Steven Galmor exercises control, or of which Michael Stephen Galmor is an officer, trustee, insider, manager, partner, member, or interest holder (collectively, the <u>Galmor-MSG Entities</u>").

2. All Schedule K-1 tax forms you have filed since January 1, 2011 for or on behalf of any of the Galmor-MSG Entities.

3. All financial statements relating to any of the Galmor-MSG Entities.

4. All Documents and Communications containing 401K information relating to any of the Galmor-MSG Entities.

5. All Communications related to your filing of tax returns or other tax forms for or on behalf of any of the Galmor-MSG Entities.

6. All Documents related to your filing of tax returns or other tax forms for or on behalf of any of the Galmor-MSG Entities.

7. All books and records of any of the Galmor-MSG Entities.

8. All QuickBooks company files of any of the Galmor-MSG Entities, including all passwords.

9. All Documents related to or referencing the estate tax matters or estate plan of Bobby Don Galmor, Shirley Jo Galmor, Shirley Jo Galmor Life Estate, the Steve Galmor Life Estate, Steve Galmor Trusts, Steve Galmor Family Trusts, Steve Galmor Family Limited Partnership, or Steve Galmor financial plans or Steve Galmor estate plans.

10. All Documents and Communications, including but not limited to Communications with Charles King, Ken Fields, and Steve Galmor, relating to the merger of Galmor's Inc. and Galmor's GG.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 16th day of November, 2020, he caused true and correct copies of this document, including the Subpoena, to be served on Eden, Sprowls & Company, PC, by a person who is at least 18 years old and not a party, at 1000 N Main Street, Elk City, OK 73644, and by email at Kellye@pk.cpa.com.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas Berghman*
     Davor Rukavina, Esq.
     Texas Bar No. 24030781
     Thomas D. Berghman, Esq.
     Texas Bar No. 24082683
     500 North Akard Street, Ste. 3800
     Dallas, Texas 75201-6659
     Telephone: (214) 855-7500
     Facsimile: (214) 855-7584

**ATTORNEYS FOR GALMOR FAMILY LIMITED PARTNERSHIP**

# Exhibit E

TB Declaration 0052

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

## Northern District of Texas

IN RE:
MICHAEL STEPHEN GALMOR,
               Debtor.

And

GALMOR'S/G&G STEAM SERVICE, INC.
               Debtor.

Case No. 18-20209-RLJ-7

Case No. 18-20210-RLJ-7

KENT RIES, TRUSTEE
v.
MICHAEL STEPHEN GALMOR, RANDY MARK
GALMOR, LESLIE DONNETTE GALMOR
PRITCHARD, TRACI MARIE GALMOR COLEMAN
and GALMOR FAMILY LIMITED PARTNERSHIP,
               Defendants

Adv. Proc. No.   19-2006

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  First State Bank of Mobeetie

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE Munsch Hardt Kopf & Harr, P.C. c/o Thomas Berghman<br>500 N. Akard St., Ste. 3800<br>Dallas, Texas 75201 | DATE AND TIME<br>August 26, 2020 at 9:00 a.m. |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _August 10, 2020_____

                  CLERK OF COURT

                                 OR

_____       */s/ Thomas Berghman*
  *Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing the Galmor Family Limited Partnership, who issues or requests this subpoena, are:
 Munsch Hardt Kopf & Harr, P.C., c/o Thomas Berghman, 500 N. Akart St., Ste. 3800, Dallas, Texas 75201

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

TB Declaration 0053

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| MICHAEL STEPHEN GALMOR, | § | |
|     Debtor. | § | Case No. 18-20209-RLJ-7 |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, | § | Case No. 18-20210-RLJ-7 |
| INC. | § | |
|     Debtor. | § | |
| | § | |
| | § | |
| KENT RIES, TRUSTEE | § | |
| | § | |
| v. | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, RANDY | § | Adv. No. 19-2006 |
| MARK GALMOR, LESLIE DONNETTE | § | |
| GALMOR PRITCHARD, TRACI MARIE | § | |
| GALMOR COLEMAN and GALMOR | § | |
| FAMILY LIMITED PARTNERSHIP, | § | |
|     Defendants. | § | |
| | § | |

## SUBPOENA DUCES TECUM

**To:** **First State Bank of Mobeetie, 101 S. Wheeler St., Mobeetie, Texas 79061.**

Pursuant to the Subpoena accompanying this document, the Subpoena commands you to produce the documents listed below on Exhibit "A" at the time and place specified in the Subpoena.

Dated this 10th day of August, 2020, at Dallas, Texas.

---

SUBPOENA DUCES TECUM – PAGE 1

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas Berghman*
     Davor Rukavina, Esq.
     Texas Bar No. 24030781
     Thomas D. Berghman, Esq.
     Texas Bar No. 24082683
     500 N. Akard St., Ste. 3800
     Dallas, Texas 75201-6659
     Telephone: (214) 855-7500
     Facsimile: (214) 855-7584

**ATTORNEYS FOR GALMOR FAMILY LIMITED PARTNERSHIP**

4831-9510-4967v.1
TB Declaration 0057

## EXHIBIT "A"

**A.    INSTRUCTIONS**

In producing the documents designated below, you must produce all responsive documents in your possession, custody, care or control, regardless of whether the documents are currently in your possession, or in the possession of your attorney(s), accountant(s), employee(s), agent(s) or other representative(s), regardless of who obtained the documents on your behalf, and regardless of the source from which the documents were obtained.

In the event that any document is known which is responsive to any request, but which is no longer within your possession, custody or control, specify what disposition was made of it and identify the person in whose possession, custody or control the document is now.  In the event that any document referred to in or encompassed by any request has been destroyed, specify the date of destruction, the manner of destruction, the reason for destruction, the person authorizing destruction and the custodian of the document at the time of its destruction.

If any portion of any document is responsive to any request, then the entire document must be produced.  Documents shall be  produced in the order in which they are found in your files. Documents that are found stapled, clipped, or otherwise fastened shall be produced in such form.

In the event that no document exists which is responsive to a particular request, a written response indicating the same shall be provided.

In the event you withhold any document on the basis of privilege, a log shall be provided describing: (i) the nature of the document (e.g. e-mail, memorandum, letter, etc.); (ii) the date of the document; (iii) the parties to the document, including the name of any sender and any recipient, whether as the named recipient, copied person, or blind copied person; and (iv) the privilege invoked.

B.      DEFINITIONS

In producing the documents requested below, you are to use the following definitions:

1.      "Accounts" means, collectively, the loans or account numbers or loans or account numbers ending in: (1) 59807, (2) 59729, (3) 59765, (4) 60173, (5) 60237, (6) 60124, (7) 60395, (8) 60308, (9) 61096, (10) 60500, and (11) 4021197.

2.      "And" and "or" shall each be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any specification.

3.      "Communication" shall mean any contact or act by which any information is transmitted or conveyed between two or more persons, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telexes, electronically transmitted messages, e-mails, or by any document, and any oral contact by such means as face-to-face meetings or conversations and telephone conversations that are transcribed, notated, or in any other manner memorialized in written, typed, or recorded form.

4.      "Documents" refers to (a) all handwritten, typed, or printed matter of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, agreements, correspondence, forecasts, memoranda, notes, jottings, speeches, press releases, diaries, examinations, statistics, letters, telegrams, minutes, time records, payroll records, expense records, contracts, reports, studies, training manuals, canceled checks, statements, receipts, delivery tickets, returns, summaries, work orders, pamphlets, books, prospectuses, statement of operations, interoffice and intraoffice communications, offers, notations of any sort of conversations,

telephone calls, meetings, or other communications, bulletins, printed matter, computer printouts, teletypes, invoices, worksheets, and all drafts, alterations, modifications, changes, and amendments of any of the foregoing; (b) graphic or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape(s), recordings, motion pictures, and; (c) electronic, mechanical or electric records or representations of any kind, including, without limitation, e-mails, tapes, cassettes, disks, recordings, and all transcriptions, in whole or in part, of any of the foregoing.

5.      "Including" means 'including but not limited to', and is not restrictive or limiting.

6.      "Person" means any natural person or any company, corporation, partnership, association, joint venture, sole proprietorship, governmental agency, and any other legally recognized entity.

7.      "Relate", "related to" "relating" or "relating to" refers to any act, work, meeting, oral or written communication, or document, referring, directly or indirectly, in any way to the described facts, or evidencing, directly or indirectly, such facts.

8.      "Safety Deposit Boxes" means all safety deposit boxes related to any of the Accounts and/or in the name of Bobby Galmor, Shirley Galmor, Bobby D. Galmor, Galmor's Inc., the Galmor Family Limited Partnership, or Michael Stephen Galmor.

9.      "You" and "your" means First State Bank of Mobeetie, and your agents, attorneys, counsellors, employees, and persons acting on its behalf or purporting to act on your behalf, and including all branches, at any location.

10.     The singular form of a word includes the plural form of that word and the plural form of a word includes the singular form.

11.     Responsive documents are to be produced regardless of what language they are in.

C.    **DOCUMENTS TO BE PRODUCED**

1.  Documents related to Bob Galmor.

2.  Documents related to Bobby and Shirley Galmor.

3.  Documents related to Bobby D Galmor.

4.  Documents related to Bobby Galmor and Galmor's Inc.

5.  Bank statements and loan documents related to the Galmor Family Limited Partnership.

6.  Documents related to Michael Stephen Galmor.

7.  Documents related to loan or account number or loan or account number ending in 59807.

8.  Documents related to loan or account number or loan or account number ending in 59729.

9.  Documents related to loan or account number or loan or account number ending in 59765.

10. Documents related to loan or account number or loan or account number ending in 60173.

11. Documents related to loan or account number or loan or account number ending in 60237.

12. Documents related to loan or account number or loan or account number ending in 60124.

13. Documents related to loan or account number or loan or account number ending in 60395.

14. Documents related to loan or account number or loan or account number ending in 60308.

15. Documents related to loan or account number or loan or account number ending in 61096.

16. Documents related to loan or account number or loan or account number ending in 60500.

17. Documents related to loan or account number or loan or account number ending in 4021197.

18. All financial statements relating to Bobby Galmor or Steve Galmor.

19. All UCC filings related to any of the Accounts.

20. All records related to the Safety Deposit Boxes, the contents of the Safety Deposit Boxes, and information regarding the dates of access to the Safety Deposit Boxes.

21. All records related to wire transfers, either domestic or international, and either incoming or outgoing, with respect to any of the Accounts.

22. All records of certificates of deposit with respect to any of the Accounts.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on this the 10th day of August, 2020, he caused true and correct copies of this document, including the Subpoena, to be served on the First State Bank of Mobeetie, by a person who is at least 18 years old and not a party, at 101 S. Wheeler St., Mobeetie, Texas 79061.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas Berghman*
     Davor Rukavina, Esq.
     Texas Bar No. 24030781
     Thomas D. Berghman, Esq.
     Texas Bar No. 24082683
     500 North Akard Street, Ste. 3800
     Dallas, Texas 75201-6659
     Telephone: (214) 855-7500
     Facsimile: (214) 855-7584

**ATTORNEYS FOR GALMOR FAMILY LIMITED PARTNERSHIP**

# Exhibit F

TB Declaration 0063

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

Northern District of Texas

IN RE:
MICHAEL STEPHEN GALMOR,
                Debtor.

And

GALMOR'S/G&G STEAM SERVICE, INC.
                Debtor.

Case No. 18-20209-RLJ-7

Case No. 18-20210-RLJ-7

KENT RIES, TRUSTEE
v.
MICHAEL STEPHEN GALMOR, RANDY MARK
GALMOR, LESLIE DONNETTE GALMOR
PRITCHARD, TRACI MARIE GALMOR COLEMAN
and GALMOR FAMILY LIMITED PARTNERSHIP,
                Defendants

Adv. Proc. No.   19-2006

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Great Plains National Bank, an Oklahoma financial institution
*(Name of person to whom the subpoena is directed)*

[X] *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE  Munsch Hardt Kopf & Harr, P.C. c/o Thomas Berghman<br>500 N. Akard St., Ste. 3800<br>Dallas, Texas 75201 | DATE AND TIME<br>August 26, 2020 at 9:00 a.m. |
|---|---|

[ ] *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _August 10, 2020_____

                CLERK OF COURT

                                   OR

_____     */s/ Thomas Berghman*
Signature of Clerk or Deputy Clerk     *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing the Galmor Family Limited Partnership, who issues or requests this subpoena, are:
Munsch Hardt Kopf & Harr, P.C., c/o Thomas Berghman, 500 N. Akart St., Ste. 3800, Dallas, Texas 75201

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

TB Declaration 0064

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| MICHAEL STEPHEN GALMOR, | § | |
|     Debtor. | § | Case No. 18-20209-RLJ-7 |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, | § | Case No. 18-20210-RLJ-7 |
| INC. | § | |
|     Debtor. | § | |
| | § | |
| | § | |
| KENT RIES, TRUSTEE | § | |
| | § | |
| v. | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, RANDY | § | Adv. No. 19-2006 |
| MARK GALMOR, LESLIE DONNETTE | § | |
| GALMOR PRITCHARD, TRACI MARIE | § | |
| GALMOR COLEMAN and GALMOR | § | |
| FAMILY LIMITED PARTNERSHIP, | § | |
|     Defendants. | § | |
| | § | |

## SUBPOENA DUCES TECUM

**To:     Great Plains National Bank, 2017 W 3rd St., Elk City, Oklahoma 73644**

Pursuant to the Subpoena accompanying this document, the Subpoena commands you to produce the documents listed below on Exhibit "A" at the time and place specified in the Subpoena.

Dated this 10th day of August, 2020, at Dallas, Texas.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas Berghman*
     Davor Rukavina, Esq.
     Texas Bar No. 24030781
     Thomas D. Berghman, Esq.
     Texas Bar No. 24082683
     500 N. Akard St., Ste. 3800
     Dallas, Texas 75201-6659
     Telephone: (214) 855-7500
     Facsimile: (214) 855-7584

**ATTORNEYS FOR GALMOR FAMILY
LIMITED PARTNERSHIP**

## EXHIBIT "A"

**A.**   **INSTRUCTIONS**

In producing the documents designated below, you must produce all responsive documents in your possession, custody, care or control, regardless of whether the documents are currently in your possession, or in the possession of your attorney(s), accountant(s), employee(s), agent(s) or other representative(s), regardless of who obtained the documents on your behalf, and regardless of the source from which the documents were obtained.

In the event that any document is known which is responsive to any request, but which is no longer within your possession, custody or control, specify what disposition was made of it and identify the person in whose possession, custody or control the document is now. In the event that any document referred to in or encompassed by any request has been destroyed, specify the date of destruction, the manner of destruction, the reason for destruction, the person authorizing destruction and the custodian of the document at the time of its destruction.

If any portion of any document is responsive to any request, then the entire document must be produced. Documents shall be produced in the order in which they are found in your files. Documents that are found stapled, clipped, or otherwise fastened shall be produced in such form.

In the event that no document exists which is responsive to a particular request, a written response indicating the same shall be provided.

In the event you withhold any document on the basis of privilege, a log shall be provided describing: (i) the nature of the document (e.g. e-mail, memorandum, letter, etc.); (ii) the date of the document; (iii) the parties to the document, including the name of any sender and any recipient, whether as the named recipient, copied person, or blind copied person; and (iv) the privilege invoked.

B.    <u>DEFINITIONS</u>

In producing the documents requested below, you are to use the following definitions:

1.     "<u>Accounts</u>" means, collectively, the loans or account numbers or loans or account numbers ending in: (1) 427799, (2) 443766, (3) 427799, (4) 395242, (5) 8511, (6) 443739, (7) 70406448, (8) 70406450, (9) 2103, (10) 48514, (11) 443739, (12) 395242, and (13) 447492.

2.     "<u>And</u>" and "<u>or</u>" shall each be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any specification.

3.     "<u>Communication</u>" shall mean any contact or act by which any information is transmitted or conveyed between two or more persons, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telexes, electronically transmitted messages, e-mails, or by any document, and any oral contact by such means as face-to-face meetings or conversations and telephone conversations that are transcribed, notated, or in any other manner memorialized in written, typed, or recorded form.

4.     "<u>Documents</u>" refers to (a) all handwritten, typed, or printed matter of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, agreements, correspondence, forecasts, memoranda, notes, jottings, speeches, press releases, diaries, examinations, statistics, letters, telegrams, minutes, time records, payroll records, expense records, contracts, reports, studies, training manuals, canceled checks, statements, receipts, delivery tickets, returns, summaries, work orders, pamphlets, books, prospectuses, statement of operations, interoffice and intraoffice communications, offers, notations of any sort of conversations,

telephone calls, meetings, or other communications, bulletins, printed matter, computer printouts, teletypes, invoices, worksheets, and all drafts, alterations, modifications, changes, and amendments of any of the foregoing; (b) graphic or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape(s), recordings, motion pictures, and; (c) electronic, mechanical or electric records or representations of any kind, including, without limitation, e-mails, tapes, cassettes, disks, recordings, and all transcriptions, in whole or in part, of any of the foregoing.

5.      "Including" means 'including but not limited to', and is not restrictive or limiting.

6.      "Person" means any natural person or any company, corporation, partnership, association, joint venture, sole proprietorship, governmental agency, and any other legally recognized entity.

7.       "Relate", "related to" "relating" or "relating to" refers to any act, work, meeting, oral or written communication, or document, referring, directly or indirectly, in any way to the described facts, or evidencing, directly or indirectly, such facts.

8.      "Safety Deposit Boxes" means all safety deposit boxes related to any of the Accounts and/or in the name of Bob Galmor, G&G Stream and Service Inc., the Galmor Family Limited Partnership, Steve Galmor, or Michael Stephen Galmor.

9.       "You" and "your" means Great Plains National Bank, and your agents, attorneys, counsellors, employees, and persons acting on its behalf or purporting to act on your behalf, and including all branches at any location.

10.     The singular form of a word includes the plural form of that word and the plural form of a word includes the singular form.

11.     Responsive documents are to be produced regardless of what language they are in.

C.  **DOCUMENTS TO BE PRODUCED**

1. Documents related to Bob Galmor.

2. Documents related to G&G Stream and Service Inc.

3. Bank statements and loan documents related to the Galmor Family Limited Partnership.

4. Documents related to Steve Galmor.

5. Documents related to Michael Stephen Galmor.

6. Documents related to loan or account number or loan or account number ending in 427799, including but not limited to loan origination documentation and payoff documentation.

7. Documents related to loan or account number or loan or account number ending in 443766.

8. Documents related to loan or account number or loan or account number ending in 427799.

9. Documents related to loan or account number or loan or account number ending in 395242.

10. Documents related to loan or account number or loan or account number ending in 8511.

11. Documents related to loan or account number or loan or account number ending in 443739.

12. Documents related to loan or account number or loan or account number ending in 70406448.

13. Documents related to loan or account number or loan or account number ending in 70406450.

14. Documents related to loan or account number or loan or account number ending in 2103.

15. Documents related to loan or account number or loan or account number ending in 48514.

16. Documents related to loan or account number or loan or account number ending in 443739.

17. Documents related to loan or account number or loan or account number ending in 395242.

18. Documents related to loan or account number or loan or account number ending in 447492.

19. All financial statements relating to Bobby Galmor or Steve Galmor.

20. All UCC filings related to any of the Accounts.

21. All records related to the Safety Deposit Boxes, the contents of the Safety Deposit Boxes, and information regarding the dates of access to the Safety Deposit Boxes.

22. All records related to wire transfers, either domestic or international, and either incoming or outgoing, with respect to any of the Accounts.

23. All records of certificates of deposit with respect to any of the Accounts.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on this the 10th day of August, 2020, he caused true and correct copies of this document, including the Subpoena, to be served on Great Plains National Bank, by a person who is at least 18 years old and not a party, at 2017 W 3rd St., Elk City, Oklahoma 73644.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas Berghman*
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Thomas D. Berghman, Esq.
    Texas Bar No. 24082683
    500 North Akard Street, Ste. 3800
    Dallas, Texas 75201-6659
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584

**ATTORNEYS FOR GALMOR FAMILY LIMITED PARTNERSHIP**

# Exhibit G

TB Declaration 0075

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

### Northern District of Texas

IN RE:
MICHAEL STEPHEN GALMOR,
        Debtor.
      Case No. 18-20209-RLJ-7
And
GALMOR'S/G&G STEAM SERVICE, INC.
        Debtor.
      Case No. 18-20210-RLJ-7

KENT RIES, TRUSTEE
  v.
      Adv. Proc. No.   19-2006
MICHAEL STEPHEN GALMOR, RANDY MARK
GALMOR, LESLIE DONNETTE GALMOR
PRITCHARD, TRACI MARIE GALMOR COLEMAN
and GALMOR FAMILY LIMITED PARTNERSHIP,
        Defendants

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Happy State Bank, a Texas state financial institution

*(Name of person to whom the subpoena is directed)*

[X] *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE Munsch Hardt Kopf & Harr, P.C. c/o Thomas Berghman<br>500 N. Akard St., Ste. 3800<br>Dallas, Texas 75201 | DATE AND TIME<br>August 26, 2020 at 9:00 a.m. |
|---|---|

[ ] *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _August 10, 2020_____

        CLERK OF COURT

                       OR

_____      /s/ Thomas Berghman
  *Signature of Clerk or Deputy Clerk*       _____
                                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing the Galmor Family Limited Partnership,  who issues or requests this subpoena, are:
 Munsch Hardt Kopf & Harr, P.C., c/o Thomas Berghman, 500 N. Akart St., Ste. 3800, Dallas, Texas 75201

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
                             *Server's signature*

_____
                        *Printed name and title*

_____
                           *Server's address*

Additional information concerning attempted service, etc.:

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| MICHAEL STEPHEN GALMOR, | § | |
|   Debtor. | § | Case No. 18-20209-RLJ-7 |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, | § | Case No. 18-20210-RLJ-7 |
| INC. | § | |
|   Debtor. | § | |
| | § | |
| | § | |
| KENT RIES, TRUSTEE | § | |
| | § | |
| v. | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, RANDY | § | Adv. No. 19-2006 |
| MARK GALMOR, LESLIE DONNETTE | § | |
| GALMOR PRITCHARD, TRACI MARIE | § | |
| GALMOR COLEMAN and GALMOR | § | |
| FAMILY LIMITED PARTNERSHIP, | § | |
|   Defendants. | § | |
| | § | |

## SUBPOENA DUCES TECUM

**To: Happy State Bank, c/o PLA Services, Inc., 701 S. Taylor Ste. 501, Amarillo, Texas 79101**

  Pursuant to the Subpoena accompanying this document, the Subpoena commands you to produce the documents listed below on Exhibit "A" at the time and place specified in the Subpoena.

  Dated this 10th day of August, 2020, at Dallas, Texas.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: *_/s/ Thomas Berghman_*
     Davor Rukavina, Esq.
     Texas Bar No. 24030781
     Thomas D. Berghman, Esq.
     Texas Bar No. 24082683
     500 N. Akard St., Ste. 3800
     Dallas, Texas  75201-6659
     Telephone: (214) 855-7500
     Facsimile: (214) 855-7584

**ATTORNEYS FOR GALMOR FAMILY LIMITED PARTNERSHIP**

## EXHIBIT "A"

**A.** **INSTRUCTIONS**

In producing the documents designated below, you must produce all responsive documents in your possession, custody, care or control, regardless of whether the documents are currently in your possession, or in the possession of your attorney(s), accountant(s), employee(s), agent(s) or other representative(s), regardless of who obtained the documents on your behalf, and regardless of the source from which the documents were obtained.

In the event that any document is known which is responsive to any request, but which is no longer within your possession, custody or control, specify what disposition was made of it and identify the person in whose possession, custody or control the document is now. In the event that any document referred to in or encompassed by any request has been destroyed, specify the date of destruction, the manner of destruction, the reason for destruction, the person authorizing destruction and the custodian of the document at the time of its destruction.

If any portion of any document is responsive to any request, then the entire document must be produced. Documents shall be produced in the order in which they are found in your files. Documents that are found stapled, clipped, or otherwise fastened shall be produced in such form.

In the event that no document exists which is responsive to a particular request, a written response indicating the same shall be provided.

In the event you withhold any document on the basis of privilege, a log shall be provided describing: (i) the nature of the document (e.g. e-mail, memorandum, letter, etc.); (ii) the date of the document; (iii) the parties to the document, including the name of any sender and any recipient, whether as the named recipient, copied person, or blind copied person; and (iv) the privilege invoked.

**B.**     <u>DEFINITIONS</u>

In producing the documents requested below, you are to use the following definitions:

1.     "<u>Accounts</u>" means, collectively, the loans or account numbers or loans or account numbers ending in: (1) 6912, (2) 6904 (3) 7009780, (4) 7009798, (5) 2507, (6) 2303007560, and (7) 7010234.

2.     "<u>And</u>" and "<u>or</u>" shall each be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any specification.

3.     "<u>Communication</u>" shall mean any contact or act by which any information is transmitted or conveyed between two or more persons, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telexes, electronically transmitted messages, e-mails, or by any document, and any oral contact by such means as face-to-face meetings or conversations and telephone conversations that are transcribed, notated, or in any other manner memorialized in written, typed, or recorded form.

4.     "<u>Documents</u>" refers to (a) all handwritten, typed, or printed matter of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, agreements, correspondence, forecasts, memoranda, notes, jottings, speeches, press releases, diaries, examinations, statistics, letters, telegrams, minutes, time records, payroll records, expense records, contracts, reports, studies, training manuals, canceled checks, statements, receipts, delivery tickets, returns, summaries, work orders, pamphlets, books, prospectuses, statement of operations, interoffice and intraoffice communications, offers, notations of any sort of conversations,

telephone calls, meetings, or other communications, bulletins, printed matter, computer printouts, teletypes, invoices, worksheets, and all drafts, alterations, modifications, changes, and amendments of any of the foregoing; (b) graphic or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape(s), recordings, motion pictures, and; (c) electronic, mechanical or electric records or representations of any kind, including, without limitation, e-mails, tapes, cassettes, disks, recordings, and all transcriptions, in whole or in part, of any of the foregoing.

5.      "Including" means 'including but not limited to', and is not restrictive or limiting.

6.      "Person" means any natural person or any company, corporation, partnership, association, joint venture, sole proprietorship, governmental agency, and any other legally recognized entity.

7.       "Relate", "related to" "relating" or "relating to" refers to any act, work, meeting, oral or written communication, or document, referring, directly or indirectly, in any way to the described facts, or evidencing, directly or indirectly, such facts.

8.      "Safety Deposit Boxes" means any safety deposit boxes related to any of the Accounts and/or in the name of Galmor Contribution Trust, Shirley Galmor, the Galmor Family Limited Partnership or Michael Stephen Galmor.

9.       "You" and "your" means Happy State Bank, and your agents, attorneys, counsellors, employees, and persons acting on its behalf or purporting to act on your behalf, and including all branches, in all locations.

10.     The singular form of a word includes the plural form of that word and the plural form of a word includes the singular form.

11.     Responsive documents are to be produced regardless of what language they are in.

C.    **DOCUMENTS TO BE PRODUCED**

1.  Documents related to Galmor Contribution Trust.

2.  Documents related to Shirley Galmor.

3.  Bank statements and loan documents related to the Galmor Family Limited Partnership.

4.  Documents related to Michael Stephen Galmor.

5.  Documents related to loan or account number or loan or account number ending in 6912.

6.  Documents related to loan or account number or loan or account number ending in 6904.

7.  Documents related to loan or account number or loan or account number ending in 7009780.

8.  Documents related to loan or account number or loan or account number ending in 7009798.

9.  Documents related to loan or account number or loan or account number ending in 2507.

10. Documents related to loan or account number or loan or account number ending in 2303007560.

11. Documents related to loan or account number or loan or account number ending in 7010234.

12. All financial statements relating to Bobby Galmor or Steve Galmor.

13. All UCC filings related to any of the Accounts.

14. All records related to the Safety Deposit Boxes, the contents of the Safety Deposit Boxes, and information regarding the dates of access to the Safety Deposit Boxes.

15. All records related to wire transfers, either domestic or international, and either incoming or outgoing, with respect to any of the Accounts.

16. All records of certificates of deposit with respect to any of the Accounts.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on this the 10th day of August, 2020, he caused true and correct copies of this document, including the Subpoena, to be served on Happy State Bank, c/o PLA Services, Inc., by a person who is at least 18 years old and not a party, at 701 S. Taylor Ste. 501, Amarillo, Texas 79101.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas Berghman*
      Davor Rukavina, Esq.
      Texas Bar No. 24030781
      Thomas D. Berghman, Esq.
      Texas Bar No. 24082683
      500 North Akard Street, Ste. 3800
      Dallas, Texas 75201-6659
      Telephone: (214) 855-7500
      Facsimile: (214) 855-7584

**ATTORNEYS FOR GALMOR FAMILY LIMITED PARTNERSHIP**

# Exhibit H

TB Declaration 0086

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

Northern District of Texas

IN RE:
MICHAEL STEPHEN GALMOR,
     Debtor.

   Case No. 18-20209-RLJ-7

And

GALMOR'S/G&G STEAM SERVICE, INC.
     Debtor.

   Case No. 18-20210-RLJ-7

---

KENT RIES, TRUSTEE
  v.
MICHAEL STEPHEN GALMOR, RANDY MARK
GALMOR, LESLIE DONNETTE GALMOR
PRITCHARD, TRACI MARIE GALMOR COLEMAN
and GALMOR FAMILY LIMITED PARTNERSHIP,
     Defendants

   Adv. Proc. No.   19-2006

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Kellye Fuchs, CPA

*(Name of person to whom the subpoena is directed)*

[X] *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE   Munsch Hardt Kopf & Harr, P.C. c/o Thomas Berghman<br>500 N. Akard St., Ste. 3800<br>Dallas, Texas 75201 | DATE AND TIME<br>December 4, 2020 at 9:00 a.m. |
|---|---|

[ ] *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

   The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _November 16, 2020

     CLERK OF COURT

           OR

_____    */s/ Thomas Berghman*
  *Signature of Clerk or Deputy Clerk*     *Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing the  Galmor  Family  Limited  Partnership,  who issues or requests this subpoena, are:
 Munsch Hardt Kopf & Harr, P.C., c/o Thomas Berghman, 500 N. Akart St., Ste. 3800, Dallas, Texas 75201

---

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

TB Declaration 0087

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
                              *Server's signature*

_____
                           *Printed name and title*

_____
                             *Server's address*

Additional information concerning attempted service, etc.:

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| MICHAEL STEPHEN GALMOR, | § | |
| Debtor. | § | Case No. 18-20209-RLJ-7 |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, | § | Case No. 18-20210-RLJ-7 |
| INC. | § | |
| Debtor. | § | |
| | § | |
| | § | |
| KENT RIES, TRUSTEE | § | |
| | § | |
| v. | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, RANDY | § | Adv. No. 19-2006 |
| MARK GALMOR, LESLIE DONNETTE | § | |
| GALMOR PRITCHARD, TRACI MARIE | § | |
| GALMOR COLEMAN and GALMOR | § | |
| FAMILY LIMITED PARTNERSHIP, | § | |
| Defendants. | § | |
| | § | |

## SUBPOENA DUCES TECUM

**To:     Kellye Fuchs, CPA, at 1000 N. Main Street, Elk City, OK 73644 and Kellye@pk.cpa.com**

Pursuant to the Subpoena accompanying this document, the Subpoena commands you to produce the documents listed below on Exhibit "A" at the time and place specified in the Subpoena.

Dated this 16th day of November, 2020, at Dallas, Texas.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas Berghman*
     Davor Rukavina, Esq.
     Texas Bar No. 24030781
     Thomas D. Berghman, Esq.
     Texas Bar No. 24082683
     500 N. Akard St., Ste. 3800
     Dallas, Texas 75201-6659
     Telephone: (214) 855-7500
     Facsimile: (214) 855-7584

**ATTORNEYS FOR GALMOR FAMILY
LIMITED PARTNERSHIP**

## EXHIBIT "A"

**A.** **INSTRUCTIONS**

In producing the documents designated below, you must produce all responsive documents in your possession, custody, care or control, regardless of whether the documents are currently in your possession, or in the possession of your attorney(s), accountant(s), employee(s), agent(s) or other representative(s), regardless of who obtained the documents on your behalf, and regardless of the source from which the documents were obtained.

In the event that any document is known which is responsive to any request, but which is no longer within your possession, custody or control, specify what disposition was made of it and identify the person in whose possession, custody or control the document is now. In the event that any document referred to in or encompassed by any request has been destroyed, specify the date of destruction, the manner of destruction, the reason for destruction, the person authorizing destruction and the custodian of the document at the time of its destruction.

If any portion of any document is responsive to any request, then the entire document must be produced. Documents shall be produced in the order in which they are found in your files. Documents that are found stapled, clipped, or otherwise fastened shall be produced in such form.

In the event that no document exists which is responsive to a particular request, a written response indicating the same shall be provided.

In the event you withhold any document on the basis of privilege, a log shall be provided describing: (i) the nature of the document (e.g. e-mail, memorandum, letter, etc.); (ii) the date of the document; (iii) the parties to the document, including the name of any sender and any recipient, whether as the named recipient, copied person, or blind copied person; and (iv) the privilege invoked.

B.    **D**EFINITIONS

In producing the documents requested below, you are to use the following definitions:

1.    "And" and "or" shall each be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any specification.

2.    "Communication" shall mean any contact or act by which any information is transmitted or conveyed between two or more persons, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telexes, electronically transmitted messages, e-mails, or by any document, and any oral contact by such means as face-to-face meetings or conversations and telephone conversations that are transcribed, notated, or in any other manner memorialized in written, typed, or recorded form.

3.    "Documents" refers to (a) all handwritten, typed, or printed matter of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, agreements, correspondence, forecasts, memoranda, notes, jottings, speeches, press releases, diaries, examinations, statistics, letters, telegrams, minutes, time records, payroll records, expense records, contracts, reports, studies, training manuals, canceled checks, statements, receipts, delivery tickets, returns, summaries, work orders, pamphlets, books, prospectuses, statement of operations, interoffice and intraoffice communications, offers, notations of any sort of conversations, telephone calls, meetings, or other communications, bulletins, printed matter, computer printouts, teletypes, invoices, worksheets, and all drafts, alterations, modifications, changes, and amendments of any of the foregoing; (b) graphic or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape(s), recordings, motion pictures, and; (c) electronic, mechanical or electric records or representations

of any kind, including, without limitation, e-mails, tapes, cassettes, disks, recordings, and all transcriptions, in whole or in part, of any of the foregoing.

4.      "Including" means 'including but not limited to', and is not restrictive or limiting.

5.      "Person" means any natural person or any company, corporation, partnership, association, joint venture, sole proprietorship, governmental agency, and any other legally recognized entity.

6.      "Relate", "related to" "relating" or "relating to" refers to any act, work, meeting, oral or written communication, or document, referring, directly or indirectly, in any way to the described facts, or evidencing, directly or indirectly, such facts.

7.      "You" and "your" means Kelly Fuchs, and your agents, attorneys, counsellors, employees, and persons acting on its behalf or purporting to act on your behalf.

8.      The singular form of a word includes the plural form of that word and the plural form of a word includes the singular form.

9.      Responsive documents are to be produced regardless of what language they are in.

C.   <u>DOCUMENTS TO BE PRODUCED</u>

1. All tax returns you have filed since January 1, 2011 for or on behalf of Galmor Family Limited Partnership, Galmor Management, LLC, Galmor Family Trust, Galmor Contribution Trust, Galmor Marital Trust, Bobby Don Galmor, Shirley Jo Galmor, the Estate of Bobby Don Galmor, the Estate of Shirley Jo Galmor, Galmor's Inc., GG Steam Service,, Galmor's/G&G Steam Service, Michael Stephen Galmor, SGM Leasing, LLC, SGM Management, LLC, SGM Real Estate, LLC, MSG Oil & Gas, Galmor Land & Cattle, Damor Pump & Supply, Damor, Collingsworth Gas Gathering, Twitty Investments, Twitty Production, Twitty Partners, Shamrock Texas Partners, Shamrock Dry Gas, Okie-Tex LLC, Galmor's Roustabout, DEBO, DEVO, the Steve Galmor rock quarry business, the Galmor rock quarry business, or any other entity over which Michael Steven Galmor exercises control, or of which Michael Stephen Galmor is an officer, trustee, insider, manager, partner, member, or interest holder (collectively, the <u>Galmor-MSG Entities</u>").

2. All Schedule K-1 tax forms you have filed since January 1, 2011 for or on behalf of any of the Galmor-MSG Entities.

3. All financial statements relating to any of the Galmor-MSG Entities.

4. All Documents and Communications containing 401K information relating to any of the Galmor-MSG Entities.

5. All Communications related to your filing of tax returns or other tax forms for or on behalf of any of the Galmor-MSG Entities.

6. All Documents related to your filing of tax returns or other tax forms for or on behalf of any of the Galmor-MSG Entities.

7. All books and records of any of the Galmor-MSG Entities.

8. All QuickBooks company files of any of the Galmor-MSG Entities, including all passwords.

9. All Documents related to or referencing the estate tax matters or estate plan of Bobby Don Galmor, Shirley Jo Galmor, Shirley Jo Galmor Life Estate, the Steve Galmor Life Estate, Steve Galmor Trusts, Steve Galmor Family Trusts, Steve Galmor Family Limited Partnership, or Steve Galmor financial plans or Steve Galmor estate plans.

10. All Documents and Communications, including but not limited to Communications with Charles King, Ken Fields, and Steve Galmor, relating to the merger of Galmor's Inc. and Galmor's GG.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 16th day of November, 2020, he caused true and correct copies of this document, including the Subpoena, to be served on Kelly Fuchs, by a person who is at least 18 years old and not a party, at 1000 N. Main Street, Elk City, OK 73644, and by email at Kellye@pk.cpa.com.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: _/s/ Thomas Berghman_
     Davor Rukavina, Esq.
     Texas Bar No. 24030781
     Thomas D. Berghman, Esq.
     Texas Bar No. 24082683
     500 North Akard Street, Ste. 3800
     Dallas, Texas 75201-6659
     Telephone: (214) 855-7500
     Facsimile: (214) 855-7584

**ATTORNEYS FOR GALMOR FAMILY LIMITED PARTNERSHIP**

# Exhibit I

TB Declaration 0097

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

### Northern District of Texas

IN RE:
MICHAEL STEPHEN GALMOR,
      Debtor.

Case No. 18-20209-RLJ-7

And

GALMOR'S/G&G STEAM SERVICE, INC.
      Debtor.

Case No. 18-20210-RLJ-7

---

KENT RIES, TRUSTEE
v.
MICHAEL STEPHEN GALMOR, RANDY MARK
GALMOR, LESLIE DONNETTE GALMOR
PRITCHARD, TRACI MARIE GALMOR COLEMAN
and GALMOR FAMILY LIMITED PARTNERSHIP,
      Defendants

Adv. Proc. No. 19-2006

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: PK & Associates, LLP

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE Munsch Hardt Kopf & Harr, P.C. c/o Thomas Berghman<br>500 N. Akard St., Ste. 3800<br>Dallas, Texas 75201 | DATE AND TIME<br>December 4, 2020 at 9:00 a.m. |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _November 16, 2020

      CLERK OF COURT

                        OR

_____
   *Signature of Clerk or Deputy Clerk*

        */s/ Thomas Berghman*
        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing
the Galmor Family Limited Partnership, who issues or requests this subpoena, are:
 Munsch Hardt Kopf & Harr, P.C., c/o Thomas Berghman, 500 N. Akart St., Ste. 3800, Dallas, Texas 75201

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

TB Declaration 0098

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| MICHAEL STEPHEN GALMOR, | § | |
|     Debtor. | § | Case No. 18-20209-RLJ-7 |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, | § | Case No. 18-20210-RLJ-7 |
| INC. | § | |
|     Debtor. | § | |
| | § | |
| | § | |
| KENT RIES, TRUSTEE | § | |
| | § | |
| v. | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, RANDY | § | Adv. No. 19-2006 |
| MARK GALMOR, LESLIE DONNETTE | § | |
| GALMOR PRITCHARD, TRACI MARIE | § | |
| GALMOR COLEMAN and GALMOR | § | |
| FAMILY LIMITED PARTNERSHIP, | § | |
|     Defendants. | § | |
| | § | |

## SUBPOENA DUCES TECUM

**To:**    **PK & Associates, LLP, c/o Kellye Fuchs, CPA, 1000 N. Main Street, Elk City, OK 73644; Kellye@pk.cpa.com**

      Pursuant to the Subpoena accompanying this document, the Subpoena commands you to produce the documents listed below on Exhibit "A" at the time and place specified in the Subpoena.

      Dated this 16th day of November, 2020, at Dallas, Texas.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: _/s/ Thomas Berghman_
     Davor Rukavina, Esq.
     Texas Bar No. 24030781
     Thomas D. Berghman, Esq.
     Texas Bar No. 24082683
     500 N. Akard St., Ste. 3800
     Dallas, Texas 75201-6659
     Telephone: (214) 855-7500
     Facsimile: (214) 855-7584

**ATTORNEYS FOR GALMOR FAMILY
LIMITED PARTNERSHIP**

## EXHIBIT "A"

**A.** **INSTRUCTIONS**

In producing the documents designated below, you must produce all responsive documents in your possession, custody, care or control, regardless of whether the documents are currently in your possession, or in the possession of your attorney(s), accountant(s), employee(s), agent(s) or other representative(s), regardless of who obtained the documents on your behalf, and regardless of the source from which the documents were obtained.

In the event that any document is known which is responsive to any request, but which is no longer within your possession, custody or control, specify what disposition was made of it and identify the person in whose possession, custody or control the document is now. In the event that any document referred to in or encompassed by any request has been destroyed, specify the date of destruction, the manner of destruction, the reason for destruction, the person authorizing destruction and the custodian of the document at the time of its destruction.

If any portion of any document is responsive to any request, then the entire document must be produced. Documents shall be produced in the order in which they are found in your files. Documents that are found stapled, clipped, or otherwise fastened shall be produced in such form.

In the event that no document exists which is responsive to a particular request, a written response indicating the same shall be provided.

In the event you withhold any document on the basis of privilege, a log shall be provided describing: (i) the nature of the document (e.g. e-mail, memorandum, letter, etc.); (ii) the date of the document; (iii) the parties to the document, including the name of any sender and any recipient, whether as the named recipient, copied person, or blind copied person; and (iv) the privilege invoked.

B. <u>DEFINITIONS</u>

In producing the documents requested below, you are to use the following definitions:

1. "<u>And</u>" and "<u>or</u>" shall each be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any specification.

2. "<u>Communication</u>" shall mean any contact or act by which any information is transmitted or conveyed between two or more persons, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telexes, electronically transmitted messages, e-mails, or by any document, and any oral contact by such means as face-to-face meetings or conversations and telephone conversations that are transcribed, notated, or in any other manner memorialized in written, typed, or recorded form.

3. "<u>Documents</u>" refers to (a) all handwritten, typed, or printed matter of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, agreements, correspondence, forecasts, memoranda, notes, jottings, speeches, press releases, diaries, examinations, statistics, letters, telegrams, minutes, time records, payroll records, expense records, contracts, reports, studies, training manuals, canceled checks, statements, receipts, delivery tickets, returns, summaries, work orders, pamphlets, books, prospectuses, statement of operations, interoffice and intraoffice communications, offers, notations of any sort of conversations, telephone calls, meetings, or other communications, bulletins, printed matter, computer printouts, teletypes, invoices, worksheets, and all drafts, alterations, modifications, changes, and amendments of any of the foregoing; (b) graphic or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape(s), recordings, motion pictures, and; (c) electronic, mechanical or electric records or representations

of any kind, including, without limitation, e-mails, tapes, cassettes, disks, recordings, and all transcriptions, in whole or in part, of any of the foregoing.

4.      "Including" means 'including but not limited to', and is not restrictive or limiting.

5.      "Person" means any natural person or any company, corporation, partnership, association, joint venture, sole proprietorship, governmental agency, and any other legally recognized entity.

6.      "Relate", "related to" "relating" or "relating to" refers to any act, work, meeting, oral or written communication, or document, referring, directly or indirectly, in any way to the described facts, or evidencing, directly or indirectly, such facts.

7.      "You" and "your" means PK & Associates, and your agents, attorneys, counsellors, employees, and persons acting on its behalf or purporting to act on your behalf.

8.      The singular form of a word includes the plural form of that word and the plural form of a word includes the singular form.

9.      Responsive documents are to be produced regardless of what language they are in.

C.    **DOCUMENTS TO BE PRODUCED**

1. All tax returns you have filed since January 1, 2011 for or on behalf of Galmor Family Limited Partnership, Galmor Management, LLC, Galmor Family Trust, Galmor Contribution Trust, Galmor Marital Trust, Bobby Don Galmor, Shirley Jo Galmor, the Estate of Bobby Don Galmor, the Estate of Shirley Jo Galmor, Galmor's Inc., GG Steam Service,, Galmor's/G&G Steam Service, Michael Stephen Galmor, SGM Leasing, LLC, SGM Management, LLC, SGM Real Estate, LLC, MSG Oil & Gas, Galmor Land & Cattle, Damor Pump & Supply, Damor, Collingsworth Gas Gathering, Twitty Investments, Twitty Production, Twitty Partners, Shamrock Texas Partners, Shamrock Dry Gas, Okie-Tex LLC, Galmor's Roustabout, DEBO, DEVO, the Steve Galmor rock quarry business, the Galmor rock quarry business, or any other entity over which Michael Steven Galmor exercises control, or of which Michael Stephen Galmor is an officer, trustee, insider, manager, partner, member, or interest holder (collectively, the Galmor-MSG Entities").

2. All Schedule K-1 tax forms you have filed since January 1, 2011 for or on behalf of any of the Galmor-MSG Entities.

3. All financial statements relating to any of the Galmor-MSG Entities.

4. All Documents and Communications containing 401K information relating to any of the Galmor-MSG Entities.

5. All Communications related to your filing of tax returns or other tax forms for or on behalf of any of the Galmor-MSG Entities.

6. All Documents related to your filing of tax returns or other tax forms for or on behalf of any of the Galmor-MSG Entities.

7. All books and records of any of the Galmor-MSG Entities.

8. All QuickBooks company files of any of the Galmor-MSG Entities, including all passwords.

9. All Documents related to or referencing the estate tax matters or estate plan of Bobby Don Galmor, Shirley Jo Galmor, Shirley Jo Galmor Life Estate, the Steve Galmor Life Estate, Steve Galmor Trusts, Steve Galmor Family Trusts, Steve Galmor Family Limited Partnership, or Steve Galmor financial plans or Steve Galmor estate plans.

10. All Documents and Communications, including but not limited to Communications with Charles King, Ken Fields, and Steve Galmor, relating to the merger of Galmor's Inc. and Galmor's GG.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 16th day of November, 2020, he caused true and correct copies of this document, including the Subpoena, to be served on PK & Associates, LLP, by a person who is at least 18 years old and not a party, at 1000 N. Main Street, Elk City, OK 73644, and by e-mail at Kellye@pk.cpa.com.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: _/s/ Thomas Berghman_
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Thomas D. Berghman, Esq.
    Texas Bar No. 24082683
    500 North Akard Street, Ste. 3800
    Dallas, Texas 75201-6659
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584

**ATTORNEYS FOR GALMOR FAMILY LIMITED PARTNERSHIP**

# Exhibit J

TB Declaration 0108

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

Northern District of Texas

IN RE:
MICHAEL STEPHEN GALMOR,
    Debtor.

And

GALMOR'S/G&G STEAM SERVICE, INC.
    Debtor.

Case No. 18-20209-RLJ-7

Case No. 18-20210-RLJ-7

KENT RIES, TRUSTEE
 v.
MICHAEL STEPHEN GALMOR, RANDY MARK
GALMOR, LESLIE DONNETTE GALMOR
PRITCHARD, TRACI MARIE GALMOR COLEMAN
and GALMOR FAMILY LIMITED PARTNERSHIP,
    Defendants

Adv. Proc. No.   19-2006

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  PK & Company, PLLC, an Oklahoma Professional Limited Liability Company
*(Name of person to whom the subpoena is directed)*

[X]  *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE  Munsch Hardt Kopf & Harr, P.C. c/o Thomas Berghman<br>500 N. Akard St., Ste. 3800<br>Dallas, Texas 75201 | DATE AND TIME<br>December 4, 2020 at 9:00 a.m. |
|---|---|

[ ]  *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

   The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _November 16, 2020

    CLERK OF COURT

          OR

_____   */s/ Thomas Berghman*
 *Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing the  Galmor  Family  Limited  Partnership,  who issues or requests this subpoena, are:
 Munsch Hardt Kopf & Harr, P.C., c/o Thomas Berghman, 500 N. Akart St., Ste. 3800, Dallas, Texas 75201

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

TB Declaration 0109

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

TB Declaration 0110

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| MICHAEL STEPHEN GALMOR, | § | |
| Debtor. | § | Case No. 18-20209-RLJ-7 |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, | § | Case No. 18-20210-RLJ-7 |
| INC. | § | |
| Debtor. | § | |
| | § | |
| | § | |
| KENT RIES, TRUSTEE | § | |
| | § | |
| v. | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, RANDY | § | Adv. No. 19-2006 |
| MARK GALMOR, LESLIE DONNETTE | § | |
| GALMOR PRITCHARD, TRACI MARIE | § | |
| GALMOR COLEMAN and GALMOR | § | |
| FAMILY LIMITED PARTNERSHIP, | § | |
| Defendants. | § | |
| | § | |

## SUBPOENA DUCES TECUM

**To:** **PK & Company, PLLC, c/o Kellye Fuchs, at 1000 N. Main Street, Elk City, OK 73644; Kellye@pk.cpa.com.**

Pursuant to the Subpoena accompanying this document, the Subpoena commands you to produce the documents listed below on Exhibit "A" at the time and place specified in the Subpoena.

Dated this 16th day of November, 2020, at Dallas, Texas.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas Berghman*
       Davor Rukavina, Esq.
       Texas Bar No. 24030781
       Thomas D. Berghman, Esq.
       Texas Bar No. 24082683
       500 N. Akard St., Ste. 3800
       Dallas, Texas 75201-6659
       Telephone: (214) 855-7500
       Facsimile: (214) 855-7584

**ATTORNEYS FOR GALMOR FAMILY LIMITED PARTNERSHIP**

## EXHIBIT "A"

**A.**  **INSTRUCTIONS**

In producing the documents designated below, you must produce all responsive documents in your possession, custody, care or control, regardless of whether the documents are currently in your possession, or in the possession of your attorney(s), accountant(s), employee(s), agent(s) or other representative(s), regardless of who obtained the documents on your behalf, and regardless of the source from which the documents were obtained.

In the event that any document is known which is responsive to any request, but which is no longer within your possession, custody or control, specify what disposition was made of it and identify the person in whose possession, custody or control the document is now.  In the event that any document referred to in or encompassed by any request has been destroyed, specify the date of destruction, the manner of destruction, the reason for destruction, the person authorizing destruction and the custodian of the document at the time of its destruction.

If any portion of any document is responsive to any request, then the entire document must be produced.  Documents shall be  produced in the order in which they are found in your files. Documents that are found stapled, clipped, or otherwise fastened shall be produced in such form.

In the event that no document exists which is responsive to a particular request, a written response indicating the same shall be provided.

In the event you withhold any document on the basis of privilege, a log shall be provided describing: (i) the nature of the document (e.g. e-mail, memorandum, letter, etc.); (ii) the date of the document; (iii) the parties to the document, including the name of any sender and any recipient, whether as the named recipient, copied person, or blind copied person; and (iv) the privilege invoked.

B.    DEFINITIONS

In producing the documents requested below, you are to use the following definitions:

1.    "And" and "or" shall each be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any specification.

2.    "Communication" shall mean any contact or act by which any information is transmitted or conveyed between two or more persons, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telexes, electronically transmitted messages, e-mails, or by any document, and any oral contact by such means as face-to-face meetings or conversations and telephone conversations that are transcribed, notated, or in any other manner memorialized in written, typed, or recorded form.

3.    "Documents" refers to (a) all handwritten, typed, or printed matter of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, agreements, correspondence, forecasts, memoranda, notes, jottings, speeches, press releases, diaries, examinations, statistics, letters, telegrams, minutes, time records, payroll records, expense records, contracts, reports, studies, training manuals, canceled checks, statements, receipts, delivery tickets, returns, summaries, work orders, pamphlets, books, prospectuses, statement of operations, interoffice and intraoffice communications, offers, notations of any sort of conversations, telephone calls, meetings, or other communications, bulletins, printed matter, computer printouts, teletypes, invoices, worksheets, and all drafts, alterations, modifications, changes, and amendments of any of the foregoing; (b) graphic or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape(s), recordings, motion pictures, and; (c) electronic, mechanical or electric records or representations

of any kind, including, without limitation, e-mails, tapes, cassettes, disks, recordings, and all transcriptions, in whole or in part, of any of the foregoing.

4. "Including" means 'including but not limited to', and is not restrictive or limiting.

5. "Person" means any natural person or any company, corporation, partnership, association, joint venture, sole proprietorship, governmental agency, and any other legally recognized entity.

6. "Relate", "related to" "relating" or "relating to" refers to any act, work, meeting, oral or written communication, or document, referring, directly or indirectly, in any way to the described facts, or evidencing, directly or indirectly, such facts.

7. "You" and "your" means PK & Company, PLLC, and your agents, attorneys, counsellors, employees, and persons acting on its behalf or purporting to act on your behalf.

8. The singular form of a word includes the plural form of that word and the plural form of a word includes the singular form.

9. Responsive documents are to be produced regardless of what language they are in.

C.    **DOCUMENTS TO BE PRODUCED**

1.  All tax returns you have filed since January 1, 2011 for or on behalf of Galmor Family Limited Partnership, Galmor Management, LLC, Galmor Family Trust, Galmor Contribution Trust, Galmor Marital Trust, Bobby Don Galmor, Shirley Jo Galmor, the Estate of Bobby Don Galmor, the Estate of Shirley Jo Galmor, Galmor's Inc., GG Steam Service,, Galmor's/G&G Steam Service, Michael Stephen Galmor, SGM Leasing, LLC, SGM Management, LLC, SGM Real Estate, LLC, MSG Oil & Gas, Galmor Land & Cattle, Damor Pump & Supply, Damor, Collingsworth Gas Gathering, Twitty Investments, Twitty Production, Twitty Partners, Shamrock Texas Partners, Shamrock Dry Gas, Okie-Tex LLC, Galmor's Roustabout, DEBO, DEVO, the Steve Galmor rock quarry business, the Galmor rock quarry business, or any other entity over which Michael Steven Galmor exercises control, or of which Michael Stephen Galmor is an officer, trustee, insider, manager, partner, member, or interest holder (collectively, the <u>Galmor-MSG Entities</u>").

2.  All Schedule K-1 tax forms you have filed since January 1, 2011 for or on behalf of any of the Galmor-MSG Entities.

3.  All financial statements relating to any of the Galmor-MSG Entities.

4.  All Documents and Communications containing 401K information relating to any of the Galmor-MSG Entities.

5.  All Communications related to your filing of tax returns or other tax forms for or on behalf of any of the Galmor-MSG Entities.

6.  All Documents related to your filing of tax returns or other tax forms for or on behalf of any of the Galmor-MSG Entities.

7.  All books and records of any of the Galmor-MSG Entities.

8.  All QuickBooks company files of any of the Galmor-MSG Entities, including all passwords.

9.  All Documents related to or referencing the estate tax matters or estate plan of Bobby Don Galmor, Shirley Jo Galmor, Shirley Jo Galmor Life Estate, the Steve Galmor Life Estate, Steve Galmor Trusts, Steve Galmor Family Trusts, Steve Galmor Family Limited Partnership, or Steve Galmor financial plans or Steve Galmor estate plans.

10. All Documents and Communications, including but not limited to Communications with Charles King, Ken Fields, and Steve Galmor, relating to the merger of Galmor's Inc. and Galmor's GG.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 16th day of November, 2020, he caused true and correct copies of this document, including the Subpoena, to be served on PK & Company, PLLC, by a person who is at least 18 years old and not a party, at 1000 N. Main Street, Elk City, OK 73644 and by email at Kellye@pk.cpa.com.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas Berghman*
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Thomas D. Berghman, Esq.
    Texas Bar No. 24082683
    500 North Akard Street, Ste. 3800
    Dallas, Texas 75201-6659
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584

**ATTORNEYS FOR GALMOR FAMILY LIMITED PARTNERSHIP**

# Exhibit K

TB Declaration 0119

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

### Northern District of Texas

IN RE:
MICHAEL STEPHEN GALMOR,
      Debtor.                             Case No. 18-20209-RLJ-7
And
GALMOR'S/G&G STEAM SERVICE, INC.
      Debtor.                             Case No. 18-20210-RLJ-7

---

KENT RIES, TRUSTEE
v.                                     Adv. Proc. No.   19-2006
MICHAEL STEPHEN GALMOR, RANDY MARK
GALMOR, LESLIE DONNETTE GALMOR
PRITCHARD, TRACI MARIE GALMOR COLEMAN
and GALMOR FAMILY LIMITED PARTNERSHIP,
      Defendants

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Shelton Title Companies, Inc.

*(Name of person to whom the subpoena is directed)*

☒ *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE   Munsch Hardt Kopf & Harr, P.C. c/o Thomas Berghman<br>500 N. Akard St., Ste. 3800<br>Dallas, Texas 75201 | DATE AND TIME<br>July 12, 2021 at 9:00 a.m. |
|---|---|

☐ *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

---

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _June 10, 2021__

        CLERK OF COURT

                          OR

                                       /s/ Thomas Berghman
_____    _____
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing the Galmor Family Limited Partnership, who issues or requests this subpoena, are:
Munsch Hardt Kopf & Harr, P.C., c/o Thomas Berghman, 500 N. Akart St., Ste. 3800, Dallas, Texas 75201

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

TB Declaration 0120

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| MICHAEL STEPHEN GALMOR, | § | |
|    Debtor. | § | Case No. 18-20209-RLJ-7 |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, | § | Case No. 18-20210-RLJ-7 |
| INC. | § | |
|    Debtor. | § | |
| | § | |
| | § | |
| KENT RIES, TRUSTEE | § | |
| | § | |
| v. | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, RANDY | § | Adv. No. 19-2006 |
| MARK GALMOR, LESLIE DONNETTE | § | |
| GALMOR PRITCHARD, TRACI MARIE | § | |
| GALMOR COLEMAN and GALMOR | § | |
| FAMILY LIMITED PARTNERSHIP, | § | |
|    Defendants. | § | |
| | § | |

## SUBPOENA DUCES TECUM

**To:** **Shelton Title Companies, Inc., c/o James T. Shelton, 222 S. Sully, Clarendon, Texas 79226.**

Pursuant to the Subpoena accompanying this document, the Subpoena commands you to produce the documents listed below on Exhibit "A" at the time and place specified in the Subpoena.

Dated this 10th day of June, 2021, at Dallas, Texas.

---

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas Berghman*
      Davor Rukavina, Esq.
      Texas Bar No. 24030781
      Thomas D. Berghman, Esq.
      Texas Bar No. 24082683
      500 N. Akard St., Ste. 3800
      Dallas, Texas 75201-6659
      Telephone: (214) 855-7500
      Facsimile: (214) 855-7584

**ATTORNEYS FOR GALMOR FAMILY
LIMITED PARTNERSHIP**

4826-4393-3418v.2
TB Declaration 0124

### EXHIBIT "A"

**A. INSTRUCTIONS**

In producing the documents designated below, you must produce all responsive documents in your possession, custody, care or control, regardless of whether the documents are currently in your possession, or in the possession of your attorney(s), accountant(s), employee(s), agent(s) or other representative(s), regardless of who obtained the documents on your behalf, and regardless of the source from which the documents were obtained.

In the event that any document is known which is responsive to any request, but which is no longer within your possession, custody or control, specify what disposition was made of it and identify the person in whose possession, custody or control the document is now. In the event that any document referred to in or encompassed by any request has been destroyed, specify the date of destruction, the manner of destruction, the reason for destruction, the person authorizing destruction and the custodian of the document at the time of its destruction.

If any portion of any document is responsive to any request, then the entire document must be produced. Documents shall be produced in the order in which they are found in your files. Documents that are found stapled, clipped, or otherwise fastened shall be produced in such form.

In the event that no document exists which is responsive to a particular request, a written response indicating the same shall be provided.

In the event you withhold any document on the basis of privilege, a log shall be provided describing: (i) the nature of the document (e.g. e-mail, memorandum, letter, etc.); (ii) the date of the document; (iii) the parties to the document, including the name of any sender and any recipient, whether as the named recipient, copied person, or blind copied person; and (iv) the privilege invoked.

**B.** <u>DEFINITIONS</u>

In producing the documents requested below, you are to use the following definitions:

1.  "<u>And</u>" and "<u>or</u>" shall each be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any specification.

2.  "<u>Bankruptcy Proceeding</u>" means *In re Galmor's/G&G Steam Service, Inc.,* Case No. 18-20210-RLJ-7, filed in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.

3.  "<u>Communication</u>" shall mean any contact or act by which any information is transmitted or conveyed between two or more persons, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telexes, electronically transmitted messages, e-mails, or by any document, and any oral contact by such means as face-to-face meetings or conversations and telephone conversations that are transcribed, notated, or in any other manner memorialized in written, typed, or recorded form.

4.  "<u>Documents</u>" refers to (a) all handwritten, typed, or printed matter of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, data, records, agreements, correspondence, forecasts, memoranda, notes, jottings, speeches, press releases, diaries, examinations, statistics, letters, telegrams, minutes, time records, payroll records, expense records, contracts, reports, studies, training manuals, canceled checks, statements, receipts, delivery tickets, returns, summaries, work orders, pamphlets, books, prospectuses, statement of operations, interoffice and intraoffice communications, offers, notations of any sort of

conversations, telephone calls, meetings, or other communications, bulletins, printed matter, computer printouts, teletypes, invoices, worksheets, and all drafts, alterations, modifications, changes, and amendments of any of the foregoing; (b) graphic or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape(s), recordings, motion pictures, and; (c) electronic, mechanical or electric records or representations of any kind, including, without limitation, e-mails, tapes, cassettes, disks, recordings, and all transcriptions, in whole or in part, of any of the foregoing.

5. "Gin Yard" means that certain property located at 6994 US Highway 83, Shamrock, Texas 79079, including each of those three (3) tracts depicted on Attachment 1 hereto.

6. "Gin Yard Transfer" means the transfer of ownership of the Gin Yard from Galmor Family Limited Partnership to Michael Stephen Galmor on or about October 7, 2014.

7. "Homestead" means that certain property located at 6535 US Hwy 83, Shamrock, Texas 79079, together with that certain property located at 6531 US Hwy 83, Shamrock, Texas 79079.

8. "Homestead Transfer" means the transfer of ownership of the Homestead from Galmor Family Trust and/or Galmor Family Limited Partnership to Michael Stephen Galmor on or about December 10, 2014.

9. "Including" means 'including but not limited to', and is not restrictive or limiting.

10. "Miller Property" means that certain property located at 6525 US Hwy 83, Shamrock, Texas 79079.

11. "Miller Property Transfer" means the transfer of ownership of the Miller Property from Galmor Family Limited Partnership to Michael Stephen Galmor on or about October 7, 2014.

12.     "<u>Person</u>" means any natural person or any company, corporation, partnership, association, joint venture, sole proprietorship, governmental agency, and any other legally recognized entity.

13.     "<u>Relate</u>", "<u>related to</u>" "<u>relating</u>" or "<u>relating to</u>" refers to any act, work, meeting, oral or written communication, or document, referring, directly or indirectly, in any way to the described facts, or evidencing, directly or indirectly, such facts.

14.     "<u>You</u>" and "<u>your</u>" means Shelton Title Companies, Inc. and your agents, attorneys, counsellors, employees, and persons acting on its behalf or purporting to act on your behalf, and including all branches, in all locations.

15.     The singular form of a word includes the plural form of that word and the plural form of a word includes the singular form.

16.     Responsive documents are to be produced regardless of what language they are in.

C.       **D**OCUMENTS TO BE **P**RODUCED

1.   All Documents related to the Homestead Transfer.

2.   All Documents related to the Gin Yard Transfer.

3.   All Documents related to the Miller Property Transfer.

4.   All closing files related to the Homestead Transfer.

5.   All closing files related to the Gin Yard Transfer.

6.   All closing files related to the Miller Property Transfer.

7.   All Communications between You and Michael Stephen Galmor related to the Homestead, and all Documents related thereto.

8.   All Communications between You and Michael Stephen Galmor related to the Gin Yard, and all Documents related thereto.

9.   All Communications between You and Michael Stephen Galmor related to the Miller Property, and all Documents related thereto.

10.  All Communications between You and any Person from the Underwood Law Firm, P.C. related to the Homestead, and all Documents related thereto.

11.  All Communications between You and any Person from the Underwood Law Firm, P.C. related to the Gin Yard, and all Documents related thereto.

12.  All Communications between You and any Person from the Underwood Law Firm, P.C. related to the Miller Property, and all Documents related thereto.

13.  All Communications between You and any Person from a banking institution related to the Homestead, and all Documents related thereto.

14.  All Communications between You and any Person from a banking institution related to the Gin Yard, and all Documents related thereto.

15.  All Communications between You and any Person from a banking institution related to the Miller Property, and all Documents related thereto.

16.  All Communications between You and any Person from any survey company related to the Homestead, and all Documents related thereto.

17.  All Communications between You and any Person from any survey company related to the Gin Yard, and all Documents related thereto.

18. All Communications between You and any Person from any survey company related to the Miller Property, and all Documents related thereto.

19. All documentation of payments made by any Person in relation to the Homestead Transfer, or Communications related thereto.

20. All documentation of payments made by any Person in relation to the Gin Yard Transfer, or Communications related thereto.

21. All documentation of payments made by any Person in relation to the Miller Property Transfer, or Communications related thereto.

22. All documentation related to mineral interests or rights in the property at which the Gin Yard is located.

23. All documentation related to mineral interests or rights in the property at which the Homestead is located.

24. All documentation related to mineral interests or rights in the property at which the Miller Property is located.

25. All property surveys related to the Homestead.

26. All property surveys related to the Gin Yard.

27. All property surveys related to the Miller Property.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 10th day of June, 2021, he caused true and correct copies of this document, including the Subpoena, to be served on Shelton Title Companies, Inc., c/o James T. Shelton, by a person who is at least 18 years old and not a party, at 222 S. Sully, Clarendon, Texas 79226.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas Berghman*
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Thomas D. Berghman, Esq.
    Texas Bar No. 24082683
    500 North Akard Street, Ste. 3800
    Dallas, Texas 75201-6659
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584

**ATTORNEYS FOR GALMOR FAMILY LIMITED PARTNERSHIP**

**ATTACHMENT 1**



NWC
Sec. 3

n89°23'20"e
572.62

F.M. Hwy 592

262.3

521.6

s89°23'20"w

2.4 acres
710-446 doc
& S&E Tract 2  694-556 doc

1.2 acres
S&E Tract 1
694-556 doc

521.6

s89°23'20"w

262.3

n89°23'20"e

US HWY 83

Pink - 20.41 acres
TRACT 1 694-556

9/1/2020

| Scale: 1 inch= 200 feet | File: |
|---|---|

Tract 1: 2.3888 Acres (104057 Sq. Feet), Closure: n00.0000e 0.00 ft. (1/999999), Perimeter=1442 ft.
Tract 2: 0.0000 Acres (0 Sq. Feet), Closure: n86.3702w 574.29 ft. (1/1), Perimeter=613 ft.
Tract 3: 20.4099 Acres, Closure: n00.0000e 0.00 ft. (1/999999), Perimeter=3836 ft.
Tract 4: 1.2013 Acres (52328 Sq. Feet), Closure: n00.0000e 0.00 ft. (1/999999), Perimeter=924 ft.

TB Declaration 0132

# Exhibit L

TB Declaration 0133

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

Northern District of Texas

IN RE:
MICHAEL STEPHEN GALMOR,
      Debtor.

And

GALMOR'S/G&G STEAM SERVICE, INC.
      Debtor.

Case No. 18-20209-RLJ-7

Case No. 18-20210-RLJ-7

KENT RIES, TRUSTEE
v.
MICHAEL STEPHEN GALMOR, RANDY MARK
GALMOR, LESLIE DONNETTE GALMOR
PRITCHARD, TRACI MARIE GALMOR COLEMAN
and GALMOR FAMILY LIMITED PARTNERSHIP,
      Defendants

Adv. Proc. No.  19-2006

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Wheeler Title & Abstract Co., L.C.

*(Name of person to whom the subpoena is directed)*

[X]  *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE  Munsch Hardt Kopf & Harr, P.C. c/o Thomas Berghman | DATE AND TIME |
|---|---|
| 500 N. Akard St., Ste. 3800 Dallas, Texas 75201 | July 12, 2021 at 9:00 a.m. |

[ ]  *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _June 10, 2021__

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Thomas Berghman*
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing the Galmor Family Limited Partnership,  who issues or requests this subpoena, are:
 Munsch Hardt Kopf & Harr, P.C., c/o Thomas Berghman, 500 N. Akart St., Ste. 3800, Dallas, Texas 75201

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

TB Declaration 0134

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

TB Declaration 0136

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| MICHAEL STEPHEN GALMOR, | § | |
|    Debtor. | § | Case No. 18-20209-RLJ-7 |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, | § | Case No. 18-20210-RLJ-7 |
| INC. | § | |
|     Debtor. | § | |
| | § | |
| | § | |
| KENT RIES, TRUSTEE | § | |
| | § | |
| v. | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, RANDY | § | Adv. No. 19-2006 |
| MARK GALMOR, LESLIE DONNETTE | § | |
| GALMOR PRITCHARD, TRACI MARIE | § | |
| GALMOR COLEMAN and GALMOR | § | |
| FAMILY LIMITED PARTNERSHIP, | § | |
|    Defendants. | § | |
| | § | |

## SUBPOENA DUCES TECUM

**To:**   **Wheeler Title & Abstract Co., L.C., c/o Dana G. Ware, 112 E Texas Ave., Wheeler, TX 79096**

     Pursuant to the Subpoena accompanying this document, the Subpoena commands you to produce the documents listed below on Exhibit "A" at the time and place specified in the Subpoena.

     Dated this 10th day of June, 2021, at Dallas, Texas.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas Berghman*
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Thomas D. Berghman, Esq.
    Texas Bar No. 24082683
    500 N. Akard St., Ste. 3800
    Dallas, Texas  75201-6659
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584

**ATTORNEYS FOR GALMOR FAMILY
LIMITED PARTNERSHIP**

## EXHIBIT "A"

**A.    INSTRUCTIONS**

In producing the documents designated below, you must produce all responsive documents in your possession, custody, care or control, regardless of whether the documents are currently in your possession, or in the possession of your attorney(s), accountant(s), employee(s), agent(s) or other representative(s), regardless of who obtained the documents on your behalf, and regardless of the source from which the documents were obtained.

In the event that any document is known which is responsive to any request, but which is no longer within your possession, custody or control, specify what disposition was made of it and identify the person in whose possession, custody or control the document is now.  In the event that any document referred to in or encompassed by any request has been destroyed, specify the date of destruction, the manner of destruction, the reason for destruction, the person authorizing destruction and the custodian of the document at the time of its destruction.

If any portion of any document is responsive to any request, then the entire document must be produced.  Documents shall be  produced in the order in which they are found in your files. Documents that are found stapled, clipped, or otherwise fastened shall be produced in such form.

In the event that no document exists which is responsive to a particular request, a written response indicating the same shall be provided.

In the event you withhold any document on the basis of privilege, a log shall be provided describing: (i) the nature of the document (e.g. e-mail, memorandum, letter, etc.); (ii) the date of the document; (iii) the parties to the document, including the name of any sender and any recipient, whether as the named recipient, copied person, or blind copied person; and (iv) the privilege invoked.

**B.**    <u>DEFINITIONS</u>

In producing the documents requested below, you are to use the following definitions:

1.    "<u>And</u>" and "<u>or</u>" shall each be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any specification.

2.    "<u>Bankruptcy Proceeding</u>" means *In re Galmor's/G&G Steam Service, Inc.,* Case No. 18-20210-RLJ-7, filed in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.

3.    "<u>Communication</u>" shall mean any contact or act by which any information is transmitted or conveyed between two or more persons, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telexes, electronically transmitted messages, e-mails, or by any document, and any oral contact by such means as face-to-face meetings or conversations and telephone conversations that are transcribed, notated, or in any other manner memorialized in written, typed, or recorded form.

4.    "<u>Documents</u>" refers to (a) all handwritten, typed, or printed matter of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, data, records, agreements, correspondence, forecasts, memoranda, notes, jottings, speeches, press releases, diaries, examinations, statistics, letters, telegrams, minutes, time records, payroll records, expense records, contracts, reports, studies, training manuals, canceled checks, statements, receipts, delivery tickets, returns, summaries, work orders, pamphlets, books, prospectuses, statement of operations, interoffice and intraoffice communications, offers, notations of any sort of

conversations, telephone calls, meetings, or other communications, bulletins, printed matter, computer printouts, teletypes, invoices, worksheets, and all drafts, alterations, modifications, changes, and amendments of any of the foregoing; (b) graphic or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape(s), recordings, motion pictures, and; (c) electronic, mechanical or electric records or representations of any kind, including, without limitation, e-mails, tapes, cassettes, disks, recordings, and all transcriptions, in whole or in part, of any of the foregoing.

5. "Gin Yard" means that certain property located at 6994 US Highway 83, Shamrock, Texas 79079, including each of those three (3) tracts depicted on Attachment 1 hereto.

6. "Gin Yard Transfer" means the transfer of ownership of the Gin Yard from Galmor Family Limited Partnership to Michael Stephen Galmor on or about October 7, 2014.

7. "Homestead" means that certain property located at 6535 US Hwy 83, Shamrock, Texas 79079, together with that certain property located at 6531 US Hwy 83, Shamrock, Texas 79079.

8. "Homestead Transfer" means the transfer of ownership of the Homestead from Galmor Family Trust and/or Galmor Family Limited Partnership to Michael Stephen Galmor on or about December 10, 2014.

9. "Including" means 'including but not limited to', and is not restrictive or limiting.

10. "Miller Property" means that certain property located at 6525 US Hwy 83, Shamrock, Texas 79079.

11. "Miller Property Transfer" means the transfer of ownership of the Miller Property from Galmor Family Limited Partnership to Michael Stephen Galmor on or about October 7, 2014.

12.     "Person" means any natural person or any company, corporation, partnership, association, joint venture, sole proprietorship, governmental agency, and any other legally recognized entity.

13.     "Relate", "related to" "relating" or "relating to" refers to any act, work, meeting, oral or written communication, or document, referring, directly or indirectly, in any way to the described facts, or evidencing, directly or indirectly, such facts.

14.     "You" and "your" means Wheeler Title & Abstract Co., L.C., and your agents, attorneys, counsellors, employees, and persons acting on its behalf or purporting to act on your behalf, and including all branches, in all locations.

15.     The singular form of a word includes the plural form of that word and the plural form of a word includes the singular form.

16.     Responsive documents are to be produced regardless of what language they are in.

C.    **DOCUMENTS TO BE PRODUCED**

1.  All Documents related to the Homestead Transfer.

2.  All Documents related to the Gin Yard Transfer.

3.  All Documents related to the Miller Property Transfer.

4.  All closing files related to the Homestead Transfer.

5.  All closing files related to the Gin Yard Transfer.

6.  All closing files related to the Miller Property Transfer.

7.  All Communications between You and Michael Stephen Galmor related to the Homestead, and all Documents related thereto.

8.  All Communications between You and Michael Stephen Galmor related to the Gin Yard, and all Documents related thereto.

9.  All Communications between You and Michael Stephen Galmor related to the Miller Property, and all Documents related thereto.

10. All Communications between You and any Person from the Underwood Law Firm, P.C. related to the Homestead, and all Documents related thereto.

11. All Communications between You and any Person from the Underwood Law Firm, P.C. related to the Gin Yard, and all Documents related thereto.

12. All Communications between You and any Person from the Underwood Law Firm, P.C. related to the Miller Property, and all Documents related thereto.

13. All Communications between You and any Person from a banking institution related to the Homestead, and all Documents related thereto.

14. All Communications between You and any Person from a banking institution related to the Gin Yard, and all Documents related thereto.

15. All Communications between You and any Person from a banking institution related to the Miller Property, and all Documents related thereto.

16. All Communications between You and any Person from any survey company related to the Homestead, and all Documents related thereto.

17. All Communications between You and any Person from any survey company related to the Gin Yard, and all Documents related thereto.

18. All Communications between You and any Person from any survey company related to the Miller Property, and all Documents related thereto.

19. All documentation of payments made by any Person in relation to the Homestead Transfer, or Communications related thereto.

20. All documentation of payments made by any Person in relation to the Gin Yard Transfer, or Communications related thereto.

21. All documentation of payments made by any Person in relation to the Miller Property Transfer, or Communications related thereto.

22. All documentation related to mineral interests or rights in the property at which the Gin Yard is located.

23. All documentation related to mineral interests or rights in the property at which the Homestead is located.

24. All documentation related to mineral interests or rights in the property at which the Miller Property is located.

25. All property surveys related to the Homestead.

26. All property surveys related to the Gin Yard.

27. All property surveys related to the Miller Property.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on this the 10th day of June, 2021, he caused true and correct copies of this document, including the Subpoena, to be served on Wheeler Title & Abstract Co., L.C., c/o Dana G. Ware, by a person who is at least 18 years old and not a party, at 112 E Texas Ave., Wheeler, TX 79096.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas Berghman*
     Davor Rukavina, Esq.
     Texas Bar No. 24030781
     Thomas D. Berghman, Esq.
     Texas Bar No. 24082683
     500 North Akard Street, Ste. 3800
     Dallas, Texas  75201-6659
     Telephone: (214) 855-7500
     Facsimile: (214) 855-7584

**ATTORNEYS FOR GALMOR FAMILY LIMITED PARTNERSHIP**

**ATTACHMENT 1**



NWC
Sec. 3

n89°23'20"e
572.62

F.M. Hwy 592

262.3

521.6

s89°23'20"w

2.4 acres
710-446 doc
& S&E Tract 2  694-556 doc

1.2 acres
S&E Tract 1
694-556 doc

521.6

s89°23'20"w

n89°23'20"e

262.3

US HWY 83

Pink - 20.41 acres
TRACT 1 694-556

9/1/2020

| Scale: 1 inch= 200 feet | File: |
| --- | --- |

Tract 1: 2.3888 Acres (104057 Sq. Feet), Closure: n00.0000e 0.00 ft. (1/999999), Perimeter=1442 ft.
Tract 2: 0.0000 Acres (0 Sq. Feet), Closure: n86.3702w 574.29 ft. (1/1), Perimeter=613 ft.
Tract 3: 20.4099 Acres, Closure: n00.0000e 0.00 ft. (1/999999), Perimeter=3836 ft.
Tract 4: 1.2013 Acres (52328 Sq. Feet), Closure: n00.0000e 0.00 ft. (1/999999), Perimeter=924 ft.

TB Declaration 0146

# Exhibit M

## Berghman, Thomas

| | |
|---|---|
| **From:** | Berghman, Thomas |
| **Sent:** | Monday, August 23, 2021 6:05 PM |
| **To:** | Kent Ries; Rukavina, Davor |
| **Cc:** | Jerry McLaughlin |
| **Subject:** | RE: Discovery status |
| **Attachments:** | Responses to Rogs and RFP Galmor Family Limited Partnership and Galmor Management.pdf; Responses to Rogs and RFP Pritchard.pdf |

Kent- please see attached interrogatory and requests for production responses. Let's jump on the phone tomorrow quickly on document production. Please let me know if you're around.

Thank you,

**Thomas D. Berghman**

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

Direct: +1.214.855.7554 / tberghman@munsch.com / munsch.com

Notice: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. Nothing contained in this message or in any attachment shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

---

**From:** Kent Ries <Kent@kentries.com>
**Sent:** Tuesday, August 17, 2021 10:04 AM
**To:** Rukavina, Davor <drukavina@munsch.com>; Berghman, Thomas <tberghman@munsch.com>
**Cc:** Jerry McLaughlin <jmclaw@suddenlinkmail.com>
**Subject:** Discovery status

Just following up again on the answers you owe me on RFPs and Interogs. I know you thought you would have that done before you left, and Thomas thought he would have it the following week, but I still haven't received anything.

Additionally, do you believe you will have any documents to produce to me from the depo subpoenas?

Obviously all of this is important before next weeks depos.

Kent Ries, Attorney at Law
2700 s. Western Street, Suite 300
Amarillo, Texas 79109
806-242-7437

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, | § | CASE NO. 18-20209-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, INC., | § | CASE NO. 18-20210-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| KENT RIES, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-2003 |
| | § | |
| GALMOR FAMILY LIMITED PARTNERSHIP and GALMOR MANAGEMENT, L.L.C., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION TO GALMOR FAMILY
LIMITED PARTNERSHIP AND GALMOR MANAGEMENT, L.L.C.**

TO:   Kent Ries, Plaintiff, by and through Kent Ries, Esq., 2700 S. Western Street, Suite 300, Amarillo Texas.

Leslie Pritchard ("Pritchard"), court-appointed liquidator for Galmor Family Limited Partnership (the "GFLP") and Galmor Management, L.L.C. ("GM," with GFLP, the "Defendants"), the defendants in the above styled and numbered Adversary Proceeding, in such capacity and for the GFLP and GM, hereby serves the following *Objections and Answers* of GFLP

and GM to the *Plaintiff's First Set of Interrogatories* (the "<u>Interrogatories</u>") *and Requests for Production* (the "<u>Requests</u>").

## <u>Interrogatories</u>

<u>INTERROGATORY NO. 1</u>: Identify each person who was interviewed, consulted, or participated in the preparation or formulating of answers to these Interrogatories. If more than one person answered these Interrogatories, list for each such person the specific interrogatory which he or she answers or participated in answering.

    <u>ANSWER:</u>

    Defendants object to this Interrogatory to the extent it requires her to disclose any privileged matter, including any consulting expert or counsel.

    Subject to said objection, Defendants answer as follows: Pritchard.

<u>INTERROGATORY NO. 2</u>: Identify each individual likely to have discoverable information that you, may use to support your claims in this suit, including a brief description of the individual's knowledge regarding this case.

    <u>ANSWER:</u>

1. Pritchard. Pritchard has knowledge of Debtor Steve Galmor's self-dealing from the Defendants and that the Debtors did not loan funds to the Defendants.

2. Steve Galmor. Galmor will have knowledge of his self-dealing from the Defendants and that the Debtors did not loan funds to the Defendants.

3. Traci Galmor Coleman (sister). Information regarding transfer of Galmor homestead and Gin Miller properties and regarding the funding and or management of the FLP.

4. Shawn Galmor Zaiontz (sister). Information regarding Galmor's intentions to obstruct the beneficiaries of the FLP from receiving funds from same.

5. Brandon Galmor (nephew). Information regarding management of the FLP

6. Justin Galmor. Justin Galmor worked in the Elk City office of Galmor's GG and has knowledge regarding the accounting of the Debtors.

7. Charles King. Charles King is an estate planning attorney and has knowledge regarding the tax attributes of the Debtors as well as the settling of the FLP.

8. Ken Fields. Ken Fields is an attorney and has knowledge regarding the oil and gas and rock quarry interests of the Debtors and the FLP.

OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO GALMOR FAMILY LIMITED PARTNERSHIP AND GALMOR MANAGEMENT, L.L.C.—Page 2

TB Declaration 0150

9. Carol Leblanc. Carol Leblanc was employed by the Quarry and may have knowledge regarding the operations of the quarry including volume.

10. Kelly Walker. Kelly Walker was employed by the Quarry and may have knowledge regarding the operations of the quarry including volume.

11. Patricia Cannon. Patricia Cannon was a witness to the BDG will and the circumstances of the execution of the same.

12. Mickey Cannon. Mickey Cannon was a witness to the BDG will and the circumstances of the execution of the same.

13. Tonya Vinyard. Tonya Vinyard was present at the execution of the BDG will.

14. Justin Stroop. Justin Stroop will have knowledge of cattle operations and purchases/sales of cattle.

15. Hayden Duncan. Hayden Duncan will have knowledge of cattle operations and purchases/sales of cattle.

16. Cross Roads Cattle – Jennings Steen and Justin Stroop will have knowledge of cattle operations and purchases/sales of cattle.

17. Jose Salas. Jose Salas will have knowledge of cattle operations and purchases/sales of cattle.

18. Jaycee Carter. Jaycee Carter will have knowledge regarding the purchase/sale of 2.4 acre parcel at the corner of the Gin Yard property.

INTERROGATORY NO. 3   Identify each individual that Plaintiff might use at trial to present evidence under Federal Rules of Evidence 702, 703 or 705, including a brief description of the individual's knowledge regarding this case and the individual's opinions and conclusions.

ANSWER:

Defendants object to this Interrogatory because they are not required to disclose any expert prior to the time that such disclosures are required under any scheduling order. Prior to such time, all such matters are privileged under the attorney-work product privilege. Defendants will answer this Interrogatory as required by Rule 26 at the appropriate time.

Subject to said objection, Defendants disclose that they have retained Maison Vasek to provide a general forensic accounting of the Defendants' books and transactions and of Steve Galmor's self-dealing from the Defendants, and to review whether the Defendants owe any alleged funds to the Debtors.

INTERROGATORY NO. 4: Identify each and every person you intend to call or may call as an expert witness at trial and state:

    a. The subject matter as to which each and every expert will testify; and
    b. The substance of the facts and opinions to which the expert is to testify; and
    c. A summary of the grounds for each opinion.

ANSWER:

Defendants object to this Interrogatory because they are not required to disclose any expert prior to the time that such disclosures are required under any scheduling order. Prior to such time, all such matters are privileged under the attorney-work product privilege. Defendants will answer this Interrogatory as required by Rule 26 at the appropriate time.

Subject to said objection, Defendants disclose that they have retained Maison Vasek to provide a general forensic accounting of the Defendants' books and transactions and of Steve Galmor's self-dealing from the Defendants, and to review whether the Defendants owe any alleged funds to the Debtors

INTERROGATORY NO. 5: Identify all the facts that support your denial that the Defendants do not owe the Trustee anything in Paragraph 7 of your Answer.

ANSWER:

Defendants object to this Interrogatory as they are not required to prove that the Defendants do not owe the Trustee anything, as this is the Trustee's burden on which the Trustee has presented zero evidence except the Debtors' filed schedules, which Defendants do not believe. Furthermore, discovery is ongoing as is the analysis of documents received in discovery.

Subject to the foregoing, Defendants answer that: (i) they do not believe the Debtors' schedules; (ii) they do not believe that the Debtors were making any advances to the Defendants; (iii) to the extent that the Debtors paid any expenses of the Defendants or otherwise advanced any funds, there is no promissory note or other writing evidencing any promise by the Defendants to repay the same; (iv) to the extent that the Debtors paid any expenses of the Defendants or otherwise advanced any funds, Steve Galmor was not authorized to cause the Defendants to incur any debt or obligation to repay the same; (v) documents prepared by the Debtors, including through counsel, for negotiation and other purposes, do not list any debt or obligation of the Defendants to the Debtors, and no such debts or obligations appear to have been carried on the books and records of the Defendants and no such claims appear to have been carried on the books and records of the Debtors, all including potentially tax returns; and (vi) the Debtors committed self-dealing with the Defendants that should be netted out against any alleged funds owing, including by transferring real property to Steve Galmor for no consideration, extracting rock from the quarry without paying for it, denuding the Debtors of oil and gas royalties, and using the Defendants' funds and properties to support his lifestyle and businesses without payment

or return consideration and in breach of his fiduciary duties. Discovery is ongoing and Defendants will supplement this Interrogatory once they learn of additional facts.

<u>INTERROGATORY NO. 6</u>: Identify all the facts that support your denial that the Defendants do not owe the Trustee anything in Paragraph 8 of your Answer.

<u>ANSWER:</u>

Defendants object to this Interrogatory as they are not required to prove that the Defendants do not owe the Trustee anything, as this is the Trustee's burden on which the Trustee has presented zero evidence except the Debtors' filed schedules, which Defendants do not believe.

Subject to the foregoing, Defendants answer that: (i) they do not believe the Debtors' schedules; (ii) they do not believe that the Debtors were making any advances to the Defendants; (iii) to the extent that the Debtors paid any expenses of the Defendants or otherwise advanced any funds, there is no promissory note or other writing evidencing any promise by the Defendants to repay the same; (iv) to the extent that the Debtors paid any expenses of the Defendants or otherwise advanced any funds, Steve Galmor was not authorized to cause the Defendants to incur any debt or obligation to repay the same; (v) documents prepared by the Debtors, including through counsel, for negotiation and other purposes, do not list any debt or obligation of the Defendants to the Debtors, and no such debts or obligations appear to have been carried on the books and records of the Defendants and no such claims appear to have been carried on the books and records of the Debtors, all including potentially tax returns; and (vi) the Debtors committed self-dealing with the Defendants that should be netted out against any alleged funds owing, including by transferring real property to Steve Galmor for no consideration, extracting rock from the quarry without paying for it, denuding the Debtors of oil and gas royalties, and using the Defendants' funds and properties to support his lifestyle and businesses without payment or return consideration and in breach of his fiduciary duties. Discovery is ongoing and Defendants will supplement this Interrogatory once Defendants learn of additional facts.

<u>INTERROGATORY NO. 7</u>: Identify all the facts that support your denial that the Defendants do not owe the Trustee anything in Paragraph 9 of your Answer.

<u>ANSWER:</u>

Defendants object to this Interrogatory as Defendants are not required to prove that the Defendants do not owe the Trustee anything, as this is the Trustee's burden on which the Trustee has presented zero evidence except the Debtors' filed schedules, which Defendants do not believe.

Subject to the foregoing, Defendants answer that: (i) Defendants do not believe the Debtors' schedules; (ii) Defendants do not believe that the Debtors were making any advances to the Defendants; (iii) to the extent that the Debtors paid any expenses of the Defendants or otherwise advanced any funds, there is no promissory note or other writing

evidencing any promise by the Defendants to repay the same; (iv) to the extent that the Debtors paid any expenses of the Defendants or otherwise advanced any funds, Steve Galmor was not authorized to cause the Defendants to incur any debt or obligation to repay the same; (v) documents prepared by the Debtors, including through counsel, for negotiation and other purposes, do not list any debt or obligation of the Defendants to the Debtors, and no such debts or obligations appear to have been carried on the books and records of the Defendants and no such claims appear to have been carried on the books and records of the Debtors, all including potentially tax returns; and (vi) the Debtors committed self-dealing with the Defendants that should be netted out against any alleged funds owing, including by transferring real property to Steve Galmor for no consideration, extracting rock from the quarry without paying for it, denuding the Debtors of oil and gas royalties, and using the Defendants' funds and properties to support his lifestyle and businesses without payment or return consideration and in breach of his fiduciary duties. Discovery is ongoing and Defendants will supplement this Interrogatory once Defendants learn of additional facts.

INTERROGATORY NO. 8: Identify all the facts that support your assertion that the debts the Trustee sues on are barred by latches in Paragraph 13 of your Answer.

ANSWER:

To the extent that either of the Debtors advanced any funds on behalf of or to the Defendants: (i) the Debtors did not take any action to sue for or recover such alleged debts or otherwise reduce any such debts to documents and instruments; (ii) the Debtors did not claim that any such debts were owing to them until it suited them to say such things in order to hide their own incompetence leading to bankruptcy and to attempt to obtain funds for themselves; and (iii) resulting prejudice to the Defendants who, because of this delay, may lack the documentation and other evidence that may demonstrate that the allegations are false and that it is in fact the Debtors who denuded the Defendants and owe them money for breach of fiduciary duty and otherwise. Discovery is ongoing and Defendants will supplement this Interrogatory once Defendants learn of additional facts.

INTERROGATORY NO. 9: Identify all the facts that support your assertion that the debts the Trustee sues on are barred by estoppel in Paragraph 13 of your Answer.

ANSWER:

These claims are barred by estoppel because the Debtors failed to allege that these debts were owing, and, in fact, represented otherwise in settlement negotiations, including ones which led to a settlement by which the Defendants released certain claims against the Debtors. The claims are further barred by estoppel because the Debtors denuded the Defendants, including by using the funds and properties of the Defendants for their personal gain and benefit, without return consideration and in breach of fiduciary duties. Discovery is ongoing and Defendants will supplement this Interrogatory once Defendants learn of additional facts. Although the Trustee himself has not engaged in conduct that

OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO GALMOR FAMILY LIMITED PARTNERSHIP AND GALMOR MANAGEMENT, L.L.C.—Page 6

TB Declaration 0154

would give rise to estoppel, he and his estate are charged with the Debtors' prepetition conduct.

INTERROGATORY NO. 10: Identify all the facts that support your assertion that the debts the Trustee sues on are barred by unclean hands of the Debtors in Paragraph 13 of your Answer.

ANSWER:

The claims are barred by unclean hands because the Debtors denuded the Defendants, including by using the funds and properties of the Defendants for their personal gain and benefit, without return consideration and in breach of fiduciary duties. Discovery is ongoing and Defendants will supplement this Interrogatory once Defendants learn of additional facts. Although the Trustee himself has not engaged in conduct that would give rise to unclean hands, he and his estate are charged with the Debtors' prepetition conduct.

INTERROGATORY NO. 11: Identify all the facts that support your assertion that the Debtors engaged in self-dealing, ultra vires actions and breached his fiduciary duties in Paragraph 14 of your Answer.

ANSWER:

The Debtors engaged in self-dealing, ultra vires actions, and breaches of fiduciary duty

The partnership agreement of the Family Limited Partnership subjects the general partner to fiduciary duties owed by a partner in a general partnership, and it permits self-dealing only when on as favorable terms as through a third-party transaction. The agreement further prohibits a general partner from incurring partnership indebtedness in excess of 50% of the loan-to-value ratio of the partnership's property. Defendants incorporate their responses to Interrogatories 5, 6, 7, and 9. Defendants will supplement this response as more information is gathered.

INTERROGATORY NO. 12: Identify your business operations since 2010.

ANSWER:

To the best of Pritchard's knowledge, answering for Defendants, Defendants operated a rock quarry, oil and gas interests, and a cattle and farming operation.

**<u>Verification</u>**

STATE OF TEXAS      §
                        §
COUNTY OF DALLAS    §

        Before me, the undersigned notary, on this day personally appeared **<u>Leslie Pritchard</u>**, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

             "My name is Leslie Pritchard. I am capable of making this Verification. I have read the foregoing document. The facts stated in the answers to the interrogatories are within my personal knowledge and/or are based on information I obtained from other persons, and are true and correct."

Galmor Limited Family Partnership

By: Leslie Pritchard, Managing
     Member of Galmor
     Management, LLC

Its: General Partner

Galmor Management, LLC

By: Leslie Prichard
Title: Managing Member

SUBSCRIBED AND SWORN TO BEFORE ME on this the 23 day of August, 2021.

         Notary Public, State of Texas    Mays Alrudaini

         My Commission Expires:   08/23/2023



MAYS ALRUDAINI
Notary Public, State of Texas
Comm. Expires 08-19-2023
Notary ID 132134787

## Requests for Production

1.      Produce a copy of all documents that relate to your answer in Interrogatory No. 5.

RESPONSE:

Responsive documents will be produced.

2.      Produce a copy of all documents that relate to your answer in Interrogatory No. 6.

RESPONSE:

Responsive documents will be produced.

3.      Produce a copy of all documents that relate to your answer in Interrogatory No. 7.

RESPONSE:

Responsive documents will be produced.

4.      Produce a copy of all documents that relate to your answer in Interrogatory No. 8.

RESPONSE:

Responsive documents will be produced.

5.      Produce a copy of all documents that relate to your answer in Interrogatory No. 9.

RESPONSE:

Responsive documents will be produced.

6.      Produce a copy of all documents that relate to your answer in Interrogatory No. 10.

RESPONSE:

Responsive documents will be produced.

7.      Produce a copy of all documents that relate to your answer in Interrogatory No. 11.

RESPONSE:

Responsive documents will be produced.

8.      Produce true and correct copies of any documents or materials provided to, reviewed by or prepared by each individual/you may use at trial to present evidence under Federal Rules of Evidence 702, 703 or 705.

RESPONSE:

Responsive documents not protected by Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Procedure 26(b)(4) will be produced.

9.      Produce true and correct copies of any letter, notes, memos, e-mails or other correspondence sent to or received from any person you may use at trial to present evidence under Federal Rules of Evidence 702, 703 or 705.

RESPONSE:

Responsive documents not protected by Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Procedure 26(b)(4) will be produced.

10.     Produce all tax returns filed for the Defendants from the tax years 2010 through 2018.

RESPONSE:

Responsive documents will be produced.

11.     Produce all annual financial statements for the Defendants for the years ending 2010 through 2018.

RESPONSE:

Responsive documents will be produced.

Dated this 23rd day of August, 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    3800 Ross Tower
    500 North Akard St.
    Dallas, Texas 75201
    Telephone: (214) 855-7500
    Facsimile: (214) 978-4375

**ATTORNEYS FOR GALMOR FAMILY LIMITED PARTNERSHIP AND GALMOR MANAGEMENT, L.L.C.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 23rd day of August, 2021, true and correct copies of this document were served upon Kent Ries, Esq. via e-mail.

By: /s/ Thomas Berghman
    Thomas D. Berghman, Esq.

# Exhibit N

TB Declaration 0160

## Berghman, Thomas

| | |
|---|---|
| **From:** | Berghman, Thomas |
| **Sent:** | Wednesday, September 29, 2021 1:59 PM |
| **To:** | 'Kent Ries' |
| **Cc:** | Rukavina, Davor; Jerry McLaughlin |
| **Subject:** | RE: Discovery status |
| **Attachments:** | September 29, 2021 letter to K. Ries 4815-3103-3853 v.1.pdf |

Kent- please see the attached in response to your below. Happy to have a call if helpful to discuss.

Thank you,

**Thomas D. Berghman**

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

Direct: +1.214.855.7554 / tberghman@munsch.com / munsch.com

---

**From:** Berghman, Thomas <tberghman@munsch.com>
**Sent:** Thursday, September 23, 2021 5:51 PM
**To:** 'Kent Ries' <Kent@kentries.com>
**Cc:** Rukavina, Davor <drukavina@munsch.com>; Jerry McLaughlin <jmclaw@suddenlinkmail.com>
**Subject:** RE: Discovery status

Kent- The production was done in compliance with the rules, but I am preparing a separate written response to your email to better aid your understanding of the production. You'll have it no later than Monday.

Thanks.

**Thomas D. Berghman**

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

Direct: +1.214.855.7554 / tberghman@munsch.com / munsch.com

---

**From:** Kent Ries <Kent@kentries.com>
**Sent:** Thursday, September 23, 2021 4:32 PM
**To:** Berghman, Thomas <tberghman@munsch.com>
**Cc:** Rukavina, Davor <drukavina@munsch.com>; Jerry McLaughlin <jmclaw@suddenlinkmail.com>
**Subject:** RE: Discovery status

Unless I have misunderstood what you have sent me, it appears you want me to do a digital easter egg hunt looking through these docs to see what you might want to use at trial. If you have some law on why that's appropriate, I would appreciate you sending that to me. I can tell you I have had a similar experience in a prior case where Judge Jones granted my motion to compel a party to properly identify documents to the requests made. I have attached that decision for you.

Let me know soon, as this effects the depositions planned for a few weeks from now as well. If this cant be promptly resolved, I will be filing a motion to compel. Thanks.

1

**From:** Kent Ries [mailto:Kent@kentries.com]
**Sent:** Tuesday, September 21, 2021 10:49 AM
**To:** 'Berghman, Thomas' <tberghman@munsch.com>
**Cc:** 'Rukavina, Davor' <drukavina@munsch.com>; Jerry McLaughlin <jmclaw@suddenlinkmail.com>
**Subject:** RE: Discovery status

I have downloaded these docs.  I cant for the life of me figure out how these answer my production requests.  There are a series of folders, some other docs, and then hundreds or thousands of docs in different formats.  I thought the excel sheet that's in the main folder would be some kind of index, but if it is I cant figure it out.  Please let me know what I am missing here, thanks.

**From:** Berghman, Thomas [mailto:tberghman@munsch.com]
**Sent:** Monday, September 20, 2021 1:55 PM
**To:** 'Kent Ries' <Kent@kentries.com>
**Cc:** Rukavina, Davor <drukavina@munsch.com>
**Subject:** RE: Discovery status

Kent- document production is in the link below. Please let me know if you have trouble opening/downloading etc.

https://munsch.sharefile.com/d-s8cbb4b0918524c1da5bde1a0023470b4

PW: s7_U8uj1drek
Link expires in 30 days

**Thomas D. Berghman**

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

Direct: +1.214.855.7554 / tberghman@munsch.com / munsch.com

**From:** Kent Ries <Kent@kentries.com>
**Sent:** Monday, August 23, 2021 7:06 PM
**To:** Berghman, Thomas <tberghman@munsch.com>; Rukavina, Davor <drukavina@munsch.com>
**Cc:** 'Jerry McLaughlin' <jmclaw@suddenlinkmail.com>
**Subject:** RE: Discovery status

TB Declaration 0162

I have an early morning doc appointment, but should be in before lunch.

The court reporter is going to be at my office for the three Wednesday depos.  I assume from Davor's call last week that they are all going to be ready to zoom in, correct?

---

**From:** Berghman, Thomas [mailto:tberghman@munsch.com]
**Sent:** Monday, August 23, 2021 6:05 PM
**To:** Kent Ries <Kent@kentries.com>; Rukavina, Davor <drukavina@munsch.com>
**Cc:** Jerry McLaughlin <jmclaw@suddenlinkmail.com>
**Subject:** RE: Discovery status

Kent- please see attached interrogatory and requests for production responses. Let's jump on the phone tomorrow quickly on document production. Please let me know if you're around.

Thank you,

**Thomas D. Berghman**

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800 / Dallas, Texas 75201-6659

Direct: +1.214.855.7554 / tberghman@munsch.com / munsch.com

Notice: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited. Nothing contained in this message or in any attachment shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

---

**From:** Kent Ries <Kent@kentries.com>
**Sent:** Tuesday, August 17, 2021 10:04 AM
**To:** Rukavina, Davor <drukavina@munsch.com>; Berghman, Thomas <tberghman@munsch.com>
**Cc:** Jerry McLaughlin <jmclaw@suddenlinkmail.com>
**Subject:** Discovery status

Just following up again on the answers you owe me on RFPs and Interogs.  I know you thought you would have that done before you left, and  Thomas thought he would have it the following week, but I still haven't received anything.

TB Declaration 0163

Additionally, do you believe you will have any documents to produce to me from the depo subpoenas?

Obviously all of this is important before next weeks depos.

Kent Ries, Attorney at Law
2700 s. Western Street, Suite 300
Amarillo, Texas 79109
806-242-7437

TB Declaration 0164



Ross Tower
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Main 214.855.7500
Fax 214.855.7584
munsch.com

Direct Dial 214.855.7554
Direct Fax 214.978.4346
tberghman@munsch.com

September 29, 2021

***Via Electronic Mail***
Kent Ries, Trustee
Kent@kentries.com

      Re:     Document production in *Kent Ries v. Galmor Family Limited Partnership and Galmor Management, LLC*, Adv. Proc. 20-2003 pending in the United States Bankruptcy Court for the Northern District of Texas – Amarillo Division

Dear Kent:

In response to your inquiry regarding the contents of the document production from Defendants, please see below. If you have any questions, please do not hesitate to contact me.

First, these documents are being produced both in response to your document requests and pursuant to the Defendants' obligations under Rule 26(a)(1)(A)(ii) to produce all documents in their possession, custody or control that may be used to support the Defendants' defenses. Second, the documents were produced pursuant to Rule 34(b)(2)(E)(i) in the same manner as they have been kept by Leslie in her capacity for the Defendants – and specifically a document-hosting platform called CS Disco. We are prepared to put on evidence of this if necessary, but we are amenable to providing you access to the same such that you can see it for yourself. Additionally, many of the documents were produced by third parties and were produced to you in the manner received. Third, the documents were produced to you in the format I have used countless times in other litigation, specifically to preserve "metadata", which permits a litigant to import the data into their own software and run Boolean searches. Fourth, some 15,000 pages' worth of these documents have been previously produced by your Debtor, so you should have these already. These documents are indicated below as "Produced by MSG". Finally, although the number of pages is extensive, the production is simple and straightforward, including generally (i) bank statements of several individuals and entities connected to this litigation; (ii) pleadings from the bankruptcy and probate case; (iii) business records related to the FLP; and (iv) correspondence or text messages between individuals connected to the litigation. It takes but a few hours' time to look at and understand what this document production includes.

You recently forwarded the Bankruptcy Court's opinion in *Ries v. Ardinger*. The case is inapplicable and the method of production here is not nearly as burdensome as that case. That there are many documents is a function of the issues at play, and has nothing to do with litigation strategy as you implied.

Nevertheless, the Defendants have labeled the document production at the end of this letter. These documents are all responsive to your requests, which is a consequence of the broadness of the requests. For example, all of these documents are responsive to the first of your requests alone, which is extremely broadly stated: "Produce a copy of all documents that relate to your answer in Interrogatory No. 5." The Defendants' answer to Interrogatory No. 5 asserts many positions and states as follows:

> (i) they do not believe the Debtors' schedules; (ii) they do not believe that the Debtors were making any advances to the Defendants; (iii) to the extent that the Debtors paid any expenses of the Defendants or otherwise advanced any funds, there is no promissory note or other writing evidencing any promise by the

Kendrick, Trustee
September 29, 2021
Page 2

Defendants to repay the same; (iv) to the extent that the Debtors paid any expenses of the Defendants or otherwise advanced any funds, Steve Galmor was not authorized to cause the Defendants to incur any debt or obligation to repay the same; (v) documents prepared by the Debtors, including through counsel, for negotiation and other purposes, do not list any debt or obligation of the Defendants to the Debtors, and no such debts or obligations appear to have been carried on the books and records of the Defendants and no such claims appear to have been carried on the books and records of the Debtors, all including potentially tax returns; and (vi) the Debtors committed self-dealing with the Defendants that should be netted out against any alleged funds owing, including by transferring real property to Steve Galmor for no consideration, extracting rock from the quarry without paying for it, denuding the Debtors of oil and gas royalties, and using the Defendants' funds and properties to support his lifestyle and businesses without payment or return consideration and in breach of his fiduciary duties.

In order to show that the alleged advances were not recorded in Defendants' books and records or anywhere else as in (iii) and (v) above (i.e. proving a negative), all of Defendants' non-privileged documents were responsive, and these have been produced. In this way, it is instructive that the burden of proof is on the Trustee, and the Trustee has yet to produce any documents, let alone documents which actually evidence any debt.

If it is your position that the production is not in compliance with the rules, please specifically point out how, and if an issue needs to be cured, then we will do so. The next pages that follow contain an identification of all the documents produced.

Sincerely,

*/s/ Thomas Berghman*

Thomas D. Berghman, Esq.

Kenneth Trustee
September 29, 2021
Page 3

1 – 910 Statements from AimBank regarding The Galmor Family Trust ("GFT"; Galmor Family Limited Partnership ("FLP"), Shirley and Bob Galmor, and Michael Stephen Galmor ("MSG" or "MG").

911 – 1076 Corporate documents related to Shamrock Texas Partners, L.P., the Bobby Don and Shirley Jo Galmor Living Trust, Galmor Management, LLC, The Galmor Family Limited Partnership.

1077 – 5517 FLP statements from Barker Production Co., LP.

5518 – 5786 Subpoenas to Aim Bank, First State Bank of Mobeetie, Great Plains National Bank,, and Happy State Bank and documents and production from First State Bank of Mobeetie regarding accounts and loans at the same of Bobby D. Galmor, Shirley J. Galmor, the Galmor Family Limited Partnership.

5787 – 7853 Documents related the Shirley J. Galmor probate case, including medical records.

7854 – 8809 Text messages between the Galmor family members from probate case and related pleadings.

8810 – 8895 Production from AimBank including bank statements for accounts for Shirley Galmor, as well as QuickBooks statements of the Galmor Contribution Trust.

8896 – 8999 Bank statements from Centennial Bank for accounts held by Galmor Contribution Trust, as well as QuickBooks statements of the Galmor Contribution Trust

9000 – 9536 Bank statements from National Bank of Commerce for accounts held by the Galmor Family Limited Partnership and Bobby Galmor, as well QuickBooks statements of the Galmor Family Limited Partnership.

9537 – 9686 Bank statements from Great Plains National Bank for accounts held by the Galmor Family Limited Partnership, as well as QuickBooks statements of the Galmor Family Limited Partnership.

9687 – 9765 Bank statements from AimBank for accounts held by the Galmor Family Trust, as well as QuickBooks statements of the Galmor Family Trust.

9766 – 9865 Centennial Bank statements for accounts held by Galmor Family Trust as well as QuickBooks statements for the Galmor Family Trust.

9866 – 9877 AimBank statements for Shirley Glamor as well as QuickBooks statements for the GCT.

9878 – 9904 Centennial Bank statements GCT as well as QuickBooks statements for the Galmor Contribution Trust

9905–9908 Great Plains National Bank statements for the FLP.

9909 – 10028 AimBank statements for the Galmor Family Trust.

10029 – 10180 National Bank of Commerce statements for Shirley Galmor and Galmor Contribution Trust

10181 – 10916 Centennial Bank statements for the Galmor Contribution Trust

10917 – 10983 First National Bank statements for the FLP

Kendall, Trustee
September 29, 2021
Page 4

10984 – 11189 Centennial Bank statements for Bobby Galmor

11190 – 11287 Great Plains Bank statements for Bobby Galmor

11288 – 11438 Centennial Bank statements for Galmor Family Trust

11439 – 11440 Title Documents

11441 – 11560 National Bank of Commerce statements for the GCT

11561 – 11627 Centennial Bank statements for Bobby Galmor

11627 – 12363 First National Bank statements for the FLP

12364 – 12461 First National Bank statements for the FLP

12462 – 12613 Centennial Bank statements for GCT

12614 – 12819 Great Plains Bank statements for Bobby Galmor

12820 – 12970 Centennial Bank statements for Galmor Family Trust

12971 – 13013 LexisNexis property search

13014 GPNB statements for the FLP

13015 – 13016 – MSG bankruptcy case pleadings

13017 Sierra Group LLC records for the FLP

13018 Sierra Group LLC records for the FLP

13019 – 14569 MSG bankruptcy case pleadings

14570 – 14611 Title documents and related correspondence

14612 – 14746  FLP QuickBooks Statements

14747 – 14576 AimBank Statements for the FLP

14757 – 14764 AimBank Statements for the FLP

14765 – 14766 GPB Statements for the FLP

14767 – 14770 GPB Statements for the FLP

14771 – 14772 AimBank Statements for the FLP

14773-14774 HSB Statements for Shirley Galmor

Kent Ries, Trustee
September 29, 2021
Page 5

14775 – 14776 HSB Statements for Shirley Galmor

14777 AimBank Statements for Shirley Galmor

14778 AimBank Statements for Shirley Galmor

14779 AimBank Statements for the FLP

14780 AimBank Statements for the FLP

14781 – 14782 HSB Statements for the FLP

14783 – 14784 HSB Statements for the FLP

14785 – 14928 AimBank Statements for the FLP

14929 – 14964 GPB Statements for the FLP

14965 – 14974 AimBank Statements for Shirley Galmor

14975 – 14998 AimBank Statements for Shirley Galmor

14999 – 15033 HSB Statements for the GCT

15034 – 15060 AimBank Statements for the FLP

15061 – 15096 HSB Statements for the FLP

15097 – 15345 MSG bankruptcy case pleadings

15346 – 15378 AimBank Statements for the FLP

15379 – 15522 GPB Statements for the FLP

15523 – 15558 AimBank Statements for Shirley Galmor

15559 – 15568 AimBank Statements for Shirley Galmor

15569 – 15592 AimBank Statements for Shirley Galmor

15593 – 15627 HSB Statements for the FLP

15628 – 15654 AimBank Statements for the FLP

15655 – 15690 HSB Statements for the FLP

15691 – 15700 AimBank Statements for the FLP

15701 – 15708 AimBank Statements for the FLP

Kendra O'Toole, Trustee
September 29, 2021
Page 6

15709 – 15712 GPB Statements for the FLP

15713 – 15714 AimBank Statements for Shirley Galmor

15715 – 15716 HSB Statements for Shirley Galmor

15717 – 15718 HSB Statements for Shirley Galmor

15719 AimBank Statements for Shirley Galmor

15720 AimBank Statements for Shirley Galmor

15721 AimBank Statements for Shirley Galmor

15722 AimBank Statements for the FLP

15723 – 15724 HSB Statements for the FLP

15725 – 15726 HSB Statements for the FLP

15727 – 16407 Trust documents

16408 – 16684 MSG bankruptcy case documents

16685 – 16691 Barker Production Co., LP statements to Galmor Contribution Trust

16692 – 16724 MSG bankruptcy case documents

16733 – 30490 Documents produced by MSG

30492 – 31484 Documents related to various promissory notes

31486 Deposit boxes

31487 – 31495 Documents produced by MSG

31496 – 31566 MSG bankruptcy case documents and probate case documents

31567 – 31597 Documents related to various promissory notes

31598 – 31603 Documents related to probate case

31604 – 31729 GPB statements of Bobby Galmor and the FLP

31730 – 31752 Documents related to various promissory notes

31753 – 31840 HSB statements of Shirley Galmor, the GCT, MSG

31842 – 32840 Documents from Centennial, HSB re MSG, FLP, SGM Leasing

32841 – 33158 Documents from Centennial, HSB re SGM Leasing

33159 – 33167 Text messages from MSG

33168 – 33525 Correspondence between Deena Carter and L. Pritchard re the FLP with attachments

33526 – 33595 Trust agreement

33596 – 33601 Gypsum Mining Agreement

33602 – 33617 MSG litigation dockets

33618 – 33619 Text messages

33620 – 33623 Correspondence between D. Carter and N. Gorman regarding FLP

# Exhibit O

Kent Ries, Attorney at Law
State Bar No.  16914050
2700 S. Western St., Suite 300
Amarillo, Texas 79109
(806) 242-7437
(806) 242-7440 – Fax
kent@kentries.com

COUNSEL FOR TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, | § | CASE NO. 18-20209-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, INC., | § | CASE NO. 18-20210-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| KENT RIES, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-2003 |
| | § | |
| GALMOR FAMILY LIMITED PARTNERSHIP and GALMOR MANAGEMENT, L.L.C., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF KENT RIES, TRUSTEE RESPONSES TO PRITCHARD'S FIRST SET OF (A) INTERROGATORIES AND (B) REQUESTS FOR PRODUCTION OF DOCUMENTS**

TO:    Davor Rukavina, Munsch Hardt Kopf & Harr, P.C., 3800 Ross Tower, 500 N Akard St., Dallas, Texas 75201.

Kent Ries (the "Trustee" or "Plaintiff"), hereby serves, his responses to Leslie Pritchard's

("Pritchard"), court-appointed liquidator for Galmor Family Limited Partnership ("GFLP") and

TB Declaration 0173

Galmor Management, L.L.C. ("GM", together with GFLP, the "Defendants"), *First Set of (a) Interrogatories* (the "Interrogatories") *and (b) Requests for Production of Documents,* (the "Requests").

Terms used herein, unless defined herein, shall have their normal and customary usage under the Federal Rules of Civil Procedure. For the avoidance of doubt, any reference to "document" includes all electronically stored information.

## I. INTERROGATORIES

## INTERROGATORY NO. 1

List and itemize each and every advance or payment made by Michael Stephen Galmor ("M. Galmor") and/or Galmor's/G&G Stem Service, Inc. ("G&G"), to or for the benefit of GFLP or GM, or on behalf of GFLP or GM, that you claim GFLP or GM should be liable for. Your answer should include: (i) date of payment or advance; (ii) amount of payment or advance; (iii) means of payment or advance (including to whom it was made); (iv) purpose of payment or advance; and (v) benefit received by GFLP from the payment or advance.

**ANSWER**:

A. G&G made advances to the GFLP in excess of repayments made by the GFLP to G&G on such advances. A schedule of the advances and repayments were previously produced to the Defendants by the Lovell Law Firm (the "Lovell Documents") as SG 016723 to SG 016725. A detail of the advances were produced in the Lovell Documents SG 016727 to SG 016738 and SG 016822 to SG 016883. The net amount owed to G&G after these advances by the GFLP is $186,341.19.

B. G&G made advances and/or payments for expenses of the GFLP. A schedule of the advances and payments was previously produced to the Defendants in the Lovell Documents as SG 016739 – SG 017640. A detailed description of each amount on the schedule was produced in the Lovell Documents SG 016741 to SG 016742 and SG 016891 to SG 016918. The amount owed by the GFLP to G&G for the advances and/or payments is $384,902.74.

C. G&G paid for the loan/purchase of a van that the financial responsibility of the GFLP. A copy of the documents showing this payment was produced to the Defendants in the Lovell Documents as M. Galmor 2309 to M. Galmor 2310. The amount owed by the GFLP to G&G for this payment is $24,807.39.

D. G&G paid the salaries of M. Galmor and Deena Carter for the four years prior to the bankruptcy filings. A portion of these salaries is the financial responsibility of the GFLP for the time spent by these two individuals for the benefit of the GFLP and its beneficiary, Shirley Jo

Galmor. The allocation is described in G&G bankruptcy schedules (as is each of the above amounts) at $500,000.00.

E. M. Glamor sharecropped land owned by the GFLP. Under normal terms he would have received two-thirds of the revenue from that farming arrangement, however, due to the financial needs of the GFLP beneficiary, Shirley Jo Galmor, and the lack of funds in the GFLP, the GFLP retained all the income from M. Galmor's sharecropping. Similarly, cattle of the GFLP were grazed on land owned by M. Galmor, but no grazing payments were paid by the GFLP to M. Galmor due to the GFLP's financial deficiencies.

F. Some of the above amounts (A through D) may have been advanced by M. Galmor to G&G, then advanced from G&G to the GFLP. E. and F. are the basis for the scheduled claim of M. Galmor against the GFLP.

## INTERROGATORY NO. 2

Explain why GFLP and/or GM are barred by principles of res judicata and collateral estoppel, as asserted in your complaint, from disputing the debts you allege they owe, including by identifying any statement, finding, or order to that effect, and identifying any order or judgment giving rise to res judicata or collateral estoppel.

**ANSWER**: M. Galmor was the primary or only person who was authorized to act on behalf of GFLP and GM after his father's death on April 3, 2013. M. Galmor made statements under penalty of perjury regarding debts owed by GFLP to himself personally and to G&G in the two bankruptcy cases. He also made similar statements in answers to discovery sent by Leslie Pritchard; Case No. 13,507 in the 31st District Court for Wheeler County, Texas. These sworn statements by M. Galmor bind the GFLP and GM as well as M. Galmor under the principles of res judicata and collateral estoppel.

## INTERROGATORY NO. 3

Has M. Galmor, to your opinion, done or said anything that you know about or have heard about, either from him or others, to make you question his credibility, and what is your personal view of his credibility and why.

**ANSWER**: M. Galmor has not done or said anything to me personally, or to my agents (e.g. auctioneer, broker), during the course of the two relevant bankruptcy cases, that makes me question his credibility.

## INTERROGATORY NO. 4

Other than the schedules of M. Galmor and G&G you reference, do you have any factual support for the allegation that the GFLP and/or GM owe M. Galmor, G&G, or either or both of their bankruptcy estates any funds? If so, please explain what such factual support is.

**ANSWER**: A detailed explanation to this Interrogatory was given as the Answer to Interrogatory No. 1 above. Additionally M. Galmor's statements about his personal schedules and those of G&G about funds due by the Defendants were reviewed at his 341 meeting, and

PLAINTIFF KENT RIES, TRUSTEE RESPONSES TO PRITCHARD'S FIRST SET OF (A) INTERROGATORIES AND (B) REQUESTS FOR PRODUCTION OF DOCUMENTS—Page 3

TB-Declaration.0175

documentation was provided by his counsel on same.   Further questioning was done at M. Galmor's office in Twitty, Texas, in the presence of his counsel and Jeff Carruth, counsel for Leslie Pritchard, along with M. Galmor's bookkeeper, Deena Carter.   Discovery answers to Leslie Pritchard in their state court litigation were also given by M. Galmor on this issue.

## INTERROGATORY NO. 5

Identify each person you have spoken to or in any way communicated with regarding the allegation that GFLP or GM owe any money to M. Galmor, G&G, or either or both of their bankruptcy estates.   For each such person, state the name of such person, when you spoke to or communicated with such person, the address and other contact information for such person, and whether the person provided any documents to you regarding the foregoing.

**ANSWER**:     1) Pat Swindell

2) M. Galmor, provided documents, 580-243-8510

3) Deena Carter, provided documents, 806-216-0107, deenacarter61@gmail.com

4) Matt Brooks, provided documents, 806-729-2160, mattkyle@gmail.com

5) Jeff Carruth

6) Jeremi Young

7) Collin Wynne

8) Davor Rukavina

9) Joe Lovell, provided documents

10) Matthew Merriott, provided documents

11) Mediator/Cecilia Morgan

12) Rudas Galmor

## II.      REQUESTS FOR PRODUCTION

## REQUEST NO. 1

All documents and communications reflecting, referring to, or relating to the allegation in your complaint that GFLP owes the bankruptcy Estates approximately $2,400,000.00.

**RESPONSE**:

A. See Answer to Interrogatory No. 1 for an itemized list of these documents.

B. Schedules of M. Galmor filed in his bankruptcy case, as ECF document numbers 19 and 94, item number 30.

C. Schedules of G&G filed in its bankruptcy case as ECF document number 14, item number 74.

D. Response from M. Galmor and Deena Carter and Matt Brooks to questions raised at the creditor meeting in both bankruptcy cases.

E. Responses from M. Galmor to discovery from Leslie Pritchard in:

  Case No. 13,507, 31st District Court Wheeler County, Texas dated 8/25/2017;

  Case No. 13,507, 31st District Court Wheeler County, Texas dated 9/15/2017;

  Case No. 13,507, 31st District Court Wheeler County, Texas dated 3/30/2018.

B through E were previously produced to Defendant's counsel on 9/30/2020.

## REQUEST NO. 2

  All documents and communications reflecting, referring to, or relating to the allegation in your complaint that GFLP is indebted to the bankruptcy estate of M. Galmor in the total amount of $1,310,807.00.

  **RESPONSE**:

A. See Answer to Interrogatory No. 1 for an itemized list of these documents.

B. Schedules of M. Galmor filed in his bankruptcy case, as ECF document numbers 19 and 94, item number 30.

C. Schedules of G&G filed in its bankruptcy case as ECF document number 14, item number 74.

D. Response from M. Galmor and Deena Carter and Matt Brooks to questions raised at the creditor meeting in both bankruptcy cases.

E. Responses from M. Galmor to discovery from Leslie Pritchard in:

  Case No. 13,507, 31st District Court Wheeler County, Texas dated 8/25/2017;

  Case No. 13,507, 31st District Court Wheeler County, Texas dated 9/15/2017;

  Case No. 13,507, 31st District Court Wheeler County, Texas dated 3/30/2018.

B through E were previously produced to Defendant's counsel on 9/30/2020.

## REQUEST NO. 3

All documents and communications reflecting, referring to, or relating to the allegation in your complaint that GFLP is indebted to the bankruptcy estate of G&G in the total amount of $1,096,051.32.

**RESPONSE**:

A. See Answer to Interrogatory No. 1 for an itemized list of these documents.

B. Schedules of M. Galmor filed in his bankruptcy case, as ECF document numbers 19 and 94, item number 30.

C. Schedules of G&G filed in its bankruptcy case as ECF document number 14, item number 74.

D. Response from M. Galmor and Deena Carter and Matt Brooks to questions raised at the creditor meeting in both bankruptcy cases.

E. Responses from M. Galmor to discovery from Leslie Pritchard in:

Case No. 13,507, 31st District Court Wheeler County, Texas dated 8/25/2017;

Case No. 13,507, 31st District Court Wheeler County, Texas dated 9/15/2017;

Case No. 13,507, 31st District Court Wheeler County, Texas dated 3/30/2018.

B through E were previously produced to Defendant's counsel on 9/30/2020.

## REQUEST NO. 4

All documents and communications reflecting, referring to, or relating to the allegation in your complaint that M. Galmor and G&G each extended funds to GFLP so that GFLP could continue to operate its various businesses from the period of May, 2014 until the two bankruptcy cases were filed.

**RESPONSE**:

A. See Answer to Interrogatory No. 1 for an itemized list of these documents.

B. Schedules of M. Galmor filed in his bankruptcy case, as ECF document numbers 19 and 94, item number 30.

C. Schedules of G&G filed in its bankruptcy case as ECF document number 14, item number 74.

D. Response from M. Galmor and Deena Carter and Matt Brooks to questions raised at the creditor meeting in both bankruptcy cases.

E. Responses from M. Galmor to discovery from Leslie Pritchard in:

Case No. 13,507, 31st District Court Wheeler County, Texas dated 8/25/2017;

Case No. 13,507, 31st District Court Wheeler County, Texas dated 9/15/2017;

Case No. 13,507, 31st District Court Wheeler County, Texas dated 3/30/2018.

B through E were previously produced to Defendant's counsel on 9/30/2020.

## REQUEST NO. 5

All documents and communications reflecting, referring to, or relating to the allegation in your complaint that M. Galmor and other employees of GFLP were not paid their earned wages during the time period of May 2014 until the two bankruptcy cases were filed, as GFLP was without funds to pay them.

**RESPONSE**:

A. See Answer to Interrogatory No. 1 for an itemized list of these documents.

B. Schedules of M. Galmor filed in his bankruptcy case, as ECF document numbers 19 and 94, item number 30.

C. Schedules of G&G filed in its bankruptcy case as ECF document number 14, item number 74.

D. Response from M. Galmor and Deena Carter and Matt Brooks to questions raised at the creditor meeting in both bankruptcy cases.

E. Responses from M. Galmor to discovery from Leslie Pritchard in:

Case No. 13,507, 31st District Court Wheeler County, Texas dated 8/25/2017;

Case No. 13,507, 31st District Court Wheeler County, Texas dated 9/15/2017;

Case No. 13,507, 31st District Court Wheeler County, Texas dated 3/30/2018.

B through E were previously produced to Defendant's counsel on 9/30/2020.

## REQUEST NO. 6

All documents and communications, including any contract or agreement, by which M. Galmor had any right to wages, compensation, or other payment from GFLP that he was not paid for.

**RESPONSE**:

A. See Answer to Interrogatory No. 1 for an itemized list of these documents.

B. Schedules of M. Galmor filed in his bankruptcy case, as ECF document numbers 19 and 94, item number 30.

C. Schedules of G&G filed in its bankruptcy case as ECF document number 14, item number 74.

D. Response from M. Galmor and Deena Carter and Matt Brooks to questions raised at the creditor meeting in both bankruptcy cases.

E. Responses from M. Galmor to discovery from Leslie Pritchard in:

 Case No. 13,507, 31st District Court Wheeler County, Texas dated 8/25/2017;

 Case No. 13,507, 31st District Court Wheeler County, Texas dated 9/15/2017;

 Case No. 13,507, 31st District Court Wheeler County, Texas dated 3/30/2018.

B through E were previously produced to Defendant's counsel on 9/30/2020.

## REQUEST NO. 7

 Any contract by which GFLP obligated itself to repay M. Galmor and/or G&G any funds that either or both allegedly advanced to, or spent on behalf of, GFLP.

 **RESPONSE**:

A. See Answer to Interrogatory No. 1 for an itemized list of these documents.

B. Schedules of M. Galmor filed in his bankruptcy case, as ECF document numbers 19 and 94, item number 30.

C. Schedules of G&G filed in its bankruptcy case as ECF document number 14, item number 74.

D. Response from M. Galmor and Deena Carter and Matt Brooks to questions raised at the creditor meeting in both bankruptcy cases.

E. Responses from M. Galmor to discovery from Leslie Pritchard in:

 Case No. 13,507, 31st District Court Wheeler County, Texas dated 8/25/2017;

 Case No. 13,507, 31st District Court Wheeler County, Texas dated 9/15/2017;

 Case No. 13,507, 31st District Court Wheeler County, Texas dated 3/30/2018.

B through E were previously produced to Defendant's counsel on 9/30/2020.

## REQUEST NO. 8

 All bank statements of GFLP and GM to the extent in your possession.

 **RESPONSE**: Happy State Bank, July 2019 to February 2021 as provided by counsel for Defendants pursuant to the severed adversary proceeding agreed judgement.

**REQUEST NO. 9**

Copies of, or transcripts of, any meeting of creditors held in the M. Galmor or G&G case.

**RESPONSE**: None, though recordings of such meetings are normally retained by the U.S. Trustee's office.

Respectfully submitted,

Kent Ries, Attorney at Law
2700 S. Western St., Suite 300
Amarillo, Texas 79109
(806) 242-7437
(806) 242-7440-Fax

By: /s/ Kent Ries
    Kent Ries
    State Bar No. 1691450
    COUNSEL FOR TRUSTEE

## VERFICATION OF INTERROGATORY ANSWERS

STATE OF TEXAS      *

                             *

COUNTY OF POTTER    *

I, Kent Ries, believe, based on reasonable inquiry, that the above Interrogatory answers are true and correct to the best of my knowledge, information, and belief.

Kent Ries

**SWORN TO AND SUBSCRIBED** before me, the undersigned notary public, on July 22, 2021.

LINDA ANNE RIES
Notary Public, State of Texas
Notary ID #13307199-5
My Commission Expires 04-29-2025

Notary Public, In and For
The State of Texas

---

## CERTIFICATE OF SERVICE

I certify that on the 22nd day of July, 2021, a true and correct copy of this document to be served, by email to the following:

Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas Berghman, Esq.
Texas Bar No. 24082683
3800 Ross Tower
500 North Akard St.
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 978-4375

/s/ Kent Ries

Kent Ries

TB Declaration 0182

| Royalty Advances Given To FLP | | | Advance Payments Back To Galmor's/G&G Steam Service, In | | |
|---|---|---|---|---|---|
| Date | Check # | Amount | Date | Amount | |
| 5/27/2015 | 74844 | $ 15,000.00 | 5/30/2015 | $ 15,000.00 | Total Of Advances |
| 7/15/2015 | 75096 | $  5,000.00 | 6/30/2015 | $  5,000.00 | Total Payment Back |
| 7/22/2015 | 75120 | $  5,000.00 | 8/31/2015 | $  5,000.00 | Amount Still Owed |
| 8/18/2015 | 75265 | $  3,500.00 | 8/31/2015 | $  3,500.00 | |
| 9/1/2015 | 75318 | $  5,000.00 | 8/31/2015 | $  5,000.00 | |
| 9/4/2015 | 75350 | $  5,000.00 | 8/31/2015 | $  5,000.00 | |
| 9/14/2015 | 75410 | $ 15,000.00 | 9/30/2015 | $ 15,000.00 | |
| 9/16/2015 | 75421 | $ 10,000.00 | 9/30/2015 | $ 10,000.00 | |
| 9/18/2015 | 75425 | $ 15,000.00 | 9/30/2015 | $  1,364.79 | |
| 9/22/2015 | 75436 | $  6,800.00 | 10/31/2015 | $ 13,635.21 | |
| 10/7/2015 | 75517 | $ 15,000.00 | 10/31/2015 | $  3,650.18 | |
| 10/14/2015 | 75545 | $ 38,000.00 | 11/30/2015 | $  3,149.82 | |
| 10/19/2015 | 75562 | $  5,000.00 | 11/30/2015 | $ 15,000.00 | |
| 10/22/2015 | 75573 | $ 39,000.00 | 11/30/2015 | $  5,440.26 | |
| 10/29/2015 | 75621 | $  2,000.00 | 12/31/2015 | $ 13,680.49 | |
| 11/3/2015 | 75628 | $ 15,000.00 | 1/31/2016 | $ 12,254.78 | |
| 11/6/2015 | 75657 | $ 10,000.00 | 2/29/2016 | $  6,624.47 | |
| 11/17/2015 | 75706 | $ 10,000.00 | 2/29/2016 | $  5,000.00 | |
| 11/18/2015 | 75710 | $ 20,000.00 | 2/29/2016 | $  3,008.19 | |
| 11/20/2015 | 75720 | $  3,000.00 | 3/30/2016 | $  8,594.74 | |
| 12/3/2015 | 75767 | $  5,000.00 | 3/31/2016 | $  9,935.45 | |
| 12/14/2015 | 75816 | $ 30,000.00 | 4/30/2016 | $  4,664.27 | |
| 12/16/2015 | 75834 | $ 10,000.00 | 5/25/2016 | $ 60,000.00 | |
| 12/18/2015 | 75842 | $  6,200.00 | 5/31/2016 | $  8,362.32 | |
| 1/6/2016 | 76408 | $ 10,000.00 | 6/30/2016 | $  4,435.05 | |
| 1/12/2016 | 76429 | $  7,000.00 | 6/30/2016 | $  2,000.00 | |
| 1/15/2016 | 76431 | $ 10,000.00 | 6/30/2016 | $  6,318.47 | |
| 1/20/2016 | 76448 | $ 15,000.00 | 6/30/2016 | $ 20,000.00 | |
| 2/3/2016 | 76503 | $  5,000.00 | 7/31/2016 | $  4,232.72 | |
| 2/5/2016 | 76508 | $  3,500.00 | 8/31/2016 | $  4,448.81 | |
| 2/8/2016 | 76516 | $  4,000.00 | 8/31/2016 | $  8,794.56 | |
| 2/10/2016 | 76523 | $  3,500.00 | 9/30/2016 | $  1,205.44 | |
| 2/18/2016 | 76539 | $ 10,000.00 | 9/30/2016 | $  7,937.54 | |
| 3/7/2016 | 75897 | $ 15,000.00 | 10/31/2016 | $  2,062.46 | |
| 3/10/2016 | 75914 | $  5,000.00 | 10/31/2016 | $  4,272.71 | |
| 3/21/2016 | 75942 | $ 10,000.00 | 11/30/2016 | $  7,445.11 | |
| 4/4/2016 | 75990 | $ 12,500.00 | 12/30/2016 | $  4,000.00 | |
| 4/13/2016 | 76004 | $  1,650.00 | 12/31/2016 | $    736.83 | |
| 4/14/2016 | 76022 | $  3,500.00 | 1/31/2017 | $  1,903.91 | |
| 4/18/2016 | 76032 | $  6,500.00 | 2/28/2017 | $    969.28 | |
| 4/21/2016 | 76043 | $  3,500.00 | 3/31/2017 | $  1,301.33 | |
| 5/3/2016 | 76070 | $  3,500.00 | 4/30/2017 | $  2,701.04 | |
| 5/10/2016 | 76106 | $  2,000.00 | 5/31/2017 | $    669.79 | |
| 5/18/2016 | 76125 | $  2,500.00 | 5/31/2017 | $  2,098.76 | |

SG_016723

| c. | | | |
|---|---|---|---|
| $ 561,050.00 | | Advances Still Owed | $ 186,341.19 |
| $ 374,708.81 | | Amount Owed For | $ 384,902.74 |
| $ 186,341.19 | | FLP Cowboy and Care | |
| | | Total Owed | $ 571,243.93 |

SG_016724

| Date | Number | Amount | | Date | Number | Amount |
|---|---|---|---|---|---|---|
| 5/19/2016 | 76129 | $ 2,700.00 | | 6/30/2017 | $ 901.24 | |
| 6/1/2016 | 76601 | $ 5,500.00 | | 6/30/2017 | $ 4,605.91 | |
| 6/8/2016 | 76223 | $ 10,000.00 | | 7/30/2017 | $ 3,236.95 | |
| 6/16/2016 | 76286 | $ 2,500.00 | | 8/31/2017 | $ 6,337.29 | |
| 6/22/2016 | 76289 | $ 2,000.00 | | 9/30/2017 | $ 2,533.77 | |
| 6/24/2016 | 76310 | $ 6,000.00 | | 10/31/2017 | $ 2,356.21 | |
| 7/5/2016 | 76329 | $ 2,500.00 | | 11/30/2017 | $ 5,230.96 | |
| 7/6/2016 | 2174 | $ 3,000.00 | | 12/31/2017 | $ 5,465.75 | |
| 7/12/2016 | 76581 | $ 2,500.00 | | 1/31/2018 | $ 6,643.58 | |
| 8/11/2016 | 76714 | $ 10,000.00 | | 2/28/2018 | $ 4,843.54 | |
| 8/15/2016 | 76719 | $ 7,500.00 | | 3/31/2018 | $ 4,306.15 | |
| 8/17/2016 | 2186 | $ 6,000.00 | | 4/30/2018 | $ 2,848.68 | |
| 10/6/2016 | 1089 | $ 2,000.00 | | Total | $ 374,708.81 | |
| 10/14/2016 | 1095 | $ 2,500.00 | | | | |
| 10/6/2016 | 1089 | $ 2,000.00 | | | | |
| 10/14/2016 | 1095 | $ 2,500.00 | | | | |
| 10/24/2016 | 77040 | $ 3,500.00 | | | | |
| 11/3/2016 | 1097 | $ 7,000.00 | | | | |
| 11/8/2016 | Transfer | $ 6,000.00 | | | | |
| 11/9/2016 | 1031 | $ 4,700.00 | | | | |
| 11/29/2016 | 1041 | $ 2,000.00 | | | | |
| 12/2/2016 | 1048 | $ 1,500.00 | | | | |
| 12/12/2016 | 10047 | $ 2,500.00 | | | | |
| 12/14/2016 | 77152 | $ 2,000.00 | | | | |
| 12/20/2016 | 10050 | $ 4,000.00 | | | | |
| 1/3/2017 | 77192 | $ 2,000.00 | | | | |
| 1/4/2017 | 77194 | $ 5,000.00 | | | | |
| 1/13/2017 | 77242 | $ 1,500.00 | | | | |
| 2/8/2017 | 77349 | $ 2,500.00 | | | | |
| 2/15/2017 | 77369 | $ 2,500.00 | | | | |
| 3/15/2017 | 10230 | $ 5,000.00 | | | | |
| 3/17/2017 | 10273 | $ 7,000.00 | | | | |
| 4/3/2017 | 10330 | $ 2,000.00 | | | | |
| 4/14/2017 | 10340 | $ 4,000.00 | | | | |
| | Total | $ 561,050.00 | | | | |

**SG_016725**

# Exhibit P

TB Declaration 0186

GALMOR'S
DOCUMENTATION INVENTORY

| GALMOR FAMILY LTD PTR | TAX RETURN | QUICKBOOKS | OTHER |
|---|---|---|---|
| FORM 1065 | 2013 | YTD GENERAL LEDGER | SUPPORTING DOC |
| | 2014 | YTD GENERAL LEDGER | SUPPORTING DOC |
| | 2015 | YTD GENERAL LEDGER | SUPPORTING DOC |
| | 2016 | YTD GENERAL LEDGER | SUPPORTING DOC |
| | 2017 | YTD GENERAL LEDGER | SUPPORTING DOC |
| **GALMOR MANAGEMENT LLC** | | | |
| FORM 1065 | 2013 | | SUPPORTING DOC |
| | 2014 | | SUPPORTING DOC |
| | 2015 | | SUPPORTING DOC |
| | 2016 | | SUPPORTING DOC |
| | 2017 | | SUPPORTING DOC |
| **BOBBY/SHIRLEY GALMOR** | | | |
| | 2013 | | SUPPORTING DOC |
| **SHIRLEY GALMOR** | | | |
| FORM 1040 | 2014 | YTD GENERAL LEDGER | SUPPORTING DOC |
| | 2015 | YTD GENERAL LEDGER | SUPPORTING DOC |
| | 2016 | YTD GENERAL LEDGER | SUPPORTING DOC |
| | 2017 | YTD GENERAL LEDGER | SUPPORTING DOC |
| **STEVE & BECKY GALMOR** | | | |
| FORM 1040 | 2013 | YTD GENERAL LEDGER | SUPPORTING DOC |
| **STEVE GALMOR** | | | |
| FORM 1040 | 2014 | YTD GENERAL LEDGER | SUPPORTING DOC |
| | 2015 | YTD GENERAL LEDGER | SUPPORTING DOC |
| | 2016 | YTD GENERAL LEDGER | SUPPORTING DOC |
| | 2017 | YTD GENERAL LEDGER | SUPPORTING DOC |
| **SGM LEASING** | | | |
| FORM 1120-S | 2013 | | SUPPORTING DOC |
| | 2014 | | SUPPORTING DOC |
| | 2015 | | SUPPORTING DOC |
| | 2016 | | SUPPORTING DOC |
| | 2017 | | SUPPORTING DOC |
| **SGM MANAGEMENT, LLC** | | | |
| FORM 1120 | 2013 | | |
| | 2014 | | |
| | 2015 | | |
| | 2016 | | |
| | 2017 | | |