Kent Ries, Attorney at Law
State Bar No. 16914050
2700 S. Western St., Suite 300
Amarillo, Texas 79109
(806) 242-7437
(806) 242-7440 – Fax
kent@kentries.com

COUNSEL FOR TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, | § | CASE NO. 18-20209-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, INC., | § | CASE NO. 18-20210-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| KENT RIES, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-2003 |
| | § | |
| GALMOR FAMILY LIMITED PARTNERSHIP and GALMOR MANAGEMENT, L.L.C., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT**

TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:

COMES NOW PLAINTIFF, KENT RIES, Trustee in these two bankruptcy cases ("Trustee"), and by and through undersigned counsel, hereby files this Motion for Partial Summary

Judgment pursuant to Federal Rule of Civil Procedure 56[1] and Bankruptcy Rule 7056 and in support thereof respectfully show the Court the following:

1. The Trustee moves for partial summary judgment on Galmor's/G&G Steam Service, Inc. ("G&G") claims relating to certain debts owed by the Defendants to G&G's bankruptcy estate ("G&G's Estate").

2. The Trustee's claims on behalf of G&G's Estate in this proceeding are summarized in G&G's sworn schedules, which outline that the Defendants owe debts to G&G's Estate for unpaid advances of funds and expenses incurred by G&G on behalf of the Defendants. (*See* First Amended Complaint in this Proceeding, Paragraph 8). These advances and expenses were paid by G&G as the Defendants had insufficient funds to operate and maintain its business operations and real estate holdings. Further, the Defendants had insufficient funds to cover the ordinary and necessary living expenses of Shirley Jo Galmor, which obligation was the financial responsibility of the Defendants during the relevant time period.

3. The Trustee's claims on behalf of the G&G Estate are supported by the two affidavits filed with this Motion. The affidavit of Michael Stephen Galmor establishes that he was the authorized manager of both G&G and the Defendants during all relevant times. Further, Mr. Galmor's affidavit establishes that G&G advanced funds to the Defendants and paid expenses incurred by the Defendants because the Defendants' business cash flow was insufficient to fund its operations and obligations. Mr. Galmor's affidavit is further supported by the affidavit of Matt Brooks, a former employee of G&G, who maintained the business records of G&G, including records describing in detail G&G's claims against the Defendants. These affidavits conclusively establish that G&G provided funds, services and materials to the

---

[1] Plaintiff contemporaneously files his Brief in Support of his Motion for Partial Summary Judgment.

Defendants pursuant to the parties' agreement, that Defendants were obligated to pay for such items, and the Defendants failed to fully reimburse G&G for the value of these items. The Defendants are jointly and severally liable to the G&G Estate for their default in repayment of the debt created by this agreement in the amount of $1,096,051.32.

4. The affidavits of Mr. Galmor and Matt Brooks correspond to the sworn schedules Mr. Galmor filed in the G&G bankruptcy case, and conclusively support the claim of the G&G Estate against the Defendants in this proceeding. After well over a year of discovery and investigation by the Defendants, they have not raised any factual issues that support a valid legal defense to the G&G claims. Further, Mr. Galmor's statements in his affidavit regarding the agreement between G&G and the Defendants cannot be contested as Mr. Galmor was the only management of all these entities during the relevant time periods. Mr. Galmor's affidavit states that he agreed that the Defendants would repay the debts listed on G&G's bankruptcy schedules. Mr. Galmor's contractual agreement between the parties is supported by his authority at the time to act on behalf of both G&G and the Defendants.

5. Beyond the contractual claim described above between G&G and the Defendants, the Plaintiff has asserted equitable claims for quantum meruit, unjust enrichment and money had and received to support his claims (*See* First Amended Complaint in this Proceeding, Paragraph 9). These equitable claims and remedies, as outlined in the Plaintiff's Brief, highlight the obvious inequity that would result if the Defendants were able to retain over a million dollars of value provided by G&G to support the Defendants depleted financial condition. The G&G Estate creditors should not suffer this substantial loss merely because some of the current equity owners of the Defendants don't want to repay their debts. While the Defendants were asset rich but cash poor during the time G&G financially supported the Defendants, the Defendant's assets

have now been liquidated pursuant to this Court's Judgement and funds of the Defendants exist to fulfill their legal obligation to G&G's Estate.

6. Because there is no genuine issue regarding the material facts that support G&G's Estate's claims against the Defendants, the Trustee is entitled to a summary judgement as a matter of law on G&G's claims.

7. This Motion only includes the claims of the G&G Estate. It does not include any claims alleged in the First Amended Complaint by the Michael Stephen Galmor Estate.

8. The Defendants previously filed a claim in G&G bankruptcy case, which was docketed as Claim Number 32. That claim has been denied by an Order of this Court, pleading #172 in bankruptcy case No. 18-20210. Therefore, any counterclaims or offsets raised by the Defendants in this adversary proceeding cannot be asserted against the G&G Estate claim in this proceeding as a matter of law. These counterclaims and offsets can only be asserted against the Michael Stephen Galmor Estate, as Mr. Galmor is the party alleged to have caused harm to the Defendants.

9. If summary judgement for the G&G Estate is not rendered for all relief requested, the Trustee requests the Court to ascertain those material facts that are in good faith controverted and to make an Order specifying those facts that have been determined and adjudicated.

10. The Trustee reserves the right to later request attorney fees, cost and interest on the claims herein.

**PRAYER**

NOW THEREFORE, ALL PREMISES CONSIDERED, the Trustee respectfully requests that the Court grant Plaintiff's Motion for Partial Summary Judgment based on the grounds stated herein and enter Judgment in favor of the Trustee on behalf of the G&G Estate for

$1,096,051.32 against the Defendants, jointly and severally.

                                        Respectfully submitted,

                                        Kent Ries, Attorney at Law
                                        2700 S. Western St., Suite 300
                                        Amarillo, Texas 79109
                                        (806) 242-7437
                                        (806) 242-7440-Fax

                                        By: /s/ Kent Ries
                                              Kent Ries
                                             State Bar No. 16914050
                                        ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of November, 2021, a true and correct copy of the above and foregoing Motion was sent electronically via ECF to the party listed below:

Davor Rukavina
Munsch, Hardt, Kopf & Harr
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659

                                        /s/ Kent Ries
                                        Kent Ries