

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 19, 2021**

**United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, | § | Case No.:  18-20209-RLJ-7 |
| | § | |
| Debtor. | § | |
| and | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, INC., | § | Case No.:  18-20210-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| KENT RIES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 20-02003 |
| | § | |
| GALMOR FAMILY LIMITED PARTNERSHIP and GALMOR MANAGEMENT, L.L.C., | § | |
| | § | |
| Defendants. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This adversary proceeding arises from the chapter 7 bankruptcies of Michael Stephen Galmor and Galmor's/G & G Steam Service, Inc. ("Debtors"). Plaintiff Kent Ries, as the trustee of the Debtors' bankruptcies, sued the defendants, Galmor Family Limited Partnership ("Galmor Partnership") and Galmor Management, L.L.C. (jointly, the "Galmor Defendants"), to recover debts allegedly owed to the Debtors. The Galmor Defendants are currently undergoing court-ordered liquidation.

On September 8, 2020, Ries served twelve interrogatories and eleven requests for production on the Galmor Defendants. On August 23, 2021, the Galmor Defendants responded to the interrogatories. They objected to six of the eleven interrogatories, but nonetheless answered each, at least in part. On September 20, 2021, to respond to the requests for production, the Galmor Defendants sent their entire documents database compiled for liquidation in an electronic format. The database includes over 33,000 pages of documents. Nowhere in their response did the Galmor Defendants indicate which documents correlated to which production request. Ries reached out the next day after receiving the database and informed the Galmor Defendants that the production of the entire database was unresponsive to his requests for production. Ries said it was too large and unwieldy and provided no direction as to which documents were responsive to which request. The Galmor Defendants responded with an index of the database but did not indicate which documents were responsive to which request. Ries then filed a motion to compel discovery, seeking to compel the Galmor Defendants to augment their responses to seven interrogatories and to provide a more targeted document production. The Galmor Defendants filed their response opposing the motion.

**I.**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).[1] Any matter that may be inquired into under this rule can be the subject of an interrogatory or request for production. Fed. R. Civ. P. 33(a)(2), 34(a).[2] A party may move to compel a discovery response when a party fails to provide a complete answer to an interrogatory or fails to produce requested documents. Fed. R. Civ. P. 37(a)(3)(B), 37(a)(4).[3] The nonmovant on a motion to compel must provide specific bases for each objection to avoid its requested discovery obligations. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484–85 (5th Cir. 1990).

**A. Interrogatories**

Ries argues that the Galmor Defendants generally did not answer interrogatories five through eleven because they responded with mere conclusory legal statements. A responding party must answer each interrogatory "separately and fully in writing under oath." Fed. R. Civ. P. 33. An "evasive or incomplete" response to an interrogatory must be deemed a failure to respond for purposes of a motion to compel. Fed. R. Civ. P. 37(a)(4).

Interrogatories five through eleven ask the Galmor Defendants to provide the factual bases for the defenses raised in their answer. The Galmor Defendants objected to interrogatories five through seven. Those three interrogatories request the factual basis for their denial of Ries's claim that they owe the Debtors an unpaid debt obligation. The Galmor Defendants say they are not required to provide facts that refute Ries's position when Ries bears the burden of proof on

---

[1] Incorporated into the Federal Rules of Bankruptcy Procedure through Rule 7026.
[2] Incorporated into the Federal Rules of Bankruptcy Procedure through Rules 7033 and 7034.
[3] Incorporated into the Federal Rules of Bankruptcy Procedure through Rule 7037.

that issue and has provided no facts himself to meet this burden in the first place. Despite these objections, the Galmor Defendants still responded to each interrogatory with a fact-based explanation for each of their positions. While these responses were brief, they directly responded to the questions asked and were not "evasive or incomplete." *Id.* The responses also were not mere legal conclusions but were substantiated by facts. The Galmor Defendants therefore should not be compelled to augment their interrogatory responses.

### B. Requests for Production

Ries argues that the Galmor Defendants' document production is so unwieldy and disproportionally large as to make any meaningful review of the documents impossible, forcing Ries to engage in an "Easter egg hunt" for relevant information. Pl.'s Mot. to Compel [ECF No. 26]. Ries therefore argues that the Galmor Defendants should be ordered to reproduce a narrower set of documents that are directly relevant to his discovery requests. A party must produce documents in one of two manners: (1) "as they are kept in the usual course of business," or (2) organized and labeled "to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). A party must produce electronically stored information in a form "in which it is ordinarily maintained or in a reasonably usable form or forms." Fed. R. Civ. P. 34(b)(2)(E)(ii). The requirements of Rules 34(b)(2)(E)(i) and (ii) both apply to the production of electronically stored information. *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 578 (N. D. Tex. 2018).

The Galmor Defendants say that they provided their document database pursuant to the first prong of Rule 34(b)(2)(E)(i), claiming that the database contains the documents as they were kept in the usual course of business. The purpose of the rule is to forbid voluminous and poorly organized document production that forces the receiving party to rummage through documents to find what is relevant. *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*,

322 F.R.D. 235, 249 (N. D. Tex. 2016). To comply with the rule, a party providing electronically stored information may provide a forensic duplicate of the document storage device the party uses in the usual course of business. *Id.* at 249–50. The producing party should, if possible, provide a systemized searchable retrieval system of documents based on metadata. *Id.* at 250–251. To prove it complied with the rule, a responding party must provide testimony or other evidence to show that its documents were provided as kept in the usual course of business. *Ries v. Ardinger (In re Adkins Supply, Inc.)*, 555 B.R. 579, 593 (Bankr. N. D. Tex. 2016).

### (1) Requests for Production 1–3

Ries's requests one through three ask for all documents that relate to interrogatories five through seven. Interrogatories five through seven ask for the factual basis for the Galmor Defendants' defense that they do not owe any debt to the Debtors. As an initial matter, producing every single document in a party's possession in response to a request for production, as the Galmor Defendants did here, is unusually extensive and raises an inference of overproduction. The Galmor Defendants argue that producing every document in their possession was appropriate because, by requesting documents which prove a debt didn't exist, Ries was asking them to "prove a negative." The Galmor Defendants say the only way to do so was to send every document they have, and since none of them relate to the alleged debt, their entire database in totality proves the nonexistence of the debt. If Ries wanted more targeted discovery, the Galmor Defendants argue, then he should have drafted more targeted requests.

While producing an entire document database may be dramatic, the Galmor Defendants have demonstrated how the database is responsive—producing their database devoid of any reference to an alleged debt demonstrates their position that the debt doesn't exist. Requests one

5

through three also relate to issues under which Ries bears the burden of proof. Ries, not the Galmor Defendants, bears the burden of seeking documents relevant to his claims.

If Ries decides to search the database for documents in support of his claims, the database was produced as it was maintained in the usual course of business and in a manner that allows searches in a reasonably efficient manner. The Galmor Defendants provided Ries direct access to their CS Disco database. According to the declaration of Thomas Berghman, the database contains all the documents compiled and centralized in the ordinary course of business of the Galmor Defendants' liquidations. Berghman says these documents use metadata, which makes them searchable by keyword, Boolean logic, Bates number, date, custodian, file type, date created, sender, latest modifier, and other metadata. The Galmor Defendants also compiled and sent Ries an index of the documents by Bates range. Therefore, while the document production may be unusually large, Ries should be able to search for relevant documents through the CS Disco metadata search function.

If no relevant documents appear through targeted searches, the Galmor Defendants' argument would be proven correct—the best way to show no debt existed was to provide all their documents in a searchable system. If relevant documents are uncovered through a targeted search, then Ries still has no grounds to complain—he found documents that support his claim and which the Galmor Defendants were never under a duty to find in the first place. And providing access to an electronic database exactly as it is kept and organized by the producing party satisfies the "usual course of business" requirement of Rule 34(b)(2)(E)(i), especially where all the documents in the database are searchable by metadata and an index of documents was provided. The Galmor Defendants also produced the database in the form "in which it is ordinarily maintained," satisfying Rule 34(b)(2)(E)(ii).

The better response on the part of the Galmor Defendants would have been to simply state that they have no documents in their possession that are responsive to Ries's request. That response would have avoided the present dispute. Nonetheless, the Galmor Defendants have shown how their response to requests one through three are satisfactorily responsive under the rules, and they should not be compelled to alter them.

### (2) Requests for Production 4–11

Requests four through eleven are a different matter. Those requests seek documents that support the Galmor Defendants' affirmative defenses, under which they bear the burden of proof; the documents they intend to introduce at trial; and the Galmor Partnership's tax returns and financial statements. Unlike requests one through three, these requests do not ask the Galmor Defendants to "prove a negative," but instead ask for either categories of documents they will likely use at trial or categories of documents that are narrow and specific. These categories of documents are thus easier to compile and by no means require bulk production of all documents in the Galmor Defendants' database.

The purpose of the "usual course of business" rule is to prevent parties from producing relevant documents hidden within a plethora of irrelevant ones, forcing the receiving party to search for a "needle in a haystack." *Mizner Grand Condo. Ass'n, Inc. v. Travelers Prop. Cas. Co. of Am.*, 270 F.R.D. 698, 700 (S. D. Fla. 2010); *see also McKinney*, 322 F.R.D. at 249. By providing over 33,000 documents, the Galmor Defendants have circumvented this purpose, forcing Ries to search through endless documents for those that may be relevant. While such a maneuver may be acceptable when the requesting party bears the burden of proof on an issue and the responding party is uniquely required to "prove a negative," it is inappropriate when the producing party is asked to provide the documents which support its own claims. Through the

7

current production, Ries is forced to search for documents that, if in existence, the Galmor Defendants should have already identified, as they bear the burden of proof on their affirmative defenses. If the Galmor Defendants have identified the documents they intend to use for their claims, and Ries is unable to find these "needles in a haystack" before trial, Ries is unfairly disadvantaged.

The Galmor Defendants assure the Court and Ries that there is little to worry about; the fact that they have not provided targeted discovery responses for their affirmative defenses, they say, should be an indication of the number of documents available on those issues—presumably none. But even if that is so, the Galmor Defendants should say so clearly in their responses to production requests: "[i]n responding to [Rule 34] discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, … the responding party should so state." *Lopez*, 327 F.R.D. at 578 (quoting *Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D. Tex. 2014)) (alteration in original). The Galmor Defendants should not put Ries on a hunt for documents they know do not exist or relate to defenses they will not raise at trial.

Although the database the Galmor Defendants provided is searchable, indexed, and easy to use, the burden of finding relevant documents out of a database of 33,000 is still considerably high and a pointless endeavor, since the Galmor Defendants should already know which documents are responsive and which are not. Indeed, the Galmor Defendants have not provided *responsive* documents as they are kept in the usual course of business—they have provided *all* their documents as they are kept in the usual course of business. The Galmor Defendants have therefore abused the "usual course of business" rule and the unique circumstances of this case— being asked to prove the nonexistence of a debt—by unnecessarily responding to every request for production with their entire document database.

8

Therefore, although it is appropriate for the Galmor Defendants to produce their entire database in response to requests one through three, allowing such a response for requests four through eleven would place an undue burden and disadvantage on Ries and should not relieve the Galmor Defendants from producing a targeted response to the other requests. The Galmor Defendants will therefore be required to respond to requests four through eleven separately and indicate which documents are responsive to which request.[4] If there are no documents which are responsive, the Galmor Defendants should say so.

## II.

### The Order

The Galmor Defendants sufficiently responded to Ries's interrogatories and will not be required to augment them. They also sufficiently responded to requests for production number one through three. The Galmor Defendants have insufficiently responded to requests for production four through eleven. They are therefore required to respond to requests four through eleven separately, indicating which documents are responsive to which request.

SO ORDERED.

### End of Memorandum Opinion and Order ###

---

[4] The Galmor Defendants indicated in their response that some documents that are responsive to requests eight and nine may be protected by privilege. This decision should not be interpreted to force the Galmor Defendants to waive any privilege or force them to produce any privileged documents.

United States Bankruptcy Court
Northern District of Texas

Ries,

    Plaintiff                                                     Adv. Proc. No. 20-02003-rlj

Galmor Family Limited Partnership,

    Defendant

# CERTIFICATE OF NOTICE

| District/off: 0539-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Nov 19, 2021 | Form ID: pdf001 | Total Noticed: 2 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 21, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| aty | + Jerry D. McLaughlin, P.O. Box 9375, Amarillo, TX 79105-9375 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| ust | + Email/Text: ustpregion06.da.ecf@usdoj.gov | Nov 19 2021 21:26:00 | United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242-0996 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 21, 2021                 Signature:      /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 19, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Alysia Cordova | on behalf of Creditor Great Plains Bank acordova@mhba.com alopez@mhba.com |
| Davor Rukavina | on behalf of Defendant Galmor Management L.L.C. drukavina@munsch.com |
| Davor Rukavina | on behalf of Defendant Galmor Family Limited Partnership drukavina@munsch.com |

District/off: 0539-2                                    User: admin                                    Page 2 of 2
Date Rcvd: Nov 19, 2021                            Form ID: pdf001                            Total Noticed: 2

Kent David Ries
                        on behalf of Counter-Defendant Kent Ries trustee@kentries.com  TX41@ecfcbis.com

Kent David Ries
                        on behalf of Plaintiff Kent Ries kent@kentries.com

Reuben L. Hancock
                        on behalf of Creditor Happy State Bank rlh@rlhancock.com

Thomas Daniel Berghman
                        on behalf of Defendant Galmor Family Limited Partnership tberghman@munsch.com

Thomas Daniel Berghman
                        on behalf of Defendant Galmor Management  L.L.C. tberghman@munsch.com


TOTAL: 8