Kent Ries
2700 S. Western St., Suite 300
Amarillo, Texas 79109
(806) 242-7437
(806) 242-7440 – Fax
kent@kentries.com
COUNSEL FOR TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **MICHAEL STEPHEN GALMOR,** | § | **CASE NO. 18-20209-RLJ-7** |
| | § | |
| Debtor. | § | |
| | § | |
| **And** | § | |
| | § | |
| **GALMOR'S/G&G STEAM SERVICE, INC.,** | § | **CASE NO. 18-20210-RLJ-7** |
| | § | |
| Debtor. | § | |
| | § | |
| **KENT RIES, TRUSTEE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **ADVERSARY NO. 20-2003** |
| | § | |
| **GALMOR FAMILY LIMITED PARTNERSHIP and GALMOR MANAGEMENT, L.L.C.,** | § | |
| | § | |
| Defendants. | § | |

**MOTION AND BRIEF TO DISMISS ALL ACTIONS OF THE MICHAEL STEPHEN GALMOR ESTATE**

TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:

KENT RIES, Plaintiff and Trustee of the bankruptcy estate of Michael Stephen Galmor ("MSG") files this Motion and Brief to Dismiss All Actions of the MSG Estate (the "Motion") under Federal Rule of Civil Procedure 41(a) as follows:

1. The Trustee's First Amended Complaint (Document #10) in this Adversary includes actions for a suit on debt on behalf of the bankruptcy estate's of Galmor's / G & G Steam Service, Inc. ("G&G") and MSG. The G&G claim, for $1,096,051.32, is not effected by this motion. The MSG claim, for 1,310.807.00, is, in its entirety, being requested by the Trustee to be voluntarily dismissed, with prejudice. This dismissal would also effectively remove the MSG estate as a party in this Adversary.

2. The Defendants in this adversary, the Galmor Family Limited Partnership ("GFLP") and Galmor Management, L.L.C. ("GM") are being managed by Leslie Pritchard ("Pritchard"), the court appointed liquidator for the Defendants. Defendants filed their Answer to First Amended Complaint and Counterclaim ("Answer") in this Adversary on March 12, 2021 (Document #18). The Defendants counterclaim is limited to offset the claim of MSG, pursuant to the Answer itself. Further, the counterclaim is governed by an Order of this Court dated December 10, 2020 and filed as Document #201 in bankruptcy case #18-20209 ( the "MSG Claim Order"). The Answer and the MSG Claim Order state that any claim of the Defendants against MSG is limited in amount to offset the claim of MSG against the Defendants. In other words, the Defendants have no right to any affirmative claim or recovery against MSG. Further, under the MSG Claim Order, the Defendant's proof of claim filed in the MSG bankruptcy case has been stricken from the Claims Register and is not entitled to any potential distribution in that case.

3. The Defendants have asserted no counterclaim against the G&G estate in this Adversary. Further, the Defendant's are barred from asserting such a counterclaim as the claim they filed in the G&G bankruptcy case has been denied by an Order of this Court dated October

27, 2020, and filed as document #172 in bankruptcy case #18-20210. Therefore, if this Motion is granted, this Adversary will proceed to trial as a suit on debt only by G&G, subject to the defenses raised by the Defendants, but not subject to any counterclaim of the Defendants. This Motion's effect of dismissing the MSG suit on debt in its entirety would include that it dismisses the Defendant's counterclaims in its entirety.

4. The Defendant's counterclaims in this Adversary are asserted against 1) the claims asserted by the MSG estate against the Defendants, i.e. the MSG suit on debt and 2) any amounts distributable to MSG due to his ownership interest in the Defendants. The Trustee asserts that upon the dismissal of the MSG estate's claims in this Adversary, neither of these counterclaims exist as a matter of law. Therefore the Defendants would suffer no harm from the Court's granting this Motion.

5. **No harm to Defendants.** As to the first scenario raised in paragraph 4, the granting of this Motion provides the Defendants with the best resolution it could possibly obtain in this Adversary. The Answer states, as does the MSG Claim Order, that the Defendant's counterclaim is limited in amount to offsetting the MSG claims in the Adversary. Since the Motion requests the entire MSG suit on debt be dismissed with prejudice, the Defendants could not possibly obtain any further relief beyond the result of this dismissal. As a practical matter, even if the Defendant's counterclaims were allowed to the maximum amount requested, the result for the Defendants would be no better than the result of this Motion dismissing the MSG suit on debt.

6. **No mutual claims.** As to the second scenario raised in paragraph 4, the Defendants are not entitled to offset against the MSG estate's ownership interest as a matter of law. An offset under Texas and bankruptcy law requires mutual claims and mutual parties.

**MOTION AND BRIEF TO DISMISS ALL ACTIONS OF THE MICHAEL STEPHEN GALMOR ESTATE- Page 3**

Lavizadeh v. Moghadam, 2019 Tex.App. LEXIS 10835 (Tex.Civ.App. - Dallas 2019), LAKXN Income, Inc. v. TLC Hosp., LLC, 2021 Tex.App.LEXIS 5861 (Tex.Civ.App - Forth Worth 2021). Neither of those requirements exist in this scenario. The Defendants in their counterclaims seek "a forfeiture" of the MSG estate's ownership claim in the Defendants entities. However, the Defendant's counterclaims are not related to the MSG estate's ownership interest in the Defendant entities, but rather to monetary claims the Defendants have against the MSG estate for various pre-petition actions of MSG as the controlling person in charge of the Defendant entities. Therefore, these are not mutual debtor/creditor claims or mutual ownership claims, but rather a debtor/creditor claim by the Defendants and on ownership claim of the MSG estate. Id. As a matter of law, no offset is allowed when the offsetting claims are not of a mutual type. By definition a creditor claim and an ownership claim are not the same type. In essence, the Defendants are asserting that their proof of claim in the MSG case is entitled to be satisfied by an asset of the MSG estate. Bankruptcy law does not allow such a result. To the contrary, allowing such a result would be the opposite of how bankruptcy estate assets are protected by the bankruptcy code from individual unsecured creditor actions.

7. **No mutual parties.** Further, the Defendants counterclaims are asserted by the GFLP and/or GM against the MSG estate. But the MSG estate has no corresponding ownership of the GFLP or GM. It is undisputed that the GFLP is owned 49.5% by The Galmor Contribution Trust, 49.5% by The Galmor Family Trust and 1% by GM. It is also undisputed that GM is owned 50% by The Galmor Contribution Trust and 50% by The Galmor Family Trust. It is further undisputed that the MSG estate is a beneficiary of these two trusts, along with three of MSG's siblings. Even if the Defendants could offset their creditor claims against an ownership interest of the MSG estate in the Defendants, no such ownership interest exists. As a

matter of law the GFLP and GM cannot assert an offset against the MSG estate's ownership interest in the two trusts. Only the trusts could assert such an offset, and the trusts are not parties to this Adversary. In sum, there is a fundamental failure of the mutual parties requirement of a setoff under Texas or bankruptcy law. Id.

**WHEREFORE, PREMISES CONSIDERED,** Kent Ries prays for an Order of this Court granting his Motion to Dismiss all Actions of Michael Stephen Galmor in this Adversary Proceeding and for such other and further relief as it may show itself to be entitled at law or in equity.

Respectfully submitted,

Kent Ries, Attorney at Law
2700 S. Western St., Suite 300
Amarillo, Texas 79109
(806) 242-7427
(806) 242-7440 - Fax

By: /s/ Kent Ries
    Kent Ries
    State Bar No. 1691450

COUNSEL FOR TRUSTEE

## CERTIFICATE OF CONFERENCE

This certifies that counsel for the Defendants, Davor Rukavina, was contacted on January 18, 2022 and that he is opposed to the Motion.

## CERTIFICATE OF SERVICE

I hereby certify that on the 21th day of January, 2022, a true and correct copy of the above and foregoing was sent electronically via ECF and emailed, to the parties listed below and on the attached matrix.

> Davor Rukavina
> Munsch, Hardt, Kopf & Harr
> 500 N. Akard Street, Suite 3800
> Dallas, Texas 75201-6659

          /s/  Kent Ries
          Kent Ries