IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, | § | CASE NO. 18-20209-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, INC., | § | CASE NO. 18-20210-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| KENT RIES, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-2003 |
| | § | |
| GALMOR FAMILY LIMITED PARTNERSHIP and GALMOR MANAGEMENT, L.L.C., | § | |
| | § | |
| Defendants. | § | |

**OBJECTION TO TRUSTEE'S MOTION TO DISMISS ALL ACTIONS
OF THE MICHAEL STEPHEN GALMOR ESTATE**

TO THE HONORABLE ROBERT JONES, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Leslie Pritchard ("Pritchard"), court-appointed liquidator for Galmor Family Limited Partnership (the "FLP"), a defendant in the above styled and numbered Adversary Proceeding, and files this *Objection* (the "Objection") to the *Motion and Brief to Dismiss All Actions of the Michael Stephen Galmor Estate* (the "Motion"), filed by Kent Ries, Trustee (the "Trustee"), the plaintiff herein, respectfully stating as follows:

I. **SUMMARY**

1. The Court should deny the Motion because its principal purpose is to defeat the FLP's counterclaim that the Personal Estate should forfeit its equity distribution of the FLP, on literally the eve of trial, and when the Trustee knows that he cannot prove the claim he has been prosecuting. This would work a significant prejudice on the FLP, which has prepared for two (2) years to try its counterclaim and has incurred substantial fees to get there, especially when the same underlying facts and allegations will be tried anyway in a matter of weeks, and because the parties would just have to initiate a new proceeding to try the counterclaim. Alternatively, the Court should condition a dismissal on the Personal Estate paying the FLP's reasonable attorney's fees and costs incurred in preparing the counterclaim for trial.

II. **BACKGROUND**

2. The FLP is being liquidated in non-bankruptcy proceedings before this Court in Adversary Proceeding No. 19-2006. Pritchard has been appointed by the Court in that separate proceeding to liquidate the FLP and to defend its interests in this Adversary Proceeding. Pritchard estimates that there will be significant proceeds to distribute to the equity interest holders in the FLP, if the Trustee's contract claims against the FLP are denied.

3. The Trustee is the trustee of the estate (the "Personal Estate") of Chapter 7 debtor Michael Stephen Galmor ("Galmor"). The Trustee asserts two rights against the FLP on behalf of the Personal Estate. First, he asserts that Galmor is a creditor of the FLP for $1,310,807.00 under an alleged oral agreement whereby the FLP would repay him for allegedly funding the FLP from his personal funds (the "Personal Claims"). Second, the Trustee and the Personal Estate stand in the shoes of Galmor as an indirect equity interest holder of the FLP, entitled to either a fourth or a fifth of any proceeds of the liquidation of the FLP.

4. The Trustee is also the trustee of the estate (the "Corporate Estate") of Chapter 7 debtor Galmor's/G&G Steam Service, Inc. ("G&G"), and has asserted claims on behalf of the Corporate Estate against the FLP in the amount of $1,096,051.32 for breach of an alleged oral contract of debt (the "Corporate Claims").

5. The Trustee first asserted his claims in Adversary Proceeding No. 19-2006 on August 30, 2019. The Trustee's claims were severed into this Adversary Proceeding and the Trustee filed his amended complaint on May 29, 2020. *See* Docket No. 10. On March 12, 2021, the FLP amended its answer to assert counterclaims against the Trustee. *See* Docket No. 2021. Those counterclaims relate to the same issues that the FLP and Prichard have always raised defensively as affirmative defenses, relating to Galmor's breaches of fiduciary duty to the FLP (which he managed prepetition), self-dealing from the FLP, and fraud on the FLP. Thus, while these issues were formally raised as a counterclaim in March, 2021, the FLP has been taking discovery and has been preparing for the same underlying facts and issues since late 2019. The counterclaim seeks two things. First, it is asserted as a setoff any damages that the Court may award the Trustee. Second, it is asserted to forfeit Galmor's equity distribution from the liquidation of the FLP.

6. The counterclaim was asserted when and how it was as a result of an agreement between the Trustee and the FLP related to Pritchard's proof of claim filed against the Personal Estate. As discussed below, the parties agreed to the denial of that claim as a monetary claim, but all other issues related to preserving the claim in this Adversary Proceeding were preserved.

7. In this Adversary Proceeding, discovery has closed, the parties are preparing their final, pretrial pleadings, the parties have filed their trial witness and exhibit lists, and the Court is expected to give the parties a trial date at the February 10, 2022 trial docket call, which trial is expected to commence in a few weeks.

### III. DISCUSSION

8. By the Motion, the Trustee seeks to dismiss the Personal Claims. He asserts that this will, or should, lead to the dismissal of the FLP's counterclaim, as that counterclaim is asserted only against the FLP Estate and not the Corporate Estate.

9. For more than two years, the Trustee has been suing the FLP on the Personal Claims, seeking a judgment of $1,310,807.00 for breach of an alleged oral contract of debt. The FLP has asserted two claims back: first, a counterclaim based on Galmor's fraudulent transfers and breaches of fiduciary duty; and second, attorney's fees under Texas law for defending against the Personal Claims (and all other claims).

10. To understand the counterclaim, it is necessary to understand the Trustee's claims on behalf of the Personal Estate. The Trustee first asserts the $1.3 million contract claim as a *creditor* of the FLP, but he also holds a claim on behalf of Galmor and the Personal Estate as an indirect *equity* interest holder in the FLP. In other words, if this Court ultimately denies all of the Trustee's claims, or the Trustee succeeds on less than the whole of those claims, the FLP will have funds to distribute either four- or five-ways to the children, and Galmor's distribution will flow to the Personal Estate.

11. The FLP's counterclaim very clearly seeks not only a setoff against any monetary liability that this Court may find, but also a forfeiture of any equity distribution from the FLP to the Personal Estate:

> The Defendants therefore seek a setoff of all such amounts against any amounts owing to the Trustee in this Adversary Proceeding, <u>and a forfeiture by the Debtor and the Estate of all amounts otherwise distributable to the Debtor and the Estate on account of his interests in the GFLP and GM</u>. Thus, whatever portion of the liquidation proceeds of GFLP and GM that the Debtor and the Estate would otherwise be entitled to should be redistributed between the remaining Five Children.

Docket No. 18 at ¶ 28 (emphasis added) ("Debtor" is defined as Galmor).

12. Thus, the Trustee is wrong that the counterclaim is limited to a setoff against potential liabilities: it is a counterclaim to both setoff the contract claim, if it is allowed, *and* to forfeit the Personal Estate's equity distribution on account of the torts of Galmor. While the setoff claim may have no further purpose once the Personal Claims are dismissed, the forfeiture claim will survive as a claim that is independent of the Personal Claims, even though they are both determined by the same set of operative facts.

13. Moreover, this issue is the subject of the agreed order pursuant to which the FLP claims against Galmor in his bankruptcy case were denied:

> ORDERED that the disallowance of the Subject Claim is not a substantive determination of its merits and is without prejudice as to any other matter other than a distribution or payment from the Estate, including without prejudice as to Adversary Proceeding No. 20-2003, where Pritchard may plead claims asserted against the Debtor in the Subject Claim for breach of fiduciary duty, self-dealing, or defalcation with respect to the Debtor's management of and role with Galmor Family Limited Partnership and/or Galmor Management, L.L.C., solely by way of setoff and defense against the Trustee's claims asserted therein, <u>and with respect to any distribution of the proceeds and assets of either or both such entities that may be payable to the Debtor as creditor or otherwise</u>, but in no event may Pritchard plead any such claims to obtain an affirmative recovery from the Estate.

Bankruptcy Case (18-20207) Docket No. 201 (emphasis added).

14. It is also important to understand the facts that will be tried in this Adversary Proceeding. Whether related to the Personal Claims or the Corporate Claims, *all* of the Trustee's claims depend on the credibility, actions, and inactions of Galmor. Since the issue concerns an alleged oral contract of debt, only if the Court first finds Galmor credible can the Court find such a contract. In response, the FLP intends to demonstrate that Galmor is not credible by pointing to many of the same facts that support the forfeiture: *i.e.* his self-dealing, his fraud on the FLP, and his breaches of fiduciary duty to the FLP. This has been a major portion of the FLP's discovery strategy and of its trial preparations.

15. This Court will have to at some point determine whether the Personal Estate should forfeit any distribution from the FLP's due to these torts, since this Court is supervising the liquidation of the FLP and therefore to whom its proceeds will be distributed. Whether it is now or through a future proceeding as the FLP proposes to make a final distribution, the Trustee will have to assert the equity interest and the FLP will assert that the interest should be forfeited. Or, the FLP will file an adversary proceeding against the Trustee seeking such forfeiture. It would be grossly inefficient and a large waste of the FLP's resources (and the Trustee's) to have to try the same underlying facts twice, especially when trial is only weeks away.

16. Rule 41 provides as follows:

> except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a)(2).

17. Here, the counterclaim can likely remain post-dismissal for an independent adjudication.[1] Thus, the Court can dismiss the counterclaim without prejudice. That is separate from the attorney's fees claim, however, as there is no independent claim for attorney's fees separate and apart from the present litigation. Thus, the attorney's fees claim cannot be dismissed because it cannot be independently adjudicated, even if the forfeiture counterclaim claim.

18. Even if the forfeiture claim *can* be dismissed for an independent adjudication, that does not answer the question of whether the Court *should* dismiss the counterclaim. "In determining whether to grant a dismissal, the principal consideration is whether the dismissal would prejudice the defendant. If a dismissal would unfairly prejudice the defendant, then the

---

[1] At a minimum, the Court should compel the Trustee to admit this fact.

plaintiff's motion to dismiss should be denied." *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 202-03 (N.D. Tex. 1988). The factors that help inform the prejudice analysis include "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Tyco Labs. Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980).

19. Moreover, "[o]utright dismissal should be refused [] when a plaintiff seeks to circumvent an expected adverse result." *Radiant Tech. Corp.*, 122 F.R.D. at 203. And:

> Dismissal should also be refused where, even absent a pending merits motion, the defendant possesses an objectively reasonable basis for requesting a merits resolution in this forum in order to avoid legal prejudice. The nature of a plaintiff's claims may be such that, if the defendant is not afforded the opportunity for vindication on the merits in this forum, it will incur legal prejudice. This may be so due to the public profile of the defendant, the potential for parallel litigation, or the character of the allegations of plaintiff's complaint.

*Id.* at 204.

20. A dismissal of the FLP's forfeiture counterclaim will work a substantial prejudice on the FLP:

- The FLP has been preparing for two (2) years to try the counterclaim (or rather its underlying facts) and has expended large resources in the process, including by retaining an expert, serving some ten third-party subpoenas, taking depositions, engaging in large document discovery, and otherwise preparing the counterclaim for trial.

- There is further prejudice because the forfeiture counterclaim will have to be tried, through a different proceeding, thus giving rise to new fees, costs, and delays, and potentially to new discovery and defenses to the counterclaim—all while the counterclaim is set to be tried anyway already in a matter of weeks, and involving the same witnesses, evidence, facts, and credibility determinations.

- There is an insufficient explanation for the requested dismissal, except that the Trustee believes that the dismissal will make the counterclaim go away, in which case he seeks a dismissal for tactical reasons. In other words, he does not seek to dismiss his Personal Claims because he no longer wishes to prosecute them, but as

- an attempt to obviate the forfeiture claim, as opposed to defending the forfeiture claim on its merits.

- The requested dismissal is because the Trustee expects an adverse result on the Personal Claims. After all of this discovery, there is no evidence to substantiate the Personal Claims.

- The FLP has a cross-motion for summary judgment pending. While that motion affects the Corporate Claims and not the Personal Claims, the limitations issues raised in that motion affect the Personal Claims as well.

- The FLP has an "objectively reasonable basis for requesting a merits resolution," because the underlying forfeiture claims will have to be adjudicated anyway, and by this Court.

- The "merits resolution" will avoid legal prejudice both by avoiding "parallel litigation" and because of the "character" of the Trustee's complaint, which raise the same credibility issues concerning Galmor, his actions, and his inactions as control the forfeiture counterclaim.

- The Trustee seeks a dismissal on literally the "eve" of trial. *See, e.g, Bosteve Ltd. v. Marauszwki*, 110 F.R.D. 257, 259 (E.D.N.Y. 1986) ("plaintiff brought this motion on the eve of trial. Courts have not hesitated to deny Rule 41(a)(2) motions in similar circumstances").

21. However, if the Court grants the dismissal, then the Court should condition such dismissal on the Personal Estate paying the FLP's reasonable attorney's fees and costs to be determined through subsequent motion practice and an evidentiary hearing if needed. This is because the Rule provides for a dismissal upon such conditions as the Court deems appropriate, and "[m]ost often, the courts require plaintiffs to bear the attorneys' fees and costs of the dismissed defendant." *Mortgage Guaranty Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 300 (5th Cir. 1990). *Accord Le Compte v. Mr. Chip Inc.*, 528 F.2d 601, 603 (5th Cir. 1976) ("[m]ost cases under the Rule have involved conditions that require payment of costs and attorney's fees"). The reason for this rule is aptly present in this case: "the purpose of such awards is generally to reimburse the defendant for the litigation costs incurred in view of the risk that the same suit will be refiled and

will impose duplicative expenses upon the defendant." *Western Falcon Inc. v. Moore Rod & Pipe LLC*, 2015 U.S. Dist. LEXIS 79296 at *10 (S.D. Tex. 2015).

22. While attorney's fees are not routinely awarded when the dismissal is with prejudice—although they are still available—this is because the defendant does not face the same risk of having to litigate again. *See, e.g., Alexander v. State Farm Lloyds*, 2014 U.S. Dist. LEXIS 16891 at *17 (S.D. Tex. 2014). Here, even though the Trustee proposes to dismiss the Personal Claims with prejudice, there is no question that the same issues that the FLP has been preparing to try (and paying to try) for the last two years will be tried in a new proceeding. Indeed, they will have to as part of the winding-up of the FLP. Thus, the FLP will be forced to incur substantially the same costs and burdens again, which is the whole point of why courts "most often" condition a dismissal on the payment of reasonable fees and expenses.

23. Awarding, or retaining for trial, the FLP's attorney's fees claim is also appropriate under substantive Texas law. If the Court dismisses the Personal Claims with prejudice, then that is a determination based on the merits. The recovery of attorney's fees on an oral contract is expressly permitted by Texas statute. *See* Tex. Civ. Prac. & Rem. Code § 38.001(b)(8). If the FLP successfully defends the Trustee's breach of contract claim, then it will be entitled to an award of its reasonable attorney's fees and expenses as the prevailing party. *See, e.g., Rohrmoos Venture v. UTSW DVA Healthcare LLP*, 578 S.W.3d 469, 486 (Tex. 2019). And, the attorney fee claim is not an independent claim that can be independently adjudicated under Rule 41(a)(2).

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, the FLP respectfully requests that the Court enter an order: (i) denying the Motion; (ii) alternatively, conditioning dismissal of the Personal Claims on the Personal Estate paying Pritchard's reasonable attorney's fees and expenses incurred

in defending against those claims; and (iii) granting the FLP such other and further relief to which it may be justly entitled.

RESPECTFULLY SUBMITTED this 8th day of February, 2022.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
3800 Ross Tower
500 North Akard St.
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 978-4375

**ATTORNEYS FOR LESLIE PRITCHARD, COURT-APPOINTED LIQUIDATOR FOR GALMOR FAMILY LIMITED PARTNERSHIP AND GALMOR MANAGEMENT, L.L.C.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 8th day of February, 2022, true and correct copies of this document were served via the Court's ECF system on parties entitled to notice thereby, including Kent Ries, Esq., the Trustee and Plaintiff.

By: /s/ Davor Rukavina
Davor Rukavina, Esq.