Kent Ries, Attorney at Law
State Bar No. 16914050
2700 S. Western St., Suite 300
Amarillo, Texas 79109
(806) 242-7437
(806) 242-7440 – Fax
kent@kentries.com

COUNSEL FOR TRUSTEE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **MICHAEL STEPHEN GALMOR,** | § | **CASE NO. 18-20209-RLJ-7** |
| | § | |
| Debtor. | § | |
| | § | |
| And | § | |
| | § | |
| **GALMOR'S/G&G STEAM SERVICE, INC.,** | § | **CASE NO. 18-20210-RLJ-7** |
| | § | |
| Debtor. | § | |
| | § | |
| **KENT RIES, TRUSTEE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **ADVERSARY NO. 20-2003** |
| | § | |
| **GALMOR FAMILY LIMITED PARTNERSHIP and GALMOR MANAGEMENT, L.L.C.,** | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff, Kent Ries, Trustee of Galmor's/G&G Steam Service, Inc. ("Trustee") files this his Findings of Fact and Conclusion of Law as follows:

1. Michael Stephen Galmor ("MSG") was the president of Galmor's/G&G Steam Service, Inc. ("G&G") during all relevant times of the subject matter in this proceeding.

**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW - Page 1**

2. MSG was the manager of Galmor Management, L.L.C. ("GM") during all relevant times of the subject matter in this proceeding. GM was the general partner of the Galmor Family Limited Partnership ("GFLP") during all relevant times of the subject matter in this proceeding. MSG was the manager of the GFLP during all during all relevant times of the subject matter in this proceeding.

3. MSG had authority to make mutual and binding contracts between G&G and GM and/or the GFLP during all during all relevant times of the subject matter in this proceeding.

4. The GFLP requested from G&G services and products described in the invoices that are the subject matter in this proceeding. G&G agreed to provide such services and products to the GFLP in exchange for a reasonable price to be paid by the GFLP to G&G.

5. All the services and products described in the invoices were timely provided to the GFLP. The amounts billed in the invoices were fair and reasonable prices for the services and products provided to the GFLP.

6. The GFLP agreement to pay G&G for such services and products was breached as the GFLP had insufficient liquid assets to make such payments. The invoices remain unpaid.

7. The services and products requested by the GFLP were reasonable and necessary to maintain the assets and business operations of the GFLP and/or requested by Shirley Galmor, the primary beneficiary of the trusts that owned the GFLP.

8. The GFLP is indebted to G&G in the amount of $384,904.74 as a result of breaching its agreement to pay G&G for the invoiced services and products it provided to the GFLP.

9. G&G provided the GFLP funds to maintain its business operations. These funds were made in advance of credits earned by the GFLP in the form of royalties due to the GFLP by

G&G for the extraction of rock by G&G on GFLP land. Additionally, the GFLP repaid some of the advanced funds with actual cash payments to G&G.

10. On behalf of the GFLP, MSG requested G&G to advance these funds to the GFLP so that the GFLP could meet its business operational expenses including utilities, property taxes, maintenance and labor. The GFLP agreed to repay the cash advances, either in the form of rock royalty credits or cash funds.

11. The GFLP is indebted to G&G in the amount of $186,341.19 as a result of breaching its agreement to fully repay G&G for the funds it provided to the GFLP.

12. G&G paid the salaries and benefits of MSG and Deana Carter ("Carter") for the period of at least four years prior to the G&G bankruptcy filing. Those amounts total approximately $750,000.00.

13. During the above four year period MSG and Carter spend approximately two thirds of their time managing the operations of the GFLP and caring for Shirley Galmor. These expenses incurred by G&G should, and would, have been paid by the GFLP if it had the cash resources to make such payments, which it did not.

14. The GFLP agreed to reimburse G&G for salaries and related expenses of MSG and Carter incurred for the benefit of the GFLP, but paid for by G&G. The services provided by MSG and Carter substantially benefitted the GFLP.

15. The GFLP is indebted to G&G in the amount of $500,000.00 as a result of breaching its agreement to pay G&G for the services provided by MSG and Carter to the GFLP.

          Respectfully submitted,

          Kent Ries, Attorney at Law
          2700 S. Western St., Suite 300
          Amarillo, Texas 79109
          (806) 242-7437

         (806) 242-7440-Fax

       By:  /s/ Kent Ries
         Kent Ries
         State Bar No. 16914050
        ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of February, 2022, a true and correct copy of the above and foregoing Trial was sent electronically via ECF to the party listed below:

Davor Rukavina
Munsch, Hardt, Kopf & Harr
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659

        /s/ Kent Ries
        Kent Ries