Kent Ries, Attorney at Law
State Bar No. 16914050
2700 S. Western St., Suite 300
Amarillo, Texas 79109
(806) 242-7437
(806) 242-7440 – Fax
kent@kentries.com

COUNSEL FOR TRUSTEE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, | § | CASE NO. 18-20209-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, INC., | § | CASE NO. 18-20210-RLJ-7 |
| | § | |
| | § | |
| Debtor. | § | |
| | § | |
| KENT RIES, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-2003 |
| | § | |
| GALMOR FAMILY LIMITED PARTNERSHIP and GALMOR MANAGEMENT, L.L.C., | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

### TRUSTEE'S WITNESS AND EXHIBIT LIST FOR MOTION AND BRIEF TO DISMISS ALL ACTIONS OF MICHAEL STEPHEN GALMOR

TO THE HONORABLE BANKRUPTCY JUDGE

Comes now, Kent Ries, Trustee in the above-entitled case, and files this his Witness and Exhibit List for his Motion and Brief to Dismiss All Actions of Michael Stephen Galmor ("MSG") Estate, and respectfully shows the Court as follows:

**WITNESS AND EXHIBIT LIST - Page 1**

A.      Trustee may call one or more of the following witnesses at the trial:

B.      Trustee may produce one or more of the following exhibits at the trial:

    1.      Defendants counterclaim (Docket #18).

    2.      Objection in Case No. 18-20209 (Docket 189).

    3.      Claim Order in Case No. 18-20209 (Docket 201).

    4.      Objection in Case No. 18-20210 (Docket 169).

    5.      Claim Order in Case No. 18-20210 (Docket 172).

    6.      GFLP tax return for 2017.

    7.      GM tax return for 2017.

    8.      Living Trust with amendments.

    9.      Settlement Agreement dated October 2019.

C.      The estimated time of this hearing is 30 minutes.

Respectfully submitted,

Kent Ries, Attorney at Law
2700 S. Western St., Suite 300
Amarillo, Texas 79109
(806) 242-7437
(806) 242-7440-Fax

By:  /s/ Kent Ries
    Kent Ries
    State Bar No. 16914050
    ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of February, 2022, a true and correct copy of the above and foregoing Trial was sent electronically via ECF to the party listed below:

Davor Rukavina
Munsch, Hardt, Kopf & Harr
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659

/s/  Kent Ries
Kent Ries

# EXHIBIT "1"

Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas Berghman, Esq.
Texas Bar No. 24082683
MUNSCH HARDT KOPF & HARR P.C.
500 N. Akard St., Ste. 3800
Dallas, Texas 75201
Telephone: 214-855-7500
Facsimile: 214-855-7584

ATTORNEYS FOR LESLIE PRITCHARD/DEFENDANTS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, | § | CASE NO. 18-20209-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| And | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, | § | CASE NO. 18-20210-RLJ-7 |
| INC., | § | |
| | § | |
| Debtor. | § | |
| | § | |
| KENT RIES, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 20-2003 |
| | § | |
| GALMOR FAMILY LIMITED | § | |
| PARTNERSHIP and GALMOR | § | |
| MANAGEMENT, L.L.C., | § | |
| | § | |
| Defendants. | § | |

**ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM**

TO THE HONORABLE ROBERT L. JONES, U.S. BANKRUPTCY JUDGE:

COMES NOW Leslie Pritchard ("Pritchard"), court-appointed liquidator for Galmor

Family Limited Partnership (the "GFLP") and Galmor Management, L.L.C. ("GM," with GFLP,

the "Defendants"), the defendants in the above styled and numbered Adversary Proceeding commenced by Kent Ries (the "Trustee") and, responding to the Trustee's *First Amended Complaint* (the "Complaint"), answer as follows. To the extent any factual allegation is not expressly admitted, it is denied.

## I.     ANSWER

1.     Pritchard admits the allegations in paragraph 1 of the Complaint.

2.     The undersigned does not represent GFLP. The undersigned represents Pritchard who, pursuant to the Court's *Agreed Judgment: (i) Ordering Supervised Liquidation of Texas Entities; (ii) Appointing Managers of the Same; and (iii) Severing Remaining Claims*, entered at Docket No. 26 in Adversary Proceeding No. 19-2006, Pritchard has been appointed with sole authority to defend GFLP as part of winding it down.

3.     The undersigned does not represent GM. The undersigned represents Pritchard who, pursuant to the Court's *Agreed Judgment: (i) Ordering Supervised Liquidation of Texas Entities; (ii) Appointing Managers of the Same; and (iii) Severing Remaining Claims*, entered at Docket No. 26 in Adversary Proceeding No. 19-2006, Pritchard has been appointed with sole authority to defend GM as part of winding it down.

4.     Pritchard admits the allegations in paragraph 4 of the Complaint.

5.     Pritchard admits the allegations in paragraph 5 of the Complaint.

6.     Pritchard generally admits the first two sentences of paragraph 6 of the Complaint, subject to specific amounts. Pritchard denies the allegations in the third sentence of paragraph 6 of the Complaint.

7.     Pritchard admits that that is what the sworn schedules show, but denies the underlying allegations contained in paragraph 7 of the Complaint, or that either Defendant owes the Trustee anything.

8.     Pritchard admits that that is what the sworn schedules and other documents show, but denies the underlying allegations contained in paragraph 8 of the Complaint, or that either Defendant owes the Trustee anything.

9.     Pritchard denies all allegations contained in paragraph 9 of the Complaint, and she denies that the Trustee is entitled to any relief.

10.     Paragraph 10 of the Complaint asserts conclusions of law to which no response is required.  Pritchard denies that the Trustee is entitled to any relief.

11.     Pritchard denies the allegations in paragraph 11 of the Complaint.

## II.     DEFENSES AND AFFIRMATIVE DEFENSES

12.     The alleged debts the Trustee sues on are barred by the Statute of Frauds and the Statute of Limitations.

13.     The alleged debts the Trustee sues on are barred by latches, estoppel, and the unclean hands of Debtor Galmor.

14.     In managing the Defendants, upon information and belief Debtor Galmor engaged in large and systematic self-dealing, breaching his fiduciary duties.  His actions and statements, including on any schedules, are not binding on the Defendants due to his self-dealing and *ultra vires* actions, and his breaches of fiduciary duty.

15.     To the extent that Debtor Galmor was funding the Defendants from himself or his other companies, even as he was denuding the Defendants of their property and funds for his personal benefit, such funding was in the nature of a volunteer without a reasonable expectation of repayment, much less a binding agreement of repayment.

16.     To the extent that the Defendants incurred any obligation as alleged in the Complaint, any such obligation is not binding for Debtor Galmor's failure to follow underlying requirements for obtaining debt and for his *ultra vires* acts.

17.     The Trustee's claims are barred by the frauds and illegalities of Debtor Galmor, in whose shoes the Trustee stands.

18.     The Trustee's claims are barred by the waiver, accord and satisfaction, and assumption of risk of Debtor Galmor, in whose shoes the Trustee stands.

### III.     COUNTERCLAIM

The Defendants hereby assert the following *Counterclaim* (the "Counterclaim") and pray that the Trustee be cited to appear and to answer the Counterclaim.

19.     The Court has jurisdiction over the Counterclaim under 28 U.S.C. § 1334.  Such jurisdiction is core under 28 U.S.C. § 157(b)(2) as it affects a recovery of the estate.  To the extent that the Counterclaim is not core, the Defendants consent to this Court's entry of a final judgment over the same.

20.     Bobby Don Galmor and Shirley Jo Galmor set up GFLP and GM as part of a complicated series of estate planning documents.  Over time, and through various and complicated transactions, they vested the GFLP with various assets consisting mainly of real property and improvements, mineral interests, equipment, and a rock quarry they owned directly or indirectly, for the ultimate purpose of benefiting their five children upon their deaths.  They entrusted the management of GFLP and GM to their oldest son, Michael Stephen Galmor (the "Debtor"), who was co-manager with them prior to their deaths and sole manager after their deaths.

21.     Bobby Don Galmor died in in April, 2013, and Shirley Jo Galmor died in March, 2017.

22.     Thereafter, and at all times relevant hereto, the Debtor managed GFLP and GM, which was the general partner of GFLP.  As such, the Debtor owed fiduciary duties to GFLP and GM and to the other limited partners of GFLP.

23.     At all times relevant hereto, the limited partners in the GFLP were, directly or indirectly, the Debtor, his sister Pritchard, and their siblings Randy Mark Galmor, Traci Marie Galmor Wilson, and Shawn D'Lee Galmor Sanders (collectively, the "<u>Five Children</u>").  Therefore, cutting through the various layers of documents and potential trust entities, the result was simple: the parents entrusted their older son, the Debtor, to manage GFLP and its property for the benefit of all Five Children equally, such that each of the Five Children would have their parents' financial legacies to support them, provide income, and provide financial benefit.

24.     In addition to the Debtor's actual fiduciary duties to GFLP and GM, and the Five Children, he held the duties of a trustee imposed by law for the benefit of the Five Children, due to the special trust given him by his parents and, indirectly, the remaining Five Children.  Among other things, all of these fiduciary, trust, contractual, and common law duties prevented the Debtor from self-dealing with the property of GFLP for less than fair value, prevented him from committing waste, and prevented him from using or taking GFLP property as his own.

25.     Prior to the Petition Date, the GFLP owned extensive assets.  These assets included: (i) land; (ii) mineral interests; (iii) a rock quarry; (iv) vehicles; (v) machinery; (vi) equipment; and (vii) tools.  Notwithstanding his fiduciary duties and obligations to the GFLP and the GM, the Debtor, upon information and belief, caused the following transfers to occur to or for his personal benefit:

(i)     a transfer of a 175 acre tract of land and improvements referred to as 6535 Highway 83, Shamrock, Texas 79079, owned by GFLP, transferred to the Debtor for the purported price of $225,000 in September, 2014, when the actual value thereof was in excess of $500,000, and with the purchase price secured by an alleged vendor's lien securing a promissory note, which the Debtor failed to pay under and then failed to foreclose on the vendor's lien;

(ii)     a transfer of two tracts of land in Wheeler County, Texas, called the "gin yard" and

the "Miller property," to the Debtor from the GFLP in September and October,

2014, for $70,000, which was less than reasonably equivalent value, with the

Debtor executing a deed of trust to secure the purchase price and alleged promissory

note, which the Debtor failed to pay under and then failed to foreclose on deed of

trust, and then the subsequent release of that deed of trust in July, 2015, for less

than reasonably equivalent value;

(iii)    the removal and extraction of a large quantity of sand, gravel, and rock from real

property owned by the GFLP, to the Debtor or a business owned by the Debtor,

without the Debtor or such business paying the GFLP for the same;

(iv)     the transfer of mineral interests owned by the GFLP by the Debtor to himself or

others for no return consideration to the GFLP, or the taking by the Debtor or

royalties and other payments paid by third parties to GFLP for the same, with no

return consideration to the GFLP;

(v)      the taking of cash and other property, including vehicles, equipment, tools, and

supplies, from the GFLP by the Debtor, to pay for his personal expenses, including

improvements to his properties and his land, his lifestyle, and his businesses, with

no return consideration to the GFLP; and

(vi)     the use of real and personal property of the GFLP by the Debtor for his personal

benefit, including by grazing livestock on real property owned by the GFLP, for no

return consideration to the GFLP.

26.     The foregoing were actually fraudulent transfers or constructively fraudulent

transfers by the Debtor of GFLP property to himself, in order to defraud the other beneficiaries of

the GFLP.  The foregoing constituted breaches of fiduciary duty by the Debtor in the nature of

self-dealing and waste. The foregoing constituted conversion and defalcation by the Debtor of property of the GFLP and GM while acting in a fiduciary capacity. The foregoing constituted breaches of trust by the Debtor.

27.     Upon information and belief, the amount of property of the GFLP and the GM that the Debtor took for himself or for his benefit, with no return consideration, and the damages resulting from his breaches of fiduciary duty, waste, conversion, defalcation, and breaches of trust exceed the amount of any claim of the Debtor, his Estate, or the Trustee against the GFLP and GM as otherwise asserted by the Trustee in this Adversary Proceeding, and the amount of any distribution of the property of the GFLP and GM otherwise distributable to the Debtor or the Estate upon a final liquidation and accounting of the GFLP and GM.

28.     The Defendants therefore seek a setoff of all such amounts against any amounts owing to the Trustee in this Adversary Proceeding, and a forfeiture by the Debtor and the Estate of all amounts otherwise distributable to the Debtor and the Estate on account of his interests in the GFLP and GM. Thus, whatever portion of the liquidation proceeds of GFLP and GM that the Debtor and the Estate would otherwise be entitled to should be redistributed between the remaining Five Children.

29.     As the Trustee's claims against GFLP and GM, whether on account of alleged debt or for a portion of the liquidation proceeds of GFLP and GM arise prepetition, the Estate stands in the shoes of the Debtor for purposes of the same and is subject to all defenses, legal and equitable, that the Debtor would be subject to.

30.     The Defendants do not seek a money judgment on account of the Counterclaim.

31.     The Counterclaim is not asserted against the estate of Galmor's / G&G Steam Service, Inc., or the Trustee in his capacity as the trustee of the same.

## IV.     **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that the Court render judgment as follows:

(i)      ordering that the Trustee take nothing by his Complaint;

(ii)     ordering that, to the extent the Trustee has a claim against GFLP and/or GM, such claim be setoff and reduced by the self-dealing, fraudulent transfers, breaches of fiduciary duty and trust, conversion, and defalcation, and damages, caused by the Debtor's breaches of duty and torts to the GFLP and GM;

(iii)    ordering that any distribution of the proceeds and assets of GFLP and GM otherwise payable to the Debtor and the Estate on account of their interests in the GFLP and GM be forfeited and redistributed to the remaining beneficial interest holders therein, *i.e.* the other four of the Five Children;

(iv)     awarding the Defendants their reasonable attorney's fees and costs incurred herein; and

(v)      granting the Defendants such other and further relief as may be appropriate.

RESPECTFULLY SUBMITTED this 12th day of March, 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/  Davor Rukavina
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Thomas Berghman, Esq.
    Texas Bar No. 24082683
    3800 Ross Tower
    500 North Akard St.
    Dallas, Texas  75201
    Telephone: (214) 855-7500
    Facsimile: (214) 978-4375

**ATTORNEYS FOR LESLIE PRITCHARD/DEFENDANTS**

**CERTICIATE OF SERVICE**

       The undersigned hereby certifies that, on this the 12th day of March, 2021, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof, including on Kent Ries, the plaintiff herein.

By: /s/ Davor Rukavina
Davor Rukavina, Esq.

# EXHIBIT "2"

Kent Ries, Attorney at Law
State Bar No. 16914050
2700 S. Western St., Suite 300
Amarillo, Texas 79109
(806) 242-7437
(806) 242-7440 – Fax
kent@kentries.com

COUNSEL FOR TRUSTEE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, | § | CASE NO. 18-20209-RLJ-7 |
| | § | |
| Debtor. | § | |

## OBJECTION TO CLAIM NUMBER 15 OF LESLIE PRITCHARD, ET AL

TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:

COMES NOW, Kent Ries, Trustee ("Trustee") of the referenced chapter 7 bankruptcy estate, and files this Objection to Claim Number 15 of Leslie Pritchard, et al ("Pritchard") and in support thereof would respectfully show unto the Court as follows:

1.     Debtor filed for relief under Chapter 11 of the United States Bankruptcy Code on June 19, 2018 and converted to a Chapter 7 case on January 8, 2019. Kent Ries was subsequently appointed and qualified to serve as the Trustee over the bankruptcy estate.

2.     This Court has jurisdiction over the subject matter of this Objection pursuant to the terms and provisions of 28 U.S.C. §§1334 and 157(b)(2)(B), 11 U.S.C. §§ 502, 506 and 507 as well as Rule 3007 of the Federal Rules of Bankruptcy Procedure.

3.     On or about April 17, 2019, Pritchard filed an amended Proof of Claim as an unsecured claim in the amount of $2,000,000.00 based on the complaint she filed in Adversary No.

18-2010.  The claim was subsequently docketed as Claim Number 15 on the Claims Register maintained by the Bankruptcy Clerk.

4.     Trustee objects to the allowance of Claim Number 15 of Pritchard as an unsecured claim in the amount of $2,000,000.00 for the reason that Adversary No. 18-2010 has been settled and dismissed with prejudice pursuant to this Court's Orders entered in that Adversary on February 18, 2020 and February 19, 2020.  Further, Pritchard specifically agreed to amend this claim consistent with the Adversary dismissal as part of that settlement.  Consequently, the Trustee seeks an Order of this Court disallowing the unsecured claim of Pritchard for purposes of a distribution to holders of allowed claims against the bankruptcy estate.

**WHEREFORE, PREMISES CONSIDERED,** the Trustee, Kent Ries, respectfully prays for an Order of this Court disallowing the unsecured claim filed by Pritchard in the amount of $2,000,000.00 for the reasons stated above and for such other relief, at law or in equity, to which the Trustee may show himself justly entitled.

Respectfully submitted,

Kent Ries, Attorney at Law
2700 S. Western St., Suite 300
Amarillo, Texas 79109
(806) 242-7437
(806) 224-7440 - Fax

By: /s/ Kent Ries
    Kent Ries
    State Bar No. 16914050
COUNSEL FOR TRUSTEE

## <u>HEARING NOTICE</u>

NO HEARING WILL BE CONDUCTED ON THIS OBJECTION TO CLAIM UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 205 SOUTHEAST FIFTH AVENUE, ROOM 201D, AMARILLO, TEXAS 79101, BEFORE CLOSE OF BUSINESS ON OCTOBER 26, 2020, WHICH IS AT LEAST THIRTY (30) DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING RELEIF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 24th day of September, 2020, a true and correct copy of the foregoing

Objection was sent either electronically via ECF or mailed in the United States mail, postage

prepaid, to the parties listed below:

U.S. Trustee
1100 Commerce Street, Room 9C60
Dallas, Texas 75242

Patrick Alan Swindell
Swindell Law Firm
106 SW 7th Ave.
Amarillo, Texas 79101

Young & Newsom, P.C.
1001 S. Harrison, Suite 200
Amarillo, Texas 79101

Jeff Carruth
Weycer, Kaplan, Pulaski & Zuber, P.C.
3030 Matlock Rd., Suite 201
Arlington, Texas 76015

Davor Rukavina
Munsch, Hardt, Kopf & Harr
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659


/s/  Kent Ries
Kent Ries, Trustee

# EXHIBIT "3"



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 10, 2020**

**United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL STEPHEN GALMOR, | § | CASE NO. 18-20209-RLJ-7 |
| | § | |
| Debtor. | § | |

## AGREED ORDER SUSTAINING TRUSTEE'S OBJECTION TO CLAIM NO. 15 OF LESLIE PRITCHARD

CAME ON FOR CONSIDERATION the *Objection to Claim Number 15 of Leslie Pritchard, et. al.* (the "Objection"), filed by Kent Ries, Trustee (the "Trustee"), the Chapter 7 trustee of the bankruptcy estate (the "Estate") of Michael Stephen Galmor (the "Debtor"), whereby the Trustee objects to Clam No. 15 (the "Subject Claim") filed in the above styled and numbered bankruptcy case (the "Bankruptcy Case"), as responded to by Leslie Pritchard, for herself and as liquidator of the Galmor Family Limited Partnership and Galmor Management, L.L.C. ("Pritchard"). Having considered the agreement between the Trustee and Pritchard as embodied in this Order, and finding said agreement to be lawful and appropriate, it is hereby:

---

ORDERED that the Objection is SUSTAINED with the qualifications as provided for herein; it is further

ORDERED that the Subject Claim shall be stricken from the Claims Registry in the Bankruptcy Case; it is further

ORDERED that the no distribution or payment on account of the Subject Claim shall be made in the Bankruptcy Case, the Trustee, or by the Estate; it is further

ORDERED that the disallowance of the Subject Claim is not a substantive determination of its merits and is without prejudice as to any other matter other than a distribution or payment from the Estate, including without prejudice as to Adversary Proceeding No. 20-2003, where Pritchard may plead claims asserted against the Debtor in the Subject Claim for breach of fiduciary duty, self-dealing, or defalcation with respect to the Debtor's management of and role with Galmor Family Limited Partnership and/or Galmor Management, L.L.C., solely by way of setoff and defense against the Trustee's claims asserted therein, and with respect to any distribution of the proceeds and assets of either or both such entities that may be payable to the Debtor as creditor or otherwise, but in no event may Pritchard plead any such claims to obtain an affirmative recovery from the Estate.

# # #  END OF ORDER  # # #

AGREED AS TO FORM AND SUBSTANCE:

 /s/ Kent Ries (*w/ permission*)
Kent Ries, Trustee

/s/ Davor Rukavina
Attorney for Leslie Pritchard

# EXHIBIT "4"

Kent Ries, Attorney at Law
State Bar No. 16914050
2700 S. Western St., Suite 300
Amarillo, Texas 79109
(806) 242-7437
(806) 242-7440 – Fax
kent@kentries.com

COUNSEL FOR TRUSTEE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, | § | CASE NO. 18-20210-RLJ-7 |
| INC., | § | |
| | § | |
| Debtor. | § | |

### OBJECTION TO CLAIM NUMBER 32 OF LESLIE PRITCHARD, ET AL

TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:

COMES NOW, Kent Ries, Trustee ("Trustee") of the referenced chapter 7 bankruptcy estate, and files this Objection to Claim Number 32 of Leslie Pritchard, et al ("Pritchard") and in support thereof would respectfully show unto the Court as follows:

1.      Debtor filed for relief under Chapter 11 of the United States Bankruptcy Code on June 19, 2018 and converted to a Chapter 7 case on January 8, 2019. Kent Ries was subsequently appointed and qualified to serve as the Trustee over the bankruptcy estate.

2.      This Court has jurisdiction over the subject matter of this Objection pursuant to the terms and provisions of 28 U.S.C. §§1334 and 157(b)(2)(B), 11 U.S.C. §§ 502, 506 and 507 as well as Rule 3007 of the Federal Rules of Bankruptcy Procedure.

3.      On or about April 17, 2019, Pritchard filed an amended Proof of Claim as an unsecured claim in the amount of $125,192.00 based on the complaint she filed in Adversary No.

OBJECTION TO CLAIM 32 - PAGE 1

18-2010. The claim was subsequently docketed as Claim Number 32 on the Claims Register maintained by the Bankruptcy Clerk.

4.      Trustee objects to the allowance of Claim Number 32 of Pritchard as an unsecured claim in the amount of $125,192.00 for the reason that Adversary No. 18-2010 has been settled and dismissed with prejudice pursuant to this Court's Orders entered in that Adversary on February 18, 2020 and February 19, 2020. Further, Pritchard specifically agreed to amend this claim consistent with the Adversary dismissal as part of that settlement. Consequently, the Trustee seeks an Order of this Court disallowing the unsecured claim of Pritchard for purposes of a distribution to holders of allowed claims against the bankruptcy estate.

**WHEREFORE, PREMISES CONSIDERED,** the Trustee, Kent Ries, respectfully prays for an Order of this Court disallowing the unsecured claim filed by Pritchard in the amount of $125,192.00 for the reasons stated above and for such other relief, at law or in equity, to which the Trustee may show himself justly entitled.

Respectfully submitted,

Kent Ries, Attorney at Law
2700 S. Western St., Suite 300
Amarillo, Texas 79109
(806) 242-7437
(806) 224-7440 - Fax

By: /s/ Kent Ries
     Kent Ries
     State Bar No. 16914050
COUNSEL FOR TRUSTEE

**OBJECTION TO CLAIM 32 - PAGE 2**

## HEARING NOTICE

NO HEARING WILL BE CONDUCTED ON THIS OBJECTION TO CLAIM UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 205 SOUTHEAST FIFTH AVENUE, ROOM 201D, AMARILLO, TEXAS 79101, BEFORE CLOSE OF BUSINESS ON OCTOBER 26, 2020, WHICH IS AT LEAST THIRTY (30) DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING RELEIF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

## CERTIFICATE OF SERVICE

I certify that on the 24th day of September, 2020, a true and correct copy of the foregoing

Objection was sent either electronically via ECF or mailed in the United States mail, postage

prepaid, to the parties listed below:

U.S. Trustee
1100 Commerce Street, Room 9C60
Dallas, Texas 75242

Patrick Alan Swindell
Swindell Law Firm
106 SW 7th Ave.
Amarillo, Texas 79101

Young & Newsom, P.C.
1001 S. Harrison, Suite 200
Amarillo, Texas 79101

Jeff Carruth
Weycer, Kaplan, Pulaski & Zuber, P.C.
3030 Matlock Rd., Suite 201
Arlington, Texas 76015

Davor Rukavina
Munsch, Hardt, Kopf & Harr
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659

/s/ Kent Ries
Kent Ries, Trustee

# EXHIBIT "5"





CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 27, 2020**

**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GALMOR'S/G&G STEAM SERVICE, | § | CASE NO. 18-20210-RLJ-7 |
| INC., | § | |
| | § | |
| Debtor. | § | |

## ORDER ON OBJECTION TO CLAIM NUMBER 32 OF LESLIE PRITCHARD, ET AL

On this day came on for consideration the objection of Kent Ries, Trustee of the referenced bankruptcy estate, to Claim Number 32 of Leslie Pritchard, et al ("Pritchard"). Claim Number 32 was filed by Pritchard as an unsecured claim in the amount of $125,192.00 regarding Adversary No. 18-2010. The Court finds jurisdiction over the subject matter and has been advised that no party in interest has filed a response to the Trustee's Objection. Further, the Court is of the opinion that the Objection of the Trustee is in order and should be allowed. It is therefore

**ORDERED, ADJUDGED AND DECREED**, that Claim Number 32 of Pritchard filed as an unsecured claim in the amount of $125,192.00 is hereby disallowed as a claim against this bankruptcy estate.

# # # End of Order # # #

Prepared By:

Kent Ries, Attorney at Law
State Bar No.  16914050
2700 S. Western St., Suite 300
Amarillo, Texas 79109
(806) 242-7437
(806) 242-7440 - Fax

COUNSEL FOR TRUSTEE

# EXHIBIT "6"

**2017 Partnership Return**
prepared for:

**GALMOR FAMILY LTD PARTNERSHIP**
PO BOX 349
SHAMROCK, TX 79079

**P K & Company PLLC**
1000 N. Main, P.O. Box 1728
Elk City, OK 73648

L_PRITCHARD_035225

**P K & COMPANY PLLC**
**1000 N. MAIN, P.O. BOX 1728**
**ELK CITY, OK 73648**
**(580) 225-8877**

August 30, 2018

GALMOR FAMILY LTD PARTNERSHIP
PO BOX 349
SHAMROCK, TX 79079

Dear Client:

Your 2017 Federal Partnership Income Tax return will be electronically filed with the Internal Revenue Service upon receipt of a signed Form 8879PE - IRS e-file Signature Authorization. No tax is payable with the filing of this return.

Please call if you have any questions.

Sincerely,

KELLYE L FUCHS, CPA

L_PRITCHARD_035226

**12/31/17**                    **2017 FEDERAL DEPRECIATION SCHEDULE**                    **PAGE 1**

**GALMOR FAMILY LTD PARTNERSHIP**                                                              **27-4132388**

| NO. | DESCRIPTION | DATE ACQUIRED | DATE SOLD | COST/ BASIS | BUS. PCT. | CUR 179 BONUS | SPECIAL DEPR. ALLOW. | PRIOR 179/ BONUS/ SP. DEPR. | PRIOR DEC. BAL DEPR | SALVAG /BASIS REDUCT | DEPR. BASIS | PRIOR DEPR. | METHOD | LIFE | RATE | CURRENT DEPR. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| \multicolumn | RENTAL REAL ESTATE - RENTAL REAL ESTATE | | | | | | | | | | | | | | | |
| 70 | RENT HOUSE IMPROVEMENTS | 12/15/09 | | 11,050 | | | | | | | 11,050 | 2,831 | S/L MM | 27.5 | .03636 | 402 |
| 87 | 2005 CLAYTON MOBILE HOME | 5/02/11 | | 18,049 | | | | | | | 18,049 | 15,632 | 200DB HY | 7 | .08930 | 1,612 |
| 91 | TWITTY - SEPTIC | 5/09/11 | | 5,300 | | | | 5,300 | | | 0 | | 150DB HY | 15 | | 0 |
| 92 | IMPROVEMENTS - BARTLETT | 5/10/11 | | 2,559 | | | | 2,559 | | | 0 | | S/L MM | 27.5 | | 0 |
| 93 | SKIRTING - TWITTY | 6/11/11 | | 1,000 | | | | | | | 1,000 | 1,000 | 200DB HY | 7 | .08930 | 0 |
| 111 | RENT HOUSE IMPROVEMENTS | 9/24/14 | | 22,333 | | | | | | | 22,333 | 1,861 | S/L MM | 27.5 | .03636 | 812 |
| 119 | NEW A/C UNIT | 8/09/16 | | 4,217 | | | | 2,109 | | | 2,108 | 29 | S/L MM | 27.5 | .03636 | 77 |
| | TOTAL | | | 64,508 | | 0 | 0 | 9,968 | 0 | 0 | 54,540 | 21,353 | | | | 2,903 |
| | BUILDINGS | | | | | | | | | | | | | | | |
| 122 | STORAGE BUILDING | 2/28/17 | | 3,000 | | | | | | | 3,000 | | 200DB HY | 10 | .10000 | 300 |
| | TOTAL BUILDINGS | | | 3,000 | | 0 | 0 | 0 | 0 | 0 | 3,000 | 0 | | | | 300 |
| | TOTAL DEPRECIATION | | | 67,508 | | 0 | 0 | 9,968 | 0 | 0 | 57,540 | 21,353 | | | | 3,203 |
| | FORM 1065, SCHEDULE F - CATTLE & WHEAT | | | | | | | | | | | | | | | |
| 59 | HOUSE - 592 | 10/15/08 | | 5,000 | | | | | | | 5,000 | 1,494 | S/L MM | 27.5 | .03636 | 182 |
| | TOTAL | | | 5,000 | | 0 | 0 | 0 | 0 | 0 | 5,000 | 1,494 | | | | 182 |
| | AUTO / TRANSPORT EQUIPMENT | | | | | | | | | | | | | | | |
| 40 | 08 KING RANCH PICKUP | 3/31/08 | 6/15/17 | 66,333 | | | | | | | 66,333 | 66,333 | 150DB HY | 5 | | 0 |
| 41 | 97 INT'L GRAIN TRUCK | 4/01/08 | | 10,500 | | | | | | | 10,500 | 10,500 | 150DB HY | 5 | | 0 |

**12/31/17**  **2017 FEDERAL DEPRECIATION SCHEDULE**  **PAGE 2**

**GALMOR FAMILY LTD PARTNERSHIP**  **27-4132388**

| NO. | DESCRIPTION | DATE ACQUIRED | DATE SOLD | COST/ BASIS | BUS. PCT. | CUR 179 BONUS | SPECIAL DEPR. ALLOW. | PRIOR 179/ BONUS/ SP. DEPR. | PRIOR DEC. BAL DEPR | SALVAG /BASIS REDUCT | DEPR. BASIS | PRIOR DEPR. | METHOD | LIFE | RATE | CURRENT DEPR. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 47 | 01 FORD 1 TON PICKUP | 9/30/08 | | 8,233 | | | | | | | 8,233 | 8,233 | 150DB HY | 5 | | 0 |
| 53 | 09 CPS BELLY DUMP TRAILER | 10/21/08 | 1/31/17 | 31,100 | | | | | | | 31,100 | 31,100 | 150DB HY | 5 | | 0 |
| 54 | 06 FORD DUALLY | 7/17/08 | | 38,240 | | | | | | | 38,240 | 38,240 | 150DB HY | 5 | | 0 |
| 55 | 08 LINCOLN NAVIGATOR | 8/14/08 | 1/15/17 | 47,140 | | | | | | | 47,140 | 47,140 | 150DB HY | 5 | | 0 |
| 58 | GMC GRAIN TRUCK | 2/26/08 | | 1,500 | | | | | | | 1,500 | 1,500 | 150DB HY | 5 | | 0 |
| 76 | 2010 WHITE JEEP | 2/03/10 | | 23,231 | | | | 11,616 | | | 11,615 | 11,615 | 150DB HY | 5 | | 0 |
| 82 | 91 FORD FUEL TRUCK | 2/25/10 | | 2,200 | | | | | | | 2,200 | 2,200 | 150DB HY | 5 | | 0 |
| 94 | 2006 JEEP | 7/07/11 | 1/01/17 | 22,500 | | | | | | | 22,500 | 22,500 | 150DB HY | 5 | | 0 |
| 95 | 98 GMC YUKON | 6/04/11 | 1/01/17 | 3,500 | | | | | | | 3,500 | 3,500 | 150DB HY | 5 | | 0 |
| 96 | TRAILER | 6/30/11 | | 1,000 | | | | | | | 1,000 | 817 | 150DB HY | 7 | .12250 | 123 |
| 98 | KUBOTA MULE | 5/15/12 | 6/01/17 | 15,998 | | | | | | | 15,998 | 15,998 | 150DB HY | 7 | .12250 | 0 |
| | TOTAL AUTO / TRANSPORT EQUIP | | | 271,475 | | 0 | 0 | 11,616 | 0 | 0 | 259,859 | 259,676 | | | | 123 |
| | BUILDINGS | | | | | | | | | | | | | | | |
| 65 | CONE STYLE GRAIN BINS | 6/15/09 | | 5,819 | | | | | | | 5,819 | 3,242 | 150DB HY | 15 | .05910 | 344 |
| 72 | BARN - BRADLEY LAND | 11/12/10 | | 5,000 | | | | | | | 5,000 | 2,492 | 150DB HY | 15 | .05900 | 295 |
| 80 | GRAIN BINS | 1/18/10 | | 6,635 | | | | 3,318 | | | 3,317 | 1,653 | 150DB HY | 15 | .05900 | 196 |
| 90 | MOBILE HOME - 592 | 5/02/11 | | 17,049 | | | | | | | 17,049 | 15,440 | 150DB HY | 7 | .12250 | 1,609 |
| 114 | BUILDING REPAIRS | 9/11/15 | | 4,532 | | | | | | | 4,532 | 213 | S/L MM | 27.5 | .03636 | 165 |
| | TOTAL BUILDINGS | | | 39,035 | | 0 | 0 | 3,318 | 0 | 0 | 35,717 | 23,040 | | | | 2,609 |
| | IMPROVEMENTS | | | | | | | | | | | | | | | |
| 1 | BARN | 8/01/90 | | 1,200 | | | | | | | 1,200 | 1,200 | S/L HY | 15 | | 0 |
| 4 | STOCK PENS | 3/21/01 | | 5,433 | | | | | | | 5,433 | 5,433 | 150DB HY | 5 | | 0 |
| 9 | STOCK PENS | 3/27/03 | | 6,140 | | | | | | | 6,140 | 6,140 | 150DB HY | 5 | | 0 |

**12/31/17**       **2017 FEDERAL DEPRECIATION SCHEDULE**       **PAGE 3**

### GALMOR FAMILY LTD PARTNERSHIP

**27-4132388**

| NO. | DESCRIPTION | DATE ACQUIRED | DATE SOLD | COST/ BASIS | BUS. PCT. | CUR 179 BONUS | SPECIAL DEPR. ALLOW. | PRIOR 179/ BONUS/ SP. DEPR. | PRIOR DEC. BAL DEPR | SALVAG /BASIS REDUCT | DEPR. BASIS | PRIOR DEPR. | METHOD | LIFE | RATE | CURRENT DEPR. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 16 | CATTLE PENS | 1/31/06 | | 3,690 | | | | 3,690 | | | 0 | | 150DB HY | 5 | | 0 |
| 17 | CATTLE PENS | 3/31/06 | | 1,799 | | | | 1,799 | | | 0 | | 150DB HY | 5 | | 0 |
| 24 | FENCE - EMERITT PL | 5/31/07 | | 21,657 | | | | | | | 21,657 | 21,657 | 150DB HY | 7 | | 0 |
| 25 | CATTLE PENS - EMERITT PL | 5/31/07 | | 4,130 | | | | | | | 4,130 | 4,130 | 150DB HY | 7 | | 0 |
| 48 | CONCRETE FOR WATER TANKS | 10/31/08 | | 3,482 | | | | 3,482 | | | 0 | | 150DB HY | 7 | | 0 |
| 51 | CATTLE PENS | 11/30/08 | | 7,625 | | | | 7,625 | | | 0 | | 150DB HY | 7 | | 0 |
| 66 | FENCE | 3/06/09 | | 11,430 | | | | | | | 11,430 | 11,430 | 150DB HY | 5 | | 0 |
| 68 | FENCE | 8/07/09 | | 2,610 | | | | | | | 2,610 | 2,610 | 150DB HY | 7 | | 0 |
| 69 | GRAVEL | 3/30/09 | | 10,673 | | | | 5,337 | | | 5,336 | 2,973 | 150DB HY | 15 | .05910 | 315 |
| 78 | FEED STORAGE | 5/21/10 | | 4,612 | | | | 2,306 | | | 2,306 | 2,163 | 150DB HY | 7 | .06120 | 143 |
| 81 | FENCE | 9/29/10 | | 3,325 | | | | 3,325 | | | 0 | | 150DB HY | 7 | | 0 |
| 85 | STORAGE - 592 | 5/19/11 | | 2,241 | | | | 2,241 | | | 0 | | 150DB HY | 4 | | 0 |
| 88 | FENCE - BRADLEY | 5/11/11 | | 12,054 | | | | 12,054 | | | 0 | | 150DB HY | 7 | | 0 |
| 89 | OFFICE FURNITURE | 3/15/11 | | 2,239 | | | | 2,239 | | | 0 | | 150DB HY | 7 | | 0 |
| 103 | FENCE | 9/26/13 | | 2,974 | | | | 1,487 | | | 1,487 | 848 | 150DB HY | 7 | .12250 | 182 |
| 105 | FENCE | 3/29/14 | | 2,700 | | | | 1,350 | | | 1,350 | 673 | 150DB MQ | 7 | .12160 | 164 |
| 106 | SUBMERGIBLE PUMP | 8/07/14 | | 4,356 | | | | 2,178 | | | 2,178 | 941 | 150DB MQ | 7 | .12280 | 267 |
| 110 | SUB PUMP | 10/10/14 | | 6,542 | | | | 3,271 | | | 3,271 | 1,306 | 150DB MQ | 7 | .12870 | 421 |
| 115 | FENCING | 5/26/15 | | 28,786 | | | | 14,393 | | | 14,393 | 4,294 | 150DB HY | 7 | .15030 | 2,163 |
| | TOTAL IMPROVEMENTS | | | 149,698 | | 0 | 0 | 66,777 | 0 | 0 | 82,921 | 65,798 | | | | 3,655 |
| | **LAND** | | | | | | | | | | | | | | | |
| 60 | GIN YARD - LAND | 3/15/08 | 1/01/17 | 8,000 | | | | | | | 8,000 | | | | | 0 |
| 61 | LAND - EMERITT | 5/31/07 | | 266,598 | | | | | | | 266,598 | | | | | 0 |
| 71 | BRADLEY LAND - 603 ACRES | 11/12/10 | | 296,330 | | | | | | | 296,330 | | | | | 0 |
| 101 | LAND - S OF JACK'S HOUSE | 6/03/13 | 1/01/17 | 5,000 | | | | | | | 5,000 | | | | | 0 |
| | TOTAL LAND | | | 575,928 | | 0 | 0 | 0 | 0 | 0 | 575,928 | 0 | | | | 0 |

L_PRITCHARD_035229

# 2017 FEDERAL DEPRECIATION SCHEDULE

**12/31/17**  **PAGE 4**

## GALMOR FAMILY LTD PARTNERSHIP

27-4132388

| NO. | DESCRIPTION | DATE ACQUIRED | DATE SOLD | COST/ BASIS | BUS. PCT. | CUR 179 BONUS | SPECIAL DEPR. ALLOW. | PRIOR 179/ BONUS/ SP. DEPR. | PRIOR DEC. BAL DEPR | SALVAG /BASIS REDUCT | DEPR. BASIS | PRIOR DEPR. | METHOD | LIFE | RATE | CURRENT DEPR. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | MACHINERY AND EQUIPMENT | | | | | | | | | | | | | | | |
| 2 | BOX CAR | 7/03/98 | | 1,200 | | | | | | | 1,200 | 1,200 | 150DB HY | 7 | | 0 |
| 3 | BUSH HOG | 9/22/00 | | 1,695 | | | | | | | 1,695 | 1,695 | 150DB HY | 5 | | 0 |
| 5 | IRRIGATION PUMP | 4/08/01 | | 3,000 | | | | | | | 3,000 | 3,000 | 150DB HY | 5 | | 0 |
| 6 | CHUTE TRAILER | 4/30/01 | | 2,500 | | | | | | | 2,500 | 2,500 | 150DB HY | 5 | | 0 |
| 7 | 2 PLOWS | 5/15/01 | | 2,100 | | | | | | | 2,100 | 2,100 | 150DB HY | 5 | | 0 |
| 8 | STOCK TRAILER | 12/28/01 | | 850 | | | | | | | 850 | 850 | 150DB HY | 5 | | 0 |
| 10 | EQUIPMENT | 6/30/03 | | 8,000 | | | | | | | 8,000 | 8,000 | 150DB HY | 5 | | 0 |
| 11 | TRAILER | 7/31/03 | | 9,600 | | | | | | | 9,600 | 9,600 | 150DB HY | 5 | | 0 |
| 12 | IRRIGATION EQUIPMENT | 8/29/03 | | 14,750 | | | | | | | 14,750 | 14,750 | 150DB HY | 5 | | 0 |
| 13 | EQUIPMENT | 9/30/03 | | 2,010 | | | | | | | 2,010 | 2,010 | 150DB HY | 5 | | 0 |
| 14 | EQUIPMENT | 7/30/04 | | 12,936 | | | | | | | 12,936 | 12,936 | 150DB HY | 5 | | 0 |
| 15 | GREAT PLAINS DRILL | 1/25/06 | | 18,700 | | | | 18,700 | | | 0 | | 150DB HY | 5 | | 0 |
| 18 | TRACTOR | 7/25/06 | | 3,000 | | | | 3,000 | | | 0 | | 150DB HY | 5 | | 0 |
| 19 | SWATHER | 8/31/06 | 1/15/17 | 17,589 | | | | | | | 17,589 | 17,589 | 150DB HY | 5 | | 0 |
| 20 | CASE TRACKING HOE | 8/31/06 | | 25,948 | | | | 7,326 | | | 18,622 | 17,822 | 150DB HY | 5 | | 0 |
| 21 | DONAHUE SWATHER TRAILER | 8/31/06 | | 6,800 | | | | 2,800 | | | 4,000 | 3,827 | 150DB HY | 5 | | 0 |
| 22 | RED RHINO BALE TRAILER | 6/01/07 | | 7,500 | | | | | | | 7,500 | 7,500 | 150DB HY | 5 | | 0 |
| 23 | 210;300 GALLON BARRELLS | 7/31/07 | | 5,500 | | | | | | | 5,500 | 5,500 | 150DB HY | 7 | | 0 |
| 26 | KUBOTA 4WD TRACTOR | 8/02/06 | | 28,890 | | | | | | | 28,890 | 28,890 | 150DB HY | 7 | | 0 |
| 27 | WOODS BATWING MOWER | 8/02/06 | | 5,778 | | | | | | | 5,778 | 5,778 | 150DB HY | 7 | | 0 |
| 28 | FRONT END LOADER | 8/02/06 | | 3,852 | | | | | | | 3,852 | 3,852 | 150DB HY | 7 | | 0 |
| 29 | 1400 STEIGER TRACTOR | 8/23/06 | 1/15/17 | 29,000 | | | | | | | 29,000 | 22,925 | 150DB HY | 7 | | 0 |
| 30 | JD CHISEL | 8/23/06 | | 3,500 | | | | | | | 3,500 | 3,500 | 150DB HY | 7 | | 0 |
| 31 | IRRIGATION EQUIPMENT | 10/05/04 | | 58,810 | | | | | | | 58,810 | 58,810 | 150DB HY | 7 | | 0 |

L_PRITCHARD_035230

**12/31/17**         **2017 FEDERAL DEPRECIATION SCHEDULE**         **PAGE 5**

**GALMOR FAMILY LTD PARTNERSHIP**         **27-4132388**

| NO. | DESCRIPTION | DATE ACQUIRED | DATE SOLD | COST/ BASIS | BUS. PCT. | CUR 179 BONUS | SPECIAL DEPR. ALLOW. | PRIOR 179/ BONUS/ SP. DEPR. | PRIOR DEC. BAL DEPR | SALVAG /BASIS REDUCT | DEPR. BASIS | PRIOR DEPR. | METHOD | LIFE | RATE | CURRENT DEPR. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 32 | DONAHUE TRAILER | 6/29/07 | | 6,850 | | | | | | | 6,850 | 6,850 | 150DB HY | 7 | | 0 |
| 33 | 1610 JD CHISEL | 8/31/07 | | 6,000 | | | | | | | 6,000 | 6,000 | 150DB HY | 7 | | 0 |
| 34 | GRAIN AUGER | 8/31/07 | | 3,600 | | | | | | | 3,600 | 3,600 | 150DB HY | 7 | | 0 |
| 35 | JD 4960 TRACTOR | 4/07/08 | | 31,135 | | | | 31,135 | | | 0 | | 150DB HY | 7 | | 0 |
| 36 | JD 9300 TRACTOR - 2000 | 5/22/08 | | 64,884 | | | | 64,884 | | | 0 | | 150DB HY | 7 | | 0 |
| 37 | JD 9600 COMBINE - 1991 | 5/22/08 | | 47,750 | | | | 47,750 | | | 0 | | 150DB HY | 7 | | 0 |
| 38 | JD 930 30' COMBINE HEADER | 5/22/08 | | 8,500 | | | | | | | 8,500 | 8,500 | 150DB HY | 7 | | 0 |
| 39 | GRAIN CART | 2/26/08 | | 1,500 | | | | 200 | | | 1,300 | 1,300 | 150DB HY | 7 | | 0 |
| 42 | STOCK TRAILER | 5/30/08 | | 3,500 | | | | 3,500 | | | 0 | | 150DB HY | 7 | | 0 |
| 43 | 10 11' STOCK TANKS | 6/30/08 | | 6,800 | | | | 6,800 | | | 0 | | 150DB HY | 7 | | 0 |
| 45 | 36' GRAIN DRILL | 7/31/08 | | 17,500 | | | | 17,500 | | | 0 | | 150DB HY | 7 | | 0 |
| 46 | HAY SPEAR | 7/31/08 | | 522 | | | | 261 | | | 261 | 261 | 150DB HY | 7 | | 0 |
| 49 | 50' CHISEL | 10/31/08 | | 12,500 | | | | 12,500 | | | 0 | | 150DB HY | 7 | | 0 |
| 50 | 1/2 ROUND BALER | 12/24/08 | | 3,194 | | | | 1,597 | | | 1,597 | 1,597 | 150DB HY | 7 | | 0 |
| 52 | 60" MOWER | 10/16/08 | | 9,389 | | | | 4,695 | | | 4,694 | 4,694 | 150DB HY | 7 | | 0 |
| 56 | IRRIGATION SYSTEM | 5/08/07 | | 78,901 | | | | | | | 78,901 | 78,892 | 150DB HY | 7 | | 0 |
| 57 | IRRIGATION SYSTEM | 10/05/04 | | 58,810 | | | | | | | 58,810 | 58,810 | 150DB HY | 7 | | 0 |
| 62 | FLATBED TRAILER | 10/19/09 | | 475 | | | | | | | 475 | 475 | 150DB HY | 7 | | 0 |
| 63 | CHUTE & SCALE | 6/11/09 | | 4,000 | | | | | | | 4,000 | 4,000 | 150DB HY | 7 | | 0 |
| 64 | HAY FEEDERS | 11/16/09 | | 1,950 | | | | | | | 1,950 | 1,950 | 150DB HY | 7 | | 0 |
| 67 | HAY FEEDERS | 11/16/09 | | 1,950 | | | | | | | 1,950 | 1,950 | 150DB HY | 7 | | 0 |
| 73 | CATERPILLAR CH85C | 3/31/10 | 1/01/17 | 44,000 | | | | | | | 44,000 | 41,302 | 150DB HY | 7 | .06120 | 1,347 |
| 74 | GP 354000 DRILL | 7/15/10 | | 21,550 | | | | | | | 21,550 | 20,230 | 150DB HY | 7 | .06120 | 1,320 |
| 75 | JD MOWER - LN05 | 7/15/10 | | 810 | | | | 405 | | | 405 | 381 | 150DB HY | 7 | .06120 | 24 |
| 77 | CATTLE TRAILER | 8/23/10 | | 12,000 | | | | 6,000 | | | 6,000 | 5,633 | 150DB HY | 7 | .06120 | 367 |
| 79 | VERMEER 210 HAY RAKE | 5/12/10 | | 2,250 | | | | | | | 2,250 | 2,113 | 150DB HY | 7 | .06120 | 137 |
| 83 | FUEL TANKS | 2/25/10 | | 1,800 | | | | | | | 1,800 | 1,692 | 150DB HY | 7 | .06120 | 108 |

L_PRITCHARD_035231

**12/31/17**        **2017 FEDERAL DEPRECIATION SCHEDULE**        **PAGE 6**

### GALMOR FAMILY LTD PARTNERSHIP

**27-4132388**

| NO. | DESCRIPTION | DATE ACQUIRED | DATE SOLD | COST/ BASIS | BUS. PCT. | CUR 179 BONUS | SPECIAL DEPR. ALLOW. | PRIOR 179/ BONUS/ SP. DEPR | PRIOR DEC. BAL DEPR | SALVAG /BASIS REDUCT | DEPR. BASIS | PRIOR DEPR. | METHOD | LIFE | RATE | CURRENT DEPR. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 84 | BALER | 1/21/10 | | 6,388 | | | | | | | 6,388 | 5,998 | 150DB HY | 7 | .06120 | 390 |
| 86 | 3 HARROWS | 1/03/11 | 1/01/17 | 54,750 | | | | | | | 54,750 | 54,750 | 150DB HY | 7 | .12250 | 0 |
| 97 | 91 JD CHISEL PLOW | 8/03/11 | | 12,180 | | | | | | | 12,180 | 9,941 | 150DB HY | 7 | .12250 | 1,492 |
| 102 | ROUND BALE HAULER - 1/2 | 9/10/13 | | 2,263 | | | | 1,132 | | | 1,131 | 1,017 | 150DB HY | 4 | .10160 | 114 |
| 112 | NEW G80 GEARHEAD | 8/11/15 | | 3,350 | | | | 1,675 | | | 1,675 | 499 | 150DB HY | 7 | .15030 | 252 |
| 113 | WATER WELL - ARROW | 11/23/15 | | 1,874 | | | | 937 | | | 937 | 279 | 150DB HY | 7 | .15030 | 141 |
| | TOTAL MACHINERY AND EQUIPME | | | 806,433 | | 0 | 0 | 232,797 | 0 | 0 | 573,636 | 557,348 | | | | 5,692 |
| | **MISCELLANEOUS** | | | | | | | | | | | | | | | |
| 99 | 3 BULLS | 6/08/12 | | 8,721 | | | | 8,721 | | | 0 | | 150DB HY | 5 | | 0 |
| 100 | 54 BRED HEIFERS | 9/16/13 | VARIOUS | 75,600 | | | | | | | 75,600 | 66,153 | 150DB HY | 5 | .16660 | 6,298 |
| 104 | 34 COWS | 1/17/12 | | 38,297 | | | | | | | 38,297 | 38,297 | 150DB HY | 5 | .08330 | 0 |
| 107 | 1 BULL - SHANE MORG | 3/27/14 | VARIOUS | 2,500 | | | | | | | 2,500 | 2,062 | 150DB MQ | 5 | .16520 | 155 |
| 108 | 2 COWS | 6/17/14 | VARIOUS | 2,800 | | | | | | | 2,800 | 2,243 | 150DB MQ | 5 | .16760 | 176 |
| 109 | 60 HEIFERS | 10/20/14 | VARIOUS | 65,257 | | | | | | | 65,257 | 49,870 | 150DB MQ | 5 | .16400 | 4,013 |
| 116 | 3 BULLS | 2/14/15 | VARIOUS | 9,000 | | | | | | | 9,000 | 6,323 | 150DB HY | 5 | .17850 | 804 |
| 117 | 1 BULL 3 HEIFERS | 7/15/15 | VARIOUS | 8,800 | | | | | | | 8,800 | 6,182 | 150DB HY | 5 | .17850 | 786 |
| 118 | 2 BUFFALO | 7/21/15 | VARIOUS | 4,400 | | | | | | | 4,400 | 3,091 | 150DB HY | 5 | .17850 | 393 |
| 120 | 4 BULLS | 6/08/12 | VARIOUS | 11,629 | | | | | | | 11,629 | 11,629 | 150DB HY | 5 | .08330 | 0 |
| 121 | 4 COWS | 1/17/12 | VARIOUS | 4,506 | | | | | | | 4,506 | 4,506 | 150DB HY | 5 | .08330 | 0 |
| | TOTAL MISCELLANEOUS | | | 231,510 | | 0 | 0 | 8,721 | 0 | 0 | 222,789 | 190,356 | | | | 12,625 |
| | TOTAL DEPRECIATION | | | 2,079,079 | | 0 | 0 | 323,229 | 0 | 0 | 1,755,850 | 1,097,712 | | | | 24,886 |

L_PRITCHARD_035232

**12/31/17**　　　　　　**2017 FEDERAL DEPRECIATION SCHEDULE**　　　　　　**PAGE 7**

**GALMOR FAMILY LTD PARTNERSHIP**　　　　　　27-4132388

| NO. | DESCRIPTION | DATE ACQUIRED | DATE SOLD | COST/ BASIS | BUS. PCT. | CUR 179 BONUS | SPECIAL DEPR. ALLOW. | PRIOR 179/ BONUS/ SP. DEPR. | PRIOR DEC. BAL DEPR | SALVAG /BASIS REDUCT | DEPR. BASIS | PRIOR DEPR. | METHOD | LIFE | RATE | CURRENT DEPR. |
|-----|-------------|---------------|-----------|-------------|-----------|---------------|----------------------|------------------------------|---------------------|----------------------|-------------|-------------|--------|------|------|----------------|
| | GRAND TOTAL DEPRECIATION | | | 2,146,587 | | 0 | 0 | 333,197 | 0 | 0 | 1,813,390 | 1,119,065 | | | | 28,089 |
| | DEPRECIATION ASSETS SOLD | | | 529,402 | | 0 | 0 | 0 | 0 | 0 | 529,402 | 475,196 | | | | 13,972 |
| | DEPR REMAINING ASSETS | | | 1,617,185 | | 0 | 0 | 333,197 | 0 | 0 | 1,283,988 | 643,869 | | | | 14,117 |

L_PRITCHARD_035233

Form **8879-PE**

**IRS e-file Signature Authorization for Form 1065**

OMB No. 1545-0123

► Return completed Form 8879-PE to your ERO. (Don't send to the IRS.)

► Go to *www.irs.gov/Form8879PE* for the latest information.

**2017**

Department of the Treasury
Internal Revenue Service

For calendar year 2017, or tax year beginning _____ , 2017, and ending _____ , _____ .

Name of partnership
GALMOR FAMILY LTD PARTNERSHIP

Employer identification number
27-4132388

| Part I | **Tax Return Information** (Whole dollars only) | | |
|---|---|---|---|
| 1 | Gross receipts or sales less returns and allowances (Form 1065, line 1c).................................... | 1 | 79,627. |
| 2 | Gross profit (Form 1065, line 3)............................................................................ | 2 | 79,627. |
| 3 | Ordinary business income (loss) (Form 1065, line 22)..................................................... | 3 | -96,848. |
| 4 | Net rental real estate income (loss) (Form 1065, Schedule K, line 2)...................................... | 4 | -3,156. |
| 5 | Other net rental income (loss) (Form 1065, Schedule K, line 3c).......................................... | 5 | |

| Part II | **Declaration and Signature Authorization of Partner or Member**
**(Be sure to get a copy of the partnership's return)** |
|---|---|

Under penalties of perjury, I declare that I am a partner or member of the above partnership and that I have examined a copy of the partnership's 2017 electronic return of partnership income and accompanying schedules and statements and to the best of my knowledge and belief, it is true, correct, and complete. I further declare that the amounts in Part I above are the amounts shown on the copy of the partnership's electronic return of partnership income. I consent to allow my electronic return originator (ERO), transmitter, or intermediate service provider to send the partnership's return to the IRS and to receive from the IRS (a) an acknowledgement of receipt or reason for rejection of the transmission and (b) the reason for any delay in processing the return. I have selected a personal identification number (PIN) as my signature for the partnership's electronic return of partnership income.

**Partner or Member's PIN: check one box only**

[X] I authorize <u>P K & COMPANY PLLC</u> to enter my PIN <u>55555</u> as my signature on the
                       **ERO firm name**                         **Don't enter all zeros**
partnership's 2017 electronically filed return of partnership income.

[ ] As a partner or member of the partnership, I will enter my PIN as my signature on the partnership's 2017 electronically filed return of partnership income.

Partner or member's signature ► _____

Title ► _____ Date ► _____

| Part III | **Certification and Authentication** |
|---|---|

**ERO's EFIN/PIN.** Enter your six-digit EFIN followed by your five-digit self-selected PIN. <u>73695054733</u>
                                                                                    **Don't enter all zeros**

I certify that the above numeric entry is my PIN, which is my signature on the 2017 electronically filed return of partnership income for the partnership indicated above. I confirm that I am submitting this return in accordance with the requirements of **Pub. 3112**, IRS *e-file* Application and Participation, and **Pub. 4163**, Modernized e-File (MeF) Information for Authorized IRS *e-file* Providers for Business Returns.

ERO's signature ► _____ Date ► _____

**ERO Must Retain This Form — See Instructions**
**Don't Submit This Form to the IRS Unless Requested To Do So**

**BAA For Paperwork Reduction Act Notice, see instructions.**

Form **8879-PE** (2017)

PTPA0901L 11/20/17

L_PRITCHARD_035234

Form **1065**

Department of the Treasury
Internal Revenue Service

# U.S. Return of Partnership Income

For calendar year 2017, or tax year beginning _____ , 2017,
ending _____ , 20 ____ .
► Go to www.irs.gov/Form1065 for instructions and the latest information.

OMB No. 1545-0123

**2017**

| | |
|---|---|
| **A** Principal business activity<br>SERVICE | **D** Employer identification no.<br>27-4132388 |
| **B** Principal product or service<br>FARM/OIL & GAS | **E** Date business started<br>6/03/2011 |
| **C** Business code number<br>213110 | **F** Total assets (see the instrs)<br>$ 698,475. |

Type
or
Print

GALMOR FAMILY LTD PARTNERSHIP
PO BOX 349
SHAMROCK, TX 79079

**G** Check applicable boxes: **(1)** ☐ Initial return **(2)** ☐ Final return **(3)** ☐ Name change **(4)** ☐ Address change **(5)** ☐ Amended return
**(6)** ☐ Technical termination – also check (1) or (2)

**H** Check accounting method: **(1)** ☒ Cash **(2)** ☐ Accrual **(3)** ☐ Other (specify) ► _____

**I** Number of Schedules K-1. Attach one for each person who was a partner at any time during the tax year ► 4

**J** Check if Schedules C and M-3 are attached ................................................................ ☐

Caution: Include *only* trade or business income and expenses on lines 1a through 22 below. See the instructions for more information.

**INCOME**

| | | | |
|---|---|---|---|
| **1 a** Gross receipts or sales ................................ | 1a | 79,627. | |
| **b** Returns and allowances ................................ | 1b | | |
| **c** Balance. Subtract line 1b from line 1a ................................ | | 1c | 79,627. |
| **2** Cost of goods sold (attach Form 1125-A) ................................ | | 2 | |
| **3** Gross profit. Subtract line 2 from line 1c ................................ | | 3 | 79,627. |
| **4** Ordinary income (loss) from other partnerships, estates, and trusts (attach statement) ................................ | | 4 | |
| **5** Net farm profit (loss) (attach Schedule F (Form 1040)) ................................ | | 5 | -137,549. |
| **6** Net gain (loss) from Form 4797, Part II, line 17 (attach Form 4797) ................................ | | 6 | 43,694. |
| **7** Other income (loss) (attach statement) ................................ | | 7 | |
| **8** **Total income (loss).** Combine lines 3 through 7 ................................ | | 8 | -14,228. |

**DEDUCTIONS (SEE INSTRS FOR LIMITATIONS)**

| | | | |
|---|---|---|---|
| **9** Salaries and wages (other than to partners) (less employment credits) ................................ | | 9 | |
| **10** Guaranteed payments to partners ................................ | | 10 | |
| **11** Repairs and maintenance ................................ | | 11 | |
| **12** Bad debts ................................ | | 12 | |
| **13** Rent ................................ | | 13 | |
| **14** Taxes and licenses ................................ | | 14 | 28,549. |
| **15** Interest ................................ | | 15 | |
| **16a** Depreciation (if required, attach Form 4562) ......... | 16a | 24,886. | |
| **b** Less depreciation reported on Form 1125-A and elsewhere on return ... | 16b | 24,886. | 16c |
| **17** Depletion (**Do not deduct oil and gas depletion.**) ................................ | | 17 | |
| **18** Retirement plans, etc. ................................ | | 18 | |
| **19** Employee benefit programs ................................ | | 19 | |
| **20** Other deductions (attach statement) ................ SEE STATEMENT 1 | | 20 | 54,071. |
| **21** **Total deductions.** Add the amounts shown in the far right column for lines 9 through 20 ............ | | 21 | 82,620. |
| **22** **Ordinary business income (loss).** Subtract line 21 from line 8 ................................ | | 22 | -96,848. |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than partner or limited liability company member) is based on all information of which preparer has any knowledge.

► _____ Signature of partner or limited liability company member

Date _____

May the IRS discuss this return with the preparer shown below (see instrs)? ☒ Yes ☐ No

**Paid Preparer Use Only**

| | | | | | |
|---|---|---|---|---|---|
| Print/Type preparer's name<br>KELLYE L FUCHS, CPA | Preparer's signature | Date | Check ☐ if self-employed | | PTIN<br>P01254733 |
| Firm's name ► P K & COMPANY PLLC | | | | Firm's EIN ► | 47-3985644 |
| Firm's address ► 1000 N. MAIN, P.O. BOX 1728<br>ELK CITY, OK 73648 | | | | Phone no. | (580) 225-8877 |

**BAA For Paperwork Reduction Act Notice, see separate instructions.**

PTPA0105L 08/22/17

Form **1065** (2017)

L_PRITCHARD_035235

Form **1065** (2017)  GALMOR FAMILY LTD PARTNERSHIP                                          27-4132388               Page **2**

| **Schedule B** | **Other Information** | | |
|---|---|---|---|

| | | Yes | No |
|---|---|---|---|
| **1** | What type of entity is filing this return? Check the applicable box: | | |

**a** ☒ Domestic general partnership  **b** ☐ Domestic limited partnership
**c** ☐ Domestic limited liability company  **d** ☐ Domestic limited liability partnership
**e** ☐ Foreign partnership  **f** ☐ Other ▶

| | | Yes | No |
|---|---|---|---|
| **2** | At any time during the tax year, was any partner in the partnership a disregarded entity, a partnership (including an entity treated as a partnership), a trust, an S corporation, an estate (other than an estate of a deceased partner), or a nominee or similar person?.......... | | X |
| **3** | At the end of the tax year: | | |
| **a** | Did any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization, or any foreign government own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership? For rules of constructive ownership, see instructions. If 'Yes,' attach Schedule B-1, Information on Partners Owning 50% or More of the Partnership.......... | | X |
| **b** | Did any individual or estate own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership? For rules of constructive ownership, see instructions. If 'Yes,' attach Schedule B-1, Information on Partners Owning 50% or More of the Partnership.......... | | X |
| **4** | At the end of the tax year, did the partnership: | | |
| **a** | Own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of stock entitled to vote of any foreign or domestic corporation? For rules of constructive ownership, see instructions. If 'Yes,' complete (i) through (iv) below.......... | | X |

| **(i)** Name of Corporation | **(ii)** Employer Identification Number (if any) | **(iii)** Country of Incorporation | **(iv)** Percentage Owned in Voting Stock |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| | | | | Yes | No |
|---|---|---|---|---|---|
| **b** Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions. If 'Yes,' complete (i) through (v) below.......... | | | | | X |

| **(i)** Name of Entity | **(ii)** Employer Identification Number (if any) | **(iii)** Type of Entity | **(iv)** Country of Organization | **(v)** Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| | | Yes | No |
|---|---|---|---|
| **5** | Did the partnership file Form 8893, Election of Partnership Level Tax Treatment, or an election statement under section 6231(a)(1)(B)(ii) for partnership-level tax treatment, that is in effect for this tax year? See Form 8893 for more details........ | | X |
| **6** | Does the partnership satisfy **all four** of the following conditions? | | |
| **a** | The partnership's total receipts for the tax year were less than $250,000. | | |
| **b** | The partnership's total assets at the end of the tax year were less than $1 million. | | |
| **c** | Schedules K-1 are filed with the return and furnished to the partners on or before the due date (including extensions) for the partnership return. | | |
| **d** | The partnership is not filing and is not required to file Schedule M-3.......... | X | |
| | If 'Yes,' the partnership is not required to complete Schedules L, M-1, and M-2; Item F on page 1 of Form 1065; or Item L on Schedule K-1. | | |
| **7** | Is this partnership a publicly traded partnership as defined in section 469(k)(2)?.......... | | X |
| **8** | During the tax year, did the partnership have any debt that was cancelled, was forgiven, or had the terms modified so as to reduce the principal amount of the debt?.......... | | X |
| **9** | Has this partnership filed, or is it required to file, Form 8918, Material Advisor Disclosure Statement, to provide information on any reportable transaction?.......... | | X |
| **10** | At any time during calendar year 2017, did the partnership have an interest in or a signature or other authority over a financial account in a foreign country (such as a bank account, securities account, or other financial account)? See the instructions for exceptions and filing requirements for FinCEN Form 114, Report of Foreign Bank and Financial Accounts (FBAR). If 'Yes,' enter the name of the foreign country. ▶ | | X |

PTPA0112L 08/22/17                                                                                Form **1065** (2017)

Form **1065** (2017) GALMOR FAMILY LTD PARTNERSHIP         27-4132388      Page **3**

| **Schedule B** | **Other Information** *(continued)* | | |
|---|---|---|---|
| | | **Yes** | **No** |
| 11 | At any time during the tax year, did the partnership receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? If 'Yes,' the partnership may have to file Form 3520, Annual Return To Report Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts. See instructions. . . . . . . . . . . . . . . . . . . . . | | X |
| **12a** | Is the partnership making, or had it previously made (and not revoked), a section 754 election? . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| | See instructions for details regarding a section 754 election. | | |
| **b** | Did the partnership make for this tax year an optional basis adjustment under section 743(b) or 734(b)? If 'Yes,' attach a statement showing the computation and allocation of the basis adjustment. See instructions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| **c** | Is the partnership required to adjust the basis of partnership assets under section 743(b) or 734(b) because of a substantial built-in loss (as defined under section 743(d)) or substantial basis reduction (as defined under section 734(d))? If 'Yes,' attach a statement showing the computation and allocation of the basis adjustment. See instructions | | X |
| 13 | Check this box if, during the current or prior tax year, the partnership distributed any property received in a like-kind exchange or contributed such property to another entity (other than disregarded entities wholly owned by the partnership throughout the tax year) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐ | | |
| 14 | At any time during the tax year, did the partnership distribute to any partner a tenancy-in-common or other undivided interest in partnership property? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| 15 | If the partnership is required to file Form 8858, Information Return of U.S. Persons With Respect To Foreign Disregarded Entities, enter the number of Forms 8858 attached. | | |
| | See instructions    ▶ | | |
| 16 | Does the partnership have any foreign partners? If 'Yes,' enter the number of Forms 8805, Foreign Partner's Information Statement of Section 1446 Withholding Tax, filed for this partnership.    ▶ | | X |
| 17 | Enter the number of Forms 8865, Return of U.S. Persons With Respect to Certain Foreign Partnerships, attached to this return. ▶ | | |
| **18a** | Did you make any payments in 2017 that would require you to file Form(s) 1099? See instructions. . . . . . . . . . . . . . . . . . . . . | X | |
| **b** | If 'Yes,' did you or will you file required Form(s) 1099? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | X | |
| 19 | Enter the number of Form(s) 5471, Information Return of U.S. Persons With Respect To Certain Foreign Corporations, attached to this return. ▶ | | |
| 20 | Enter the number of partners that are foreign governments under section 892.    ▶ 0 | | |
| 21 | During the partnership's tax year, did the partnership make any payments that would require it to file Form 1042 and 1042-S under chapter 3 (sections 1441 through 1464) or chapter 4 (sections 1471 through 1474)? . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| 22 | Was the partnership a specified domestic entity required to file Form 8938 for the tax year (See the Instructions for Form 8938)? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |

**Designation of Tax Matters Partner** (see instructions)
Enter below the general partner or member-manager designated as the tax matters partner (TMP) for the tax year of this return:

| Name of designated TMP ▶ | GALMOR MANAGEMENT LLC | Identifying number of TMP ▶ | 27-4132505 |
|---|---|---|---|
| If the TMP is an entity, name of TMP representative ▶ | MICHAEL S GALMOR | Phone number of TMP ▶ | |
| Address of designated TMP ▶ | PO BOX 349 <br> SHAMROCK, TX 79079 | | |

PTPA0112L   08/22/17                            Form **1065** (2017)

L_PRITCHARD_035237

Form **1065** (2017)  GALMOR FAMILY LTD PARTNERSHIP                              27-4132388                    Page **4**

| Schedule K | Partners' Distributive Share Items | | Total amount |
|---|---|---|---|
| | **1** Ordinary business income (loss) (page 1, line 22)............................................... | **1** | −96,848. |
| | **2** Net rental real estate income (loss) (attach Form 8825)........................................ | **2** | −3,156. |
| | **3a** Other gross rental income (loss)........................................ **3a** | | |
| | **b** Expenses from other rental activities (attach stmt)........................... **3b** | | |
| | **c** Other net rental income (loss). Subtract line 3b from line 3a............................. | **3c** | |
| **Income (Loss)** | **4** Guaranteed payments................................................................ | **4** | |
| | **5** Interest income.................................................................... | **5** | 2,324. |
| | **6** Dividends: **a** Ordinary dividends................................................ | **6a** | |
| | **b** Qualified dividends................................ **6b** | | |
| | **7** Royalties......................................................................... | **7** | 41,518. |
| | **8** Net short-term capital gain (loss) (attach Schedule D (Form 1065)).................... | **8** | |
| | **9a** Net long-term capital gain (loss) (attach Schedule D (Form 1065))................... | **9a** | |
| | **b** Collectibles (28%) gain (loss)............................ **9b** | | |
| | **c** Unrecaptured section 1250 gain (attach statement)................ **9c** | | |
| | **10** Net section 1231 gain (loss) (attach Form 4797).................................... | **10** | −20,426. |
| | **11** Other income (loss) (see instructions)    Type ▶ | **11** | |
| **Deductions** | **12** Section 179 deduction (attach Form 4562)........................................... | **12** | |
| | **13a** Contributions.................................................................... | **13a** | |
| | **b** Investment interest expense........................................................ | **13b** | |
| | **c** Section 59(e)(2) expenditures: **(1)** Type ▶ _ _ _ _ _ _ _ _ _ _ _ _ **(2)** Amount ▶ | **13c (2)** | |
| | **d** Other deductions (see instructions) Type ▶ _ _ _ _ _ _ _ _ SEE STATEMENT 2 | **13d** | 23. |
| **Self-Employ-ment** | **14a** Net earnings (loss) from self-employment.......................................... | **14a** | −1,405. |
| | **b** Gross farming or fishing income................................................... | **14b** | 52,390. |
| | **c** Gross nonfarm income............................................................ | **14c** | |
| **Credits** | **15a** Low-income housing credit (section 42(j)(5))........................................ | **15a** | |
| | **b** Low-income housing credit (other)................................................. | **15b** | |
| | **c** Qualified rehabilitation expenditures (rental real estate) (attach Form 3468, if applicable)........... | **15c** | |
| | **d** Other rental real estate credits (see instructions) Type ▶ | **15d** | |
| | **e** Other rental credits (see instructions)........... Type ▶ _ _ _ _ _ _ _ _ _ _ _ _ | **15e** | |
| | **f** Other credits (see instructions)................... Type ▶ _ _ _ _ _ _ _ _ _ _ _ _ | **15f** | |
| **Foreign Trans-actions** | **16a** Name of country or U.S. possession ... ▶ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | | |
| | **b** Gross income from all sources..................................................... | **16b** | |
| | **c** Gross income sourced at partner level.............................................. | **16c** | |
| | Foreign gross income sourced at partnership level | | |
| | **d** Passive category ▶ _ _ _ _ _ _ _ **e** General category ▶ _ _ _ _ _ _ _ **f** Other ▶ | **16f** | |
| | Deductions allocated and apportioned at partner level | | |
| | **g** Interest expense ▶ _ _ _ _ _ _ _ _ _ **h** Other ▶ | **16h** | |
| | Deductions allocated and apportioned at partnership level to foreign source income | | |
| | **i** Passive category ▶ _ _ _ _ _ _ _ **j** General category ▶ _ _ _ _ _ _ _ **k** Other ▶ | **16k** | |
| | **l** Total foreign taxes (check one): ▶ Paid ☐  Accrued ☐ | **16l** | |
| | **m** Reduction in taxes available for credit (attach statement)............................ | **16m** | |
| | **n** Other foreign tax information (attach statement)................................... | | |
| **Alternative Minimum Tax (AMT) Items** | **17a** Post-1986 depreciation adjustment................................................ | **17a** | −5,823. |
| | **b** Adjusted gain or loss.............................................................. | **17b** | −164,316. |
| | **c** Depletion (other than oil and gas)................................................. | **17c** | |
| | **d** Oil, gas, and geothermal properties − gross income.................................. | **17d** | 121,145. |
| | **e** Oil, gas, and geothermal properties − deductions................................... | **17e** | 50,219. |
| | **f** Other AMT items (attach stmt).................................................... | **17f** | |
| **Other Infor-mation** | **18a** Tax-exempt interest income....................................................... | **18a** | |
| | **b** Other tax-exempt income.......................................................... | **18b** | |
| | **c** Nondeductible expenses........................................................... | **18c** | |
| | **19a** Distributions of cash and marketable securities.................................... | **19a** | 55,756. |
| | **b** Distributions of other property.................................................... | **19b** | |
| | **20a** Investment income............................................................... | **20a** | 43,842. |
| | **b** Investment expenses.............................................................. | **20b** | 23. |
| | **c** Other items and amounts (attach stmt)............................................. | | |

BAA                                                                                          Form **1065** (2017)

L_PRITCHARD_035238

Form **1065** (2017)  GALMOR FAMILY LTD PARTNERSHIP                    27-4132388              Page **5**

## Analysis of Net Income (Loss)

| | | | | | | |
|---|---|---|---|---|---|---|
| **1** | Net income (loss). Combine Schedule K, lines 1 through 11. From the result, subtract the sum of Schedule K, lines 12 through 13d and 16l. | | | | **1** | -76,611. |

| **2** | Analysis by partner type: | **(i)** Corporate | **(ii)** Individual (active) | **(iii)** Individual (passive) | **(iv)** Partnership | **(v)** Exempt Organization | **(vi)** Nominee/Other |
|---|---|---|---|---|---|---|---|
| **a** | General partners.... | | | | -766. | | |
| **b** | Limited partners.... | | | -9,490. | | | -66,355. |

## Schedule L — Balance Sheets per Books

| | Assets | Beginning of tax year (a) | (b) | End of tax year (c) | (d) |
|---|---|---|---|---|---|
| **1** | Cash..................................... | | 20,694. | | 336. |
| **2 a** | Trade notes and accounts receivable........ | | | | |
| **b** | Less allowance for bad debts............ | | | | |
| **3** | Inventories............................. | | | | |
| **4** | U.S. government obligations.............. | | | | |
| **5** | Tax-exempt securities................... | | | | |
| **6** | Other current assets (attach stmt)......... | | | | |
| **7 a** | Loans to partners (or persons related to partners)..... | | | | |
| **b** | Mortgage and real estate loans........... | | | | |
| **8** | Other investments (attach stmt)........... | | | | |
| **9 a** | Buildings and other depreciable assets..... | 2,161,587. | | 1,617,185. | |
| **b** | Less accumulated depreciation.............. | 1,452,262. | 709,325. | 991,183. | 626,002. |
| **10 a** | Depletable assets....................... | | | | |
| **b** | Less accumulated depletion............... | | | | |
| **11** | Land (net of any amortization)........... | | | | |
| **12 a** | Intangible assets (amortizable only)........ | | | | |
| **b** | Less accumulated amortization........... | | | | |
| **13** | Other assets (attach stmt).... SEE ST 3 | | 81,902. | | 72,137. |
| **14** | Total assets............................. | | 811,921. | | 698,475. |
| | **Liabilities and Capital** | | | | |
| **15** | Accounts payable....................... | | | | |
| **16** | Mortgages, notes, bonds payable in less than 1 year.... | | | | |
| **17** | Other current liabilities (attach stmt) SEE ST 4 | | 174,079. | | 173,470. |
| **18** | All nonrecourse loans.................... | | | | |
| **19 a** | Loans from partners (or persons related to partners)... | | | | |
| **b** | Mortgages, notes, bonds payable in 1 year or more..... | | 640,896. | | 593,047. |
| **20** | Other liabilities (attach stmt).............. | | | | |
| **21** | Partners' capital accounts................ | | -3,054. | | -68,042. |
| **22** | Total liabilities and capital............... | | 811,921. | | 698,475. |

## Schedule M-1 — Reconciliation of Income (Loss) per Books With Income (Loss) per Return

**Note.** The partnership may be required to file Schedule M-3 (see instructions).

| | | | | | |
|---|---|---|---|---|---|
| **1** | Net income (loss) per books............ | -76,611. | **6** | Income recorded on books this year not included on Schedule K, lines 1 through 11 (itemize): | |
| **2** | Income included on Schedule K, lines 1, 2, 3c, 5, 6a, 7, 8, 9a, 10, and 11, not recorded on books this year (itemize): | | **a** | Tax-exempt interest .. $ _____ | |
| | _____ | | | | |
| | _____ | | **7** | Deductions included on Schedule K, lines 1 through 13d, and 16l, not charged against book income this year (itemize): | |
| **3** | Guaranteed pmts (other than health insurance)..... | | **a** | Depreciation ..... $ _____ | |
| **4** | Expenses recorded on books this year not included on Schedule K, lines 1 through 13d, and 16l (itemize): | | | | |
| **a** | Depreciation ...... $ _____ | | | _____ | |
| **b** | Travel and entertainment $ _____ | | **8** | Add lines 6 and 7.................. | |
| | | | **9** | Income (loss) (Analysis of Net Income (Loss), line 1). Subtract line 8 from line 5 .............. | -76,611. |
| **5** | Add lines 1 through 4................. | -76,611. | | | |

## Schedule M-2 — Analysis of Partners' Capital Accounts

| | | | | | |
|---|---|---|---|---|---|
| **1** | Balance at beginning of year........... | -3,054. | **6** | Distributions:  **a** Cash.................. | 55,756. |
| **2** | Capital contributed: **a** Cash........... | 11,006. | | **b** Property................. | |
| | **b** Property........... | | **7** | Other decreases (itemize): | |
| **3** | Net income (loss) per books........... | -76,611. | | _____ | |
| **4** | Other increases (itemize): | | | _____ | |
| | STATEMENT 5 _____ | 56,373. | **8** | Add lines 6 and 7.................. | 55,756. |
| **5** | Add lines 1 through 4................. | -12,286. | **9** | Balance at end of year. Subtract line 8 from line 5 .... | -68,042. |

PTPA0134L 08/22/17                                                Form **1065** (2017)

L_PRITCHARD_035239

**SCHEDULE F**
**(Form 1040)**

Department of the Treasury
Internal Revenue Service (99)

**Profit or Loss From Farming**

▶ Attach to Form 1040, Form 1040NR, Form 1041, Form 1065, or Form 1065-B.
▶ Go to *www.irs.gov/ScheduleF* for instructions and the latest information.

OMB No. 1545-0074

**2017**

Attachment
Sequence No. **14**

Name of proprietor

GALMOR FAMILY LTD PARTNERSHIP

Social security number (SSN)

| A Principal crop or activity | B Enter code from Part IV | C Accounting method: | D Employer ID number (EIN), (see instr) |
|---|---|---|---|
| CATTLE & WHEAT | ▶ 112111 | ☒ Cash ☐ Accrual | 27-4132388 |

E  Did you 'materially participate' in the operation of this business during 2017? If 'No,' see instructions for limit on passive losses. . . . . . . . . . . . . . . . . . ☒ Yes ☐ No

F  Did you make any payments in 2017 that would require you to file Form(s) 1099 (see instructions)? . . . . . . . . . . . . . . . . . . ☐ Yes ☒ No

G  If 'Yes,' did you or will you file required Forms 1099? . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No

| Part I | Farm Income — Cash Method. Complete Parts I and II (Accrual method. Complete Parts II and III, and Part I, line 9.) | | | |
|---|---|---|---|---|
| 1 a Sales of livestock and other resale items (see instructions). . . . . . . . . . . . . . . . | 1a | | | |
| b Cost or other basis of livestock or other items reported on line 1a. . . . . . . . . . . . | 1b | | | |
| c Subtract line 1b from line 1a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 1c | |
| 2 Sales of livestock, produce, grains, and other products you raised . . . . . . . . . . . . . . . . . . . . | | | 2 | 45,915. |
| 3a Cooperative distributions (Form(s) 1099-PATR). . . . | 3a | 602. | 3b Taxable amount . . . . . | 3b | 602. |
| 4a Agricultural program payments (see instructions). . . . . . | 4a | | 4b Taxable amount . . . . . | 4b | |
| 5a Commodity Credit Corporation (CCC) loans reported under election . . . . . . . . . . . . . . . | | | 5a | |
| b CCC loans forfeited. . . . . . . . . . . . . . . . . . . . . | 5b | | 5c Taxable amount . . . . . | 5c | |
| 6 Crop insurance proceeds and federal crop disaster payments (see instructions) | | | | |
| a Amount received in 2017. . . . . . . . . . . . . . . . | 6a | 3,948. | 6b Taxable amount . . . . . | 6b | 3,948. |
| c If election to defer to 2018 is attached, check here ▶ ☐ | | | 6d Amount deferred from 2016. . . . | 6d | |
| 7 Custom hire (machine work) income . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | 7 | |
| 8 Other income, including federal and state gasoline or fuel tax credit or refund (see instructions). . . . . . . . . . . . . . . . . . . . SEE STATEMENT 6 | | | 8 | 1,925. |
| 9 Gross income. Add amounts in the right column (lines 1c, 2, 3b, 4b, 5a, 5c, 6b, 6d, 7, and 8). If you use the accrual method, enter the amount from Part III, line 50. See instructions . . . . . . . . . . . . ▶ | | | 9 | 52,390. |

| Part II | Farm Expenses — Cash and Accrual Method. Do not include personal or living expenses. See instructions. | | | | |
|---|---|---|---|---|---|
| 10 Car and truck expenses (see instructions). Also attach Form 4562. . . . . . . . . . . . | 10 | | 23 Pension and profit-sharing plans . . . . . | 23 | |
| 11 Chemicals. . . . . . . . . . . . . . . . . . . . | 11 | | 24 Rent or lease (see instructions): | | |
| 12 Conservation expenses (see instructions) . . . . . . . . . . . . . | 12 | | a Vehicles, machinery, equipment. . . . . . . | 24a | |
| | | | b Other (land, animals, etc.) . . . . . . . | 24b | |
| 13 Custom hire (machine work). . . . . | 13 | | 25 Repairs and maintenance. . . . . . . . . . . | 25 | 6,879. |
| 14 Depreciation and section 179 expense (see instructions). . . . . . | 14 | 24,886. | 26 Seeds and plants. . . . . . . . . . . . . | 26 | 4,575. |
| 15 Employee benefit programs other than on line 23. . . . . . . . . . | 15 | | 27 Storage and warehousing. . . . . . . . . | 27 | |
| | | | 28 Supplies. . . . . . . . . . . . . . . . . . | 28 | 10,265. |
| 16 Feed. . . . . . . . . . . . . . . . . . . . | 16 | | 29 Taxes. . . . . . . . . . . . . . . . . . . | 29 | |
| 17 Fertilizers and lime . . . . . . . . . | 17 | | 30 Utilities. . . . . . . . . . . . . . . . . | 30 | 18,150. |
| 18 Freight and trucking . . . . . . . . . | 18 | | 31 Veterinary, breeding, and medicine. . . . | 31 | 1,711. |
| 19 Gasoline, fuel, and oil. . . . . . . | 19 | 17,009. | 32 Other expenses (specify): | | |
| 20 Insurance (other than health). . . . | 20 | 21,605. | a BANK CHARGES | 32a | 5,553. |
| 21 Interest: | | | b CONTRACT LABOR | 32b | 17,935. |
| a Mortgage (paid to banks, etc.). . . | 21a | 60,857. | c DUES | 32c | 38. |
| b Other . . . . . . . . . . . . . . . . . | 21b | | d TELEPHONE | 32d | 476. |
| 22 Labor hired (less employment credits) | 22 | | e | 32e | |
| | | | f | 32f | |
| 33 Total expenses. Add lines 10 through 32f. If line 32f is negative, see instructions . . . . . . . . . . . . . . ▶ | | | 33 | 189,939. |
| 34 Net farm profit or (loss). Subtract line 33 from line 9. | | | 34 | -137,549. |
| If a profit, stop here and see instructions for where to report. If a loss, complete lines 35 and 36. | | | | |

35  Did you receive an applicable subsidy in 2017? See instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☒ No

36  Check the box that describes your investment in this activity and see instructions for where to report your loss.

a ☐ All investment is at risk.       b ☐ Some investment is not at risk.

**BAA** For Paperwork Reduction Act Notice, see the separate instructions.

FDIZ0212L  08/08/17

Schedule F (Form 1040) 2017

L_PRITCHARD_035240

| Form **8825** | | **Rental Real Estate Income and Expenses of a Partnership or an S Corporation** | | OMB No. 1545-0123 |
|---|---|---|---|---|
| (Rev. September 2017) | | | | |
| Department of the Treasury Internal Revenue Service | | ► **Attach to Form 1065, Form 1065-B, or Form 1120S.** ► **Go to** *www.irs.gov/Form8825* **for the latest information.** | | |

| Name | Employer identification number |
|---|---|
| GALMOR FAMILY LTD PARTNERSHIP | 27-4132388 |

**1** Show the type and address of each property. For each rental real estate property listed, report the number of days rented at fair rental value and days with personal use. See instructions. See page 2 to list additional properties.

| | Physical address of each property — street, city, state, ZIP code | Type — Enter code 1–8; see page 2 for list | Fair Rental Days | Personal Use Days |
|---|---|---|---|---|
| **A** | 15767 FM 1036 SHAMROCK, OK 79079 | 5 | 365 | |
| **B** | | | | |
| **C** | | | | |
| **D** | | | | |

| | | | **Properties** | | | |
|---|---|---|---|---|---|---|
| | **Rental Real Estate Income** | | **A** | **B** | **C** | **D** |
| **2** | Gross rents | **2** | 1,200. | | | |
| | **Rental Real Estate Expenses** | | | | | |
| **3** | Advertising | **3** | | | | |
| **4** | Auto and travel | **4** | | | | |
| **5** | Cleaning and maintenance | **5** | | | | |
| **6** | Commissions | **6** | | | | |
| **7** | Insurance | **7** | 250. | | | |
| **8** | Legal and other professional fees | **8** | | | | |
| **9** | Interest | **9** | | | | |
| **10** | Repairs | **10** | 903. | | | |
| **11** | Taxes | **11** | | | | |
| **12** | Utilities | **12** | | | | |
| **13** | Wages and salaries | **13** | | | | |
| **14** | Depreciation (see instructions) | **14** | 3,203. | | | |
| **15** | Other (list) ► | **15** | | | | |
| **16** | Total expenses for each property. Add lines 3 through 15 | **16** | 4,356. | | | |
| **17** | Income or (loss) from each property. Subtract line 16 from line 2 | **17** | -3,156. | | | |

| **18a** | Total gross rents. Add gross rents from line 2, columns A through H | **18a** | 1,200. |
|---|---|---|---|
| **b** | Total expenses. Add total expenses from line 16, columns A through H | **18b** | -4,356. |
| **19** | Net gain (loss) from Form 4797, Part II, line 17, from the disposition of property from rental real estate activities | **19** | |
| **20a** | Net income (loss) from rental real estate activities from partnerships, estates, and trusts in which this partnership or S corporation is a partner or beneficiary (from Schedule K-1) | **20a** | |
| **b** | Identify below the partnerships, estates, or trusts from which net income (loss) is shown on line 20a. Attach a schedule if more space is needed. | | |

| **(1)** Name | **(2)** Employer identification number |
|---|---|
| | |
| | |

| **21** | Net rental estate income (loss). Combine lines 18a through 20a. Enter the result here and on: • **Form 1065 or 1120S:** Schedule K, line 2; or • **Form 1065-B:** Part I, line 4 | **21** | -3,156. |
|---|---|---|---|

| **BAA For Paperwork Reduction Act Notice, see instructions.** | SPSZ0101L 09/28/17 | Form **8825** (Rev. 9-2017) |
|---|---|---|

L_PRITCHARD_035241

Form **8825** (Rev. 9-2017) GALMOR FAMILY LTD PARTNERSHIP   27-4132388    Page **2**

**1** Show the type and address of each property. For each rental real estate property listed, report the number of days at fair rental value and days with personal use. See instructions.

| Physical address of each property — street, city, state, ZIP code | Type — Enter code 1–8; see below for list | Fair Rental Days | Personal Use Days |
|---|---|---|---|
| **E** | | | |
| **F** | | | |
| **G** | | | |
| **H** | | | |

| | | Properties | | | |
|---|---|---|---|---|---|
| **Rental Real Estate Income** | | **E** | **F** | **G** | **H** |
| **2** Gross rents | 2 | | | | |
| **Rental Real Estate Expenses** | | | | | |
| **3** Advertising | 3 | | | | |
| **4** Auto and travel | 4 | | | | |
| **5** Cleaning and maintenance | 5 | | | | |
| **6** Commissions | 6 | | | | |
| **7** Insurance | 7 | | | | |
| **8** Legal and other professional fees | 8 | | | | |
| **9** Interest | 9 | | | | |
| **10** Repairs | 10 | | | | |
| **11** Taxes | 11 | | | | |
| **12** Utilities | 12 | | | | |
| **13** Wages and salaries | 13 | | | | |
| **14** Depreciation (see instructions) | 14 | | | | |
| **15** Other (list) ▶ | 15 | | | | |
| **16** Total expenses for each property. Add lines 3 through 15 | 16 | | | | |
| **17** Income or (loss) from each property. Subtract line 16 from line 2 | 17 | | | | |

**Allowable Codes for Type of Property**

1 — Single Family Residence
2 — Multi-Family Residence
3 — Vacation or Short-Term Rental
4 — Commercial
5 — Land
6 — Royalties
7 — Self-Rental
8 — Other (include description with the code on Form 8825 or on a separate statement)

**BAA**                    SPSZ0102L   09/28/17                    Form **8825** (Rev. 9-2017)

| Form **4562** | **Depreciation and Amortization** | OMB No. 1545-0172 |
|---|---|---|
| | **(Including Information on Listed Property)** | **2017** |
| | ► Attach to your tax return. | |
| Department of the Treasury Internal Revenue Service (99) | ► Go to *www.irs.gov/Form4562* for instructions and the latest information. | Attachment Sequence No. **179** |

| Name(s) shown on return | Identifying number |
|---|---|
| GALMOR FAMILY LTD PARTNERSHIP | 27-4132388 |

Business or activity to which this form relates

FORM 8825, RENTAL REAL ESTATE - RENTAL REAL ESTATE

**Part I** **Election To Expense Certain Property Under Section 179**
Note: *If you have any listed property, complete Part V before you complete Part I.*

| | | | |
|---|---|---|---|
| 1 | Maximum amount (see instructions) | 1 | 510,000. |
| 2 | Total cost of section 179 property placed in service (see instructions) | 2 | 3,000. |
| 3 | Threshold cost of section 179 property before reduction in limitation (see instructions) | 3 | 2,030,000. |
| 4 | Reduction in limitation. Subtract line 3 from line 2. If zero or less, enter -0- | 4 | 0. |
| 5 | Dollar limitation for tax year. Subtract line 4 from line 1. If zero or less, enter -0-. If married filing separately, see instructions | 5 | 510,000. |

| 6 | **(a)** Description of property | **(b)** Cost (business use only) | **(c)** Elected cost |
|---|---|---|---|
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| 7 | Listed property. Enter the amount from line 29 | 7 | 0. |
| 8 | Total elected cost of section 179 property. Add amounts in column (c), lines 6 and 7 | 8 | |
| 9 | Tentative deduction. Enter the **smaller** of line 5 or line 8 | 9 | |
| 10 | Carryover of disallowed deduction from line 13 of your 2016 Form 4562 | 10 | 230,240. |
| 11 | Business income limitation. Enter the smaller of business income (not less than zero) or line 5 (see instrs) | 11 | 0. |
| 12 | Section 179 expense deduction. Add lines 9 and 10, but don't enter more than line 11 | 12 | 0. |
| 13 | Carryover of disallowed deduction to 2018. Add lines 9 and 10, less line 12 ► | 13 | 230,240. |

Note: *Don't use Part II or Part III below for listed property. Instead, use Part V.*

**Part II** **Special Depreciation Allowance and Other Depreciation (Don't** include listed property.**)** (See instructions.)

| | | | |
|---|---|---|---|
| 14 | Special depreciation allowance for qualified property (other than listed property) placed in service during the tax year (see instructions) | 14 | |
| 15 | Property subject to section 168(f)(1) election | 15 | |
| 16 | Other depreciation (including ACRS) | 16 | |

**Part III** **MACRS Depreciation (Don't** include listed property.**)** (See instructions.)

**Section A**

| | | | |
|---|---|---|---|
| 17 | MACRS deductions for assets placed in service in tax years beginning before 2017 | 17 | 2,903. |
| 18 | If you are electing to group any assets placed in service during the tax year into one or more general asset accounts, check here ► ☐ | | |

**Section B — Assets Placed in Service During 2017 Tax Year Using the General Depreciation System**

| **(a)** Classification of property | **(b)** Month and year placed in service | **(c)** Basis for depreciation (business/investment use only — see instructions) | **(d)** Recovery period | **(e)** Convention | **(f)** Method | **(g)** Depreciation deduction |
|---|---|---|---|---|---|---|
| **19a** 3-year property | | | | | | |
| **b** 5-year property | | | | | | |
| **c** 7-year property | | | | | | |
| **d** 10-year property | | 3,000. | 10 | HY | 200DB | 300. |
| **e** 15-year property | | | | | | |
| **f** 20-year property | | | | | | |
| **g** 25-year property | | | 25 yrs | | S/L | |
| **h** Residential rental | | | 27.5 yrs | MM | S/L | |
| property | | | 27.5 yrs | MM | S/L | |
| **i** Nonresidential real | | | 39 yrs | MM | S/L | |
| property | | | | MM | S/L | |

**Section C — Assets Placed in Service During 2017 Tax Year Using the Alternative Depreciation System**

| | | | | | | |
|---|---|---|---|---|---|---|
| **20a** Class life | | | | | S/L | |
| **b** 12-year | | | 12 yrs | | S/L | |
| **c** 40-year | | | 40 yrs | MM | S/L | |

**Part IV** **Summary** (See instructions.)

| | | | |
|---|---|---|---|
| 21 | Listed property. Enter amount from line 28 | 21 | |
| 22 | **Total.** Add amounts from line 12, lines 14 through 17, lines 19 and 20 in column (g), and line 21. Enter here and on the appropriate lines of your return. Partnerships and S corporations — see instructions | 22 | 3,203. |
| 23 | For assets shown above and placed in service during the current year, enter the portion of the basis attributable to section 263A costs | 23 | |

BAA **For Paperwork Reduction Act Notice, see separate instructions.**      FDIZ0812L 08/15/17      Form **4562** (2017)

Form **4797**

Department of the Treasury
Internal Revenue Service

**Sales of Business Property**
(Also Involuntary Conversions and Recapture Amounts
Under Sections 179 and 280F(b)(2))
► Attach to your tax return.
► Go to *www.irs.gov/Form4797* for instructions and the latest information.

OMB No. 1545-0184

**2017**

Attachment
Sequence No. **27**

Name(s) shown on return
GALMOR FAMILY LTD PARTNERSHIP

Identifying number
27-4132388

**1** Enter the gross proceeds from sales or exchanges reported to you for 2017 on Form(s) 1099-B or 1099-S
(or substitute statement) that you are including on line 2, 10, or 20. See instructions..................... | **1** |

**Part I** **Sales or Exchanges of Property Used in a Trade or Business and Involuntary Conversions From Other Than Casualty or Theft — Most Property Held More Than 1 Year** (see instructions)

| 2 **(a)** Description of property | **(b)** Date acquired (mo., day, yr.) | **(c)** Date sold (mo., day, yr.) | **(d)** Gross sales price | **(e)** Depreciation allowed or allowable since acquisition | **(f)** Cost or other basis, plus improvements and expense of sale | **(g)** Gain or (loss) Subtract (f) from the sum of (d) and (e) |
|---|---|---|---|---|---|---|
| SEE STATEMENT 7 | | | | | | -20,426. |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| | | | |
|---|---|---|---|
| **3** Gain, if any, from Form 4684, line 39 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **3** | |
| **4** Section 1231 gain from installment sales from Form 6252, line 26 or 37 . . . . . . . . . . . . . . . . . . . . . | **4** | |
| **5** Section 1231 gain or (loss) from like-kind exchanges from Form 8824 . . . . . . . . . . . . . . . . . . . . . . | **5** | |
| **6** Gain, if any, from line 32, from other than casualty or theft . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **6** | |
| **7** Combine lines 2 through 6. Enter the gain or (loss) here and on the appropriate line as follows: . . . . . . . . . | **7** | -20,426. |

**Partnerships (except electing large partnerships) and S corporations.** Report the gain or (loss) following the instructions for Form 1065, Schedule K, line 10, or Form 1120S, Schedule K, line 9. Skip lines 8, 9, 11, and 12 below.

**Individuals, partners, S corporation shareholders, and all others.** If line 7 is zero or a loss, enter the amount from line 7 on line 11 below and skip lines 8 and 9. If line 7 is a gain and you didn't have any prior year section 1231 losses, or they were recaptured in an earlier year, enter the gain from line 7 as a long-term capital gain on the Schedule D filed with your return and skip lines 8, 9, 11, and 12 below.

| | | |
|---|---|---|
| **8** Nonrecaptured net section 1231 losses from prior years. See instructions . . . . . . . . . . . . . . . . . . . . | **8** | |
| **9** Subtract line 8 from line 7. If zero or less, enter -0-. If line 9 is zero, enter the gain from line 7 on line 12 below. If line 9 is more than zero, enter the amount from line 8 on line 12 below and enter the gain from line 9 as a long-term capital gain on the Schedule D filed with your return. See instructions . . . . . . . . . . . . . . . . . . | **9** | |

**Part II** **Ordinary Gains and Losses** (see instructions)

**10** Ordinary gains and losses not included on lines 11 through 16 (include property held 1 year or less):

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| | | | |
|---|---|---|---|
| **11** Loss, if any, from line 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **11** | |
| **12** Gain, if any, from line 7 or amount from line 8, if applicable . . . . . . . . . . . . . . . . . . . . . . . . . . . | **12** | |
| **13** Gain, if any, from line 31 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **13** | 43,694. |
| **14** Net gain or (loss) from Form 4684, lines 31 and 38a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **14** | |
| **15** Ordinary gain from installment sales from Form 6252, line 25 or 36 . . . . . . . . . . . . . . . . . . . . . . . | **15** | |
| **16** Ordinary gain or (loss) from like-kind exchanges from Form 8824 . . . . . . . . . . . . . . . . . . . . . . . . | **16** | |
| **17** Combine lines 10 through 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **17** | 43,694. |

**18** For all except individual returns, enter the amount from line 17 on the appropriate line of your return and skip lines a and b below. For individual returns, complete lines a and b below:

**a** If the loss on line 11 includes a loss from Form 4684, line 35, column (b)(ii), enter that part of the loss here. Enter the part of the loss from income-producing property on Schedule A (Form 1040), line 28, and the part of the loss from property used as an employee on Schedule A (Form 1040), line 23. Identify as from 'Form 4797, line 18a.' See instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **18a** |

**b** Redetermine the gain or (loss) on line 17 excluding the loss, if any, on line 18a. Enter here and on Form 1040, line 14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **18b** |

**BAA For Paperwork Reduction Act Notice, see separate instructions.** Form **4797** (2017)

FDIZ1001L 08/23/17

Form 4797 (2017)  GALMOR FAMILY LTD PARTNERSHIP                                   27-4132388                Page 2

| Part III | **Gain From Disposition of Property Under Sections 1245, 1250, 1252, 1254, and 1255** (see instructions) |
|---|---|

| 19(a) | Description of section 1245, 1250, 1252, 1254, or 1255 property: | (b) Date acquired (mo., day, yr.) | (c) Date sold (mo., day, yr.) |
|---|---|---|---|
| A | 54 BRED HEIFERS | 9/16/13 | VARIOUS |
| B | | | |
| C | | | |
| D | | | |

| These columns relate to the properties on lines 19A through 19D. | | Property A | Property B | Property C | Property D |
|---|---|---|---|---|---|
| 20 | Gross sales price (**Note:** *See line 1 before completing.*) | 20 | 63,502. | | | |
| 21 | Cost or other basis plus expense of sale | 21 | 184,492. | | | |
| 22 | Depreciation (or depletion) allowed or allowable | 22 | 164,684. | | | |
| 23 | Adjusted basis. Subtract line 22 from line 21 | 23 | 19,808. | | | |
| 24 | Total gain. Subtract line 23 from line 20 | 24 | 43,694. | | | |
| 25 | **If section 1245 property:** | | | | | |
| a | Depreciation allowed or allowable from line 22 | 25a | 164,684. | | | |
| b | Enter the **smaller** of line 24 or 25a | 25b | 43,694. | | | |
| 26 | **If section 1250 property:** If straight line depreciation was used, enter -0- on line 26g, except for a corporation subject to section 291. | | | | | |
| a | Additional depreciation after 1975. See instrs | 26a | | | | |
| b | Applicable percentage multiplied by the **smaller** of line 24 or line 26a. See instructions | 26b | | | | |
| c | Subtract line 26a from line 24. If residential rental property **or** line 24 isn't more than line 26a, skip lines 26d and 26e | 26c | | | | |
| d | Additional depreciation after 1969 and before 1976 | 26d | | | | |
| e | Enter the **smaller** of line 26c or 26d | 26e | | | | |
| f | Section 291 amount (corporations only) | 26f | | | | |
| g | Add lines 26b, 26e, and 26f | 26g | | | | |
| 27 | **If section 1252 property:** Skip this section if you didn't dispose of farmland or if this form is being completed for a partnership (other than an electing large partnership). | | | | | |
| a | Soil, water, and land clearing expenses | 27a | | | | |
| b | Line 27a multiplied by applicable percentage. See instructions | 27b | | | | |
| c | Enter the **smaller** of line 24 or 27b | 27c | | | | |
| 28 | **If section 1254 property:** | | | | | |
| a | Intangible drilling and development costs, expenditures for development of mines and other natural deposits, mining exploration costs, and depletion. See instructions | 28a | | | | |
| b | Enter the **smaller** of line 24 or 28a | 28b | | | | |
| 29 | **If section 1255 property:** | | | | | |
| a | Applicable percentage of payments excluded from income under section 126. See instructions | 29a | | | | |
| b | Enter the **smaller** of line 24 or 29a. See instrs | 29b | | | | |

**Summary of Part III Gains.** Complete property columns A through D through line 29b before going to line 30.

| 30 | Total gains for all properties. Add property columns A through D, line 24 | 30 | 43,694. |
|---|---|---|---|
| 31 | Add property columns A through D, lines 25b, 26g, 27c, 28b, and 29b. Enter here and on line 13 | 31 | 43,694. |
| 32 | Subtract line 31 from line 30. Enter the portion from casualty or theft on Form 4684, line 33. Enter the portion from other than casualty or theft on Form 4797, line 6 | 32 | 0. |

| Part IV | **Recapture Amounts Under Sections 179 and 280F(b)(2) When Business Use Drops to 50% or Less** (see instructions) |
|---|---|

| | | | (a) Section 179 | (b) Section 280F(b)(2) |
|---|---|---|---|---|
| 33 | Section 179 expense deduction or depreciation allowable in prior years | 33 | | |
| 34 | Recomputed depreciation. See instructions | 34 | | |
| 35 | Recapture amount. Subtract line 34 from line 33. See the instructions for where to report | 35 | | |

BAA                                FDIZ1002L  01/15/18                                        Form **4797** (2017)

L_PRITCHARD_035245

# 2017 Other Rental Activities Schedule
Form 1065, Schedule K, Line 3

| Name | Employer Identification Number |
|---|---|
| GALMOR FAMILY LTD PARTNERSHIP | 27-4132388 |

**1** Description of Property

A  WATER SALES

B

C

D

| | | Properties | | | |
|---|---|---|---|---|---|
| **Other Rental Income** | | **A** | **B** | **C** | **D** |
| **2** Gross rents . . . . . . . . . . . . . . . . . . . . . . . . | | | | | |
| Ordinary inc. (loss) federal amount . | | | | | |
| Total Gross Income . . . . . . . . . . . . . . . | 2 | | | | |
| **Rental Expenses** | | | | | |
| **3** Advertising . . . . . . . . . . . . . . . . . . . . . . | 3 | | | | |
| **4** Auto and travel . . . . . . . . . . . . . . . . . . . . | 4 | | | | |
| **5** Cleaning and maintenance . . . . . . . . . . | 5 | | | | |
| **6** Commissions . . . . . . . . . . . . . . . . . . . | 6 | | | | |
| **7** Insurance . . . . . . . . . . . . . . . . . . . . . . . . | 7 | | | | |
| **8** Legal and other professional fees . . . | 8 | | | | |
| **9** Interest . . . . . . . . . . . . . . . . . . . . . . . . . . | 9 | | | | |
| **10** Repairs . . . . . . . . . . . . . . . . . . . . . . . . . | 10 | | | | |
| **11** Taxes . . . . . . . . . . . . . . . . . . . . . . . . . . . | 11 | | | | |
| **12** Utilities . . . . . . . . . . . . . . . . . . . . . . . . . | 12 | | | | |
| **13** Wages and salaries . . . . . . . . . . . . . . . . | 13 | | | | |
| **14** Depreciation . . . . . . . . . . . . . . . . . . . . . | 14 | | | | |
| **15** ▶ | 15 | | | | |
| **16** Total Expenses. Add lines 3 through 15 . . . . . . | 16 | | | | |
| **17** Net income (loss) from other rental activities Subtract line 16 from line 2 . . . . . . . . . . . . . | 17 | | | | |
| **Passive Activity Info** | | | | | |
| **18a** Passive (P) / Nonpassive (NP) . . . . . . | 18a | P | | | |
| **b** Section 1231 gain (loss) . . . . . . . . . . . | 18b | | | | |

## SUMMARY OF OTHER RENTAL ACTIVITIES
PTPL1601L  07/06/17

| | | | |
|---|---|---|---|
| **19** | Total Gross income from all other rental activities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 19 | |
| **20** | Net income (loss) from other rental activities from partnerships and fiduciaries in which this partnership or S corporation is a partner or beneficiary (from Schedule K-1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 20 | 0. |
| **21** | Total Gross income from all activities and passthroughs. Line 19 plus Line 20. Enter on Sch. K, line 3a | 21 | 0. |
| **22** | Total expenses from all other rental activities. Enter on Sch. K, line 3b . . . . . . . . . . . . . . . . . . . . . . . . . . . | 22 | |
| **23** | Net income (loss) from other rental activities. Line 21 minus Line 22. Enter the result here and on Schedule K, line 3c . . . . . . . . . . . . . . . . . . . . . . . . . . | 23 | 0. |

L_PRITCHARD_035246

| 2017 | FEDERAL STATEMENTS | PAGE 1 |
|------|--------------------|--------|
| | **GALMOR FAMILY LTD PARTNERSHIP** | 27-4132388 |

**STATEMENT 1**
**FORM 1065, LINE 20**
**OTHER DEDUCTIONS**

| | | |
|---|---|---:|
| LEGAL AND PROFESSIONAL | $ | 3,875. |
| OPERATING EXPENSE FROM O & G ACTIVITIES | | 50,193. |
| PRODUCTION TAX FROM O & G ACTIVITIES | | 3. |
| | TOTAL $ | 54,071. |

**STATEMENT 2**
**FORM 1065, SCHEDULE K, LINE 13D**
**OTHER DEDUCTIONS**

| | | |
|---|---|---:|
| ROYALTY INCOME: PRODUCTION TAX FROM O & G ACTIVITIES | $ | 23. |
| | TOTAL $ | 23. |

**QUALIFIED DOMESTIC PRODUCTION ACTIVITY INFORMATION - ALL ACTIVITIES**

| | | |
|---|---|---:|
| QUALIFIED PRODUCTION ACTIVITIES INCOME | $ | -132,374. |

**STATEMENT 3**
**FORM 1065, SCHEDULE L, LINE 13**
**OTHER ASSETS**

| | BEGINNING | ENDING |
|---|---:|---:|
| NOTE RECEIVABLE - CARTER | $ 81,902. | $ 72,136. |
| ROUNDING | 0. | 1. |
| TOTAL | $ 81,902. | $ 72,137. |

**STATEMENT 4**
**FORM 1065, SCHEDULE L, LINE 17**
**OTHER CURRENT LIABILITIES**

| | BEGINNING | ENDING |
|---|---:|---:|
| BANK OVERDRAFT | $ 0. | $ 8,203. |
| SHALE ADVANCE | 174,079. | 165,267. |
| TOTAL | $ 174,079. | $ 173,470. |

**STATEMENT 5**
**FORM 1065, SCHEDULE M-2, LINE 4**
**OTHER INCREASES**

| | | |
|---|---|---:|
| | $ | 56,373. |
| | TOTAL $ | 56,373. |

| 2017 | FEDERAL STATEMENTS | PAGE 2 |
|---|---|---|

**GALMOR FAMILY LTD PARTNERSHIP**      27-4132388

**STATEMENT 6**
**SCHEDULE F, LINE 8**
**OTHER INCOME**

```
REIMB - FEED.................................................................  $     1,925.
                                                        TOTAL  $     1,925.
```

**STATEMENT 7**
**FORM 4797, PAGE 1, PART I**
**SALES OR EXCHANGES OF CERTAIN PROPERTY HELD OVER ONE YEAR**

| DESCRIPTION OF PROPERTY | DATE ACQUIRED | DATE SOLD | SALES PRICE | DEPRECIATION ALLOWED | COST OR BASIS | GAIN OR LOSS |
|---|---|---|---|---|---|---|
| SWATHER | 8/31/06 | 1/15/17 | | 17,589. | 17,589. $ | 0. |
| 1400 STEIGER TRACTOR | 8/23/06 | 1/15/17 | | 22,925. | 29,000. | -6,075. |
| 08 KING RANCH PICKUP | 3/31/08 | 6/15/17 | | 66,333. | 66,333. | 0. |
| 09 CPS BELLY DUMP TRAILER | 10/21/08 | 1/31/17 | | 31,100. | 31,100. | 0. |
| 08 LINCOLN NAVIGATOR | 8/14/08 | 1/15/17 | | 47,140. | 47,140. | 0. |
| GIN YARD - LAND | 3/15/08 | 1/01/17 | | | 8,000. | -8,000. |
| CATERPILLAR CH85C | 3/31/10 | 1/01/17 | | 42,649. | 44,000. | -1,351. |
| 3 HARROWS | 1/03/11 | 1/01/17 | | 54,750. | 54,750. | 0. |
| 2006 JEEP | 7/07/11 | 1/01/17 | | 22,500. | 22,500. | 0. |
| 98 GMC YUKON | 6/04/11 | 1/01/17 | | 3,500. | 3,500. | 0. |
| KUBOTA MULE | 5/15/12 | 6/01/17 | | 15,998. | 15,998. | 0. |
| LAND - S OF JACK'S HOUSE | 6/03/13 | 1/01/17 | | | 5,000. | -5,000. |
| | | | | | TOTAL $ | -20,426. |

**2017**        **GENERAL ELECTIONS**        **PAGE 1**

**GALMOR FAMILY LTD PARTNERSHIP**        **27-4132388**

**SECTION 1.263(A)-1(F) DE MINIMIS SAFE HARBOR ELECTION**

THE TAXPAYER HEREBY MAKES THE DE MINIMIS SAFE HARBOR ELECTION UNDER REGULATION
1.263(A)-1(F).

GALMOR FAMILY LTD PARTNERSHIP
PO BOX 349
SHAMROCK, TX 79079
27-4132388

| 12/31/17 | **2017 FEDERAL OIL AND GAS INCOME (LOSS) REPORT** | PAGE 1 |
|---|---|---|

**GALMOR FAMILY LTD PARTNERSHIP**   27-4132388

| PROP NUMBER | PROPERTY DESCRIPTION | PRODUCTION TYPE | GROSS INCOME | PRODUCTION TAX | IDC* | OPERATING EXPENSES | AMORTIZATIO DEPRECIATION | * SECTION 179 | ALLOCATED OVERHEAD | DRY HOLE EXPENSE* | OTHER EXPENSES | NET INCOME |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | BARKER PRODUCTION CO | PRIMARY GAS | 1,024 | 10 | | | | | | | | 1,014 |
| 21 | CIMAREX | PRIMARY GAS | 182 | 13 | | | | | | | | 169 |
| | TOTALS: SCHEDULE K - ROYALTIES | | 1,206 | 23 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1,183 |
| 13 | BARKER PRODUCTION - TX | PRIMARY GAS | 76,482 | | | 50,193 | | | | | | 26,289 |
| 22 | BARKER PRODUCTION - OK | PRIMARY GAS | 3,145 | 3 | | | | | | | | 3,142 |
| | TOTALS: TRADE OR BUSINESS INCOME | | 79,627 | 3 | 0 | 50,193 | 0 | 0 | 0 | 0 | 0 | 29,431 |
| 19 | GALMOR'S/G&G STEAM SERVICE INC | NONPRODUCING | 40,312 | | | | | | | | | 40,312 |
| | TOTALS: SCHEDULE K - ROYALTIES | | 40,312 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 40,312 |
| | GRAND TOTALS | | 121,145 | 26 | 0 | 50,193 | 0 | 0 | 0 | 0 | 0 | 70,926 |

\* - PASS-THROUGH EXPENSES INCLUDED IN NET INCOME ONLY FOR CALCULATION OF NET INCOME LIMITATION ON THE FEDERAL OIL AND GAS ALLOWABLE DEPLETION REPORT.

L_PRITCHARD_035250

**12/31/17**      **2017 FEDERAL OIL AND GAS ALLOWABLE DEPLETION REPORT**      **PAGE 1**

**GALMOR FAMILY LTD PARTNERSHIP**      **27-4132388**

| PROP NUMBER | PROPERTY DESCRIPTION | PRODUCTION TYPE | GROSS % DEPLETION | TENTATIVE % DEPLETION | COST DEPLETION | GREATER OF % OR COST | DEPLETION IN EXCESS OF BASIS | EXCESS IDC |
|---|---|---|---|---|---|---|---|---|
| 1 | BARKER PRODUCTION CO | PRIMARY GAS | 154 | 154 | | 154 | 154 | |
| 21 | CIMAREX | PRIMARY GAS | 27 | 27 | | 27 | 27 | |
| | TOTALS: SCHEDULE K - ROYALTIES | | 181 | 181 | 0 | 181 | 181 | 0 |
| 13 | BARKER PRODUCTION - TX | PRIMARY GAS | 11,472 | 11,472 | | 11,472 | 11,472 | |
| 22 | BARKER PRODUCTION - OK | PRIMARY GAS | 472 | 472 | | 472 | 472 | |
| | TOTALS: TRADE OR BUSINESS INCOME | | 11,944 | 11,944 | 0 | 11,944 | 11,944 | 0 |
| 19 | GALMOR'S/G&G STEAM SERVICE INC | NONPRODUCING | 2,016 | 2,016 | | 2,016 | 2,016 | |
| | TOTALS: SCHEDULE K - ROYALTIES | | 2,016 | 2,016 | 0 | 2,016 | 2,016 | 0 |
| | GRAND TOTALS | | 14,141 | 14,141 | 0 | 14,141 | 14,141 | 0 |

L_PRITCHARD_035251

GALMOR FAMILY LTD PARTNERSHIP
PO BOX 349
SHAMROCK, TX 79079
806-256-2135

August 30, 2018

THE GALMOR CONTRIBUTION TRUST
PO BOX 349
SHAMROCK, TX 79079

RE:
GALMOR FAMILY LTD PARTNERSHIP
27-4132388
Schedule K-1 from Partnership's 2017 Return of Income

Dear THE GALMOR CONTRIBUTION TRUST:

Enclosed is your 2017 Schedule K-1 (Form 1065) Partner's Share of Income, Deductions, Credits, Etc. from GALMOR FAMILY LTD PARTNERSHIP.  This information reflects the amounts you need to complete your income tax return.  The amounts shown are your distributive share of partnership tax items to be reported on your tax return, and may not correspond to actual distributions you have received during the year. This information is included in the Partnership's 2017 Federal Return of Partnership Income that was filed with the Internal Revenue Service.

If you have any questions concerning this information, please contact us immediately.

Sincerely,

GALMOR FAMILY LTD PARTNERSHIP

Enclosure(s)

L_PRITCHARD_035252

**Schedule K-1**
(Form 1065)

Department of the Treasury
Internal Revenue Service

**2017**

For calendar year 2017, or tax

☐ Final K-1    ☐ Amended K-1

651117

OMB No. 1545-0123

beginning ___/___/2017    ending ___/___

## Partner's Share of Income, Deductions, Credits, etc. ▶ See separate instructions.

| Part III | Partner's Share of Current Year Income, Deductions, Credits, and Other Items |
|---|---|

| | Part I | Information About the Partnership |
|---|---|---|

**A** Partnership's employer identification number
27-4132388

**B** Partnership's name, address, city, state, and ZIP code

GALMOR FAMILY LTD PARTNERSHIP
PO BOX 349
SHAMROCK, TX 79079

**C** IRS Center where partnership filed return
E-FILE

**D** ☐ Check if this is a publicly traded partnership (PTP)

| | Part II | Information About the Partner |
|---|---|---|

**E** Partner's identifying number
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

**F** Partner's name, address, city, state, and ZIP code

THE GALMOR CONTRIBUTION TRUST
PO BOX 349
SHAMROCK, TX 79079

**G** ☐ General partner or LLC member-manager  ☒ Limited partner or other LLC member

**H** ☒ Domestic partner  ☐ Foreign partner

**I1** What type of entity is this partner? ....... INDIVIDUAL

**I2** If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here............................ ☐

**J** Partner's share of profit, loss, and capital (see instructions):

| | Beginning | Ending |
|---|---|---|
| Profit | 49.5 % | % |
| Loss | 49.5 % | % |
| Capital | 49.5 % | % |

**K** Partner's share of liabilities at year end:

Nonrecourse........................$ _____
Qualified nonrecourse financing........$ _____
Recourse.............................$ _____

**L** Partner's capital account analysis:

Beginning capital account.............$ _____ -1,516.
Capital contributed during the year .....$ _____ 11,006.
Current year increase (decrease).......$ _____ -9,490.
Withdrawals & distributions ............$ _____
Ending capital account ................$ _____ 0.

☒ Tax basis  ☐ GAAP  ☐ Section 704(b) book
☐ Other (explain)

**M** Did the partner contribute property with a built-in gain or loss?
☐ Yes  ☒ No
If 'Yes', attach statement (see instructions)

| 1 | Ordinary business income (loss) | 15 | Credits |
|---|---|---|---|
| | -11,985. | | |
| 2 | Net rental real estate income (loss) | | |
| * | -391. | | |
| 3 | Other net rental income (loss) | 16 | Foreign transactions |
| | | | |
| 4 | Guaranteed payments | | |
| | | | |
| 5 | Interest income | | |
| | 288. | | |
| 6a | Ordinary dividends | | |
| | | | |
| 6b | Qualified dividends | | |
| | | | |
| 7 | Royalties | | |
| | 5,138. | | |
| 8 | Net short-term capital gain (loss) | | |
| | | | |
| 9a | Net long-term capital gain (loss) | 17 | Alternative minimum tax (AMT) items |
| | | A | -721. |
| 9b | Collectibles (28%) gain (loss) | | |
| | | B | -20,334. |
| 9c | Unrecaptured section 1250 gain | | |
| | | * | STMT |
| 10 | Net section 1231 gain (loss) | 18 | Tax-exempt income and nondeductible expenses |
| | -2,528. | | |
| 11 | Other income (loss) | | |
| | | | |
| | | 19 | Distributions |
| 12 | Section 179 deduction | | |
| | | | |
| 13 | Other deductions | 20 | Other information |
| I* | 12. | A | 5,426. |
| U | -16,381. | B | 12. |
| 14 | Self-employment earnings (loss) | T* | STMT |
| B | 6,483. | | |

*See attached statement for additional information.

F
O
R

I
R
S

U
S
E

O
N
L
Y

**BAA For Paperwork Reduction Act Notice, see Instructions for Form 1065.**

Schedule **K-1** (Form 1065) 2017

PTPA0312L  08/17/17

L_PRITCHARD_035253

Schedule **K-1** (Form 1065) 2017    GALMOR FAMILY LTD PARTNERSHIP    27-4132388      Page **2**

This list identifies the codes used on Schedule K-1 for all partners and provides summarized reporting information for partners who file Form 1040. For detailed reporting and filing information, see the separate Partner's Instructions for Schedule K-1 and the instructions for your income tax return.

**1**   **Ordinary business income (loss).** Determine whether the income (loss) is passive or nonpassive and enter on your return as follows.

| | Report on |
|---|---|
| Passive loss | See the Partner's Instructions |
| Passive income | Schedule E, line 28, column (g) |
| Nonpassive loss | See the Partner's Instructions |
| Nonpassive income | Schedule E, line 28, column (j) |

**2**   **Net rental real estate income (loss)**    See the Partner's Instructions
**3**   **Other net rental income (loss)**
   Net income    Schedule E, line 28, column (g)
   Net loss    See the Partner's Instructions
**4**   **Guaranteed payments**    Schedule E, line 28, column (j)
**5**   **Interest income**    Form 1040, line 8a
**6 a**   **Ordinary dividends**    Form 1040, line 9a
**6 b**   **Qualified dividends**    Form 1040, line 9b
**7**   **Royalties**    Schedule E, line 4
**8**   **Net short-term capital gain (loss)**    Schedule D, line 5
**9 a**   **Net long-term capital gain (loss)**    Schedule D, line 12
**9 b**   **Collectibles (28%) gain (loss)**    28% Rate Gain Worksheet, line 4 (Schedule D Instructions)
**9 c**   **Unrecaptured section 1250 gain**    See the Partner's Instructions
**10**   **Net section 1231 gain (loss)**    See the Partner's Instructions
**11**   **Other income (loss)**
   *Code*
   **A**   Other portfolio income (loss)    See the Partner's Instructions
   **B**   Involuntary conversions    See the Partner's Instructions
   **C**   Sec. 1256 contracts & straddles    Form 6781, line 1
   **D**   Mining exploration costs recapture    See Pub. 535
   **E**   Cancellation of debt    Form 1040, line 21 or Form 982
   **F**   Other income (loss)    See the Partner's Instructions
**12**   **Section 179 deduction**    See the Partner's Instructions
**13**   **Other deductions**
   **A**   Cash contributions (50%)
   **B**   Cash contributions (30%)
   **C**   Noncash contributions (50%)
   **D**   Noncash contributions (30%)
   **E**   Capital gain property to a 50% organization (30%)
   **F**   Capital gain property (20%)
   **G**   Contributions (100%)
      *See the Partner's Instructions*
   **H**   Investment interest expense    Form 4952, line 1
   **I**   Deductions — royalty income    Schedule E, line 19
   **J**   Section 59(e)(2) expenditures    See the Partner's Instructions
   **K**   Deductions — portfolio (2% floor)    Schedule A, line 23
   **L**   Deductions — portfolio (other)    Schedule A, line 28
   **M**   Amounts paid for medical insurance    Schedule A, line 1 or Form 1040, line 29
   **N**   Educational assistance benefits    See the Partner's Instructions
   **O**   Dependent care benefits    Form 2441, line 12
   **P**   Preproductive period expenses    See the Partner's Instructions
   **Q**   Commercial revitalization deduction from rental real estate activities    See Form 8582 Instructions
   **R**   Pensions and IRAs    See the Partner's Instructions
   **S**   Reforestation expense deduction    See the Partner's Instructions
   **T**   Domestic production activities information    See Form 8903 Instructions
   **U**   Qualified production activities income    Form 8903, line 7b
   **V**   Employer's Form W-2 wages    Form 8903, line 17
   **W**   Other deductions    See the Partner's Instructions
**14**   **Self-employment earnings (loss)**

*Note. If you have a section 179 deduction or any partner-level deductions, see the Partner's Instructions before completing Schedule SE.*

   **A**   Net earnings (loss) from self-employment    Schedule SE, Section A or B
   **B**   Gross farming or fishing income    See the Partner's Instructions
   **C**   Gross non-farm income    See the Partner's Instructions
**15**   **Credits**
   **A**   Low-income housing credit (section 42(j)(5)) from pre-2008 buildings
   **B**   Low-income housing credit (other) from pre-2008 buildings
   **C**   Low-income housing credit (section 42(j)(5)) from post-2007 buildings
   **D**   Low-income housing credit (other) from post-2007 buildings
   **E**   Qualified rehabilitation expenditures (rental real estate)
   **F**   Other rental real estate credits
   **G**   Other rental credits
      — See the Partner's Instructions
   **H**   Undistributed capital gains credit    Form 1040, line 73; check box a
   **I**   Biofuel producer credit
   **J**   Work opportunity credit
   **K**   Disabled access credit
      — See the Partner's Instructions

*Code*
   **L**   Empowerment zone employment credit
   **M**   Credit for increasing research activities
   **N**   Credit for employer social security and Medicare taxes
   **O**   Backup withholding
   **P**   Other credits
      *See the Partner's Instructions*
**16**   **Foreign transactions**
   **A**   Name of country or U.S. possession
   **B**   Gross income from all sources
   **C**   Gross income sourced at partner level
      — Form 1116, Part I
   *Foreign gross income sourced at partnership level*
   **D**   Passive category
   **E**   General category
   **F**   Other
      — Form 1116, Part I
   *Deductions allocated and apportioned at partner level*
   **G**   Interest expense    Form 1116, Part I
   **H**   Other    Form 1116, Part I
   *Deductions allocated and apportioned at partnership level to foreign source income*
   **I**   Passive category
   **J**   General category
   **K**   Other
      — Form 1116, Part I
   *Other information*
   **L**   Total foreign taxes paid    Form 1116, Part II
   **M**   Total foreign taxes accrued    Form 1116, Part II
   **N**   Reduction in taxes available for credit    Form 1116, line 12
   **O**   Foreign trading gross receipts    Form 8873
   **P**   Extraterritorial income exclusion    Form 8873
   **Q**   Other foreign transactions    See the Partner's Instructions
**17**   **Alternative minimum tax (AMT) items**
   **A**   Post-1986 depreciation adjustment
   **B**   Adjusted gain or loss
   **C**   Depletion (other than oil & gas)
   **D**   Oil, gas, & geothermal — gross income
   **E**   Oil, gas, & geothermal — deductions
   **F**   Other AMT items
      *See the Partner's Instructions and the Instructions for Form 6251*
**18**   **Tax-exempt income and nondeductible expenses**
   **A**   Tax-exempt interest income    Form 1040, line 8b
   **B**   Other tax-exempt income    See the Partner's Instructions
   **C**   Nondeductible expenses    See the Partner's Instructions
**19**   **Distributions**
   **A**   Cash and marketable securities
   **B**   Distribution subject to section 737
   **C**   Other property
      — See the Partner's Instructions
**20**   **Other information**
   **A**   Investment income    Form 4952, line 4a
   **B**   Investment expenses    Form 4952, line 5
   **C**   Fuel tax credit information    Form 4136
   **D**   Qualified rehabilitation expenditures (other than rental real estate)    See the Partner's Instructions
   **E**   Basis of energy property    See the Partner's Instructions
   **F**   Recapture of low-income housing credit (section 42(j)(5))    Form 8611, line 8
   **G**   Recapture of low-income housing credit (other)    Form 8611, line 8
   **H**   Recapture of investment credit    See Form 4255
   **I**   Recapture of other credits    See the Partner's Instructions
   **J**   Look-back interest — completed long-term contracts    See Form 8697
   **K**   Look-back interest — income forecast method    See Form 8866
   **L**   Dispositions of property with section 179 deductions
   **M**   Recapture of section 179 deduction
   **N**   Interest expense for corporate partners
   **O**   Section 453(l)(3) information
   **P**   Section 453A(c) information
   **Q**   Section 1260(b) information
   **R**   Interest allocable to production expenditures
   **S**   CCF nonqualified withdrawals
   **T**   Depletion information — oil and gas
   **U**   Reserved
   **V**   Unrelated business taxable income
   **W**   Precontribution gain (loss)
   **X**   Section 108(i) information
   **Y**   Net investment income
   **Z**   Other information
      *See the Partner's Instructions*

THE GALMOR CONTRIBUTION TRUST      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      PTPA0312L 08/17/17      Schedule **K-1** (Form 1065) 2017

L_PRITCHARD_035254

GALMOR FAMILY LTD PARTNERSHIP 27-4132388

SCHEDULE K-1 (FORM 1065) 2017     **SUPPLEMENTAL INFORMATION**     PAGE 3

## BOX 2
## RENTAL REAL ESTATE ACTIVITIES

| PROPERTY TYPE AND ADDRESS | GROSS INCOME | NET EXPENSES | NET INCOME | PASSIVE NONPASS | SEC. 1231 TOTAL |
|---|---|---|---|---|---|
| TYPE: 5 - LAND | | | | | |
| 15767 FM 1036 SHAMROCK, OK 79079 | | | | PASSIVE | |
| ROUNDING OR SPECIALLY ALLOCATED | | | | | |
|    NET INCOME (LOSS) ADJUSTMENT | | | -391. | | |
| TOTAL | | $ | -391. | | |

## BOX 13
## OTHER DEDUCTIONS

### * DESCRIPTIVE INFORMATION

I    PRODUCTION TAX FROM O & G ACTIVITIES..................................... $    12.

## BOX 17
## ALTERNATIVE MINIMUM TAX (AMT) ITEMS

### CONTINUED FROM SCHEDULE K-1

D       14,992.
E        6,214.

THE GALMOR CONTRIBUTION TRUST    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

SPSL1201L 07/06/17

L_PRITCHARD_035255

GALMOR FAMILY LTD PARTNERSHIP    27-4132388

# 2017 PARTNER'S SUMMARY OF OIL AND GAS ACTIVITIES

### (Form 1065, Schedule K-1, Box 20, Other Information, Code T)

| Partner's name | Partner's I.D. |
|---|---|
| THE GALMOR CONTRIBUTION TRUST | 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 |

**INCOME:**

| | | |
|---|---|---|
| 1. | **Gross income from oil and gas activities (Sch. K-1 line 17, Code D)**........................ | 14,992. |

**EXPENSES:**

| | | |
|---|---|---|
| 2. | Production tax.................................................................................. | 3. |
| 3. | Operating expenses........................................................................... | 6,211. |
| 4. | Depreciation.................................................................................... | |
| 5. | Allocated overhead........................................................................... | |
| 6. | Other expenses................................................................................ | |
| 7. | **Total deductions allocable to oil and gas activities (Schedule K-1 line 17, Code E)**.......... | 6,214. |
| 8. | **Net income from oil and gas activities (line 1 minus line 7)**.................................. | 8,778. |

**PASSTHROUGH EXPENSES:**

| | | |
|---|---|---|
| 9. | Total intangible drilling costs (IDC) (Schedule K-1 line 13, Code J)............................... | |
| 10. | Dry hole costs (Schedule K-1 line 13, Code J).................................................... | |
| 11. | Section 179 expense deduction (Schedule K-1 line 12).............................................. | |

**DEPLETION INFORMATION:**

| | | |
|---|---|---|
| 12. | Total cost depletion (greater than percentage) from all properties................................. | |
| 13. | Total percentage depletion (greater than cost) from all properties (subject to 65% taxable income limitation) .. | 1,750. |
| 14. | Total percentage depletion (greater than cost) from all properties (NOT subject to 65% taxable income limitation) .................. | |
| 15. | Total tentative depletion deduction (add lines 12, 13 and 14)...................................... | 1,750. |
| 16. | Total AMT cost depletion (greater than percentage) from all properties............................. | |
| 17. | Total AMT percentage depletion (greater than cost) from all properties (subject to 65% taxable income limitation) ................. | 1,750. |
| 18. | Total AMT percentage depletion (greater than cost) from all properties (NOT subject to 65% taxable income limitation) ................. | |
| 19. | Total tentative AMT depletion deduction (add lines 16, 17 and 18).................................. | 1,750. |

**OTHER INFORMATION:**

| | | |
|---|---|---|
| 20. | Total percentage depletion in excess of basis.................................................... | 1,750. |
| 21. | Total excess intangible drilling costs (IDC)...................................................... | |

PTPL1101L  07/06/17

THE GALMOR CONTRIBUTION TRUST    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

L_PRITCHARD_035256

GALMOR FAMILY LTD PARTNERSHIP
PO BOX 349
SHAMROCK, TX 79079
806-256-2135

August 30, 2018

GALMOR MANAGEMENT LLC
PO BOX 349
SHAMROCK, TX 79079

RE:
GALMOR FAMILY LTD PARTNERSHIP
27-4132388
Schedule K-1 from Partnership's 2017 Return of Income

Dear GALMOR MANAGEMENT LLC:

Enclosed is your 2017 Schedule K-1 (Form 1065) Partner's Share of Income, Deductions, Credits, Etc. from GALMOR FAMILY LTD PARTNERSHIP.  This information reflects the amounts you need to complete your income tax return.  The amounts shown are your distributive share of partnership tax items to be reported on your tax return, and may not correspond to actual distributions you have received during the year. This information is included in the Partnership's 2017 Federal Return of Partnership Income that was filed with the Internal Revenue Service.

If you have any questions concerning this information, please contact us immediately.

Sincerely,

GALMOR FAMILY LTD PARTNERSHIP

Enclosure(s)

L_PRITCHARD_035257

**Schedule K-1**
(Form 1065)

**2017**

Department of the Treasury
Internal Revenue Service

For calendar year 2017, or tax

beginning / / 2017 ending / /

651117

☐ Final K-1   ☐ Amended K-1    OMB No. 1545-0123

## Partner's Share of Income, Deductions, Credits, etc. ► See separate instructions.

| Part III | Partner's Share of Current Year Income, Deductions, Credits, and Other Items |
|---|---|

| | | | |
|---|---|---|---|
| 1 | Ordinary business income (loss) -968. | 15 | Credits |
| 2 | Net rental real estate income (loss) * -32. | | |
| 3 | Other net rental income (loss) | 16 | Foreign transactions |
| 4 | Guaranteed payments | | |
| 5 | Interest income 23. | | |
| 6a | Ordinary dividends | | |
| 6b | Qualified dividends | | |
| 7 | Royalties 415. | | |
| 8 | Net short-term capital gain (loss) | | |
| 9a | Net long-term capital gain (loss) | 17 | Alternative minimum tax (AMT) items A -59. |
| 9b | Collectibles (28%) gain (loss) | | B -1,644. |
| 9c | Unrecaptured section 1250 gain | | * STMT |
| 10 | Net section 1231 gain (loss) -204. | 18 | Tax-exempt income and nondeductible expenses |
| 11 | Other income (loss) | | |
| 12 | Section 179 deduction | 19 | Distributions |
| 13 | Other deductions U -1,324. | 20 | Other information |
| | | | A 438. |
| | | | T* STMT |
| 14 | Self-employment earnings (loss) A -1,405. | | |
| | B 524. | | |

*See attached statement for additional information.

### Part I   Information About the Partnership

**A** Partnership's employer identification number
27-4132388

**B** Partnership's name, address, city, state, and ZIP code

GALMOR FAMILY LTD PARTNERSHIP
PO BOX 349
SHAMROCK, TX 79079

**C** IRS Center where partnership filed return
E-FILE

**D** ☐ Check if this is a publicly traded partnership (PTP)

### Part II   Information About the Partner

**E** Partner's identifying number
27-4132505

**F** Partner's name, address, city, state, and ZIP code

GALMOR MANAGEMENT LLC
PO BOX 349
SHAMROCK, TX 79079

**G** ☒ General partner or LLC member-manager   ☐ Limited partner or other LLC member

**H** ☒ Domestic partner   ☐ Foreign partner

**I1** What type of entity is this partner? ........ PARTNERSHIP

**I2** If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here. ................................. ☐

**J** Partner's share of profit, loss, and capital (see instructions):

| | Beginning | Ending |
|---|---|---|
| Profit | 1 % | 1 % |
| Loss | 1 % | 1 % |
| Capital | 1 % | 1 % |

**K** Partner's share of liabilities at year end:

Nonrecourse ......................... $
Qualified nonrecourse financing ........ $
Recourse .............................. $ 6,036.

**L** Partner's capital account analysis:

Beginning capital account ............. $ -30.
Capital contributed during the year ..... $
Current year increase (decrease) ....... $ -203.
Withdrawals & distributions ............ $
Ending capital account ................ $ -233.

☒ Tax basis   ☐ GAAP   ☐ Section 704(b) book
☐ Other (explain)

**M** Did the partner contribute property with a built-in gain or loss?
☐ Yes   ☒ No
If 'Yes', attach statement (see instructions)

F
O
R

I
R
S

U
S
E

O
N
L
Y

**BAA For Paperwork Reduction Act Notice, see Instructions for Form 1065.**   Schedule **K-1** (Form 1065) 2017

PTPA0312L  08/17/17

L_PRITCHARD_035258

**This list identifies the codes used on Schedule K-1 for all partners and provides summarized reporting information for partners who file Form 1040. For detailed reporting and filing information, see the separate Partner's Instructions for Schedule K-1 and the instructions for your income tax return.**

**1 Ordinary business income (loss).** Determine whether the income (loss) is passive or nonpassive and enter on your return as follows.

| | Report on |
|---|---|
| Passive loss | See the Partner's Instructions |
| Passive income | Schedule E, line 28, column (g) |
| Nonpassive loss | See the Partner's Instructions |
| Nonpassive income | Schedule E, line 28, column (j) |

**2 Net rental real estate income (loss)**    See the Partner's Instructions

**3 Other net rental income (loss)**
| | |
|---|---|
| Net income | Schedule E, line 28, column (g) |
| Net loss | See the Partner's Instructions |

**4 Guaranteed payments**    Schedule E, line 28, column (j)
**5 Interest income**    Form 1040, line 8a
**6 a Ordinary dividends**    Form 1040, line 9a
**6 b Qualified dividends**    Form 1040, line 9b
**7 Royalties**    Schedule E, line 4
**8 Net short-term capital gain (loss)**    Schedule D, line 5
**9 a Net long-term capital gain (loss)**    Schedule D, line 12
**9 b Collectibles (28%) gain (loss)**    28% Rate Gain Worksheet, line 4 (Schedule D Instructions)
**9 c Unrecaptured section 1250 gain**    See the Partner's Instructions
**10 Net section 1231 gain (loss)**    See the Partner's Instructions
**11 Other income (loss)**

*Code*
| | |
|---|---|
| **A** Other portfolio income (loss) | See the Partner's Instructions |
| **B** Involuntary conversions | See the Partner's Instructions |
| **C** Sec. 1256 contracts & straddles | Form 6781, line 1 |
| **D** Mining exploration costs recapture | See Pub. 535 |
| **E** Cancellation of debt | Form 1040, line 21 or Form 982 |
| **F** Other income (loss) | See the Partner's Instructions |

**12 Section 179 deduction**    See the Partner's Instructions
**13 Other deductions**
| | |
|---|---|
| **A** Cash contributions (50%) | |
| **B** Cash contributions (30%) | |
| **C** Noncash contributions (50%) | |
| **D** Noncash contributions (30%) | See the Partner's Instructions |
| **E** Capital gain property to a 50% organization (30%) | |
| **F** Capital gain property (20%) | |
| **G** Contributions (100%) | |
| **H** Investment interest expense | Form 4952, line 1 |
| **I** Deductions — royalty income | Schedule E, line 19 |
| **J** Section 59(e)(2) expenditures | See the Partner's Instructions |
| **K** Deductions — portfolio (2% floor) | Schedule A, line 23 |
| **L** Deductions — portfolio (other) | Schedule A, line 28 |
| **M** Amounts paid for medical insurance | Schedule A, line 1 or Form 1040, line 29 |
| **N** Educational assistance benefits | See the Partner's Instructions |
| **O** Dependent care benefits | Form 2441, line 12 |
| **P** Preproductive period expenses | See the Partner's Instructions |
| **Q** Commercial revitalization deduction from rental real estate activities | See Form 8582 Instructions |
| **R** Pensions and IRAs | See the Partner's Instructions |
| **S** Reforestation expense deduction | See the Partner's Instructions |
| **T** Domestic production activities information | See Form 8903 Instructions |
| **U** Qualified production activities income | Form 8903, line 7b |
| **V** Employer's Form W-2 wages | Form 8903, line 17 |
| **W** Other deductions | See the Partner's Instructions |

**14 Self-employment earnings (loss)**

**Note.** If you have a section 179 deduction or any partner-level deductions, see the Partner's Instructions before completing Schedule SE.
| | |
|---|---|
| **A** Net earnings (loss) from self-employment | Schedule SE, Section A or B |
| **B** Gross farming or fishing income | See the Partner's Instructions |
| **C** Gross non-farm income | See the Partner's Instructions |

**15 Credits**
| | |
|---|---|
| **A** Low-income housing credit (section 42(j)(5)) from pre-2008 buildings | |
| **B** Low-income housing credit (other) from pre-2008 buildings | |
| **C** Low-income housing credit (section 42(j)(5)) from post-2007 buildings | |
| **D** Low-income housing credit (other) from post-2007 buildings | See the Partner's Instructions |
| **E** Qualified rehabilitation expenditures (rental real estate) | |
| **F** Other rental real estate credits | |
| **G** Other rental credits | |
| **H** Undistributed capital gains credit | Form 1040, line 73; check box a |
| **I** Biofuel producer credit | |
| **J** Work opportunity credit | See the Partner's Instructions |
| **K** Disabled access credit | |

*Code*
| | |
|---|---|
| **L** Empowerment zone employment credit | |
| **M** Credit for increasing research activities | |
| **N** Credit for employer social security and Medicare taxes | See the Partner's Instructions |
| **O** Backup withholding | |
| **P** Other credits | |

**16 Foreign transactions**
| | |
|---|---|
| **A** Name of country or U.S. possession | |
| **B** Gross income from all sources | Form 1116, Part I |
| **C** Gross income sourced at partner level | |

*Foreign gross income sourced at partnership level*
| | |
|---|---|
| **D** Passive category | |
| **E** General category | Form 1116, Part I |
| **F** Other | |

*Deductions allocated and apportioned at partner level*
| | |
|---|---|
| **G** Interest expense | Form 1116, Part I |
| **H** Other | Form 1116, Part I |

*Deductions allocated and apportioned at partnership level to foreign source income*
| | |
|---|---|
| **I** Passive category | |
| **J** General category | Form 1116, Part I |
| **K** Other | |

*Other information*
| | |
|---|---|
| **L** Total foreign taxes paid | Form 1116, Part II |
| **M** Total foreign taxes accrued | Form 1116, Part II |
| **N** Reduction in taxes available for credit | Form 1116, line 12 |
| **O** Foreign trading gross receipts | Form 8873 |
| **P** Extraterritorial income exclusion | Form 8873 |
| **Q** Other foreign transactions | See the Partner's Instructions |

**17 Alternative minimum tax (AMT) items**
| | |
|---|---|
| **A** Post-1986 depreciation adjustment | |
| **B** Adjusted gain or loss | See the Partner's Instructions and the Instructions for Form 6251 |
| **C** Depletion (other than oil & gas) | |
| **D** Oil, gas, & geothermal — gross income | |
| **E** Oil, gas, & geothermal — deductions | |
| **F** Other AMT items | |

**18 Tax-exempt income and nondeductible expenses**
| | |
|---|---|
| **A** Tax-exempt interest income | Form 1040, line 8b |
| **B** Other tax-exempt income | See the Partner's Instructions |
| **C** Nondeductible expenses | See the Partner's Instructions |

**19 Distributions**
| | |
|---|---|
| **A** Cash and marketable securities | |
| **B** Distribution subject to section 737 | See the Partner's Instructions |
| **C** Other property | |

**20 Other information**
| | |
|---|---|
| **A** Investment income | Form 4952, line 4a |
| **B** Investment expenses | Form 4952, line 5 |
| **C** Fuel tax credit information | Form 4136 |
| **D** Qualified rehabilitation expenditures (other than rental real estate) | See the Partner's Instructions |
| **E** Basis of energy property | See the Partner's Instructions |
| **F** Recapture of low-income housing credit (section 42(j)(5)) | Form 8611, line 8 |
| **G** Recapture of low-income housing credit (other) | Form 8611, line 8 |
| **H** Recapture of investment credit | See Form 4255 |
| **I** Recapture of other credits | See the Partner's Instructions |
| **J** Look-back interest — completed long-term contracts | See Form 8697 |
| **K** Look-back interest — income forecast method | See Form 8866 |
| **L** Dispositions of property with section 179 deductions | |
| **M** Recapture of section 179 deduction | |
| **N** Interest expense for corporate partners | |
| **O** Section 453(l)(3) information | |
| **P** Section 453A(c) information | |
| **Q** Section 1260(b) information | |
| **R** Interest allocable to production expenditures | See the Partner's Instructions |
| **S** CCF nonqualified withdrawals | |
| **T** Depletion information — oil and gas | |
| **U** Reserved | |
| **V** Unrelated business taxable income | |
| **W** Precontribution gain (loss) | |
| **X** Section 108(i) information | |
| **Y** Net investment income | |
| **Z** Other information | |

GALMOR FAMILY LTD PARTNERSHIP 27-4132388

SCHEDULE K-1 (FORM 1065) 2017 | **SUPPLEMENTAL INFORMATION** | PAGE 3

## BOX 2
## RENTAL REAL ESTATE ACTIVITIES

| PROPERTY TYPE AND ADDRESS | GROSS INCOME | NET EXPENSES | NET INCOME | PASSIVE NONPASS | SEC. 1231 TOTAL |
|---|---|---|---|---|---|
| TYPE: 5 - LAND | | | | | |
| 15767 FM 1036 SHAMROCK, OK 79079 | 12. | 44. | $ -32. | PASSIVE | |
| | | TOTAL | $ -32. | | |

## BOX 17
## ALTERNATIVE MINIMUM TAX (AMT) ITEMS

### CONTINUED FROM SCHEDULE K-1

D          1,211.
E            501.

GALMOR MANAGEMENT LLC   27-4132505

SPSL1201L  07/06/17

L_PRITCHARD_035260

GALMOR FAMILY LTD PARTNERSHIP    27-4132388

# 2017 PARTNER'S SUMMARY OF OIL AND GAS ACTIVITIES

**(Form 1065, Schedule K-1, Box 20, Other Information, Code T)**

| Partner's name | Partner's I.D. |
|---|---|
| GALMOR MANAGEMENT LLC | 27-4132505 |

**INCOME:**

| | | |
|---|---|---|
| 1. | **Gross income from oil and gas activities (Sch. K-1 line 17, Code D)** . . . . . . . . . . . . . . . . . . . . . . . . | 1,211. |

**EXPENSES:**

| | | |
|---|---|---|
| 2. | Production tax . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| 3. | Operating expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 501. |
| 4. | Depreciation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| 5. | Allocated overhead . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| 6. | Other expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| 7. | **Total deductions allocable to oil and gas activities (Schedule K-1 line 17, Code E)** . . . . . . . . . . . . . . . . . . . . . . . | 501. |
| 8. | **Net income from oil and gas activities (line 1 minus line 7)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 710. |

**PASSTHROUGH EXPENSES:**

| | | |
|---|---|---|
| 9. | Total intangible drilling costs (IDC) (Schedule K-1 line 13, Code J) . . . . . . . . . . . . . . . . . . . . . . . . . | |
| 10. | Dry hole costs (Schedule K-1 line 13, Code J) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| 11. | Section 179 expense deduction (Schedule K-1 line 12) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |

**DEPLETION INFORMATION:**

| | | |
|---|---|---|
| 12. | Total cost depletion (greater than percentage) from all properties . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| 13. | Total percentage depletion (greater than cost) from all properties (subject to 65% taxable income limitation) . . | 143. |
| 14. | Total percentage depletion (greater than cost) from all properties (NOT subject to 65% taxable income limitation) . . . . . . . . . . . . . . . . . . . | |
| 15. | Total tentative depletion deduction (add lines 12, 13 and 14) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 143. |
| 16. | Total AMT cost depletion (greater than percentage) from all properties . . . . . . . . . . . . . . . . . . . . . . . . | |
| 17. | Total AMT percentage depletion (greater than cost) from all properties (subject to 65% taxable income limitation) . . . . . . . . . . . | 143. |
| 18. | Total AMT percentage depletion (greater than cost) from all properties (NOT subject to 65% taxable income limitation) . . . . . . . . . . . | |
| 19. | Total tentative AMT depletion deduction (add lines 16, 17 and 18) . . . . . . . . . . . . . . . . . . . . . . . . . . | 143. |

**OTHER INFORMATION:**

| | | |
|---|---|---|
| 20. | Total percentage depletion in excess of basis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 143. |
| 21. | Total excess intangible drilling costs (IDC) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |

PTPL1101L  07/06/17

GALMOR MANAGEMENT LLC    27-4132505

L_PRITCHARD_035261

GALMOR FAMILY LTD PARTNERSHIP
PO BOX 349
SHAMROCK, TX 79079
806-256-2135

August 30, 2018

THE GALMOR FAMILY TRUST
P.O. BOX 349
SHAMROCK, TX 79079

RE:
GALMOR FAMILY LTD PARTNERSHIP
27-4132388
Schedule K-1 from Partnership's 2017 Return of Income

Dear THE GALMOR FAMILY TRUST:

Enclosed is your 2017 Schedule K-1 (Form 1065) Partner's Share of Income, Deductions,
Credits, Etc. from GALMOR FAMILY LTD PARTNERSHIP.  This information reflects the
amounts you need to complete your income tax return.  The amounts shown are your distributive
share of partnership tax items to be reported on your tax return, and may not correspond to actual
distributions you have received during the year. This information is included in the Partnership's
2017 Federal Return of Partnership Income that was filed with the Internal Revenue Service.

If you have any questions concerning this information, please contact us immediately.

Sincerely,

GALMOR FAMILY LTD PARTNERSHIP

Enclosure(s)

L_PRITCHARD_035262

**Schedule K-1**
(Form 1065)

Department of the Treasury
Internal Revenue Service

**2017**

For calendar year 2017, or tax

beginning ___ / ___ / 2017   ending ___ / ___ / ___

## Partner's Share of Income, Deductions, Credits, etc.

► See separate instructions.

☐ Final K-1   ☐ Amended K-1

651117

OMB No. 1545-0123

| **Part I** Information About the Partnership |
| --- |

**A** Partnership's employer identification number
27-4132388

**B** Partnership's name, address, city, state, and ZIP code

GALMOR FAMILY LTD PARTNERSHIP
PO BOX 349
SHAMROCK, TX 79079

**C** IRS Center where partnership filed return
E-FILE

**D** ☐ Check if this is a publicly traded partnership (PTP)

| **Part II** Information About the Partner |
| --- |

**E** Partner's identifying number
46-7363977

**F** Partner's name, address, city, state, and ZIP code

THE GALMOR FAMILY TRUST
P.O. BOX 349
SHAMROCK, TX 79079

**G** ☐ General partner or LLC member-manager  ☒ Limited partner or other LLC member

**H** ☒ Domestic partner  ☐ Foreign partner

**I1** What type of entity is this partner? ....... FIDUCIARY

**I2** If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here ................................................ ☐

**J** Partner's share of profit, loss, and capital (see instructions):

| | Beginning | Ending |
| --- | --- | --- |
| Profit | 49.5 % | 49.5 % |
| Loss | 49.5 % | 49.5 % |
| Capital | 49.5 % | 49.5 % |

**K** Partner's share of liabilities at year end:

| | |
| --- | --- |
| Nonrecourse .......................... $ | |
| Qualified nonrecourse financing ........ $ | |
| Recourse ............................. $ | 298,802. |

**L** Partner's capital account analysis:

| | |
| --- | --- |
| Beginning capital account ............. $ | -1,508. |
| Capital contributed during the year ..... $ | |
| Current year increase (decrease)....... $ | -10,018. |
| Withdrawals & distributions ........... $ | |
| Ending capital account ................ $ | -11,526. |

☒ Tax basis  ☐ GAAP  ☐ Section 704(b) book
☐ Other (explain)

**M** Did the partner contribute property with a built-in gain or loss?
☐ Yes  ☒ No
If 'Yes', attach statement (see instructions)

| **Part III** Partner's Share of Current Year Income, Deductions, Credits, and Other Items |
| --- |

| | | | |
| --- | --- | --- | --- |
| **1** | Ordinary business income (loss) | **15** | Credits |
| | -47,940. | | |
| **2** | Net rental real estate income (loss) | | |
| * | -1,562. | | |
| **3** | Other net rental income (loss) | **16** | Foreign transactions |
| | | | |
| **4** | Guaranteed payments | | |
| | | | |
| **5** | Interest income | | |
| | 1,150. | | |
| **6a** | Ordinary dividends | | |
| | | | |
| **6b** | Qualified dividends | | |
| | | | |
| **7** | Royalties | | |
| | 20,551. | | |
| **8** | Net short-term capital gain (loss) | | |
| | | | |
| **9a** | Net long-term capital gain (loss) | **17** | Alternative minimum tax (AMT) items |
| | | A | -2,882. |
| **9b** | Collectibles (28%) gain (loss) | | |
| | | B | -81,336. |
| **9c** | Unrecaptured section 1250 gain | | |
| | | * | STMT |
| **10** | Net section 1231 gain (loss) | **18** | Tax-exempt income and nondeductible expenses |
| | -10,111. | | |
| **11** | Other income (loss) | | |
| | | | |
| | | **19** | Distributions |
| **12** | Section 179 deduction | | |
| | | | |
| **13** | Other deductions | **20** | Other information |
| I* | 11. | A | 21,701. |
| U | -65,525. | B | 11. |
| **14** | Self-employment earnings (loss) | | |
| B | 25,933. | T* | STMT |

*See attached statement for additional information.

| F O R   I R S   U S E   O N L Y |
| --- |

L_PRITCHARD_035263

Schedule **K-1** (Form 1065) 2017    GALMOR FAMILY LTD PARTNERSHIP    27-4132388      Page **2**

This list identifies the codes used on Schedule K-1 for all partners and provides summarized reporting information for partners who file Form 1040. For detailed reporting and filing information, see the separate Partner's Instructions for Schedule K-1 and the instructions for your income tax return.

**1 Ordinary business income (loss).** Determine whether the income (loss) is passive or nonpassive and enter on your return as follows.

| | Report on |
|---|---|
| Passive loss | See the Partner's Instructions |
| Passive income | Schedule E, line 28, column (g) |
| Nonpassive loss | See the Partner's Instructions |
| Nonpassive income | Schedule E, line 28, column (j) |

**2 Net rental real estate income (loss)**   See the Partner's Instructions

**3 Other net rental income (loss)**

| | |
|---|---|
| Net income | Schedule E, line 28, column (g) |
| Net loss | See the Partner's Instructions |

**4 Guaranteed payments**   Schedule E, line 28, column (j)

**5 Interest income**   Form 1040, line 8a

**6 a Ordinary dividends**   Form 1040, line 9a

**6 b Qualified dividends**   Form 1040, line 9b

**7 Royalties**   Schedule E, line 4

**8 Net short-term capital gain (loss)**   Schedule D, line 5

**9 a Net long-term capital gain (loss)**   Schedule D, line 12

**9 b Collectibles (28%) gain (loss)**   28% Rate Gain Worksheet, line 4 (Schedule D Instructions)

**9 c Unrecaptured section 1250 gain**   See the Partner's Instructions

**10 Net section 1231 gain (loss)**   See the Partner's Instructions

**11 Other income (loss)**

Code

| | |
|---|---|
| A Other portfolio income (loss) | See the Partner's Instructions |
| B Involuntary conversions | See the Partner's Instructions |
| C Sec. 1256 contracts & straddles | Form 6781, line 1 |
| D Mining exploration costs recapture | See Pub. 535 |
| E Cancellation of debt | Form 1040, line 21 or Form 982 |
| F Other income (loss) | See the Partner's Instructions |

**12 Section 179 deduction**   See the Partner's Instructions

**13 Other deductions**

| | |
|---|---|
| A Cash contributions (50%) | |
| B Cash contributions (30%) | |
| C Noncash contributions (50%) | |
| D Noncash contributions (30%) | See the Partner's Instructions |
| E Capital gain property to a 50% organization (30%) | |
| F Capital gain property (20%) | |
| G Contributions (100%) | |
| H Investment interest expense | Form 4952, line 1 |
| I Deductions — royalty income | Schedule E, line 19 |
| J Section 59(e)(2) expenditures | See the Partner's Instructions |
| K Deductions — portfolio (2% floor) | Schedule A, line 23 |
| L Deductions — portfolio (other) | Schedule A, line 28 |
| M Amounts paid for medical insurance | Schedule A, line 1 or Form 1040, line 29 |
| N Educational assistance benefits | See the Partner's Instructions |
| O Dependent care benefits | Form 2441, line 12 |
| P Preproductive period expenses | See the Partner's Instructions |
| Q Commercial revitalization deduction from rental real estate activities | See Form 8582 Instructions |
| R Pensions and IRAs | See the Partner's Instructions |
| S Reforestation expense deduction | See the Partner's Instructions |
| T Domestic production activities information | See Form 8903 Instructions |
| U Qualified production activities income | Form 8903, line 7b |
| V Employer's Form W-2 wages | Form 8903, line 17 |
| W Other deductions | See the Partner's Instructions |

**14 Self-employment earnings (loss)**

**Note.** If you have a section 179 deduction or any partner-level deductions, see the Partner's Instructions before completing Schedule SE.

| | |
|---|---|
| A Net earnings (loss) from self-employment | Schedule SE, Section A or B |
| B Gross farming or fishing income | See the Partner's Instructions |
| C Gross non-farm income | See the Partner's Instructions |

**15 Credits**

| | |
|---|---|
| A Low-income housing credit (section 42(j)(5)) from pre-2008 buildings | |
| B Low-income housing credit (other) from pre-2008 buildings | |
| C Low-income housing credit (section 42(j)(5)) from post-2007 buildings | |
| D Low-income housing credit (other) from post-2007 buildings | See the Partner's Instructions |
| E Qualified rehabilitation expenditures (rental real estate) | |
| F Other rental real estate credits | |
| G Other rental credits | |
| H Undistributed capital gains credit | Form 1040, line 73; check box a |
| I Biofuel producer credit | |
| J Work opportunity credit | See the Partner's Instructions |
| K Disabled access credit | |

| Code | | Report on |
|---|---|---|
| L | Empowerment zone employment credit | |
| M | Credit for increasing research activities | |
| N | Credit for employer social security and Medicare taxes | See the Partner's Instructions |
| O | Backup withholding | |
| P | Other credits | |

**16 Foreign transactions**

| | |
|---|---|
| A Name of country or U.S. possession | |
| B Gross income from all sources | Form 1116, Part I |
| C Gross income sourced at partner level | |

*Foreign gross income sourced at partnership level*

| | |
|---|---|
| D Passive category | |
| E General category | Form 1116, Part I |
| F Other | |

*Deductions allocated and apportioned at partner level*

| | |
|---|---|
| G Interest expense | Form 1116, Part I |
| H Other | Form 1116, Part I |

*Deductions allocated and apportioned at partnership level to foreign source income*

| | |
|---|---|
| I Passive category | |
| J General category | Form 1116, Part I |
| K Other | |

*Other information*

| | |
|---|---|
| L Total foreign taxes paid | Form 1116, Part II |
| M Total foreign taxes accrued | Form 1116, Part II |
| N Reduction in taxes available for credit | Form 1116, line 12 |
| O Foreign trading gross receipts | Form 8873 |
| P Extraterritorial income exclusion | Form 8873 |
| Q Other foreign transactions | See the Partner's Instructions |

**17 Alternative minimum tax (AMT) items**

| | |
|---|---|
| A Post-1986 depreciation adjustment | |
| B Adjusted gain or loss | |
| C Depletion (other than oil & gas) | See the Partner's Instructions and the Instructions for Form 6251 |
| D Oil, gas, & geothermal — gross income | |
| E Oil, gas, & geothermal — deductions | |
| F Other AMT items | |

**18 Tax-exempt income and nondeductible expenses**

| | |
|---|---|
| A Tax-exempt interest income | Form 1040, line 8b |
| B Other tax-exempt income | See the Partner's Instructions |
| C Nondeductible expenses | See the Partner's Instructions |

**19 Distributions**

| | |
|---|---|
| A Cash and marketable securities | |
| B Distribution subject to section 737 | See the Partner's Instructions |
| C Other property | |

**20 Other information**

| | |
|---|---|
| A Investment income | Form 4952, line 4a |
| B Investment expenses | Form 4952, line 5 |
| C Fuel tax credit information | Form 4136 |
| D Qualified rehabilitation expenditures (other than rental real estate) | See the Partner's Instructions |
| E Basis of energy property | See the Partner's Instructions |
| F Recapture of low-income housing credit (section 42(j)(5)) | Form 8611, line 8 |
| G Recapture of low-income housing credit (other) | Form 8611, line 8 |
| H Recapture of investment credit | See Form 4255 |
| I Recapture of other credits | See the Partner's Instructions |
| J Look-back interest — completed long-term contracts | See Form 8697 |
| K Look-back interest — income forecast method | See Form 8866 |
| L Dispositions of property with section 179 deductions | |
| M Recapture of section 179 deduction | |
| N Interest expense for corporate partners | |
| O Section 453(l)(3) information | |
| P Section 453A(c) information | |
| Q Section 1260(b) information | |
| R Interest allocable to production expenditures | See the Partner's Instructions |
| S CCF nonqualified withdrawals | |
| T Depletion information — oil and gas | |
| U Reserved | |
| V Unrelated business taxable income | |
| W Precontribution gain (loss) | |
| X Section 108(i) information | |
| Y Net investment income | |
| Z Other information | |

**THE GALMOR FAMILY TRUST**    46-7363977

PTPA0312L   08/17/17    Schedule **K-1** (Form 1065) 2017

L_PRITCHARD_035264

GALMOR FAMILY LTD PARTNERSHIP 27-4132388

SCHEDULE K-1 (FORM 1065) 2017 **SUPPLEMENTAL INFORMATION** PAGE 3

## BOX 2
## RENTAL REAL ESTATE ACTIVITIES

| PROPERTY TYPE AND ADDRESS | GROSS INCOME | NET EXPENSES | NET INCOME | PASSIVE NONPASS | SEC. 1231 TOTAL |
|---|---|---|---|---|---|
| TYPE: 5 - LAND | | | | | |
| 15767 FM 1036 SHAMROCK, OK 79079 | 594. | 2,156. | $ -1,562. | PASSIVE | |
| | | TOTAL | $ -1,562. | | |

## BOX 13
## OTHER DEDUCTIONS

**\* DESCRIPTIVE INFORMATION**

I    PRODUCTION TAX FROM O & G ACTIVITIES...................................... $        11.

## BOX 17
## ALTERNATIVE MINIMUM TAX (AMT) ITEMS

**CONTINUED FROM SCHEDULE K-1**

D         59,967.
E         24,859.

THE GALMOR FAMILY TRUST    46-7363977

SPSL1201L  07/06/17

L_PRITCHARD_035265

GALMOR FAMILY LTD PARTNERSHIP    27-4132388

# 2017 PARTNER'S SUMMARY OF OIL AND GAS ACTIVITIES

**(Form 1065, Schedule K-1, Box 20, Other Information, Code T)**

| Partner's name | Partner's I.D. |
|---|---|
| THE GALMOR FAMILY TRUST | 46-7363977 |

**INCOME:**

| | | |
|---|---|---|
| 1. | **Gross income from oil and gas activities (Sch. K-1 line 17, Code D)** | 59,967. |

**EXPENSES:**

| | | |
|---|---|---|
| 2. | Production tax | 13. |
| 3. | Operating expenses | 24,846. |
| 4. | Depreciation | |
| 5. | Allocated overhead | |
| 6. | Other expenses | |
| 7. | **Total deductions allocable to oil and gas activities (Schedule K-1 line 17, Code E)** | 24,859. |
| 8. | **Net income from oil and gas activities (line 1 minus line 7)** | 35,108. |

**PASSTHROUGH EXPENSES:**

| | | |
|---|---|---|
| 9. | Total intangible drilling costs (IDC) (Schedule K-1 line 13, Code J) | |
| 10. | Dry hole costs (Schedule K-1 line 13, Code J) | |
| 11. | Section 179 expense deduction (Schedule K-1 line 12) | |

**DEPLETION INFORMATION:**

| | | |
|---|---|---|
| 12. | Total cost depletion (greater than percentage) from all properties | |
| 13. | Total percentage depletion (greater than cost) from all properties (subject to 65% taxable income limitation) | 6,999. |
| 14. | Total percentage depletion (greater than cost) from all properties (NOT subject to 65% taxable income limitation) | |
| 15. | Total tentative depletion deduction (add lines 12, 13 and 14) | 6,999. |
| 16. | Total AMT cost depletion (greater than percentage) from all properties | |
| 17. | Total AMT percentage depletion (greater than cost) from all properties (subject to 65% taxable income limitation) | 6,999. |
| 18. | Total AMT percentage depletion (greater than cost) from all properties (NOT subject to 65% taxable income limitation) | |
| 19. | Total tentative AMT depletion deduction (add lines 16, 17 and 18) | 6,999. |

**OTHER INFORMATION:**

| | | |
|---|---|---|
| 20. | Total percentage depletion in excess of basis | 6,999. |
| 21. | Total excess intangible drilling costs (IDC) | |

PTPL1101L  07/06/17

THE GALMOR FAMILY TRUST    46-7363977

L_PRITCHARD_035266

GALMOR FAMILY LTD PARTNERSHIP
PO BOX 349
SHAMROCK, TX 79079
806-256-2135

August 30, 2018

THE GALMOR CONTRIBUTION TRUST
PO BOX 349
SHAMROCK, TX 79079

RE:
GALMOR FAMILY LTD PARTNERSHIP
27-4132388
Schedule K-1 from Partnership's 2017 Return of Income

Dear THE GALMOR CONTRIBUTION TRUST:

Enclosed is your 2017 Schedule K-1 (Form 1065) Partner's Share of Income, Deductions, Credits, Etc. from GALMOR FAMILY LTD PARTNERSHIP. This information reflects the amounts you need to complete your income tax return. The amounts shown are your distributive share of partnership tax items to be reported on your tax return, and may not correspond to actual distributions you have received during the year. This information is included in the Partnership's 2017 Federal Return of Partnership Income that was filed with the Internal Revenue Service.

If you have any questions concerning this information, please contact us immediately.

Sincerely,

GALMOR FAMILY LTD PARTNERSHIP

Enclosure(s)

651117

**Schedule K-1**
(Form 1065)

**2017**

For calendar year 2017, or tax

Department of the Treasury
Internal Revenue Service

☐ Final K-1   ☐ Amended K-1

OMB No. 1545-0123

beginning ___/___/ 2017   ending ___/___/___

**Partner's Share of Income, Deductions, Credits, etc.** ► See separate instructions.

| **Part III** | **Partner's Share of Current Year Income, Deductions, Credits, and Other Items** |
|---|---|

| | | | |
|---|---|---|---|
| 1 | Ordinary business income (loss) | 15 | Credits |
| | -35,955. | | |
| 2 | Net rental real estate income (loss) | | |
| * | -1,171. | | |
| 3 | Other net rental income (loss) | 16 | Foreign transactions |
| | | | |
| 4 | Guaranteed payments | | |
| | | | |
| 5 | Interest income | | |
| | 863. | | |
| 6a | Ordinary dividends | | |
| | | | |
| 6b | Qualified dividends | | |
| | | | |
| 7 | Royalties | | |
| | 15,414. | | |
| 8 | Net short-term capital gain (loss) | | |
| | | | |
| 9a | Net long-term capital gain (loss) | 17 | Alternative minimum tax (AMT) items |
| | | A | -2,161. |
| 9b | Collectibles (28%) gain (loss) | | |
| | | B | -61,002. |
| 9c | Unrecaptured section 1250 gain | | |
| | | * | STMT |
| 10 | Net section 1231 gain (loss) | 18 | Tax-exempt income and nondeductible expenses |
| | -7,583. | | |
| 11 | Other income (loss) | | |
| | | | |
| | | | |
| | | 19 | Distributions |
| | | A | 55,756. |
| 12 | Section 179 deduction | | |
| | | 20 | Other information |
| 13 | Other deductions | | |
| U | -49,144. | A | 16,277. |
| | | T* | STMT |
| 14 | Self-employment earnings (loss) | | |
| B | 19,450. | | |

**Part I  Information About the Partnership**

**A** Partnership's employer identification number
27-4132388

**B** Partnership's name, address, city, state, and ZIP code

GALMOR FAMILY LTD PARTNERSHIP
PO BOX 349
SHAMROCK, TX 79079

**C** IRS Center where partnership filed return
E-FILE

**D** ☐ Check if this is a publicly traded partnership (PTP)

**Part II  Information About the Partner**

**E** Partner's identifying number
82-7087205

**F** Partner's name, address, city, state, and ZIP code

THE GALMOR CONTRIBUTION TRUST
PO BOX 349
SHAMROCK, TX 79079

**G** ☐ General partner or LLC member-manager   ☒ Limited partner or other LLC member

**H** ☒ Domestic partner   ☐ Foreign partner

**I1** What type of entity is this partner? ....... FIDUCIARY

**I2** If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here.............................................. ☐

**J** Partner's share of profit, loss, and capital (see instructions):

| | Beginning | Ending |
|---|---|---|
| Profit | % | 49.5 % |
| Loss | % | 49.5 % |
| Capital | % | 49.5 % |

**K** Partner's share of liabilities at year end:

Nonrecourse........................... $ _____
Qualified nonrecourse financing........ $ _____
Recourse............................. $ 298,802.

**L** Partner's capital account analysis:

Beginning capital account ............. $ 0.
Capital contributed during the year ..... $ _____
Current year increase (decrease)....... $ -527.
Withdrawals & distributions ........... $ ( 55,756.)
Ending capital account ................ $ -56,283.

☒ Tax basis   ☐ GAAP   ☐ Section 704(b) book
☐ Other (explain)

**M** Did the partner contribute property with a built-in gain or loss?
☐ Yes   ☒ No
If 'Yes', attach statement (see instructions)

*See attached statement for additional information.

FOR IRS USE ONLY

**BAA  For Paperwork Reduction Act Notice, see Instructions for Form 1065.**

Schedule **K-1** (Form 1065) 2017

PTPA0312L  08/17/17

L_PRITCHARD_035268

Schedule **K-1** (Form 1065) 2017   GALMOR FAMILY LTD PARTNERSHIP   27-4132388   Page **2**

This list identifies the codes used on Schedule K-1 for all partners and provides summarized reporting information for partners who file Form 1040. For detailed reporting and filing information, see the separate Partner's Instructions for Schedule K-1 and the instructions for your income tax return.

**1  Ordinary business income (loss).** Determine whether the income (loss) is passive or nonpassive and enter on your return as follows.

| | Report on |
|---|---|
| Passive loss | See the Partner's Instructions |
| Passive income | Schedule E, line 28, column (g) |
| Nonpassive loss | See the Partner's Instructions |
| Nonpassive income | Schedule E, line 28, column (j) |

**2  Net rental real estate income (loss)**   See the Partner's Instructions

**3  Other net rental income (loss)**
| Net income | Schedule E, line 28, column (g) |
|---|---|
| Net loss | See the Partner's Instructions |

**4  Guaranteed payments**   Schedule E, line 28, column (j)
**5  Interest income**   Form 1040, line 8a
**6 a Ordinary dividends**   Form 1040, line 9a
**6 b Qualified dividends**   Form 1040, line 9b
**7  Royalties**   Schedule E, line 4
**8  Net short-term capital gain (loss)**   Schedule D, line 5
**9 a Net long-term capital gain (loss)**   Schedule D, line 12
**9 b Collectibles (28%) gain (loss)**   28% Rate Gain Worksheet, line 4 (Schedule D Instructions)
**9 c Unrecaptured section 1250 gain**   See the Partner's Instructions
**10  Net section 1231 gain (loss)**   See the Partner's Instructions
**11  Other income (loss)**
*Code*
A  Other portfolio income (loss)   See the Partner's Instructions
B  Involuntary conversions   See the Partner's Instructions
C  Sec. 1256 contracts & straddles   Form 6781, line 1
D  Mining exploration costs recapture   See Pub. 535
E  Cancellation of debt   Form 1040, line 21 or Form 982
F  Other income (loss)   See the Partner's Instructions
**12  Section 179 deduction**   See the Partner's Instructions
**13  Other deductions**
A  Cash contributions (50%)
B  Cash contributions (30%)
C  Noncash contributions (50%)
D  Noncash contributions (30%)   See the Partner's Instructions
E  Capital gain property to a 50% organization (30%)
F  Capital gain property (20%)
G  Contributions (100%)
H  Investment interest expense   Form 4952, line 1
I  Deductions — royalty income   Schedule E, line 19
J  Section 59(e)(2) expenditures   See the Partner's Instructions
K  Deductions — portfolio (2% floor)   Schedule A, line 23
L  Deductions — portfolio (other)   Schedule A, line 28
M  Amounts paid for medical insurance   Schedule A, line 1 or Form 1040, line 29
N  Educational assistance benefits   See the Partner's Instructions
O  Dependent care benefits   Form 2441, line 12
P  Preproductive period expenses   See the Partner's Instructions
Q  Commercial revitalization deduction from rental real estate activities   See Form 8582 Instructions
R  Pensions and IRAs   See the Partner's Instructions
S  Reforestation expense deduction   See the Partner's Instructions
T  Domestic production activities information   See Form 8903 Instructions
U  Qualified production activities income   Form 8903, line 7b
V  Employer's Form W-2 wages   Form 8903, line 17
W  Other deductions   See the Partner's Instructions
**14  Self-employment earnings (loss)**
**Note.** If you have a section 179 deduction or any partner-level deductions, see the Partner's Instructions before completing Schedule SE.
A  Net earnings (loss) from self-employment   Schedule SE, Section A or B
B  Gross farming or fishing income   See the Partner's Instructions
C  Gross non-farm income   See the Partner's Instructions
**15  Credits**
A  Low-income housing credit (section 42(j)(5)) from pre-2008 buildings
B  Low-income housing credit (other) from pre-2008 buildings
C  Low-income housing credit (section 42(j)(5)) from post-2007 buildings
D  Low-income housing credit (other) from post-2007 buildings   See the Partner's Instructions
E  Qualified rehabilitation expenditures (rental real estate)
F  Other rental real estate credits
G  Other rental credits
H  Undistributed capital gains credit   Form 1040, line 73; check box a
I  Biofuel producer credit
J  Work opportunity credit   See the Partner's Instructions
K  Disabled access credit

**Code**
L  Empowerment zone employment credit
M  Credit for increasing research activities
N  Credit for employer social security and Medicare taxes   See the Partner's Instructions
O  Backup withholding
P  Other credits
**16  Foreign transactions**
A  Name of country or U.S. possession
B  Gross income from all sources   Form 1116, Part I
C  Gross income sourced at partner level
*Foreign gross income sourced at partnership level*
D  Passive category
E  General category   Form 1116, Part I
F  Other
*Deductions allocated and apportioned at partner level*
G  Interest expense   Form 1116, Part I
H  Other   Form 1116, Part I
*Deductions allocated and apportioned at partnership level to foreign source income*
I  Passive category
J  General category   Form 1116, Part I
K  Other
*Other information*
L  Total foreign taxes paid   Form 1116, Part II
M  Total foreign taxes accrued   Form 1116, Part II
N  Reduction in taxes available for credit   Form 1116, line 12
O  Foreign trading gross receipts   Form 8873
P  Extraterritorial income exclusion   Form 8873
Q  Other foreign transactions   See the Partner's Instructions
**17  Alternative minimum tax (AMT) items**
A  Post-1986 depreciation adjustment
B  Adjusted gain or loss
C  Depletion (other than oil & gas)   See the Partner's Instructions and the Instructions for Form 6251
D  Oil, gas, & geothermal — gross income
E  Oil, gas, & geothermal — deductions
F  Other AMT items
**18  Tax-exempt income and nondeductible expenses**
A  Tax-exempt interest income   Form 1040, line 8b
B  Other tax-exempt income   See the Partner's Instructions
C  Nondeductible expenses   See the Partner's Instructions
**19  Distributions**
A  Cash and marketable securities
B  Distribution subject to section 737   See the Partner's Instructions
C  Other property
**20  Other information**
A  Investment income   Form 4952, line 4a
B  Investment expenses   Form 4952, line 5
C  Fuel tax credit information   Form 4136
D  Qualified rehabilitation expenditures (other than rental real estate)   See the Partner's Instructions
E  Basis of energy property   See the Partner's Instructions
F  Recapture of low-income housing credit (section 42(j)(5))   Form 8611, line 8
G  Recapture of low-income housing credit (other)   Form 8611, line 8
H  Recapture of investment credit   See Form 4255
I  Recapture of other credits   See the Partner's Instructions
J  Look-back interest — completed long-term contracts   See Form 8697
K  Look-back interest — income forecast method   See Form 8866
L  Dispositions of property with section 179 deductions
M  Recapture of section 179 deduction
N  Interest expense for corporate partners
O  Section 453(l)(3) information
P  Section 453A(c) information
Q  Section 1260(b) information
R  Interest allocable to production expenditures   See the Partner's Instructions
S  CCF nonqualified withdrawals
T  Depletion information — oil and gas
U  Reserved
V  Unrelated business taxable income
W  Precontribution gain (loss)
X  Section 108(i) information
Y  Net investment income
Z  Other information

THE GALMOR CONTRIBUTION TRUST   82-7087205          PTPA0312L  08/17/17          Schedule **K-1**(Form 1065) 2017

L_PRITCHARD_035269

GALMOR FAMILY LTD PARTNERSHIP 27-4132388

**SUPPLEMENTAL INFORMATION** PAGE 3

## BOX 2
## RENTAL REAL ESTATE ACTIVITIES

| PROPERTY TYPE AND ADDRESS | GROSS INCOME | NET EXPENSES | NET INCOME | PASSIVE NONPASS | SEC. 1231 TOTAL |
|---|---|---|---|---|---|
| TYPE: 5 - LAND | | | | | |
| 15767 FM 1036 SHAMROCK, OK 79079 | 594. | 2,156. $ | -1,562. | PASSIVE | |
| ROUNDING OR SPECIALLY ALLOCATED | | | | | |
| NET INCOME (LOSS) ADJUSTMENT | | | 391. | | |
| | | TOTAL $ | -1,171. | | |

## BOX 17
## ALTERNATIVE MINIMUM TAX (AMT) ITEMS

### CONTINUED FROM SCHEDULE K-1

D          44,975.
E          18,645.

THE GALMOR CONTRIBUTION TRUST   82-7087205

L_PRITCHARD_035270

GALMOR FAMILY LTD PARTNERSHIP    27-4132388

# 2017 PARTNER'S SUMMARY OF OIL AND GAS ACTIVITIES
### (Form 1065, Schedule K-1, Box 20, Other Information, Code T)

| Partner's name | Partner's I.D. |
|---|---|
| THE GALMOR CONTRIBUTION TRUST | 82-7087205 |

**INCOME:**

| | | |
|---|---|---:|
| 1. | **Gross income from oil and gas activities (Sch. K-1 line 17, Code D)** | 44,975. |

**EXPENSES:**

| | | |
|---|---|---:|
| 2. | Production tax | 10. |
| 3. | Operating expenses | 18,635. |
| 4. | Depreciation | |
| 5. | Allocated overhead | |
| 6. | Other expenses | |
| 7. | **Total deductions allocable to oil and gas activities (Schedule K-1 line 17, Code E)** | 18,645. |
| 8. | **Net income from oil and gas activities (line 1 minus line 7)** | 26,330. |

**PASSTHROUGH EXPENSES:**

| | | |
|---|---|---:|
| 9. | Total intangible drilling costs (IDC) (Schedule K-1 line 13, Code J) | |
| 10. | Dry hole costs (Schedule K-1 line 13, Code J) | |
| 11. | Section 179 expense deduction (Schedule K-1 line 12) | |

**DEPLETION INFORMATION:**

| | | |
|---|---|---:|
| 12. | Total cost depletion (greater than percentage) from all properties | |
| 13. | Total percentage depletion (greater than cost) from all properties (subject to 65% taxable income limitation) | 5,249. |
| 14. | Total percentage depletion (greater than cost) from all properties (NOT subject to 65% taxable income limitation) | |
| 15. | Total tentative depletion deduction (add lines 12, 13 and 14) | 5,249. |
| 16. | Total AMT cost depletion (greater than percentage) from all properties | |
| 17. | Total AMT percentage depletion (greater than cost) from all properties (subject to 65% taxable income limitation) | 5,249. |
| 18. | Total AMT percentage depletion (greater than cost) from all properties (NOT subject to 65% taxable income limitation) | |
| 19. | Total tentative AMT depletion deduction (add lines 16, 17 and 18) | 5,249. |

**OTHER INFORMATION:**

| | | |
|---|---|---:|
| 20. | Total percentage depletion in excess of basis | 5,249. |
| 21. | Total excess intangible drilling costs (IDC) | |

PTPL1101L  07/06/17

THE GALMOR CONTRIBUTION TRUST    82-7087205

L_PRITCHARD_035271

# EXHIBIT "7"

**2017 Partnership Return**
prepared for:

**GALMOR MANAGEMENT LLC**
PO BOX 346
SHAMROCK, TX 79079-0349

**P K & Company PLLC**
1000 N. Main, P.O. Box 1728
Elk City, OK 73648

**P K & COMPANY PLLC**
**1000 N. MAIN, P.O. BOX 1728**
**ELK CITY, OK 73648**
**(580) 225-8877**

September 4, 2018

GALMOR MANAGEMENT LLC
PO BOX 346
SHAMROCK, TX 79079-0349

Dear Client:

Your 2017 Federal Partnership Income Tax return will be electronically filed with the Internal Revenue Service upon receipt of a signed Form 8879PE - IRS e-file Signature Authorization.  No tax is payable with the filing of this return.

Please call if you have any questions.

Sincerely,


KELLYE L FUCHS, CPA

Form **8879-PE**

**IRS e-file Signature Authorization for Form 1065**

OMB No. 1545-0123

▶ Return completed Form 8879-PE to your ERO. (Don't send to the IRS.)

▶ Go to *www.irs.gov/Form8879PE* for the latest information.

**2017**

Department of the Treasury
Internal Revenue Service

For calendar year 2017, or tax year beginning                    , 2017, and ending              ,           .

| Name of partnership | Employer identification number |
|---|---|
| GALMOR MANAGEMENT LLC | 27-4132505 |

| Part I | Tax Return Information (Whole dollars only) | | |
|---|---|---|---|
| 1 | Gross receipts or sales less returns and allowances (Form 1065, line 1c)................................ | 1 | |
| 2 | Gross profit (Form 1065, line 3)................................................................... | 2 | |
| 3 | Ordinary business income (loss) (Form 1065, line 22)............................................. | 3 | -968. |
| 4 | Net rental real estate income (loss) (Form 1065, Schedule K, line 2)................................ | 4 | -32. |
| 5 | Other net rental income (loss) (Form 1065, Schedule K, line 3c)................................... | 5 | |

| Part II | Declaration and Signature Authorization of Partner or Member (Be sure to get a copy of the partnership's return) |
|---|---|

Under penalties of perjury, I declare that I am a partner or member of the above partnership and that I have examined a copy of the partnership's 2017 electronic return of partnership income and accompanying schedules and statements and to the best of my knowledge and belief, it is true, correct, and complete. I further declare that the amounts in Part I above are the amounts shown on the copy of the partnership's electronic return of partnership income. I consent to allow my electronic return originator (ERO), transmitter, or intermediate service provider to send the partnership's return to the IRS and to receive from the IRS (a) an acknowledgement of receipt or reason for rejection of the transmission and (b) the reason for any delay in processing the return. I have selected a personal identification number (PIN) as my signature for the partnership's electronic return of partnership income.

**Partner or Member's PIN: check one box only**

[X]  I authorize   P K & COMPANY PLLC                    to enter my PIN   27413         as my signature on the
                              **ERO firm name**                                               **Don't enter all zeros**
        partnership's 2017 electronically filed return of partnership income.

[ ]   As a partner or member of the partnership, I will enter my PIN as my signature on the partnership's 2017 electronically filed
        return of partnership income.

Partner or member's signature   ▶
Title ▶                                                                                      Date ▶

| Part III | Certification and Authentication |
|---|---|

**ERO's EFIN/PIN.** Enter your six-digit EFIN followed by your five-digit self-selected PIN.   73695054733
                                                                                          **Don't enter all zeros**

I certify that the above numeric entry is my PIN, which is my signature on the 2017 electronically filed return of partnership income for the partnership indicated above. I confirm that I am submitting this return in accordance with the requirements of **Pub. 3112,** IRS *e-file* Application and Participation, and **Pub. 4163,** Modernized e-File (MeF) Information for Authorized IRS *e-file* Providers for Business Returns.

ERO's signature ▶                                                          Date ▶

**ERO Must Retain This Form — See Instructions**
**Don't Submit This Form to the IRS Unless Requested To Do So**

**BAA  For Paperwork Reduction Act Notice, see instructions.**                               Form **8879-PE** (2017)

Form **1065**

Department of the Treasury
Internal Revenue Service

# U.S. Return of Partnership Income

**For calendar year 2017, or tax year beginning** _____ **, 2017,**
**ending** _____ **, 20** _____ **.**

► Go to *www.irs.gov/Form1065* for instructions and the latest information.

OMB No. 1545-0123

**2017**

| A Principal business activity | | D Employer identification no. |
|---|---|---|
| SERVICES | | 27-4132505 |

| B Principal product or service | | E Date business started |
|---|---|---|
| MANAGEMENT | Type or Print | 6/03/2011 |

| C Business code number | GALMOR MANAGEMENT LLC<br>PO BOX 346<br>SHAMROCK, TX 79079-0349 | F Total assets (see the instrs) |
|---|---|---|
| 525990 | | $ |

**G** Check applicable boxes: **(1)** ☐ Initial return **(2)** ☐ Final return **(3)** ☐ Name change **(4)** ☐ Address change **(5)** ☐ Amended return
**(6)** ☐ Technical termination — also check (1) or (2)

**H** Check accounting method: **(1)** ☒ Cash **(2)** ☐ Accrual **(3)** ☐ Other (specify) ► _____

**I** Number of Schedules K-1. Attach one for each person who was a partner at any time during the tax year ► 3

**J** Check if Schedules C and M-3 are attached ☐

**Caution.** Include *only* trade or business income and expenses on lines 1a through 22 below. See the instructions for more information.

| | | | | |
|---|---|---|---|---|
| I<br>N<br>C<br>O<br>M<br>E | **1a** Gross receipts or sales | **1a** | | |
| | **b** Returns and allowances | **1b** | | |
| | **c** Balance. Subtract line 1b from line 1a | | **1c** | |
| | **2** Cost of goods sold (attach Form 1125-A) | | **2** | |
| | **3** Gross profit. Subtract line 2 from line 1c | | **3** | |
| | **4** Ordinary income (loss) from other partnerships, estates, and trusts (attach statement) SEE STATEMENT 1 | | **4** | -968. |
| | **5** Net farm profit (loss) (attach Schedule F (Form 1040)) | | **5** | |
| | **6** Net gain (loss) from Form 4797, Part II, line 17 (attach Form 4797) | | **6** | |
| | **7** Other income (loss) (attach statement) | | **7** | |
| | **8** **Total income (loss).** Combine lines 3 through 7 | | **8** | -968. |
| D<br>E<br>D<br>U<br>C<br>T<br>I<br>O<br>N<br>S<br><br>S E E   I N S T R S   F O R   L I M I T A T I O N S | **9** Salaries and wages (other than to partners) (less employment credits) | | **9** | |
| | **10** Guaranteed payments to partners | | **10** | |
| | **11** Repairs and maintenance | | **11** | |
| | **12** Bad debts | | **12** | |
| | **13** Rent | | **13** | |
| | **14** Taxes and licenses | | **14** | |
| | **15** Interest | | **15** | |
| | **16a** Depreciation (if required, attach Form 4562) | **16a** | | |
| | **b** Less depreciation reported on Form 1125-A and elsewhere on return | **16b** | **16c** | |
| | **17** Depletion **(Do not deduct oil and gas depletion.)** | | **17** | |
| | **18** Retirement plans, etc. | | **18** | |
| | **19** Employee benefit programs | | **19** | |
| | **20** Other deductions (attach statement) | | **20** | |
| | **21** **Total deductions.** Add the amounts shown in the far right column for lines 9 through 20 | | **21** | |
| | **22** **Ordinary business income (loss).** Subtract line 21 from line 8 | | **22** | -968. |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than partner or limited liability company member) is based on all information of which preparer has any knowledge.

_____
Signature of partner or limited liability company member                    Date

May the IRS discuss this return with the preparer shown below (see instrs)? ☒ Yes ☐ No

**Paid Preparer Use Only**

| Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|
| KELLYE L FUCHS, CPA | | | | P01254733 |
| Firm's name ► P K & COMPANY PLLC | | | Firm's EIN ► 47-3985644 | |
| Firm's address ► 1000 N. MAIN, P.O. BOX 1728<br>ELK CITY, OK 73648 | | | Phone no. (580) 225-8877 | |

**BAA For Paperwork Reduction Act Notice, see separate instructions.**

PTPA0105L 08/22/17

Form **1065** (2017)

Form **1065** (2017)  GALMOR MANAGEMENT LLC  27-4132505  Page **2**

| Schedule B | Other Information | | |
|---|---|---|---|

| | | Yes | No |
|---|---|---|---|
| **1** | What type of entity is filing this return? Check the applicable box: | | |

**a** [X] Domestic general partnership     **b** [ ] Domestic limited partnership

**c** [ ] Domestic limited liability company     **d** [ ] Domestic limited liability partnership

**e** [ ] Foreign partnership     **f** [ ] Other ▸

| | | Yes | No |
|---|---|---|---|
| **2** | At any time during the tax year, was any partner in the partnership a disregarded entity, a partnership (including an entity treated as a partnership), a trust, an S corporation, an estate (other than an estate of a deceased partner), or a nominee or similar person? | | X |
| **3** | At the end of the tax year: | | |
| **a** | Did any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization, or any foreign government own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership? For rules of constructive ownership, see instructions. If 'Yes,' attach Schedule B-1, Information on Partners Owning 50% or More of the Partnership | | X |
| **b** | Did any individual or estate own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership? For rules of constructive ownership, see instructions. If 'Yes,' attach Schedule B-1, Information on Partners Owning 50% or More of the Partnership | | X |
| **4** | At the end of the tax year, did the partnership: | | |
| **a** | Own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of stock entitled to vote of any foreign or domestic corporation? For rules of constructive ownership, see instructions. If 'Yes,' complete (i) through (iv) below. | | X |

| **(i)** Name of Corporation | **(ii)** Employer Identification Number (if any) | **(iii)** Country of Incorporation | **(iv)** Percentage Owned in Voting Stock |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**b** Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions. If 'Yes,' complete (i) through (v) below ...........................    X

| **(i)** Name of Entity | **(ii)** Employer Identification Number (if any) | **(iii)** Type of Entity | **(iv)** Country of Organization | **(v)** Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| | | Yes | No |
|---|---|---|---|
| **5** | Did the partnership file Form 8893, Election of Partnership Level Tax Treatment, or an election statement under section 6231(a)(1)(B)(ii) for partnership-level tax treatment, that is in effect for this tax year? See Form 8893 for more details. | | X |
| **6** | Does the partnership satisfy **all four** of the following conditions? | | |
| **a** | The partnership's total receipts for the tax year were less than $250,000. | | |
| **b** | The partnership's total assets at the end of the tax year were less than $1 million. | | |
| **c** | Schedules K-1 are filed with the return and furnished to the partners on or before the due date (including extensions) for the partnership return. | | |
| **d** | The partnership is not filing and is not required to file Schedule M-3 | X | |
| | If 'Yes,' the partnership is not required to complete Schedules L, M-1, and M-2; Item F on page 1 of Form 1065; or Item L on Schedule K-1. | | |
| **7** | Is this partnership a publicly traded partnership as defined in section 469(k)(2)? | | X |
| **8** | During the tax year, did the partnership have any debt that was cancelled, was forgiven, or had the terms modified so as to reduce the principal amount of the debt? | | X |
| **9** | Has this partnership filed, or is it required to file, Form 8918, Material Advisor Disclosure Statement, to provide information on any reportable transaction? | | X |
| **10** | At any time during calendar year 2017, did the partnership have an interest in or a signature or other authority over a financial account in a foreign country (such as a bank account, securities account, or other financial account)? See the instructions for exceptions and filing requirements for FinCEN Form 114, Report of Foreign Bank and Financial Accounts (FBAR). If 'Yes,' enter the name of the foreign country. ▸ | | X |

PTPA0112L 08/22/17

Form **1065** (2017)

Form **1065** (2017)   GALMOR MANAGEMENT LLC                                  27-4132505                      Page **3**

| **Schedule B** | **Other Information** *(continued)* | | |
|---|---|---|---|

| | | Yes | No |
|---|---|---|---|
| **11** | At any time during the tax year, did the partnership receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? If 'Yes,' the partnership may have to file Form 3520, Annual Return To Report Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts. See instructions. | | X |
| **12a** | Is the partnership making, or had it previously made (and not revoked), a section 754 election?. . . . . . . . . . . . . . . . . . . . . . . . | | X |
| | See instructions for details regarding a section 754 election. | | |
| **b** | Did the partnership make for this tax year an optional basis adjustment under section 743(b) or 734(b)? If 'Yes,' attach a statement showing the computation and allocation of the basis adjustment. See instructions. . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| **c** | Is the partnership required to adjust the basis of partnership assets under section 743(b) or 734(b) because of a substantial built-in loss (as defined under section 743(d)) or substantial basis reduction (as defined under section 734(d))? If 'Yes,' attach a statement showing the computation and allocation of the basis adjustment. See instructions | | X |
| **13** | Check this box if, during the current or prior tax year, the partnership distributed any property received in a like-kind exchange or contributed such property to another entity (other than disregarded entities wholly owned by the partnership throughout the tax year) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐ | | |
| **14** | At any time during the tax year, did the partnership distribute to any partner a tenancy-in-common or other undivided interest in partnership property?. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| **15** | If the partnership is required to file Form 8858, Information Return of U.S. Persons With Respect To Foreign Disregarded Entities, enter the number of Forms 8858 attached. See instructions ▶ | | |
| **16** | Does the partnership have any foreign partners? If 'Yes,' enter the number of Forms 8805, Foreign Partner's Information Statement of Section 1446 Withholding Tax, filed for this partnership.  ▶ | | X |
| **17** | Enter the number of Forms 8865, Return of U.S. Persons With Respect to Certain Foreign Partnerships, attached to this return. ▶ | | |
| **18a** | Did you make any payments in 2017 that would require you to file Form(s) 1099? See instructions. . . . . . . . . . . . . . . . . . . . . | X | |
| **b** | If 'Yes,' did you or will you file required Form(s) 1099?. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | X | |
| **19** | Enter the number of Form(s) 5471, Information Return of U.S. Persons With Respect To Certain Foreign Corporations, attached to this return. ▶ | | |
| **20** | Enter the number of partners that are foreign governments under section 892.     ▶ 0 | | |
| **21** | During the partnership's tax year, did the partnership make any payments that would require it to file Form 1042 and 1042-S under chapter 3 (sections 1441 through 1464) or chapter 4 (sections 1471 through 1474)?. . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |
| **22** | Was the partnership a specified domestic entity required to file Form 8938 for the tax year (See the Instructions for Form 8938)?. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |

**Designation of Tax Matters Partner** (see instructions)

Enter below the general partner or member-manager designated as the tax matters partner (TMP) for the tax year of this return:

| Name of designated TMP ▶ | THE GALMOR FAMILY TRUST | Identifying number of TMP | 46-7363977 |
|---|---|---|---|
| If the TMP is an entity, name of TMP representative ▶ | MICHAEL S GALMOR | Phone number of TMP ▶ | |
| Address of designated TMP ▶ | PO BOX 349 SHAMROCK, TX 79079 | | |

PTPA0112L  08/22/17                                                                Form **1065** (2017)

Form **1065** (2017)   GALMOR MANAGEMENT LLC                                      27-4132505            Page **4**

| Schedule K | Partners' Distributive Share Items | | Total amount |
|---|---|---|---|
| | **1** Ordinary business income (loss) (page 1, line 22)................................... | **1** | -968. |
| | **2** Net rental real estate income (loss) (attach Form 8825)............................. | **2** | -32. |
| | **3a** Other gross rental income (loss)................ **3a** | | |
| | **b** Expenses from other rental activities (attach stmt)............... **3b** | | |
| | **c** Other net rental income (loss). Subtract line 3b from line 3a...................... | **3c** | |
| | **4** Guaranteed payments.......................................................... | **4** | |
| **Income (Loss)** | **5** Interest income................................................................ | **5** | 23. |
| | **6** Dividends: **a** Ordinary dividends........................................ | **6a** | |
| | **b** Qualified dividends.................. **6b** | | |
| | **7** Royalties...................................................................... | **7** | 415. |
| | **8** Net short-term capital gain (loss) (attach Schedule D (Form 1065))................. | **8** | |
| | **9a** Net long-term capital gain (loss) (attach Schedule D (Form 1065))................. | **9a** | |
| | **b** Collectibles (28%) gain (loss)................... **9b** | | |
| | **c** Unrecaptured section 1250 gain (attach statement)........ **9c** | | |
| | **10** Net section 1231 gain (loss) (attach Form 4797)................................. | **10** | -204. |
| | **11** Other income (loss) (see instructions)   Type ► | **11** | |
| **Deduc-tions** | **12** Section 179 deduction (attach Form 4562)....................................... | **12** | |
| | **13a** Contributions................................................................ | **13a** | |
| | **b** Investment interest expense................................................... | **13b** | |
| | **c** Section 59(e)(2) expenditures: **(1)** Type ► _____ **(2)** Amount ► | **13c (2)** | |
| | **d** Other deductions (see instructions)  Type ►                    SEE STATEMENT 2 | **13d** | |
| **Self-Employ-ment** | **14a** Net earnings (loss) from self-employment....................................... | **14a** | |
| | **b** Gross farming or fishing income............................................... | **14b** | 524. |
| | **c** Gross nonfarm income........................................................ | **14c** | |
| **Credits** | **15a** Low-income housing credit (section 42(j)(5))................................... | **15a** | |
| | **b** Low-income housing credit (other)............................................. | **15b** | |
| | **c** Qualified rehabilitation expenditures (rental real estate) (attach Form 3468, if applicable)... | **15c** | |
| | **d** Other rental real estate credits (see instructions)  Type ► _____ | **15d** | |
| | **e** Other rental credits (see instructions)............  Type ► _____ | **15e** | |
| | **f** Other credits (see instructions)................  Type ► | **15f** | |
| **Foreign Trans-actions** | **16a** Name of country or U.S. possession ...  ► _____ | | |
| | **b** Gross income from all sources................................................ | **16b** | |
| | **c** Gross income sourced at partner level......................................... | **16c** | |
| | Foreign gross income sourced at partnership level | | |
| | **d** Passive category  ► _____ **e** General category ► _____ **f** Other ► | **16f** | |
| | Deductions allocated and apportioned at partner level | | |
| | **g** Interest expense ► _____ **h** Other ► | **16h** | |
| | Deductions allocated and apportioned at partnership level to foreign source income | | |
| | **i** Passive category ► _____ **j** General category ► _____ **k** Other ► | **16k** | |
| | **l** Total foreign taxes (check one): ►  Paid ☐   Accrued ☐ | **16l** | |
| | **m** Reduction in taxes available for credit (attach statement)..................... | **16m** | |
| | **n** Other foreign tax information (attach statement)............................... | | |
| **Alternative Minimum Tax (AMT) Items** | **17a** Post-1986 depreciation adjustment........................................... | **17a** | -59. |
| | **b** Adjusted gain or loss......................................................... | **17b** | -1,644. |
| | **c** Depletion (other than oil and gas).............................................. | **17c** | |
| | **d** Oil, gas, and geothermal properties — gross income............................. | **17d** | 1,211. |
| | **e** Oil, gas, and geothermal properties — deductions.............................. | **17e** | 501. |
| | **f** Other AMT items (attach stmt)................................................. | **17f** | |
| **Other Infor-mation** | **18a** Tax-exempt interest income................................................. | **18a** | |
| | **b** Other tax-exempt income..................................................... | **18b** | |
| | **c** Nondeductible expenses...................................................... | **18c** | |
| | **19a** Distributions of cash and marketable securities............................... | **19a** | |
| | **b** Distributions of other property............................................... | **19b** | |
| | **20a** Investment income.......................................................... | **20a** | 438. |
| | **b** Investment expenses......................................................... | **20b** | |
| | **c** Other items and amounts (attach stmt)......................................... | | |

**BAA**                                                                  Form **1065** (2017)

PTPA0134L  08/22/17

Form **1065** (2017)   GALMOR MANAGEMENT LLC                                      27-4132505                Page **5**

## Analysis of Net Income (Loss)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1 | Net income (loss). Combine Schedule K, lines 1 through 11. From the result, subtract the sum of Schedule K, lines 12 through 13d, and 16l. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | | | **1** | | −766. |

| 2 | Analysis by partner type: | (i) Corporate | (ii) Individual (active) | (iii) Individual (passive) | (iv) Partnership | (v) Exempt Organization | (vi) Nominee/Other |
|---|---|---|---|---|---|---|---|
| **a** | General partners. . . . | | | | | | |
| **b** | Limited partners. . . . | | −96. | | | | −670. |

## Schedule L — Balance Sheets per Books

| Assets | | Beginning of tax year | | End of tax year | |
|---|---|---|---|---|---|
| | | (a) | (b) | (c) | (d) |
| 1 | Cash. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | | |
| 2a | Trade notes and accounts receivable. . . . . . . | | | | |
| b | Less allowance for bad debts. . . . . . . . . . . . . . | | | | |
| 3 | Inventories. . . . . . . . . . . . . . . . . . . . . . . . . . | | | | |
| 4 | U.S. government obligations. . . . . . . . . . . . . . | | | | |
| 5 | Tax-exempt securities. . . . . . . . . . . . . . . . . . | | | | |
| 6 | Other current assets (attach stmt) . . . . . . . . . . . | | | | |
| 7a | Loans to partners (or persons related to partners). . . . . | | | | |
| b | Mortgage and real estate loans. . . . . . . . . . . . | | | | |
| 8 | Other investments (attach stmt). . . . . . . . . . . . . . | | | | |
| 9a | Buildings and other depreciable assets. . . . . . . | | | | |
| b | Less accumulated depreciation. . . . . . . . . . . . | | | | |
| 10a | Depletable assets. . . . . . . . . . . . . . . . . . . . | | | | |
| b | Less accumulated depletion. . . . . . . . . . . . . . | | | | |
| 11 | Land (net of any amortization). . . . . . . . . . . . . | | | | |
| 12a | Intangible assets (amortizable only). . . . . . . . . | | | | |
| b | Less accumulated amortization. . . . . . . . . . . . | | | | |
| 13 | Other assets (attach stmt). . . . . . . . . . . . . . . | | | | |
| 14 | Total assets. . . . . . . . . . . . . . . . . . . . . . . . . | | | | |
| | **Liabilities and Capital** | | | | |
| 15 | Accounts payable. . . . . . . . . . . . . . . . . . . . . | | | | |
| 16 | Mortgages, notes, bonds payable in less than 1 year . . . . | | | | |
| 17 | Other current liabilities (attach stmt) . . . . . . . . . . . | | | | |
| 18 | All nonrecourse loans. . . . . . . . . . . . . . . . . . | | | | |
| 19a | Loans from partners (or persons related to partners). . . . | | | | |
| b | Mortgages, notes, bonds payable in 1 year or more. . . . . | | | | |
| 20 | Other liabilities (attach stmt). . . . . . . . . . . . . . | | | | |
| 21 | Partners' capital accounts. . . . . . . . . . . . . . | | | | |
| 22 | Total liabilities and capital. . . . . . . . . . . . . . | | | | |

## Schedule M-1 — Reconciliation of Income (Loss) per Books With Income (Loss) per Return

**Note.** The partnership may be required to file Schedule M-3 (see instructions).

| | | | | | |
|---|---|---|---|---|---|
| 1 | Net income (loss) per books. . . . . . . . . . | | 6 | Income recorded on books this year not included on Schedule K, lines 1 through 11 (itemize): | |
| 2 | Income included on Schedule K, lines 1, 2, 3c, 5, 6a, 7, 8, 9a, 10, and 11, not recorded on books this year (itemize): | | a | Tax-exempt interest . . $ _ _ _ _ _ _ _ _ _ _ | |
| | _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | | | _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | |
| 3 | Guaranteed pmts (other than health insurance). . . . . | | 7 | Deductions included on Schedule K, lines 1 through 13d, and 16l, not charged against book income this year (itemize): | |
| 4 | Expenses recorded on books this year not included on Schedule K, lines 1 through 13d, and 16l (itemize): | | a | Depreciation . . . . . . $ _ _ _ _ _ _ _ _ _ _ | |
| a | Depreciation . . . . . . $ _ _ _ _ _ _ | | | | |
| b | Travel and entertainment . . . . $ _ _ _ _ _ _ | | 8 | Add lines 6 and 7. . . . . . . . . . . . . . . . . . | |
| | | | 9 | Income (loss) (Analysis of Net Income (Loss), line 1). Subtract line 8 from line 5 . . . . . . . . . | |
| 5 | Add lines 1 through 4 . . . . . . . . . . . . | | | | |

## Schedule M-2 — Analysis of Partners' Capital Accounts

| | | | | | |
|---|---|---|---|---|---|
| 1 | Balance at beginning of year . . . . . . . . . | | 6 | Distributions: **a** Cash. . . . . . . . . | |
| 2 | Capital contributed: **a** Cash. . . . . . . . . . . | | | **b** Property. . . . . . . . . . . | |
| | **b** Property. . . . . . . . . . | | 7 | Other decreases (itemize): | |
| 3 | Net income (loss) per books. . . . . . . . . . | | | _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | |
| 4 | Other increases (itemize): | | | _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | |
| | | | 8 | Add lines 6 and 7. . . . . . . . . . . . . . . . . . | |
| 5 | Add lines 1 through 4 . . . . . . . . . . . . . . | | 9 | Balance at end of year. Subtract line 8 from line 5 . . . . | |

PTPA0134L  08/22/17                                                              Form **1065** (2017)

Form **8825**

(Rev. September 2017)

Department of the Treasury
Internal Revenue Service

## Rental Real Estate Income and Expenses of a Partnership or an S Corporation

► Attach to Form 1065, Form 1065-B, or Form 1120S.
► Go to *www.irs.gov/Form8825* for the latest information.

OMB No. 1545-0123

| Name | Employer identification number |
|---|---|
| GALMOR MANAGEMENT LLC | 27-4132505 |

**1** Show the type and address of each property. For each rental real estate property listed, report the number of days rented at fair rental value and days with personal use. See instructions. See page 2 to list additional properties.

| | Physical address of each property — street, city, state, ZIP code | Type — Enter code 1–8; see page 2 for list | Fair Rental Days | Personal Use Days |
|---|---|---|---|---|
| **A** | | | | |
| **B** | | | | |
| **C** | | | | |
| **D** | | | | |

| | | | Properties | | | |
|---|---|---|---|---|---|---|
| **Rental Real Estate Income** | | **A** | **B** | **C** | **D** |
| **2** Gross rents | **2** | | | | |
| **Rental Real Estate Expenses** | | | | | |
| **3** Advertising | **3** | | | | |
| **4** Auto and travel | **4** | | | | |
| **5** Cleaning and maintenance | **5** | | | | |
| **6** Commissions | **6** | | | | |
| **7** Insurance | **7** | | | | |
| **8** Legal and other professional fees | **8** | | | | |
| **9** Interest | **9** | | | | |
| **10** Repairs | **10** | | | | |
| **11** Taxes | **11** | | | | |
| **12** Utilities | **12** | | | | |
| **13** Wages and salaries | **13** | | | | |
| **14** Depreciation (see instructions) | **14** | | | | |
| **15** Other (list) ► | **15** | | | | |
| **16** Total expenses for each property. Add lines 3 through 15 | **16** | | | | |
| **17** Income or (loss) from each property. Subtract line 16 from line 2 | **17** | | | | |

| | | |
|---|---|---|
| **18a** Total gross rents. Add gross rents from line 2, columns A through H | **18a** | |
| **b** Total expenses. Add total expenses from line 16, columns A through H | **18b** | |
| **19** Net gain (loss) from Form 4797, Part II, line 17, from the disposition of property from rental real estate activities | **19** | |
| **20a** Net income (loss) from rental real estate activities from partnerships, estates, and trusts in which this partnership or S corporation is a partner or beneficiary (from Schedule K-1) | **20a** | -32. |

**b** Identify below the partnerships, estates, or trusts from which net income (loss) is shown on line 20a. Attach a schedule if more space is needed.

| **(1)** Name | **(2)** Employer identification number | |
|---|---|---|
| GALMOR FAMILY LTD PARTNERSHIP | 27-4132388 | -32. |
| | | |

| | | |
|---|---|---|
| **21** Net rental estate income (loss). Combine lines 18a through 20a. Enter the result here and on:<br>• **Form 1065 or 1120S:** Schedule K, line 2; or<br>• **Form 1065-B:** Part I, line 4 | **21** | -32. |

**BAA For Paperwork Reduction Act Notice, see instructions.**

SPSZ0101L 09/28/17

Form **8825** (Rev. 9-2017)

Form **8825** (Rev. 9-2017) GALMOR MANAGEMENT LLC    27-4132505    Page **2**

**1** Show the type and address of each property. For each rental real estate property listed, report the number of days at fair rental value and days with personal use. See instructions.

| Physical address of each property — street, city, state, ZIP code | Type — Enter code 1–8; see below for list | Fair Rental Days | Personal Use Days |
|---|---|---|---|
| E | | | |
| F | | | |
| G | | | |
| H | | | |

| | | Properties | | | |
|---|---|---|---|---|---|
| **Rental Real Estate Income** | | **E** | **F** | **G** | **H** |
| **2** Gross rents | 2 | | | | |
| **Rental Real Estate Expenses** | | | | | |
| **3** Advertising | 3 | | | | |
| **4** Auto and travel | 4 | | | | |
| **5** Cleaning and maintenance | 5 | | | | |
| **6** Commissions | 6 | | | | |
| **7** Insurance | 7 | | | | |
| **8** Legal and other professional fees | 8 | | | | |
| **9** Interest | 9 | | | | |
| **10** Repairs | 10 | | | | |
| **11** Taxes | 11 | | | | |
| **12** Utilities | 12 | | | | |
| **13** Wages and salaries | 13 | | | | |
| **14** Depreciation (see instructions) | 14 | | | | |
| **15** Other (list) ▶ | 15 | | | | |
| **16** Total expenses for each property. Add lines 3 through 15 | 16 | | | | |
| **17** Income or (loss) from each property. Subtract line 16 from line 2 | 17 | | | | |

**Allowable Codes for Type of Property**

1 — Single Family Residence
2 — Multi-Family Residence
3 — Vacation or Short-Term Rental
4 — Commercial
5 — Land
6 — Royalties
7 — Self-Rental
8 — Other (include description with the code on Form 8825 or on a separate statement)

**SCHEDULE B-1**
**(Form 1065)**
(Rev. September 2017)
Department of the Treasury
Internal Revenue Service

## Information on Partners Owning 50% or More of the Partnership
► **Attach to Form 1065.**
► **Go to** *www.irs.gov/Form1065* **for the latest information.**

OMB No. 1545-0123

| Name of partnership | Employer identification number (EIN) |
|---|---|
| GALMOR MANAGEMENT LLC | 27-4132505 |

**Part I** **Entities Owning 50% or More of the Partnership** (Form 1065, Schedule B, Question 3a)

Complete columns (i) through (v) below for any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, tax-exempt organization, or any foreign government that owns, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership (see instructions).

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|---|
| THE GALMOR CONTRIBUTION TRUST | 82-7087205 | TRUST | U.S. | 50.000 |
| THE GALMOR FAMILY TRUST | 46-7363977 | TRUST | U.S. | 50.000 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Part II** **Individuals or Estates Owning 50% or More of the Partnership** (Form 1065, Schedule B, Question 3b)

Complete columns (i) through (iv) below for any individual or estate that owns, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership (see instructions).

| (i) Name of Individual or Estate | (ii) Identifying Number (if any) | (iii) Country of Citizenship (see instructions) | (iv) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**BAA For Paperwork Reduction Act Notice, see the Instructions for Form 1065.**

Schedule **B-1** (Form 1065) (Rev. 9-2017)

PTPA1301L  08/09/17

| Form **4797** | **Sales of Business Property** | OMB No. 1545-0184 |
|---|---|---|
| | (Also Involuntary Conversions and Recapture Amounts Under Sections 179 and 280F(b)(2)) | **2017** |
| Department of the Treasury Internal Revenue Service | ► **Attach to your tax return.** ► Go to *www.irs.gov/Form4797* for instructions and the latest information. | Attachment Sequence No. **27** |

| Name(s) shown on return | Identifying number |
|---|---|
| GALMOR MANAGEMENT LLC | 27-4132505 |

**1** Enter the gross proceeds from sales or exchanges reported to you for 2017 on Form(s) 1099-B or 1099-S (or substitute statement) that you are including on line 2, 10, or 20. See instructions . . . . . . . . . . . . . . . . . . . . . **1**

**Part I**   **Sales or Exchanges of Property Used in a Trade or Business and Involuntary Conversions From Other Than Casualty or Theft — Most Property Held More Than 1 Year** (see instructions)

| 2 (a) Description of property | (b) Date acquired (mo., day, yr.) | (c) Date sold (mo., day, yr.) | (d) Gross sales price | (e) Depreciation allowed or allowable since acquisition | (f) Cost or other basis, plus improvements and expense of sale | (g) Gain or (loss) Subtract (f) from the sum of (d) and (e) |
|---|---|---|---|---|---|---|
| FROM K-1 | | | | | | -204. |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**3** Gain, if any, from Form 4684, line 39 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3**

**4** Section 1231 gain from installment sales from Form 6252, line 26 or 37 . . . . . . . . . . . . . . . . . . . . . . **4**

**5** Section 1231 gain or (loss) from like-kind exchanges from Form 8824 . . . . . . . . . . . . . . . . . . . . . . . **5**

**6** Gain, if any, from line 32, from other than casualty or theft . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **6**

**7** Combine lines 2 through 6. Enter the gain or (loss) here and on the appropriate line as follows: . . . . . . . . . . . . . . . . . **7**    -204.

**Partnerships (except electing large partnerships) and S corporations.** Report the gain or (loss) following the instructions for Form 1065, Schedule K, line 10, or Form 1120S, Schedule K, line 9. Skip lines 8, 9, 11, and 12 below.

**Individuals, partners, S corporation shareholders, and all others.** If line 7 is zero or a loss, enter the amount from line 7 on line 11 below and skip lines 8 and 9. If line 7 is a gain and you didn't have any prior year section 1231 losses, or they were recaptured in an earlier year, enter the gain from line 7 as a long-term capital gain on the Schedule D filed with your return and skip lines 8, 9, 11, and 12 below.

**8** Nonrecaptured net section 1231 losses from prior years. See instructions . . . . . . . . . . . . . . . . . . . . . . . **8**

**9** Subtract line 8 from line 7. If zero or less, enter -0-. If line 9 is zero, enter the gain from line 7 on line 12 below. If line 9 is more than zero, enter the amount from line 8 on line 12 below and enter the gain from line 9 as a long-term capital gain on the Schedule D filed with your return. See instructions . . . . . . . . . . . . . . . . . **9**

**Part II**   **Ordinary Gains and Losses** (see instructions)

**10** Ordinary gains and losses not included on lines 11 through 16 (include property held 1 year or less):

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

**11** Loss, if any, from line 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **11**

**12** Gain, if any, from line 7 or amount from line 8, if applicable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **12**

**13** Gain, if any, from line 31 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **13**

**14** Net gain or (loss) from Form 4684, lines 31 and 38a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **14**

**15** Ordinary gain from installment sales from Form 6252, line 25 or 36 . . . . . . . . . . . . . . . . . . . . . . . . **15**

**16** Ordinary gain or (loss) from like-kind exchanges from Form 8824 . . . . . . . . . . . . . . . . . . . . . . . . . . **16**

**17** Combine lines 10 through 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **17**

**18** For all except individual returns, enter the amount from line 17 on the appropriate line of your return and skip lines a and b below. For individual returns, complete lines a and b below:

**a** If the loss on line 11 includes a loss from Form 4684, line 35, column (b)(ii), enter that part of the loss here. Enter the part of the loss from income-producing property on Schedule A (Form 1040), line 28, and the part of the loss from property used as an employee on Schedule A (Form 1040), line 23. Identify as 'Form 4797, line 18a.' See instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **18a**

**b** Redetermine the gain or (loss) on line 17 excluding the loss, if any, on line 18a. Enter here and on Form 1040, line 14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **18b**

**BAA For Paperwork Reduction Act Notice, see separate instructions.**      Form **4797** (2017)

| 2017 | FEDERAL STATEMENTS | PAGE 1 |
|------|:------------------:|-------:|
| | **GALMOR MANAGEMENT LLC** | **27-4132505** |

**STATEMENT 1**
**FORM 1065, LINE 4**
**ORDINARY INCOME FROM PASSTHROUGH K-1S**

```
GALMOR FAMILY LTD PARTNERSHIP
PO BOX 349
SHAMROCK, TX 79079
27-4132388.......................................................................... $        -968.
```

                                                        TOTAL $        -968.

**STATEMENT 2**
**FORM 1065, SCHEDULE K, LINE 13D**
**OTHER DEDUCTIONS**

**QUALIFIED DOMESTIC PRODUCTION ACTIVITY INFORMATION - ALL ACTIVITIES**
```
QUALIFIED PRODUCTION ACTIVITIES INCOME.................................................. $      -1,324.
```

| 12/31/17 | **2017 FEDERAL OIL AND GAS ALLOWABLE DEPLETION REPORT** | **PAGE 1** |
|---|---|---|

**GALMOR MANAGEMENT LLC** 27-4132505

| PROP NUMBER | PROPERTY DESCRIPTION | PRODUCTION TYPE | GROSS % DEPLETION | TENTATIVE % DEPLETION | COST DEPLETION | GREATER OF % OR COST | DEPLETION IN EXCESS OF BASIS | EXCESS IDC |
|---|---|---|---|---|---|---|---|---|
| | GALMOR FAMILY LTD PARTNERSHIP | | 143 | 143 | | 143 | 143 | |
| | TOTALS: SCHEDULE K-1 PASS-THROUGH | | 143 | 143 | 0 | 143 | 143 | 0 |
| | GRAND TOTALS | | 143 | 143 | 0 | 143 | 143 | 0 |

GALMOR MANAGEMENT LLC
PO BOX 346
SHAMROCK, TX 79079-0349
806-256-2135

September 4, 2018

THE GALMOR CONTRIBUTION TRUST
PO BOX 346
SHAMROCK, TX 79079-0349

RE:
GALMOR MANAGEMENT LLC
27-4132505
Schedule K-1 from Partnership's 2017 Return of Income

Dear THE GALMOR CONTRIBUTION TRUST:

Enclosed is your 2017 Schedule K-1 (Form 1065) Partner's Share of Income, Deductions, Credits, Etc. from GALMOR MANAGEMENT LLC. This information reflects the amounts you need to complete your income tax return. The amounts shown are your distributive share of partnership tax items to be reported on your tax return, and may not correspond to actual distributions you have received during the year. This information is included in the Partnership's 2017 Federal Return of Partnership Income that was filed with the Internal Revenue Service.

If you have any questions concerning this information, please contact us immediately.

Sincerely,

GALMOR MANAGEMENT LLC

Enclosure(s)

**Schedule K-1**
**(Form 1065)**
Department of the Treasury
Internal Revenue Service

**2017**
For calendar year 2017, or tax

☐ Final K-1    ☐ Amended K-1

651117

OMB No. 1545-0123

beginning ___ / ___ / 2017   ending ___ / ___ / ___

## Partner's Share of Income, Deductions, Credits, etc.
► See separate instructions.

| Part III | Partner's Share of Current Year Income, Deductions, Credits, and Other Items |
|---|---|

**Part I**  Information About the Partnership

**A**  Partnership's employer identification number
27-4132505

**B**  Partnership's name, address, city, state, and ZIP code

GALMOR MANAGEMENT LLC
PO BOX 346
SHAMROCK, TX 79079-0349

**C**  IRS Center where partnership filed return
E-FILE

**D**  ☐ Check if this is a publicly traded partnership (PTP)

**Part II**  Information About the Partner

**E**  Partner's identifying number
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

**F**  Partner's name, address, city, state, and ZIP code

THE GALMOR CONTRIBUTION TRUST
PO BOX 346
SHAMROCK, TX 79079-0349

**G**  ☐ General partner or LLC member-manager  ☒ Limited partner or other LLC member

**H**  ☒ Domestic partner  ☐ Foreign partner

**I1**  What type of entity is this partner? ....... INDIVIDUAL

**I2**  If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here. . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐

**J**  Partner's share of profit, loss, and capital (see instructions):

| | Beginning | Ending |
|---|---|---|
| Profit | 50 % | % |
| Loss | 50 % | % |
| Capital | 50 % | % |

**K**  Partner's share of liabilities at year end:

Nonrecourse. . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

Qualified nonrecourse financing. . . . . . . . $ _____

Recourse . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

**L**  Partner's capital account analysis:

Beginning capital account . . . . . . . . . . . . . $ _____

Capital contributed during the year . . . . . $ _____

Current year increase (decrease). . . . . . . $ _____

Withdrawals & distributions . . . . . . . . . . . $ _____

Ending capital account . . . . . . . . . . . . . . . $ _____

☒ Tax basis  ☐ GAAP  ☐ Section 704(b) book
☐ Other (explain)

**M**  Did the partner contribute property with a built-in gain or loss?
☐ Yes  ☒ No
If 'Yes', attach statement (see instructions)

| # | Description | Amount | # | Description | Amount |
|---|---|---|---|---|---|
| 1 | Ordinary business income (loss) | -121. | 15 | Credits | |
| 2 | Net rental real estate income (loss) | -4. | | | |
| 3 | Other net rental income (loss) | | 16 | Foreign transactions | |
| 4 | Guaranteed payments | | | | |
| 5 | Interest income | 3. | | | |
| 6a | Ordinary dividends | | | | |
| 6b | Qualified dividends | | | | |
| 7 | Royalties | 52. | | | |
| 8 | Net short-term capital gain (loss) | | | | |
| 9a | Net long-term capital gain (loss) | | 17 | Alternative minimum tax (AMT) items | |
| | | | A | | -7. |
| 9b | Collectibles (28%) gain (loss) | | D | | 152. |
| 9c | Unrecaptured section 1250 gain | | | | |
| 10 | Net section 1231 gain (loss) | -26. | 18 | Tax-exempt income and nondeductible expenses | |
| 11 | Other income (loss) | | | | |
| 12 | Section 179 deduction | | 19 | Distributions | |
| 13 | Other deductions | | 20 | Other information | |
| U | | -166. | A | | 55. |
| | | | T* | STMT | |
| 14 | Self-employment earnings (loss) | | | | |
| B | | 67. | | | |

*See attached statement for additional information.

F O R   I R S   U S E   O N L Y

BAA  For Paperwork Reduction Act Notice, see Instructions for Form 1065.

Schedule **K-1** (Form 1065) 2017

PTPA0312L  08/17/17

Schedule **K-1** (Form 1065) 2017    GALMOR MANAGEMENT LLC    27-4132505    Page **2**

This list identifies the codes used on Schedule K-1 for all partners and provides summarized reporting information for partners who file Form 1040. For detailed reporting and filing information, see the separate Partner's Instructions for Schedule K-1 and the instructions for your income tax return.

**1  Ordinary business income (loss).** Determine whether the income (loss) is passive or nonpassive and enter on your return as follows.

| | *Report on* |
|---|---|
| Passive loss | See the Partner's Instructions |
| Passive income | Schedule E, line 28, column (g) |
| Nonpassive loss | See the Partner's Instructions |
| Nonpassive income | Schedule E, line 28, column (j) |

**2  Net rental real estate income (loss)**   See the Partner's Instructions

**3  Other net rental income (loss)**

| Net income | Schedule E, line 28, column (g) |
|---|---|
| Net loss | See the Partner's Instructions |

**4  Guaranteed payments**   Schedule E, line 28, column (j)
**5  Interest income**   Form 1040, line 8a
**6 a Ordinary dividends**   Form 1040, line 9a
**6 b Qualified dividends**   Form 1040, line 9b
**7  Royalties**   Schedule E, line 4
**8  Net short-term capital gain (loss)**   Schedule D, line 5
**9 a Net long-term capital gain (loss)**   Schedule D, line 12
**9 b Collectibles (28%) gain (loss)**   28% Rate Gain Worksheet, line 4 (Schedule D Instructions)
**9 c Unrecaptured section 1250 gain**   See the Partner's Instructions
**10  Net section 1231 gain (loss)**   See the Partner's Instructions
**11  Other income (loss)**

*Code*

| A | Other portfolio income (loss) | See the Partner's Instructions |
|---|---|---|
| B | Involuntary conversions | See the Partner's Instructions |
| C | Sec. 1256 contracts & straddles | Form 6781, line 1 |
| D | Mining exploration costs recapture | See Pub. 535 |
| E | Cancellation of debt | Form 1040, line 21 or Form 982 |
| F | Other income (loss) | See the Partner's Instructions |

**12  Section 179 deduction**   See the Partner's Instructions
**13  Other deductions**

| A | Cash contributions (50%) | |
|---|---|---|
| B | Cash contributions (30%) | |
| C | Noncash contributions (50%) | |
| D | Noncash contributions (30%) | See the Partner's Instructions |
| E | Capital gain property to a 50% organization (30%) | |
| F | Capital gain property (20%) | |
| G | Contributions (100%) | |
| H | Investment interest expense | Form 4952, line 1 |
| I | Deductions — royalty income | Schedule E, line 19 |
| J | Section 59(e)(2) expenditures | See the Partner's Instructions |
| K | Deductions — portfolio (2% floor) | Schedule A, line 23 |
| L | Deductions — portfolio (other) | Schedule A, line 28 |
| M | Amounts paid for medical insurance | Schedule A, line 1 or Form 1040, line 29 |
| N | Educational assistance benefits | See the Partner's Instructions |
| O | Dependent care benefits | Form 2441, line 12 |
| P | Preproductive period expenses | See the Partner's Instructions |
| Q | Commercial revitalization deduction from rental real estate activities | See Form 8582 Instructions |
| R | Pensions and IRAs | See the Partner's Instructions |
| S | Reforestation expense deduction | See the Partner's Instructions |
| T | Domestic production activities information | See Form 8903 Instructions |
| U | Qualified production activities income | Form 8903, line 7b |
| V | Employer's Form W-2 wages | Form 8903, line 17 |
| W | Other deductions | See the Partner's Instructions |

**14  Self-employment earnings (loss)**

**Note.** If you have a section 179 deduction or any partner-level deductions, see the Partner's Instructions before completing Schedule SE.

| A | Net earnings (loss) from self-employment | Schedule SE, Section A or B |
|---|---|---|
| B | Gross farming or fishing income | See the Partner's Instructions |
| C | Gross non-farm income | See the Partner's Instructions |

**15  Credits**

| A | Low-income housing credit (section 42(j)(5)) from pre-2008 buildings | |
|---|---|---|
| B | Low-income housing credit (other) from pre-2008 buildings | |
| C | Low-income housing credit (section 42(j)(5)) from post-2007 buildings | |
| D | Low-income housing credit (other) from post-2007 buildings | See the Partner's Instructions |
| E | Qualified rehabilitation expenditures (rental real estate) | |
| F | Other rental real estate credits | |
| G | Other rental credits | |
| H | Undistributed capital gains credit | Form 1040, line 73; check box a |
| I | Biofuel producer credit | |
| J | Work opportunity credit | See the Partner's Instructions |
| K | Disabled access credit | |

| | *Code* | *Report on* |
|---|---|---|
| L | Empowerment zone employment credit | |
| M | Credit for increasing research activities | |
| N | Credit for employer social security and Medicare taxes | See the Partner's Instructions |
| O | Backup withholding | |
| P | Other credits | |

**16  Foreign transactions**

| A | Name of country or U.S. possession | |
|---|---|---|
| B | Gross income from all sources | Form 1116, Part I |
| C | Gross income sourced at partner level | |

*Foreign gross income sourced at partnership level*

| D | Passive category | |
|---|---|---|
| E | General category | Form 1116, Part I |
| F | Other | |

*Deductions allocated and apportioned at partner level*

| G | Interest expense | Form 1116, Part I |
|---|---|---|
| H | Other | Form 1116, Part I |

*Deductions allocated and apportioned at partnership level to foreign source income*

| I | Passive category | |
|---|---|---|
| J | General category | Form 1116, Part I |
| K | Other | |

*Other information*

| L | Total foreign taxes paid | Form 1116, Part II |
|---|---|---|
| M | Total foreign taxes accrued | Form 1116, Part II |
| N | Reduction in taxes available for credit | Form 1116, line 12 |
| O | Foreign trading gross receipts | Form 8873 |
| P | Extraterritorial income exclusion | Form 8873 |
| Q | Other foreign transactions | See the Partner's Instructions |

**17  Alternative minimum tax (AMT) items**

| A | Post-1986 depreciation adjustment | |
|---|---|---|
| B | Adjusted gain or loss | See the Partner's Instructions and the Instructions for Form 6251 |
| C | Depletion (other than oil & gas) | |
| D | Oil, gas, & geothermal — gross income | |
| E | Oil, gas, & geothermal — deductions | |
| F | Other AMT items | |

**18  Tax-exempt income and nondeductible expenses**

| A | Tax-exempt interest income | Form 1040, line 8b |
|---|---|---|
| B | Other tax-exempt income | See the Partner's Instructions |
| C | Nondeductible expenses | See the Partner's Instructions |

**19  Distributions**

| A | Cash and marketable securities | |
|---|---|---|
| B | Distribution subject to section 737 | See the Partner's Instructions |
| C | Other property | |

**20  Other information**

| A | Investment income | Form 4952, line 4a |
|---|---|---|
| B | Investment expenses | Form 4952, line 5 |
| C | Fuel tax credit information | Form 4136 |
| D | Qualified rehabilitation expenditures (other than rental real estate) | See the Partner's Instructions |
| E | Basis of energy property | See the Partner's Instructions |
| F | Recapture of low-income housing credit (section 42(j)(5)) | Form 8611, line 8 |
| G | Recapture of low-income housing credit (other) | Form 8611, line 8 |
| H | Recapture of investment credit | See Form 4255 |
| I | Recapture of other credits | See the Partner's Instructions |
| J | Look-back interest — completed long-term contracts | See Form 8697 |
| K | Look-back interest — income forecast method | See Form 8866 |
| L | Dispositions of property with section 179 deductions | |
| M | Recapture of section 179 deduction | |
| N | Interest expense for corporate partners | |
| O | Section 453(l)(3) information | |
| P | Section 453A(c) information | |
| Q | Section 1260(b) information | |
| R | Interest allocable to production expenditures | See the Partner's Instructions |
| S | CCF nonqualified withdrawals | |
| T | Depletion information — oil and gas | |
| U | Reserved | |
| V | Unrelated business taxable income | |
| W | Precontribution gain (loss) | |
| X | Section 108(i) information | |
| Y | Net investment income | |
| Z | Other information | |

THE GALMOR CONTRIBUTION TRUST    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

PTPA0312L  08/17/17    Schedule **K-1** (Form 1065) 2017

GALMOR MANAGEMENT LLC 27-4132505

SCHEDULE K-1 (FORM 1065) 2017 **SUPPLEMENTAL INFORMATION** PAGE 3

## BOX 2
## RENTAL REAL ESTATE ACTIVITIES

| PROPERTY TYPE AND ADDRESS | GROSS INCOME | NET EXPENSES | NET INCOME | PASSIVE NONPASS | SEC. 1231 TOTAL |
|---|---|---|---|---|---|
| ROUNDING OR SPECIALLY ALLOCATED NET INCOME (LOSS) ADJUSTMENT | | | -4. | | |
| TOTAL $ | | | -4. | | |

GALMOR MANAGEMENT LLC    27-4132505

# 2017 PARTNER'S SUMMARY OF OIL AND GAS ACTIVITIES
### (Form 1065, Schedule K-1, Box 20, Other Information, Code T)

| Partner's name | Partner's I.D. |
|---|---|
| THE GALMOR CONTRIBUTION TRUST | 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 |

**INCOME:**

| | | |
|---|---|---|
| 1. | **Gross income from oil and gas activities (Sch. K-1 line 17, Code D)** .......................... | 152. |

**EXPENSES:**

| | | |
|---|---|---|
| 2. | Production tax........................................................................ | |
| 3. | Operating expenses.................................................................. | |
| 4. | Depreciation......................................................................... | |
| 5. | Allocated overhead.................................................................. | |
| 6. | Other expenses...................................................................... | |
| 7. | **Total deductions allocable to oil and gas activities (Schedule K-1 line 17, Code E)** ......... | |
| 8. | **Net income from oil and gas activities (line 1 minus line 7)** ............................... | 152. |

**PASSTHROUGH EXPENSES:**

| | | |
|---|---|---|
| 9. | Total intangible drilling costs (IDC) (Schedule K-1 line 13, Code J)........................... | |
| 10. | Dry hole costs (Schedule K-1 line 13, Code J)............................................... | |
| 11. | Section 179 expense deduction (Schedule K-1 line 12)........................................ | |

**DEPLETION INFORMATION:**

| | | |
|---|---|---|
| 12. | Total cost depletion (greater than percentage) from all properties............................ | |
| 13. | Total percentage depletion (greater than cost) from all properties (subject to 65% taxable income limitation) .. | 18. |
| 14. | Total percentage depletion (greater than cost) from all properties (NOT subject to 65% taxable income limitation) ........ | |
| 15. | Total tentative depletion deduction (add lines 12, 13 and 14)................................. | 18. |
| 16. | Total AMT cost depletion (greater than percentage) from all properties........................ | |
| 17. | Total AMT percentage depletion (greater than cost) from all properties (subject to 65% taxable income limitation) ........ | 18. |
| 18. | Total AMT percentage depletion (greater than cost) from all properties (NOT subject to 65% taxable income limitation) ........ | |
| 19. | Total tentative AMT depletion deduction (add lines 16, 17 and 18)............................. | 18. |

**OTHER INFORMATION:**

| | | |
|---|---|---|
| 20. | Total percentage depletion in excess of basis.............................................. | 18. |
| 21. | Total excess intangible drilling costs (IDC)................................................ | |

PTPL1101L  07/06/17

THE GALMOR CONTRIBUTION TRUST    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

GALMOR MANAGEMENT LLC
PO BOX 346
SHAMROCK, TX 79079-0349
806-256-2135

September 4, 2018

THE GALMOR FAMILY TRUST
PO BOX 349
SHAMROCK, TX 79079

RE:
GALMOR MANAGEMENT LLC
27-4132505
Schedule K-1 from Partnership's 2017 Return of Income

Dear THE GALMOR FAMILY TRUST:

Enclosed is your 2017 Schedule K-1 (Form 1065) Partner's Share of Income, Deductions, Credits, Etc. from GALMOR MANAGEMENT LLC.  This information reflects the amounts you need to complete your income tax return.  The amounts shown are your distributive share of partnership tax items to be reported on your tax return, and may not correspond to actual distributions you have received during the year. This information is included in the Partnership's 2017 Federal Return of Partnership Income that was filed with the Internal Revenue Service.

If you have any questions concerning this information, please contact us immediately.

Sincerely,

GALMOR MANAGEMENT LLC

Enclosure(s)

**Schedule K-1**
(Form 1065)

Department of the Treasury
Internal Revenue Service

**2017**

For calendar year 2017, or tax

651117

☐ Final K-1   ☐ Amended K-1    OMB No. 1545-0123

beginning / / 2017 ending / /

## Partner's Share of Income, Deductions, Credits, etc.

► See separate instructions.

| **Part III** | **Partner's Share of Current Year Income, Deductions, Credits, and Other Items** |
|---|---|

| | | |
|---|---|---|
| **1** Ordinary business income (loss) | **15** Credits | |
| -484. | | |
| **2** Net rental real estate income (loss) | | |
| * -16. | | |
| **3** Other net rental income (loss) | **16** Foreign transactions | |
| | | |
| **4** Guaranteed payments | | |
| | | |
| **5** Interest income | | |
| 12. | | |
| **6a** Ordinary dividends | | |
| | | |
| **6b** Qualified dividends | | |
| | | |
| **7** Royalties | | |
| 208. | | |
| **8** Net short-term capital gain (loss) | | |
| | | |

### Part I   Information About the Partnership

**A** Partnership's employer identification number
27-4132505

**B** Partnership's name, address, city, state, and ZIP code

GALMOR MANAGEMENT LLC
PO BOX 346
SHAMROCK, TX 79079-0349

**C** IRS Center where partnership filed return
E-FILE

**D** ☐ Check if this is a publicly traded partnership (PTP)

### Part II   Information About the Partner

**E** Partner's identifying number
46-7363977

**F** Partner's name, address, city, state, and ZIP code

THE GALMOR FAMILY TRUST
PO BOX 349
SHAMROCK, TX 79079

| | |
|---|---|
| **9a** Net long-term capital gain (loss) | **17** Alternative minimum tax (AMT) items |
| | A -30. |
| **9b** Collectibles (28%) gain (loss) | |
| | B -822. |
| **9c** Unrecaptured section 1250 gain | * STMT |
| **10** Net section 1231 gain (loss) | **18** Tax-exempt income and nondeductible expenses |
| -102. | |
| **11** Other income (loss) | |

**G** ☐ General partner or LLC member-manager   ☒ Limited partner or other LLC member

**H** ☒ Domestic partner   ☐ Foreign partner

**I1** What type of entity is this partner? ....... FIDUCIARY

**I2** If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here. ............................................. ☐

**J** Partner's share of profit, loss, and capital (see instructions):

| | Beginning | Ending |
|---|---|---|
| Profit | 50 % | 50 % |
| Loss | 50 % | 50 % |
| Capital | 50 % | 50 % |

**K** Partner's share of liabilities at year end:

Nonrecourse ........................... $ _____
Qualified nonrecourse financing ........ $ _____
Recourse ............................. $ _____

| | |
|---|---|
| **19** Distributions | |
| **12** Section 179 deduction | |
| **13** Other deductions | **20** Other information |
| U -662. | A 220. |
| | T* STMT |
| **14** Self-employment earnings (loss) | |
| B 267. | |

**L** Partner's capital account analysis:

Beginning capital account .............. $ _____
Capital contributed during the year ..... $ _____
Current year increase (decrease)........ $ _____
Withdrawals & distributions ............ $ _____
Ending capital account ................ $ _____

☒ Tax basis   ☐ GAAP   ☐ Section 704(b) book
☐ Other (explain)

**M** Did the partner contribute property with a built-in gain or loss?
☐ Yes   ☒ No
If 'Yes', attach statement (see instructions)

*See attached statement for additional information.

F O R   I R S   U S E   O N L Y

**BAA For Paperwork Reduction Act Notice, see Instructions for Form 1065.**    Schedule **K-1** (Form 1065) 2017

PTPA0312L 08/17/17

Schedule **K-1** (Form 1065) 2017    GALMOR MANAGEMENT LLC    27-4132505    Page **2**

This list identifies the codes used on Schedule K-1 for all partners and provides summarized reporting information for partners who file Form 1040. For detailed reporting and filing information, see the separate Partner's Instructions for Schedule K-1 and the instructions for your income tax return.

**1 Ordinary business income (loss).** Determine whether the income (loss) is passive or nonpassive and enter on your return as follows.

| | | *Report on* |
|---|---|---|
| | Passive loss | See the Partner's Instructions |
| | Passive income | Schedule E, line 28, column (g) |
| | Nonpassive loss | See the Partner's Instructions |
| | Nonpassive income | Schedule E, line 28, column (j) |
| **2** | **Net rental real estate income (loss)** | See the Partner's Instructions |
| **3** | **Other net rental income (loss)** | |
| | Net income | Schedule E, line 28, column (g) |
| | Net loss | See the Partner's Instructions |
| **4** | **Guaranteed payments** | Schedule E, line 28, column (j) |
| **5** | **Interest income** | Form 1040, line 8a |
| **6 a** | **Ordinary dividends** | Form 1040, line 9a |
| **6 b** | **Qualified dividends** | Form 1040, line 9b |
| **7** | **Royalties** | Schedule E, line 4 |
| **8** | **Net short-term capital gain (loss)** | Schedule D, line 5 |
| **9 a** | **Net long-term capital gain (loss)** | Schedule D, line 12 |
| **9 b** | **Collectibles (28%) gain (loss)** | 28% Rate Gain Worksheet, line 4 (Schedule D Instructions) |
| **9 c** | **Unrecaptured section 1250 gain** | See the Partner's Instructions |
| **10** | **Net section 1231 gain (loss)** | See the Partner's Instructions |
| **11** | **Other income (loss)** | |

*Code*

| | | |
|---|---|---|
| **A** | Other portfolio income (loss) | See the Partner's Instructions |
| **B** | Involuntary conversions | See the Partner's Instructions |
| **C** | Sec. 1256 contracts & straddles | Form 6781, line 1 |
| **D** | Mining exploration costs recapture | See Pub. 535 |
| **E** | Cancellation of debt | Form 1040, line 21 or Form 982 |
| **F** | Other income (loss) | See the Partner's Instructions |
| **12** | **Section 179 deduction** | See the Partner's Instructions |
| **13** | **Other deductions** | |
| **A** | Cash contributions (50%) | |
| **B** | Cash contributions (30%) | |
| **C** | Noncash contributions (50%) | |
| **D** | Noncash contributions (30%) | |
| **E** | Capital gain property to a 50% organization (30%) | See the Partner's Instructions |
| **F** | Capital gain property (20%) | |
| **G** | Contributions (100%) | |
| **H** | Investment interest expense | Form 4952, line 1 |
| **I** | Deductions — royalty income | Schedule E, line 19 |
| **J** | Section 59(e)(2) expenditures | See the Partner's Instructions |
| **K** | Deductions — portfolio (2% floor) | Schedule A, line 23 |
| **L** | Deductions — portfolio (other) | Schedule A, line 28 |
| **M** | Amounts paid for medical insurance | Schedule A, line 1 or Form 1040, line 29 |
| **N** | Educational assistance benefits | See the Partner's Instructions |
| **O** | Dependent care benefits | Form 2441, line 12 |
| **P** | Preproductive period expenses | See the Partner's Instructions |
| **Q** | Commercial revitalization deduction from rental real estate activities | See Form 8582 Instructions |
| **R** | Pensions and IRAs | See the Partner's Instructions |
| **S** | Reforestation expense deduction | See the Partner's Instructions |
| **T** | Domestic production activities information | See Form 8903 Instructions |
| **U** | Qualified production activities income | Form 8903, line 7b |
| **V** | Employer's Form W-2 wages | Form 8903, line 17 |
| **W** | Other deductions | See the Partner's Instructions |
| **14** | **Self-employment earnings (loss)** | |

**Note.** If you have a section 179 deduction or any partner-level deductions, see the Partner's Instructions before completing Schedule SE.

| | | |
|---|---|---|
| **A** | Net earnings (loss) from self-employment | Schedule SE, Section A or B |
| **B** | Gross farming or fishing income | See the Partner's Instructions |
| **C** | Gross non-farm income | See the Partner's Instructions |
| **15** | **Credits** | |
| **A** | Low-income housing credit (section 42(j)(5)) from pre-2008 buildings | |
| **B** | Low-income housing credit (other) from pre-2008 buildings | |
| **C** | Low-income housing credit (section 42(j)(5)) from post-2007 buildings | |
| **D** | Low-income housing credit (other) from post-2007 buildings | See the Partner's Instructions |
| **E** | Qualified rehabilitation expenditures (rental real estate) | |
| **F** | Other rental real estate credits | |
| **G** | Other rental credits | |
| **H** | Undistributed capital gains credit | Form 1040, line 73; check box a |
| **I** | Biofuel producer credit | |
| **J** | Work opportunity credit | See the Partner's Instructions |
| **K** | Disabled access credit | |

| | | *Report on* |
|---|---|---|
| **L** | Empowerment zone employment credit | |
| **M** | Credit for increasing research activities | |
| **N** | Credit for employer social security and Medicare taxes | See the Partner's Instructions |
| **O** | Backup withholding | |
| **P** | Other credits | |
| **16** | **Foreign transactions** | |
| **A** | Name of country or U.S. possession | |
| **B** | Gross income from all sources | Form 1116, Part I |
| **C** | Gross income sourced at partner level | |

*Foreign gross income sourced at partnership level*

| | | |
|---|---|---|
| **D** | Passive category | |
| **E** | General category | Form 1116, Part I |
| **F** | Other | |

*Deductions allocated and apportioned at partner level*

| | | |
|---|---|---|
| **G** | Interest expense | Form 1116, Part I |
| **H** | Other | Form 1116, Part I |

*Deductions allocated and apportioned at partnership level to foreign source income*

| | | |
|---|---|---|
| **I** | Passive category | |
| **J** | General category | Form 1116, Part I |
| **K** | Other | |

*Other information*

| | | |
|---|---|---|
| **L** | Total foreign taxes paid | Form 1116, Part II |
| **M** | Total foreign taxes accrued | Form 1116, Part II |
| **N** | Reduction in taxes available for credit | Form 1116, line 12 |
| **O** | Foreign trading gross receipts | Form 8873 |
| **P** | Extraterritorial income exclusion | Form 8873 |
| **Q** | Other foreign transactions | See the Partner's Instructions |
| **17** | **Alternative minimum tax (AMT) items** | |
| **A** | Post-1986 depreciation adjustment | |
| **B** | Adjusted gain or loss | See the Partner's Instructions and the Instructions for Form 6251 |
| **C** | Depletion (other than oil & gas) | |
| **D** | Oil, gas, & geothermal — gross income | |
| **E** | Oil, gas, & geothermal — deductions | |
| **F** | Other AMT items | |
| **18** | **Tax-exempt income and nondeductible expenses** | |
| **A** | Tax-exempt interest income | Form 1040, line 8b |
| **B** | Other tax-exempt income | See the Partner's Instructions |
| **C** | Nondeductible expenses | See the Partner's Instructions |
| **19** | **Distributions** | |
| **A** | Cash and marketable securities | |
| **B** | Distribution subject to section 737 | See the Partner's Instructions |
| **C** | Other property | |
| **20** | **Other information** | |
| **A** | Investment income | Form 4952, line 4a |
| **B** | Investment expenses | Form 4952, line 5 |
| **C** | Fuel tax credit information | Form 4136 |
| **D** | Qualified rehabilitation expenditures (other than rental real estate) | See the Partner's Instructions |
| **E** | Basis of energy property | See the Partner's Instructions |
| **F** | Recapture of low-income housing credit (section 42(j)(5)) | Form 8611, line 8 |
| **G** | Recapture of low-income housing credit (other) | Form 8611, line 8 |
| **H** | Recapture of investment credit | See Form 4255 |
| **I** | Recapture of other credits | See the Partner's Instructions |
| **J** | Look-back interest — completed long-term contracts | See Form 8697 |
| **K** | Look-back interest — income forecast method | See Form 8866 |
| **L** | Dispositions of property with section 179 deductions | |
| **M** | Recapture of section 179 deduction | |
| **N** | Interest expense for corporate partners | |
| **O** | Section 453(l)(3) information | |
| **P** | Section 453A(c) information | |
| **Q** | Section 1260(b) information | |
| **R** | Interest allocable to production expenditures | See the Partner's Instructions |
| **S** | CCF nonqualified withdrawals | |
| **T** | Depletion information — oil and gas | |
| **U** | Reserved | |
| **V** | Unrelated business taxable income | |
| **W** | Precontribution gain (loss) | |
| **X** | Section 108(i) information | |
| **Y** | Net investment income | |
| **Z** | Other information | |

THE GALMOR FAMILY TRUST    46-7363977

PTPA0312L    08/17/17    Schedule **K-1** (Form 1065) 2017

GALMOR MANAGEMENT LLC 27-4132505

SCHEDULE K-1 (FORM 1065) 2017     **SUPPLEMENTAL INFORMATION**     PAGE 3

## BOX 2
## RENTAL REAL ESTATE ACTIVITIES

| PROPERTY TYPE AND ADDRESS | GROSS INCOME | NET EXPENSES | NET INCOME | PASSIVE NONPASS | SEC. 1231 TOTAL |
|---|---|---|---|---|---|
| PASSTHROUGH RENTAL REAL ESTATE | | | -16. | | |
| | | TOTAL $ | -16. | | |

## BOX 17
## ALTERNATIVE MINIMUM TAX (AMT) ITEMS

### CONTINUED FROM SCHEDULE K-1

```
D          606.
E          250.
```

THE GALMOR FAMILY TRUST   46-7363977

GALMOR MANAGEMENT LLC   27-4132505

# 2017 PARTNER'S SUMMARY OF OIL AND GAS ACTIVITIES

**(Form 1065, Schedule K-1, Box 20, Other Information, Code T)**

| Partner's name | Partner's I.D. |
|---|---|
| THE GALMOR FAMILY TRUST | 46-7363977 |

**INCOME:**

| | | |
|---|---|---|
| 1. | **Gross income from oil and gas activities (Sch. K-1 line 17, Code D)** | 606. |

**EXPENSES:**

| | | |
|---|---|---|
| 2. | Production tax | |
| 3. | Operating expenses | |
| 4. | Depreciation | |
| 5. | Allocated overhead | |
| 6. | Other expenses | 250. |
| 7. | **Total deductions allocable to oil and gas activities (Schedule K-1 line 17, Code E)** | 250. |
| 8. | **Net income from oil and gas activities (line 1 minus line 7)** | 356. |

**PASSTHROUGH EXPENSES:**

| | | |
|---|---|---|
| 9. | Total intangible drilling costs (IDC) (Schedule K-1 line 13, Code J) | |
| 10. | Dry hole costs (Schedule K-1 line 13, Code J) | |
| 11. | Section 179 expense deduction (Schedule K-1 line 12) | |

**DEPLETION INFORMATION:**

| | | |
|---|---|---|
| 12. | Total cost depletion (greater than percentage) from all properties | |
| 13. | Total percentage depletion (greater than cost) from all properties (subject to 65% taxable income limitation) | 73. |
| 14. | Total percentage depletion (greater than cost) from all properties (NOT subject to 65% taxable income limitation) | |
| 15. | Total tentative depletion deduction (add lines 12, 13 and 14) | 73. |
| 16. | Total AMT cost depletion (greater than percentage) from all properties | |
| 17. | Total AMT percentage depletion (greater than cost) from all properties (subject to 65% taxable income limitation) | 73. |
| 18. | Total AMT percentage depletion (greater than cost) from all properties (NOT subject to 65% taxable income limitation) | |
| 19. | Total tentative AMT depletion deduction (add lines 16, 17 and 18) | 73. |

**OTHER INFORMATION:**

| | | |
|---|---|---|
| 20. | Total percentage depletion in excess of basis | 73. |
| 21. | Total excess intangible drilling costs (IDC) | |

PTPL1101L   07/06/17

THE GALMOR FAMILY TRUST   46-7363977

GALMOR MANAGEMENT LLC   27-4132505

## 2017 PARTNER'S SHARE OF INVESTMENT IN PASSTHROUGH ENTITIES

**Note:** The amounts on this schedule are provided for informational purposes only. These amounts are already included on Schedule K-1.

| Partner's Name | Partner's identification number |
|---|---|
| THE GALMOR FAMILY TRUST | 46-7363977 |

| | Name of Passthrough Entity | Employer Identification No. | Type of Entity | Check box if fully disposed in current year |
|---|---|---|---|---|
| A | GALMOR FAMILY LTD PARTNERSHIP | 27-4132388 | PASSIVE | |
| B | GALMOR FAMILY LTD PARTNERSHIP | 27-4132388 | PASSIVE | |
| C | | | | |
| D | | | | |

| | | Passthrough Entities | | | |
|---|---|---|---|---|---|
| | | A | B | C | D |
| **Income (Loss)** | Ordinary business income (loss) | -484. | | | |
| | Net rental real estate income (loss) | | -16. | | |
| | Other net rental income (loss) | | | | |
| | Guaranteed payments | | | | |
| | Interest | 12. | | | |
| | Ordinary dividends | | | | |
| | Qualified dividends | | | | |
| | Royalties | 208. | | | |
| | Net short-term capital gain (loss) | | | | |
| | Net long-term capital gain (loss) | | | | |
| | Collectibles (28%) gain (loss) | | | | |
| | Unrecaptured section 1250 gain | | | | |
| | Net section 1231 gain (loss) | -102. | | | |
| | Other income (loss) | | | | |
| **Deductions** | Section 179 deduction | | | | |
| | Charitable contributions | | | | |
| | Investment interest expense | | | | |
| | Section 59(e)(2) expense: Intangible Drilling costs | | | | |
| | Section 59(e)(2) expense: Dry Hole expense | | | | |
| | Other section 59(e)(2) expenses | | | | |
| | Other deductions | | | | |
| **Self-Employment** | Net earnings (loss) from self-employment | -703. | | | |
| | Gross farming or fishing income | 262. | | | |
| | Gross nonfarm income | | | | |
| **Credits** | Low-income housing credit: | | | | |
| | (A) Section 42(j)(5): Pre-2008 | | | | |
| | (B) Other: Pre-2008 | | | | |
| | (C) Section 42(j)(5): Post-2007 | | | | |
| | (D) Other: Post-2007 | | | | |
| | Qualified rehabilitation expenditures related to rental real estate act. | | | | |
| | Other rental real estate credits | | | | |
| | Other rental credits | | | | |
| | Work opportunity credit | | | | |
| | Biofuel producer credit | | | | |
| | Disabled access credit | | | | |
| | Empowerment zone employment credit | | | | |
| | Credit for increasing research activities | | | | |
| | Credit for employer Soc. Sec. tax paid on certain employee tips | | | | |
| | Orphan drug credit | | | | |
| | Enhanced oil recovery credit | | | | |
| | Indian employment credit | | | | |
| | Small employer pension plan startup costs credit | | | | |
| | Credit for employer-provided childcare | | | | |
| | Alternative motor vehicle credit | | | | |
| | Other credits | | | | |

THE GALMOR FAMILY TRUST   46-7363977

GALMOR MANAGEMENT LLC    27-4132505

# 2017 PARTNER'S SHARE OF INVESTMENT IN PASSTHROUGH ENTITIES

**Note:** The amounts on this schedule are provided for informational purposes only. These amounts are already included on Schedule K-1.

| Partner's Name | Partner's identification number |
|---|---|
| THE GALMOR FAMILY TRUST | 46-7363977 |

| | Name of Passthrough Entity | Employer Identification No. | Type of Entity | Check box if fully disposed in current year |
|---|---|---|---|---|
| A | GALMOR FAMILY LTD PARTNERSHIP | 27-4132388 | PASSIVE | |
| B | GALMOR FAMILY LTD PARTNERSHIP | 27-4132388 | PASSIVE | |
| C | | | | |
| D | | | | |

| | | | Passthrough Entities | | | |
|---|---|---|---|---|---|---|
| | | | **A** | **B** | **C** | **D** |
| **Foreign Trans-actions** | Gross income from all sources | | | | | |
| | Gross income sourced at partner level | | | | | |
| | Foreign gross income sourced at partnership level | Passive category | | | | |
| | | General category | | | | |
| | | Other | | | | |
| | Deductions allocated & apportioned at partner level | Interest expense | | | | |
| | | Other | | | | |
| | Deductions allocated & apportioned at partnership level | Passive category | | | | |
| | | General category | | | | |
| | | Other | | | | |
| | Foreign taxes paid | | | | | |
| | Foreign taxes accrued | | | | | |
| | Reduction in tax available for credit | | | | | |
| | Foreign trading gross receipts | | | | | |
| | Extraterritorial income exclusion | | | | | |
| | Other foreign transactions | | | | | |
| **Alternative Minimum Tax (AMT) Items** | Post-1986 depreciation adjustment | | -30. | | | |
| | Adjusted gain or loss | | -822. | | | |
| | Depletion (other than oil and gas) | | | | | |
| | Oil, gas and geothermal properties — gross income | | 606. | | | |
| | Oil, gas and geothermal properties — deductions | | 251. | | | |
| | A.C.E. depreciation adjustment | | | | | |
| | A.C.E. adjusted gain or (loss) | | | | | |
| | Accel. depreciation on real property placed in service before 1987 | | | | | |
| | Accel. depr. on leased personal prop. placed in service before 1987 | | | | | |
| | Other AMT items | | | | | |
| **Tax-Exempt Inc & Non-deductible Exp** | Tax-exempt interest income | | | | | |
| | Other tax-exempt income | | | | | |
| | Nondeductible expenses | | | | | |
| **Other Information** | Investment income | | 220. | | | |
| | Investment expenses | | | | | |
| | Recapture of low-income housing credit — 42(j)(5) partnerships | | | | | |
| | Recapture of low-income housing credit — other | | | | | |
| | Supplemental Information: | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

THE GALMOR FAMILY TRUST    46-7363977

PTPL1103L  07/06/17

GALMOR MANAGEMENT LLC
PO BOX 346
SHAMROCK, TX 79079-0349
806-256-2135

September 4, 2018

THE GALMOR CONTRIBUTION TRUST
PO BOX 346
SHAMROCK, TX 79079-0349

RE:
GALMOR MANAGEMENT LLC
27-4132505
Schedule K-1 from Partnership's 2017 Return of Income

Dear THE GALMOR CONTRIBUTION TRUST:

Enclosed is your 2017 Schedule K-1 (Form 1065) Partner's Share of Income, Deductions,
Credits, Etc. from GALMOR MANAGEMENT LLC.  This information reflects the amounts you
need to complete your income tax return.  The amounts shown are your distributive share of
partnership tax items to be reported on your tax return, and may not correspond to actual
distributions you have received during the year. This information is included in the Partnership's
2017 Federal Return of Partnership Income that was filed with the Internal Revenue Service.

If you have any questions concerning this information, please contact us immediately.

Sincerely,

GALMOR MANAGEMENT LLC

Enclosure(s)

**Schedule K-1**
**(Form 1065)**

Department of the Treasury
Internal Revenue Service

**2017**

For calendar year 2017, or tax

beginning ___ / ___ / 2017  ending ___ / ___ / ___

## Partner's Share of Income, Deductions, Credits, etc.

► See separate instructions.

☐ Final K-1   ☐ Amended K-1

651117

OMB No. 1545-0123

| **Part III** | **Partner's Share of Current Year Income, Deductions, Credits, and Other Items** |
|---|---|

| | | | |
|---|---|---|---|
| **1** Ordinary business income (loss) -363. | | **15** Credits | |
| **2** Net rental real estate income (loss) * -12. | | | |
| **3** Other net rental income (loss) | | **16** Foreign transactions | |
| **4** Guaranteed payments | | | |
| **5** Interest income 8. | | | |
| **6a** Ordinary dividends | | | |
| **6b** Qualified dividends | | | |
| **7** Royalties 155. | | | |
| **8** Net short-term capital gain (loss) | | | |
| **9a** Net long-term capital gain (loss) | | **17** Alternative minimum tax (AMT) items  A -22.  B -822. | |
| **9b** Collectibles (28%) gain (loss) | | | |
| **9c** Unrecaptured section 1250 gain | | * STMT | |
| **10** Net section 1231 gain (loss) -76. | | **18** Tax-exempt income and nondeductible expenses | |
| **11** Other income (loss) | | | |
| **12** Section 179 deduction | | **19** Distributions | |
| **13** Other deductions  U -496. | | **20** Other information  A 163.  T* STMT | |
| **14** Self-employment earnings (loss)  B 190. | | | |

---

**Part I** Information About the Partnership

**A** Partnership's employer identification number
27-4132505

**B** Partnership's name, address, city, state, and ZIP code

GALMOR MANAGEMENT LLC
PO BOX 346
SHAMROCK, TX 79079-0349

**C** IRS Center where partnership filed return
E-FILE

**D** ☐ Check if this is a publicly traded partnership (PTP)

---

**Part II** Information About the Partner

**E** Partner's identifying number
82-7087205

**F** Partner's name, address, city, state, and ZIP code

THE GALMOR CONTRIBUTION TRUST
PO BOX 346
SHAMROCK, TX 79079-0349

**G** ☐ General partner or LLC member-manager   ☒ Limited partner or other LLC member

**H** ☒ Domestic partner   ☐ Foreign partner

**I1** What type of entity is this partner? ...... FIDUCIARY

**I2** If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here. .................................. ☐

**J** Partner's share of profit, loss, and capital (see instructions):

| | Beginning | Ending |
|---|---|---|
| Profit | % | 50 % |
| Loss | % | 50 % |
| Capital | % | 50 % |

**K** Partner's share of liabilities at year end:

Nonrecourse ........................... $ _____
Qualified nonrecourse financing ........ $ _____
Recourse .............................. $ _____

**L** Partner's capital account analysis:

Beginning capital account .............. $ _____
Capital contributed during the year ..... $ _____
Current year increase (decrease)........ $ _____
Withdrawals & distributions ............ $ _____
Ending capital account ................. $ _____

☒ Tax basis  ☐ GAAP  ☐ Section 704(b) book
☐ Other (explain)

**M** Did the partner contribute property with a built-in gain or loss?
☐ Yes  ☒ No
If 'Yes', attach statement (see instructions)

*See attached statement for additional information.

F O R   I R S   U S E   O N L Y

**BAA For Paperwork Reduction Act Notice, see Instructions for Form 1065.**   Schedule **K-1** (Form 1065) 2017

PTPA0312L  08/17/17

Schedule **K-1** (Form 1065) 2017   GALMOR MANAGEMENT LLC   27-4132505   Page **2**

This list identifies the codes used on Schedule K-1 for all partners and provides summarized reporting information for partners who file Form 1040. For detailed reporting and filing information, see the separate Partner's Instructions for Schedule K-1 and the instructions for your income tax return.

**1   Ordinary business income (loss).** Determine whether the income (loss) is passive or nonpassive and enter on your return as follows.

| | Report on |
|---|---|
| Passive loss | See the Partner's Instructions |
| Passive income | Schedule E, line 28, column (g) |
| Nonpassive loss | See the Partner's Instructions |
| Nonpassive income | Schedule E, line 28, column (j) |

**2   Net rental real estate income (loss)**   See the Partner's Instructions

**3   Other net rental income (loss)**

| | |
|---|---|
| Net income | Schedule E, line 28, column (g) |
| Net loss | See the Partner's Instructions |

**4   Guaranteed payments**   Schedule E, line 28, column (j)
**5   Interest income**   Form 1040, line 8a
**6 a   Ordinary dividends**   Form 1040, line 9a
**6 b   Qualified dividends**   Form 1040, line 9b
**7   Royalties**   Schedule E, line 4
**8   Net short-term capital gain (loss)**   Schedule D, line 5
**9 a   Net long-term capital gain (loss)**   Schedule D, line 12
**9 b   Collectibles (28%) gain (loss)**   28% Rate Gain Worksheet, line 4 (Schedule D Instructions)
**9 c   Unrecaptured section 1250 gain**   See the Partner's Instructions
**10   Net section 1231 gain (loss)**   See the Partner's Instructions
**11   Other income (loss)**

*Code*

| A | Other portfolio income (loss) | See the Partner's Instructions |
|---|---|---|
| B | Involuntary conversions | See the Partner's Instructions |
| C | Sec. 1256 contracts & straddles | Form 6781, line 1 |
| D | Mining exploration costs recapture | See Pub. 535 |
| E | Cancellation of debt | Form 1040, line 21 or Form 982 |
| F | Other income (loss) | See the Partner's Instructions |

**12   Section 179 deduction**   See the Partner's Instructions
**13   Other deductions**

| A | Cash contributions (50%) | |
|---|---|---|
| B | Cash contributions (30%) | |
| C | Noncash contributions (50%) | |
| D | Noncash contributions (30%) | See the Partner's Instructions |
| E | Capital gain property to a 50% organization (30%) | |
| F | Capital gain property (20%) | |
| G | Contributions (100%) | |
| H | Investment interest expense | Form 4952, line 1 |
| I | Deductions — royalty income | Schedule E, line 19 |
| J | Section 59(e)(2) expenditures | See the Partner's Instructions |
| K | Deductions — portfolio (2% floor) | Schedule A, line 23 |
| L | Deductions — portfolio (other) | Schedule A, line 28 |
| M | Amounts paid for medical insurance | Schedule A, line 1 or Form 1040, line 29 |
| N | Educational assistance benefits | See the Partner's Instructions |
| O | Dependent care benefits | Form 2441, line 12 |
| P | Preproductive period expenses | See the Partner's Instructions |
| Q | Commercial revitalization deduction from rental real estate activities | See Form 8582 Instructions |
| R | Pensions and IRAs | See the Partner's Instructions |
| S | Reforestation expense deduction | See the Partner's Instructions |
| T | Domestic production activities information | See Form 8903 Instructions |
| U | Qualified production activities income | Form 8903, line 7b |
| V | Employer's Form W-2 wages | Form 8903, line 17 |
| W | Other deductions | See the Partner's Instructions |

**14   Self-employment earnings (loss)**

**Note.** If you have a section 179 deduction or any partner-level deductions, see the Partner's Instructions before completing Schedule SE.

| A | Net earnings (loss) from self-employment | Schedule SE, Section A or B |
|---|---|---|
| B | Gross farming or fishing income | See the Partner's Instructions |
| C | Gross non-farm income | See the Partner's Instructions |

**15   Credits**

| A | Low-income housing credit (section 42(j)(5)) from pre-2008 buildings | |
|---|---|---|
| B | Low-income housing credit (other) from pre-2008 buildings | |
| C | Low-income housing credit (section 42(j)(5)) from post-2007 buildings | |
| D | Low-income housing credit (other) from post-2007 buildings | See the Partner's Instructions |
| E | Qualified rehabilitation expenditures (rental real estate) | |
| F | Other rental real estate credits | |
| G | Other rental credits | |
| H | Undistributed capital gains credit | Form 1040, line 73; check box a |
| I | Biofuel producer credit | |
| J | Work opportunity credit | See the Partner's Instructions |
| K | Disabled access credit | |

| L | Empowerment zone employment credit | |
|---|---|---|
| M | Credit for increasing research activities | |
| N | Credit for employer social security and Medicare taxes | See the Partner's Instructions |
| O | Backup withholding | |
| P | Other credits | |

**16   Foreign transactions**

| A | Name of country or U.S. possession | |
|---|---|---|
| B | Gross income from all sources | Form 1116, Part I |
| C | Gross income sourced at partner level | |

*Foreign gross income sourced at partnership level*

| D | Passive category | |
|---|---|---|
| E | General category | Form 1116, Part I |
| F | Other | |

*Deductions allocated and apportioned at partner level*

| G | Interest expense | Form 1116, Part I |
|---|---|---|
| H | Other | Form 1116, Part I |

*Deductions allocated and apportioned at partnership level to foreign source income*

| I | Passive category | |
|---|---|---|
| J | General category | Form 1116, Part I |
| K | Other | |

*Other information*

| L | Total foreign taxes paid | Form 1116, Part II |
|---|---|---|
| M | Total foreign taxes accrued | Form 1116, Part II |
| N | Reduction in taxes available for credit | Form 1116, line 12 |
| O | Foreign trading gross receipts | Form 8873 |
| P | Extraterritorial income exclusion | Form 8873 |
| Q | Other foreign transactions | See the Partner's Instructions |

**17   Alternative minimum tax (AMT) items**

| A | Post-1986 depreciation adjustment | |
|---|---|---|
| B | Adjusted gain or loss | See the Partner's Instructions and the Instructions for Form 6251 |
| C | Depletion (other than oil & gas) | |
| D | Oil, gas, & geothermal — gross income | |
| E | Oil, gas, & geothermal — deductions | |
| F | Other AMT items | |

**18   Tax-exempt income and nondeductible expenses**

| A | Tax-exempt interest income | Form 1040, line 8b |
|---|---|---|
| B | Other tax-exempt income | See the Partner's Instructions |
| C | Nondeductible expenses | See the Partner's Instructions |

**19   Distributions**

| A | Cash and marketable securities | |
|---|---|---|
| B | Distribution subject to section 737 | See the Partner's Instructions |
| C | Other property | |

**20   Other information**

| A | Investment income | Form 4952, line 4a |
|---|---|---|
| B | Investment expenses | Form 4952, line 5 |
| C | Fuel tax credit information | Form 4136 |
| D | Qualified rehabilitation expenditures (other than rental real estate) | See the Partner's Instructions |
| E | Basis of energy property | See the Partner's Instructions |
| F | Recapture of low-income housing credit (section 42(j)(5)) | Form 8611, line 8 |
| G | Recapture of low-income housing credit (other) | Form 8611, line 8 |
| H | Recapture of investment credit | See Form 4255 |
| I | Recapture of other credits | See the Partner's Instructions |
| J | Look-back interest — completed long-term contracts | See Form 8697 |
| K | Look-back interest — income forecast method | See Form 8866 |
| L | Dispositions of property with section 179 deductions | |
| M | Recapture of section 179 deduction | |
| N | Interest expense for corporate partners | |
| O | Section 453(l)(3) information | |
| P | Section 453A(c) information | |
| Q | Section 1260(b) information | |
| R | Interest allocable to production expenditures | See the Partner's Instructions |
| S | CCF nonqualified withdrawals | |
| T | Depletion information — oil and gas | |
| U | Reserved | |
| V | Unrelated business taxable income | |
| W | Precontribution gain (loss) | |
| X | Section 108(i) information | |
| Y | Net investment income | |
| Z | Other information | |

THE GALMOR CONTRIBUTION TRUST   82-7087205

PTPA0312L   08/17/17   Schedule **K-1** (Form 1065) 2017

GALMOR MANAGEMENT LLC 27-4132505

SCHEDULE K-1 (FORM 1065) 2017      **SUPPLEMENTAL INFORMATION**      PAGE   3

## BOX 2
## RENTAL REAL ESTATE ACTIVITIES

| PROPERTY TYPE AND ADDRESS | GROSS INCOME | NET EXPENSES | NET INCOME | PASSIVE NONPASS | SEC. 1231 TOTAL |
|---|---|---|---|---|---|
| PASSTHROUGH RENTAL REAL ESTATE | | | -16. | | |
| ROUNDING OR SPECIALLY ALLOCATED | | | | | |
| NET INCOME (LOSS) ADJUSTMENT | | | 4. | | |
| TOTAL $ | | | -12. | | |

## BOX 17
## ALTERNATIVE MINIMUM TAX (AMT) ITEMS

## CONTINUED FROM SCHEDULE K-1

```
D           453.
E           251.
```

THE GALMOR CONTRIBUTION TRUST   82-7087205

SPSL1201L 07/06/17

GALMOR MANAGEMENT LLC   27-4132505

# 2017 PARTNER'S SUMMARY OF OIL AND GAS ACTIVITIES

**(Form 1065, Schedule K-1, Box 20, Other Information, Code T)**

| Partner's name | Partner's I.D. |
|---|---|
| THE GALMOR CONTRIBUTION TRUST | 82-7087205 |

## INCOME:

| | | |
|---|---|---|
| 1. | **Gross income from oil and gas activities (Sch. K-1 line 17, Code D)**................................. | 453. |

## EXPENSES:

| | | |
|---|---|---|
| 2. | Production tax.......................................................................... | |
| 3. | Operating expenses..................................................................... | |
| 4. | Depreciation........................................................................... | |
| 5. | Allocated overhead..................................................................... | |
| 6. | Other expenses......................................................................... | 251. |
| 7. | **Total deductions allocable to oil and gas activities (Schedule K-1 line 17, Code E)**............ | 251. |
| 8. | **Net income from oil and gas activities (line 1 minus line 7)**.................................. | 202. |

## PASSTHROUGH EXPENSES:

| | | |
|---|---|---|
| 9. | Total intangible drilling costs (IDC) (Schedule K-1 line 13, Code J)................................. | |
| 10. | Dry hole costs (Schedule K-1 line 13, Code J)....................................................... | |
| 11. | Section 179 expense deduction (Schedule K-1 line 12)................................................. | |

## DEPLETION INFORMATION:

| | | |
|---|---|---|
| 12. | Total cost depletion (greater than percentage) from all properties.................................. | |
| 13. | Total percentage depletion (greater than cost) from all properties (subject to 65% taxable income limitation) .. | 52. |
| 14. | Total percentage depletion (greater than cost) from all properties (NOT subject to 65% taxable income limitation) ..................... | |
| 15. | Total tentative depletion deduction (add lines 12, 13 and 14)....................................... | 52. |
| 16. | Total AMT cost depletion (greater than percentage) from all properties.............................. | |
| 17. | Total AMT percentage depletion (greater than cost) from all properties (subject to 65% taxable income limitation) ....................... | 52. |
| 18. | Total AMT percentage depletion (greater than cost) from all properties (NOT subject to 65% taxable income limitation) .................. | |
| 19. | Total tentative AMT depletion deduction (add lines 16, 17 and 18)................................... | 52. |

## OTHER INFORMATION:

| | | |
|---|---|---|
| 20. | Total percentage depletion in excess of basis...................................................... | 52. |
| 21. | Total excess intangible drilling costs (IDC)....................................................... | |

PTPL1101L  07/06/17

THE GALMOR CONTRIBUTION TRUST   82-7087205

GALMOR MANAGEMENT LLC   27-4132505

# 2017 PARTNER'S SHARE OF INVESTMENT IN PASSTHROUGH ENTITIES

**Note:** The amounts on this schedule are provided for informational purposes only. These amounts are already included on Schedule K-1.

| Partner's Name | Partner's identification number |
|---|---|
| THE GALMOR CONTRIBUTION TRUST | 82-7087205 |

| | Name of Passthrough Entity | Employer Identification No. | Type of Entity | Check box if fully disposed in current year | | |
|---|---|---|---|---|---|---|
| A | GALMOR FAMILY LTD PARTNERSHIP | 27-4132388 | PASSIVE | | | |
| B | GALMOR FAMILY LTD PARTNERSHIP | 27-4132388 | PASSIVE | | | |
| C | | | | | | |
| D | | | | | | |

|  |  | Passthrough Entities | | | |
|---|---|---|---|---|---|
| | | **A** | **B** | **C** | **D** |
| **Income (Loss)** | Ordinary business income (loss) | -484. | | | |
| | Net rental real estate income (loss) | | -16. | | |
| | Other net rental income (loss) | | | | |
| | Guaranteed payments | | | | |
| | Interest | 12. | | | |
| | Ordinary dividends | | | | |
| | Qualified dividends | | | | |
| | Royalties | 208. | | | |
| | Net short-term capital gain (loss) | | | | |
| | Net long-term capital gain (loss) | | | | |
| | Collectibles (28%) gain (loss) | | | | |
| | Unrecaptured section 1250 gain | | | | |
| | Net section 1231 gain (loss) | -102. | | | |
| | Other income (loss) | | | | |
| **Deductions** | Section 179 deduction | | | | |
| | Charitable contributions | | | | |
| | Investment interest expense | | | | |
| | Section 59(e)(2) expense: Intangible Drilling costs | | | | |
| | Section 59(e)(2) expense: Dry Hole expense | | | | |
| | Other section 59(e)(2) expenses | | | | |
| | Other deductions | | | | |
| **Self-Employment** | Net earnings (loss) from self-employment | -703. | | | |
| | Gross farming or fishing income | 262. | | | |
| | Gross nonfarm income | | | | |
| **Credits** | Low-income housing credit: | | | | |
| | (A)  Section 42(j)(5): Pre-2008 | | | | |
| | (B)  Other: Pre-2008 | | | | |
| | (C)  Section 42(j)(5): Post-2007 | | | | |
| | (D)  Other: Post-2007 | | | | |
| | Qualified rehabilitation expenditures related to rental real estate act. | | | | |
| | Other rental real estate credits | | | | |
| | Other rental credits | | | | |
| | Work opportunity credit | | | | |
| | Biofuel producer credit | | | | |
| | Disabled access credit | | | | |
| | Empowerment zone employment credit | | | | |
| | Credit for increasing research activities | | | | |
| | Credit for employer Soc. Sec. tax paid on certain employee tips | | | | |
| | Orphan drug credit | | | | |
| | Enhanced oil recovery credit | | | | |
| | Indian employment credit | | | | |
| | Small employer pension plan startup costs credit | | | | |
| | Credit for employer-provided childcare | | | | |
| | Alternative motor vehicle credit | | | | |
| | Other credits | | | | |

THE GALMOR CONTRIBUTION TRUST   82-7087205

GALMOR MANAGEMENT LLC    27-4132505

# 2017 PARTNER'S SHARE OF INVESTMENT IN PASSTHROUGH ENTITIES

**Note:** The amounts on this schedule are provided for informational purposes only. These amounts are already included on Schedule K-1.

| Partner's Name | Partner's identification number |
|---|---|
| THE GALMOR CONTRIBUTION TRUST | 82-7087205 |

| | Name of Passthrough Entity | Employer Identification No. | Type of Entity | Check box if fully disposed in current year |
|---|---|---|---|---|
| A | GALMOR FAMILY LTD PARTNERSHIP | 27-4132388 | PASSIVE | |
| B | GALMOR FAMILY LTD PARTNERSHIP | 27-4132388 | PASSIVE | |
| C | | | | |
| D | | | | |

| | | | Passthrough Entities | | | |
|---|---|---|---|---|---|---|
| | | | **A** | **B** | **C** | **D** |
| **Foreign Trans-actions** | Gross income from all sources............................. | | | | | |
| | Gross income sourced at partner level. | | | | | |
| | Foreign gross income sourced at partnership level | Passive category.......... | | | | |
| | | General category.......... | | | | |
| | | Other...................... | | | | |
| | Deductions allocated & apportioned at partner level | Interest expense.......... | | | | |
| | | Other...................... | | | | |
| | Deductions allocated & apportioned at partnership level | Passive category.......... | | | | |
| | | General category.......... | | | | |
| | | Other...................... | | | | |
| | Foreign taxes paid........................................ | | | | | |
| | Foreign taxes accrued..................................... | | | | | |
| | Reduction in tax available for credit...................... | | | | | |
| | Foreign trading gross receipts............................ | | | | | |
| | Extraterritorial income exclusion.......................... | | | | | |
| | Other foreign transactions................................ | | | | | |
| **Altern-ative Mini-mum Tax (AMT) Items** | Post-1986 depreciation adjustment........................ | | -30. | | | |
| | Adjusted gain or loss..................................... | | -822. | | | |
| | Depletion (other than oil and gas)......................... | | | | | |
| | Oil, gas and geothermal properties — gross income........ | | 606. | | | |
| | Oil, gas and geothermal properties — deductions.......... | | 251. | | | |
| | A.C.E. depreciation adjustment............................ | | | | | |
| | A.C.E. adjusted gain or (loss)............................. | | | | | |
| | Accel. depreciation on real property placed in service before 1987........ | | | | | |
| | Accel. depr. on leased personal prop. placed in service before 1987...... | | | | | |
| | Other AMT items.......................................... | | | | | |
| **Tax-Exempt Inc & Non-deduc-tible Exp** | Tax-exempt interest income............................... | | | | | |
| | Other tax-exempt income.................................. | | | | | |
| | Nondeductible expenses................................... | | | | | |
| **Other Infor-mation** | Investment income........................................ | | 220. | | | |
| | Investment expenses...................................... | | | | | |
| | Recapture of low-income housing credit — 42(j)(5) partnerships ......... | | | | | |
| | Recapture of low-income housing credit — other.......... | | | | | |
| | Supplemental Information: | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

THE GALMOR CONTRIBUTION TRUST    82-7087205

# EXHIBIT "8"

**EXHIBIT 001**



# THE BOBBY DON AND SHIRLEY JO GALMOR

## LIVING TRUST

### DATED JULY 20, 2005

# THE BOBBY DON AND SHIRLEY JO GALMOR
## LIVING TRUST
## DATED JULY 20, 2005

### TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| PART ONE: | DECLARATIONS AND INTRODUCTORY PROVISIONS | | 1 |
| First: | Declaration | | 1 |
| Second: | Family Status | | 1 |
| Third: | Name of Trust and Reference to Short Form | | 1 |
| Fourth: | A. | Trust Estate | 2 |
| | B. | Additions to Trust Estate | 2 |
| | | | |
| PART TWO: | DISPOSITIVE PROVISIONS DURING TRUSTORS' JOINT LIFETIMES | | 3 |
| First: | Distribution of Income and Principal to Trustors While Both Are Living | | 3 |
| Second: | Liberal Benefits for Trustors | | 3 |
| Third: | Distribution to Others | | 3 |
| | | | |
| PART THREE: | DIVISION OF TRUST INITIALLY CREATED UPON DEATH OF A TRUSTOR | | 4 |
| First: | Definition of Terms "the Decedent" and "the Survivor" | | 4 |
| Second: | Termination and Division of Trust Initially Created | | 4 |
| | A. | Contribution Trust | 4 |
| | B. | Marital Trust | 4 |
| | C. | Family Trust | 6 |
| Third: | Disclaimers by Survivor | | 6 |
| | | | |
| PART FOUR: | CONTRIBUTION TRUST, MARITAL TRUST AND FAMILY TRUST TERMS | | 7 |
| First: | Contribution Trust Terms | | 7 |
| | A. | Income and Principal to Survivor | 7 |
| | B. | Survivor's Death | 7 |
| Second: | Marital Trust Terms | | 7 |
| | A. | Income and Principal to Survivor | 7 |
| | B. | Survivor's Death | 7 |
| Third: | Family Trust | | 8 |
| | A. | Survivor's Lifetime | 8 |
| | B. | Survivor's Death | 8 |
| | C. | Grandchild's Trust | 9 |
| | D. | Meaning of "Education" | 9 |
| Fourth: | Safety Clause | | 10 |

- i -

COMPLAINT EXHIBIT SET - PAGE 2

M.GALMOR_0114

PART FIVE: ADMINISTRATIVE PROVISIONS ............................................... 11
 First:  A. Trustee's Powers ........................................................... 11
     B. Additional Administrative Provisions ............................. 15
     C. Disability ...................................................................... 15
     D. Principal and Income Determination .............................. 16
     E. No Court Accountings .................................................... 17
     F. Survivor's Purchase ...................................................... 17
     G. Spendthrift Provisions .................................................. 17
 Second: Restrictions on Trustee's Powers ............................................ 17
     A. Fiduciary Capacity ........................................................ 17
     B. Discretionary Distributions ........................................... 17
     C. Principal and Income or Tax Elections ........................... 17
     D. Survivor's Disclaimed Interests .................................... 18
     E. Marital Trust Qualifications .......................................... 18
 Third:  A. Successor Trustees ......................................................... 18
     B. Trustee Action .............................................................. 19
     C. Meaning of "Trustee" .................................................... 19
     D. Bond ............................................................................ 19
     E. Resignation ................................................................... 19
     F. Written Notice ............................................................... 19
     G. Successor's Powers ....................................................... 19
     H. Accounting to Successor ................................................ 19
     I. Exculpation .................................................................. 19
     J. Compensation of Trustee ............................................... 20
 Fourth: Cooperation with Executor ..................................................... 20
 Fifth:  Tax Decisions and Elections if No Executor Appointed .............. 20
     A. Tax Decisions and Elections .......................................... 20
     B. Trustee's Disclaimers ................................................... 20
 Sixth:  A. Payment of Death Taxes, Debts and Expenses on Decedent's Death ........................................................................... 20
     B. Payment of Death Taxes, Debts and Expenses on Survivor's Death ........................................................................... 21
     C. No Duty to Investigate ................................................... 21
     D. Payments at Trustee's Option ........................................ 21
     E. Payments Without Adjustment Among Beneficiaries ........ 22
     F. All Payments Binding on All Persons ............................. 22
 Seventh: Survivorship ......................................................................... 22

PART SIX: DEFINITIONS AND MISCELLANEOUS PROVISIONS ...................... 23
 First:  Amendment or Revocation ..................................................... 23
     A. While Both Trustors Are Living ...................................... 23

COMPLAINT EXHIBIT SET - PAGE 3

M.GALMOR_0115

|  | B. | Amendment and Revocation after Death of a Trustor | 23 |
|  | C. | Written Instrument | 23 |
| Second: | A. | Retention of Character of Property | 23 |
|  | B. | Trustee's Limited Power Over Community Property | 24 |
|  | C. | Determination of Character of Property | 24 |
| Third: |  | No Gift Intent | 24 |
| Fourth: |  | Applicable Law | 24 |
| Fifth: |  | Removal of Trust Assets to Another Jurisdiction | 24 |
| Sixth: |  | Gender and Number | 24 |
| Seventh: |  | Descendants, etc. Defined | 24 |
| Eighth: |  | Code Defined | 24 |
| Ninth: |  | Death Taxes Defined | 25 |
| Tenth: |  | Disclaimers | 25 |
|  | A. | Beneficial Interests | 25 |
|  | B. | Fiduciary Powers | 25 |
|  | C. | Interest Defined | 25 |
| Eleventh: |  | Omission of Heirs | 25 |
| Twelfth: |  | No-Contest | 25 |
| Thirteenth: |  | Void Provisions | 26 |
| Fourteenth: |  | Titles | 26 |
| Fifteenth: |  | Meaning of "Executor" | 26 |
| Sixteenth: |  | Acceptance by Trustee | 26 |
| Schedule A: |  |  | 28 |
| Assignment: |  |  |  |

COMPLAINT EXHIBIT SET - PAGE 4     M.GALMOR_0116

# THE BOBBY DON AND SHIRLEY JO GALMOR

# LIVING TRUST

## DATED JULY 20, 2005

### PART ONE

### DECLARATIONS AND INTRODUCTORY PROVISIONS

First: Declaration: We, **BOBBY DON GALMOR**, and **SHIRLEY JO GALMOR**, husband and wife, residents of the County of Wheeler, State of Texas, hereinafter sometimes referred to as "Trustors" (or individually as "Trustor") in our capacity as initial transferors of property to this trust, and sometimes collectively referred to in our capacity as the initial Trustees as "Trustee," hereby declare that we have set aside the property hereinafter described, in trust, upon the terms and conditions set forth herein. (This declaration of trust is sometimes also referred to herein as a Trust Agreement, Agreement, agreement, trust, instrument or by other words of similar import.)

Second: We have five (5) children whose names are:

**MICHAEL STEPHEN GALMOR**
**RANDY MARK GALMOR**
**LESLIE DONNETTE GALMOR PRITCHARD**
**TRACI MARIE GALMOR WILSON**
**SHAWN D'LEE GALMOR SANDERS**

All references herein to our children are to these children. We have no deceased children.

Third: Name of Trust and Reference to Short Form: The trust initially created hereunder and this instrument shall be called "**THE BOBBY DON AND SHIRLEY JO GALMOR LIVING TRUST DATED JULY 20, 2005.**" A separate instrument may be executed concurrently with or subsequent to the execution of this instrument, which will be identical to this instrument except that it will exclude the dispositive provisions effective upon the death of the first of Trustors to die and thereafter (Parts Three and Four). Such separate instrument will include the dispositive provisions effective during Trustors' joint lifetimes and all of the administrative provisions (Parts One, Two, Five and Six) and will be entitled " **THE BOBBY DON AND SHIRLEY JO GALMOR LIVING TRUST DATED JULY 20, 2005** - Short Form."

Fourth:   A.   Trust Estate:  The trust estate of the trust initially created hereunder and held by Trustee is the property described in Schedule A, attached hereto and made a part hereof. Said property, together with any other property that Trustors (or either Trustor) or anyone else may add to any trust hereunder, shall be held by Trustee as provided in this instrument.  Said Schedule A identifies said property as Trustors' community property or the separate property of either Trustor.

   B.   Additions to Trust Estate:  Either Trustor or any other person may add to the trust initially created hereunder, or to any other trust hereunder, by Will or inter vivos transfer, any property acceptable to Trustee.  Trustee shall administer such added property as an original part of the trust hereunder to which it is added.  Trustee shall not be required to account to any court for property added to any trust hereunder by gift, bequest or devise under the Will of any person.

## END OF PART ONE

X:\MDB\Matt\Galmor\Revocable Living Trust Long Form.doc

COMPLAINT EXHIBIT SET - PAGE 6          M.GALMOR_0118

## PART TWO

## DISPOSITIVE PROVISIONS DURING TRUSTORS' JOINT LIFETIMES

First:    Distribution of Income and Principal to Trustors While Both are Living: Until the death of the first of Trustors to die, Trustee shall pay the net income and the principal of the trust initially created hereunder as follows:

A.    To Trustors, or to either Trustor as a manager of Trustors' community property, so much of the net income and so much of the principal of the trust estate attributable to community property as may be requested by Trustors, or by either Trustor, or as Trustee, in Trustee's discretion, deems necessary or advisable.  Any such trust income not so distributed shall be accumulated and added to the principal of the trust estate attributable to community property.

B.    To **BOBBY DON GALMOR**, as his separate property, so much of the net income and so much of the principal of the trust estate attributable to his separate property as he may request, or as Trustee, in Trustee's discretion, deems necessary or advisable.  Any such trust income not so distributed shall be accumulated and added to the principal of the trust estate attributable to his separate property.

C.    To **SHIRLEY JO GALMOR**, as her separate property, so much of the net income and so much of the principal of the trust estate attributable to her separate property as she may request, or as Trustee, in Trustee's discretion, deems necessary or advisable.  Any such trust income not so distributed shall be accumulated and added to the principal of the trust estate attributable to her separate property.

Second:    Liberal Benefits for Trustors:    Trustee shall exercise in a liberal manner the discretion to pay income or principal under the foregoing provisions, and the rights of all the other beneficiaries shall be subordinate to Trustors' rights hereunder.

Third:    Distribution to Others:    Trustee shall pay so much of the net income and so much of the principal of the trust estate attributable to community property to or for the benefit of any other person or persons, organization or organizations, as may be requested by Trustors jointly from time to time, and so much of the net income and so much of the principal of the trust estate attributable to the separate property of either Trustor as he or she may request from time to time.

## END OF PART TWO

- 3 -

X:\MDB\Matt\Galmor\Revocable Living Trust Long Form.doc

COMPLAINT EXHIBIT SET - PAGE 7        M.GALMOR_0119

## PART THREE
## DIVISION OF TRUST INITIALLY
## CREATED UPON DEATH OF A TRUSTOR

First: Definition of Terms "the Decedent" and "the Survivor": The first of Trustors to die shall hereinafter be referred to as "the Decedent," and the later of Trustors to die shall hereinafter be referred to as "the Survivor." Reference is hereby made to Article Seventh of PART FIVE with respect to which of Trustors shall be deemed to have survived the other if Trustors should die simultaneously or the order of deaths of Trustors is unknown.

Second: Termination and Division of Trust Initially Created: Upon the Decedent's death the trust initially created hereunder shall terminate, and Trustee shall divide the trust estate, including all accrued and undistributed income thereof, and including any property added thereto pursuant to the Decedent's Will or otherwise, into **THE GALMOR CONTRIBUTION TRUST, THE GALMOR MARITAL TRUST** and **THE GALMOR FAMILY TRUST**, as follows:

A. Contribution Trust: **THE GALMOR CONTRIBUTION TRUST** shall consist of the following:

1. The Survivor's interest in Trustors' community property in the trust estate, if any;

2. The Survivor's separate property in the trust estate, if any;

3. Any additions to the trust estate specifically directed to be allocated to **THE GALMOR CONTRIBUTION TRUST**;

4. All jewelry, wearing apparel, personal automobiles, household furniture, furnishings and equipment, object of art and other tangible property of a household or personal nature in the trust estate, if any; and

5. **THE GALMOR CONTRIBUTION TRUST** shall be entitled to the net income received from and after the date of the Decedent's death on all assets of or allocable to such trust.

B. Marital Trust: **THE GALMOR MARITAL TRUST** shall consist of the following:

1. Any additions to the trust estate specifically directed to be allocated to **THE GALMOR MARITAL TRUST**; and

- 4 -

X:\MDB\Matt\Galmor\Revocable Living Trust Long Form.doc

COMPLAINT EXHIBIT SET - PAGE 8          M.GALMOR_0120

2.     A pecuniary amount (herein sometimes referred to as the "marital deduction amount") equal to the maximum marital deduction allowable for Federal estate tax purposes in the Decedent's estate reduced by (1) the Federal estate tax values of all other interests in property includible in the Decedent's gross estate which pass or have passed to the Survivor under other provisions of this instrument or otherwise and qualify for the marital deduction, and (2) an amount, if any, needed to increase the Decedent's taxable estate to the largest amount that will not result in a Federal estate tax being imposed by reason of the Decedent's death, after taking account of allowed estate tax deductions, the unified credit and the state death tax credit (provided use of this credit does not require an increase in the state death taxes paid). In establishing the marital deduction amount, final Federal estate tax values shall be used, and account shall not be taken of any interest in property which passes or has passed by this instrument or otherwise to the Survivor for which the marital deduction would have been allowed but disclaimer by the Survivor or non-election, in whole or in part, by the Decedent's Executor. Trustors recognize that the amount of this legacy may be affected by the actions of the Decedent's Executor in exercising certain tax elections.

(a)     Trustee shall satisfy the marital deduction amount in cash or in kind, or partly in each, with assets selected by Trustee from those includible in the Decedent's gross estate and eligible for the marital deduction. The assets so allocated in kind shall be deemed to satisfy the marital deduction amount on the basis of their value at the date or dates of distribution.

(b)     The terms "gross estate," "taxable estate" and "marital deduction," and references to any "interest in property" which "passes" or "has passed," or similar words, as used herein, shall have the same meanings as they have under the marital deduction and other estate tax provisions of the Code. It is Trustors' intention that:

(i)     The marital deduction amount qualify for the marital deduction for Federal estate tax purposes under the Code, that the provisions relating to the marital deduction, including any power, duty or discretionary authority, comply with the marital deduction provisions of the Code and that they be construed to conform to that intent;

(ii)     To the extent that any such provision cannot be so construed, it shall be deemed to be void; and

(iii) In no event shall the Decedent's Executor or Trustee take any action or have any power that will impair or diminish the marital deduction, and all provisions herein shall be interpreted to conform to that primary objective.

- 5 -

X:\MDB\Matt\Galmon\Revocable Living Trust Long Form.doc

COMPLAINT EXHIBIT SET - PAGE 9          M.GALMOR_0121

(c)    Nothing in this instrument shall be construed as limiting the discretion of the person required to file the Decedent's Federal estate tax return to make, where allowable, an election for estate tax purposes to value the Decedent's estate on the date of the Decedent's death or pursuant to the alternate valuation method provided by the Code or pursuant to any other valuation provision of the Code, provided that such valuation method or the use of such valuation provision is allowable in determining the marital deduction for Federal estate tax purposes.

(d)    No interest shall be payable with respect to the marital deduction amount provided for herein; however, in lieu of any such interest **THE GALMOR MARITAL TRUST** shall be entitled to a pro rata share of the net income received on all assets subject to this instrument from and after the date of the Decedent's death.

C.    Family Trust:  **THE GALMOR FAMILY TRUST** shall consist of the following:

1.    Any property which would have otherwise passed to **THE GALMOR MARITAL TRUST** but in which the Survivor has disclaimed the Survivor's interest;

2.    Any additions to the trust estate specifically directed to be allocated to **THE GALMOR FAMILY TRUST**; and

3.    The balance of the trust estate.

Third:    Disclaimers by Survivor:  If the Survivor disclaims the Survivor's interest in all or any portion of property which otherwise would have passed under this instrument to **THE GALMOR MARITAL TRUST**, such property or portion shall be instead be added to **THE GALMOR FAMILY TRUST** created under this Part and thereafter held, administered and distributed as if it had been an original part thereof.

**END OF PART THREE**

COMPLAINT EXHIBIT SET - PAGE 10

M.GALMOR_0122

## PART FOUR
## CONTRIBUTION TRUST, MARITAL
## TRUST AND FAMILY TRUST TERMS

First:   Contribution Trust Terms:  Trustee shall hold, administer and distribute **THE GALMOR CONTRIBUTION TRUST** as follows:

A.     Income and Principal to Survivor:  During the Survivor's lifetime, Trustee shall pay to the Survivor, quarter-annually or at more frequent intervals, the entire net income of the trust and, from time to time, so much of the principal of the trust, up to the whole thereof, either as the Survivor may request for any purpose whatsoever, or as in the discretion of Trustee is necessary or advisable for the Survivor's support, maintenance, medical care, comfort and welfare.

B.   ⸱ Survivor's Death:  Upon the Survivor's death, Trustee shall distribute the balance of the trust estate of the trust, including all accrued and undistributed income thereof, after the payment of such amounts as Trustee is directed to pay pursuant to Paragraph B of Article Sixth of PART FIVE, to such one or more persons and entities, including the Survivor's own estate, and on such terms and conditions, including spendthrift restrictions, either outright or in trust, as the Survivor shall appoint by Will executed at any time and specifically referring to and exercising this power of appointment.   Any of the balance of the trust estate, including all accrued and undistributed income thereof, not effectively appointed by the Survivor shall be added to **THE GALMOR FAMILY TRUST** created under PART THREE and thereafter held, administered and distributed as if it had been an original part thereof.

Second:   Marital Trust Terms:  Trustee shall hold, administer and distribute **THE GALMOR MARITAL TRUST** as follows:

A.     Income and Principal to Survivor:  During Survivor's lifetime, Trustee shall pay to the Survivor, quarter-annually or at more frequent intervals, the entire net income of the trust and, from time to time, so much of the principal of the trust, up to the whole thereof, as in the discretion of Trustee is necessary for the Survivor's support, maintenance and medical care, after taking into consideration, to the extent Trustee may deem advisable, the Survivor's resources known to Trustee.

B.     Survivor's Death:  Upon the Survivor's death, all accrued and undistributed income of the trust shall be distributed to the Survivor's estate, and the balance of the trust estate

- 7 -

COMPLAINT EXHIBIT SET - PAGE 11

M.GALMOR_0123

shall be added to **THE GALMOR FAMILY TRUST** created under PART THREE and thereafter held, administered and distributed as if it had been an original part thereof; provided, however, Trustee shall first pay out of the principal of **THE GALMOR MARITAL TRUST** any incremental death taxes attributable to **THE GALMOR MARITAL TRUST** by reason of the Survivor's death; subject, however, to any direction to the contrary by (1) the Survivor by Will or other written instrument, or (2) the Survivor's Executor by written instrument.

Third: Family Trust: Trustee shall hold, administer and distribute **THE GALMOR FAMILY TRUST** as follows:

A. Survivor's Lifetime: As long as the Survivor is living, Trustee shall pay to and among those living at the time of such payment of the group consisting of the Survivor, **MICHAEL STEPHEN GALMOR, RANDY MARK GALMOR, LESLIE DONNETTE GALMOR, TRACI MARIE GALMOR WILSON, TAYLOR LACE SANDERS** and **SYDNEY PAULINE CARSON**, from time to time, so much of the net income and so much of the principal of the trust, up to the whole thereof, as in the discretion of Trustee is necessary for their support, education and medical care, after taking into consideration, to the extent Trustee may deem advisable, their resources known to Trustee, and accumulate any unexpended balance of net income and add the same to principal. In exercising the discretion conferred hereunder, Trustee may pay to some such beneficiaries more than to others and may make payments to one or more such beneficiaries to the exclusion of others, if Trustee deems this necessary or appropriate in light of all the circumstances, transfer and income tax consequences, investment objectives, the size of the trust estate and the probable future needs of such beneficiaries; provided, however, the Survivor's needs shall be considered primary, **MICHAEL STEPHEN GALMOR's, RANDY MARK GALMOR's, LESLIE DONNETTE GALMOR's, TRACI MARIE GALMOR WILSON's, TAYLOR LACE SANDERS'** and **SYDNEY PAULINE CARSON's** needs shall be considered secondary and the needs of the other beneficiaries hereunder shall then be considered. Any payment pursuant hereto shall be charged against the trust estate, as a whole rather than against any distributive share.

B. Survivor's Death: Upon the death of the Survivor, the Trustee shall distribute all property held in the trust estate in equal shares to **MICHAEL STEPHEN GALMOR, RANDY MARK GALMOR, LESLIE DONNETTE GALMOR, TRACI MARIE GALMOR WILSON, TAYLOR LACE SANDERS** and **SYDNEY PAULINE CARSON** then living, or all

- 8 -

X:\MDB\Matt\Galmor\Revocable Living Trust Long Form.doc

COMPLAINT EXHIBIT SET - PAGE 12        M.GALMOR_0124

thereof to the one of them then living; provided, however, if any **MICHAEL STEPHEN GALMOR, RANDY MARK GALMOR, LESLIE DONNETTE GALMOR, TRACI MARIE GALMOR WILSON, TAYLOR LACE SANDERS** and **SYDNEY PAULINE CARSON** is not then living but leaves issue then living, such issue shall take the share, per stirpes, to which such deceased child would have been entitled had such deceased child been then living.

      C.    Grandchild's Trust: Anything herein to the contrary notwithstanding, if any share of any trust estate is distributable at any time under this instrument to a beneficiary who is under the age of twenty-five (25) years, such share shall constitute a separate trust, to be designated by the name of such beneficiary and to be held, administered and distributed as follows:

      1.    Terms: Trustee shall pay to such beneficiary, from time to time, so much of the income and so much of the principal of the trust, up to the whole thereof, as in Trustee's discretion is necessary for such beneficiary's support, education and medical care, after taking into consideration, to the extent Trustee deems advisable, such beneficiary's resources known to Trustee, and add to principal any unexpended net income, until such grandchild attains the age of twenty-five (25) years, whereupon the trust shall terminate and Trustee shall distribute to such beneficiary the balance of the trust estate.

      2.    Beneficiary's Death: If such beneficiary dies before attaining the age of twenty-five (25) years, the trust shall then terminate and Trustee shall distribute the balance of the trust estate, including all accrued and undistributed income thereof, to such beneficiary's issue then living, by right of representation, or if there be no such issue, to the issue then living of such beneficiary's parent who was a child of Trustors, by right of representation, or if there be no such issue, to **MICHAEL STEPHEN GALMOR**, **RANDY MARK GALMOR**, **LESLIE DONNETTE GALMOR**, **TRACI MARIE GALMOR WILSON**, **TAYLOR LACE SANDERS** and **SYDNEY PAULINE CARSON** issue then living, per stirpes; provided, however, that any part of such property otherwise distributable to a minor of Trustors for whom a separate trust is then held under this instrument shall be added to such trust and administered as a part thereof.

      D.    Meaning of "Education": Whenever provision is made herein for payment for the education of a beneficiary of a trust created hereunder, the term "education" shall include, but not be limited to, college and post-graduate study so long as (in the judgment of Trustee) pursued to advantage by the beneficiary under the auspices of an accredited institution of the

X:\MDB\Matt\Galmor\Revocable Living Trust Long Form.doc

COMPLAINT EXHIBIT SET - PAGE 13

M.GALMOR_0125

beneficiary's choice. Said term shall also include private primary and secondary study and vocational or trade schools or schools for the handicapped, if Trustee deems such to be appropriate. In determining payments to be made for such education, Trustee shall take into consideration the beneficiary's related living and travel expenses to the extent they are reasonable.

Fourth:    Safety Clause:    Unless sooner terminated in accordance with the foregoing provisions, each trust created hereunder shall terminate twenty-one (21) years after the death of the last survivor of Trustors' issue who are living at the Decedent's death. The trust estate, including all accrued and undistributed income thereof, of each trust so terminated shall be distributed to the beneficiary of that trust who, at the time of termination, is entitled or authorized to receive income payments, whether discretionary or not.

## END OF PART FOUR

X:\MDB\Matt\Galmor\Revocable Living Trust Long Form.doc

COMPLAINT EXHIBIT SET - PAGE 14

M.GALMOR_0126

## PART FIVE
### ADMINISTRATIVE PROVISIONS

First:    A.    Trustee's Powers: In the administration of each trust created hereunder, Trustee shall have the following powers in addition to those now or hereafter conferred upon Trustee by law, and specifically the Texas Trust Code, as amended from time to time, without procuring any order, consent or confirmation of any court therefor, but subject to the restrictions described in Article Second of this Part, and subject generally to any limitations stated elsewhere herein:

1.    Retention: To hold and retain in Trustee's discretion any of the property coming into Trustee's possession hereunder in the same form of investment as that in which it is received by Trustee, whether or not it be productive of income or of a wasting nature and whether or not of the character permitted by law for the investment of trust funds; and to operate any business received as part of the trust estate as long as Trustee may deem advisable;

2.    Investment: To invest and reinvest the trust estate in such amounts and in such property, real, personal or mixed, as Trustee shall deem fit and proper, including, but not by way of limitation, certificates of deposit (including certificates of deposit or any other obligation of a corporate Trustee acting hereunder), mutual funds, common trust funds, mortgage participations, corporate and government obligations of every kind, preferred or common stocks, interests in general or limited partnerships, and shares of investment trusts and investment companies and including loans (if adequately secured and at a reasonable rate of interest) to any person, including any beneficiary hereunder or to another trust for such beneficiary's benefit, for any purpose deemed appropriate by Trustee, without being restricted to investments prescribed or authorized by law as trust investments, and in Trustee's discretion to hold a reasonable amount of cash uninvested;

3.    Lease: To lease property for terms within or beyond the term of the trust and for any purpose, and an agricultural lease may be made with Trustee or any beneficiary;

4.    Sale: To sell to any person or entity (including a relative of Trustee), at public or private sale, for cash or for terms (within or beyond the term of the trust), exchange, partition, grant options (for periods within or beyond the term of the trust), improve, manage or otherwise dispose of any property upon such terms and in such manner as Trustee in Trustee's discretion may deem advisable;

X:\MDB\Matt\Galmor\Revocable Living Trust Long Form.doc

COMPLAINT EXHIBIT SET - PAGE 15

M.GALMOR_0127

5.  Acquisition from Executor: To acquire property from, or transfer property to, the deceased Trustor's or any Executor in any sale, purchase, or exchange, and to make loans and advancements, secured or unsecured, to such Executor, without responsibility for any loss resulting therefrom, and whether or not Trustee may also be serving as such Executor;

6.  Financial Accounts: To open and maintain checking, savings, brokerage, mutual fund or similar accounts and safe deposit boxes in the name of the trustee with any bank, trust company, savings and loan association, stock broker or brokerage house, or other financial services institution.

7.  Trustor Withdrawals: To allow a Trustor or the Trustors individually to sign and issue checks and to withdraw funds from checking or savings accounts directly, if and to the extent the funds are subject to the trustors' power of revocation.

8.  Abandonment: To abandon any trust asset or interest therein in the discretion of Trustee;

9.  Enforcement: To enforce any mortgage, deed of trust or pledge, and to purchase at any sale thereunder any property subject thereto;

10. Loans: To borrow money (including purchases of trust assets on margin), to execute promissory notes therefor and to secure said obligations by mortgage, deed of trust, pledge or otherwise, for the debts of the trust or the joint debts of the trust and any co-owners of trust assets;

11. Insurance: To procure and carry, at the expense of the trust, insurance of such kinds and in such amounts as Trustee may deem advisable, including such insurance as Trustee chooses to purchase to protect Trustee from liability of any kind or nature to any person interested in the trust;

12. Compromise: To compromise, submit to arbitration or otherwise adjust any claims against or in favor of the trust;

13. Securities: With respect to all securities held hereunder, to vote, give proxies and pay assessments or other charges, to participate in voting trusts, pooling agreements, foreclosures, reorganizations, consolidations, mergers and liquidations, and incident thereto, to deposit securities with and transfer title to any protective or other committee, upon such terms as Trustee may deem advisable; and to exercise or sell stock subscription and conversion rights;

- 12 -

X:\MDB\Matt\Galmor\Revocable Living Trust Long Form.doc

COMPLAINT EXHIBIT SET - PAGE 16

14. <u>Bearer Form</u>: To hold any securities or other property in bearer form or in the name of Trustee or of any nominee of Trustee, with or without words indicating such property is held in a fiduciary capacity, and to exercise any powers herein set forth through such nominee;

15. <u>Agents</u>: To employ such brokers, banks, custodians, investment counsel, attorneys, accountants and other agents, and to delegate to them such of the duties, rights and powers of Trustee for such periods as Trustee thinks fit, and to pay reasonable compensation out of either income or principal as Trustee deems appropriate for all services performed by any such agents;

16. <u>Partnerships</u>: To participate on behalf of the trust in any partnerships, limited partnerships, syndicates or joint ventures;

17. <u>Extensions</u>: To extend the time of payment of any note or other obligation held in the trust estate (within or beyond the term of the trust), including accrued or future interest, in the discretion of Trustee;

18. <u>Litigation</u>: To commence or defend at the expense of the trust estate any litigation affecting the trust or any property of the trust estate;

19. <u>Corporate Trustee</u>: To retain the shares of stock in any corporate trustee serving hereunder as a part of the corpus of the trust and to invest in any common trust fund now or hereafter established by such corporate trustee;

20. <u>Options</u>: To purchase, sell or otherwise deal with options on securities or other property in any manner Trustee deems advisable;

21. <u>Transactions with Trustee</u>: To loan or advance Trustee's own funds to the trust for any trust purpose at the then current rate of interest and to receive security for such loans as otherwise provided herein; and individually (or as the Trustee of another trust or trusts) to sell assets to, purchase assets from or exchange assets with the trust, if a bona fide purchase or sale or exchange for full and adequate consideration in money or money's worth; and

22. <u>Oil and Gas Transactions</u>: To enter into any type of oil and gas transactions which Trustee deems appropriate. Trustee shall have the following powers, among others:

(a) to execute, acknowledge and deliver oil, gas and mineral leases upon and covering any mineral interest or any portion thereof with or without pooling or

- 13 -

COMPLAINT EXHIBIT SET - PAGE 17

M.GALMOR_0129

consolidation provisions for a term which may or may not extend beyond the duration of the trust and upon such terms and for such consideration as Trustee may deem expedient without the joinder or consent of any other person or persons;

(b)  to pool and/or unitize any part or all of the lands, mineral leaseholds, or mineral, royalty or any other interests of the trust estate of any trust held hereunder with lands, mineral leaseholds, mineral, royalty or other interests of other persons, corporations or trusts for the purpose of developing and producing oil, gas or other minerals (or any one or more of them) therefrom, and to make leases or assignments granting to the lessee or assignee the right to pool and/or unitize;

(c)  to enter into contracts and agreements for or in respect of the installation and/or operation of plants or other facilities for the cycling, repressuring, processing, or other treatment or handling of oil, gas and other minerals (or any one or more of them);

(d)  to drill or contract for the drilling of wells for oil, gas and other minerals (or any one or more of them);

(e)  to contract for and make "dry hole" and/or "bottom hole" contributions of cash, lease acreage or other interests toward the drilling of wells;

(f)  to purchase oil, gas and/or other mineral leases or interests for cash, and to acquire same by "farmout" agreements, requiring the drilling or reworking of any one or more wells or participation therein;

(g)  to enter into "farmout" contracts or agreements committing the trust estate to assign oil, gas and/or other mineral leases or interests therein in consideration for drilling of a well or wells or other oil, gas and/or mineral operations;

(h)  to negotiate the transfer of, and to transfer, oil, gas and/or other mineral leases or interests therein for any consideration (such as a retained overriding royalty interest, drilling or reworking commitments or production payments) or for cash, or for both cash and such consideration; and

(i)  to execute and enter into any and all contracts, conveyances, and other agreements or transfers deemed necessary or desirable to carry out the powers granted hereby, including without limitation, the power to enter into and execute division orders, oil, gas and/or other hydrocarbon sales contracts, processing agreements, and other contracts relating to the processing, handling, treating, transporting, and marketing of oil, gas and/or other

- 14 -

X:\MDB\Matt\Galmor\Revocable Living Trust Long Form.doc

COMPLAINT EXHIBIT SET - PAGE 18     M.GALMOR_0130

mineral production from or accruing to the trust estate of any trust held hereunder, and to receive and receipt for the proceeds thereof on behalf of said trust estate.

B.    <u>Additional Administrative Provisions</u>: Subject to any limitations stated elsewhere herein, the following additional provisions shall govern the administration of each trust created hereunder:

     I.    <u>Division or Distribution</u>: Upon any division or partial or final distribution of the trust estate or any part thereof, Trustee, in Trustee's discretion, may make the division or distribution in cash or in kind, including undivided interests in kind, either pro rata or non-pro rata, at reasonable date or dates of division or distribution values as determined by Trustee, with or without adjustment for income tax basis, and may make such sales of the property of the trust as Trustee may deem necessary to make division or distribution.

     2.    <u>Separate Trusts</u>: Where property is received by Trustee to be held as part of a separate trust, share or part hereunder, or where property is divided by Trustee into separate trusts, shares or parts hereunder, or where Trustee deems it proper to use property from any trust hereunder to retain or make investments or reinvestments with other trusts of which Trustee is a trustee either created hereunder or otherwise created by Trustors or either Trustor or other members of Trustors' family, Trustee may do so; and Trustee shall not be required to physically segregate or divide any such property except as segregation or division may be required by the termination of any trust, but Trustee shall keep separate accounts for the respective trusts.

     3.    <u>Instruments</u>: Trustee may execute and deliver any and all instruments in writing which Trustee may deem necessary to carry out any power herein. No party to any such instrument and no party dealing with Trustee shall be obliged to inquire into the validity of such instrument or Trustee's authority.

     4.    <u>Notice</u>: Until Trustee shall receive written notice of any birth, marriage, death or other event upon which the right to payments or distributions from the trust may depend, Trustee shall incur no liability for payments or distributions made in good faith to any person whose interest may have been affected by that event.

C.    <u>Disability</u>: 1. If any person (herein "beneficiary") entitled to payments or distributions of any trust created hereunder is a minor or in Trustee's discretion is otherwise determined to be under a disability, Trustee, in Trustee's discretion, may make payments or distributions otherwise directed or authorized herein to be made to such beneficiary to the guardian

X:\MDB\Matt\Galmor\Revocable Living Trust Long Form.doc      - 15 -

COMPLAINT EXHIBIT SET - PAGE 19      M.GALMOR_0131

or conservator of such beneficiary's person or estate, or Trustee may apply payments or distributions directly for such beneficiary's benefit. If such beneficiary is a minor, Trustee, in Trustee's discretion, may make such payments or distributions either directly to the minor (if in Trustee's discretion such minor is determined to be of sufficient age and maturity to spend the money or manage the distributed assets properly) or to any adult person selected by Trustee as custodian for such minor under the Texas Uniform Transfer to Minors Act. In the latter event, Trustee, in Trustee's discretion, may select for such minor's share assets which may be held under said Act and may convert any part of the property to be paid or distributed to such assets.

   2. Any distribution of articles of tangible personal property under this instrument among Trustors' issue shall be as they shall agree. If they do not so agree, the property shall be divided between them by Trustee in as nearly equal shares as in the discretion of Trustee is deemed practical, having due regard for their personal preferences. Trustee shall represent any issue of Trustors under the age of majority in matters relating to any such distribution, including selection of the specific items that shall constitute such minor's share, and may sell for such minor's account any part or all of such minor's share as Trustee may deem advisable. Any property or its proceeds distributable to a minor pursuant hereto may be delivered without bond to any suitable person with whom such minor resides or who has the care or control of such minor; if such minor is entitled or authorized to receive the income of any trust hereunder, the property of its proceeds may be added by Trustee to the principal of such trust and administered as a part thereof.

   D. <u>Principal and Income Determination</u>: Determination by Trustee of all matters with respect to what shall constitute principal of any trust created hereunder, gross income therefrom, net income distributable therefrom and which items shall be charged against principal and which against income, shall be governed by the provisions of the applicable laws of the State of Texas as they from time to time exist; provided, however, all receipts of bonus or delay rental payments, royalties, oil payments or similar payments received in connection with the physical severance of natural resources shall constitute income. To the extent, if any, that any of such matters may not be provided for under such laws, Trustee shall determine such matters in accordance with recognized rules of accounting, with any doubts being resolved in favor of the beneficiaries entitled or authorized to receive income from the trust. Notwithstanding the foregoing provisions, Trustee may establish such reserves for depletion or depreciation as may be consistent with good accounting practice.

X:\MDB\Matt\Galmor\Revocable Living Trust Long Form.doc

COMPLAINT EXHIBIT SET - PAGE 20

M.GALMOR_0132

E.    <u>No Court Accountings</u>:  To the extent permissible by law, Trustee is authorized to dispense with regular accountings to the court having jurisdiction of any trust held hereunder.

F.    <u>Survivor's Purchase</u>: Notwithstanding any provisions of law to the contrary, the Survivor, even though the Survivor may be serving as Trustee, is authorized to purchase assets from, or exchange assets with, any trust hereunder, provided same shall be a bona fide sale or exchange for an adequate and full consideration in money or money's worth.

G.    <u>Spendthrift Provisions</u>:  No interest in the principal or income of any trust created hereunder shall be anticipated, assigned or encumbered, or subject to any creditor's claim or to legal process, prior to its actual receipt by the beneficiary.

<u>Second</u>:    <u>Restrictions on Trustee's Powers</u>: Notwithstanding any other provision, all powers and authorities of any kind given to Trustee hereunder shall be subject to the following absolute restrictions, conditions and limitations:

A.    <u>Fiduciary Capacity</u>:  All powers and authorities given to Trustee shall be exercised by Trustee only in a fiduciary capacity and primarily in the interests of the person or persons entitled or authorized to receive trust income.

B.    <u>Discretionary Distributions</u>:  No Trustee shall in any event make or participate in any decision that involves the exercise of discretion in making any payment or distribution of trust income or principal to or for the benefit of such Trustee, such Trustee's estate, such Trustee's creditors or the creditors of such Trustee's estate, or for such Trustee's pecuniary benefit, or for the purposes of discharging any of such Trustee's legal obligations (including a payment or distribution to or for the benefit of any person to whom such Trustee owes an obligation of support), and all such determinations shall be made solely by the other acting Trustee or Trustees, if any; provided, however, this paragraph shall not apply to the trust initially created hereunder, **THE GALMOR MARTIAL TRUST** or **THE GALMOR CONTRIBUTION TRUST**.

C.    <u>Principal and Income or Tax Elections</u>: No Trustee shall in any event make or participate in any decision that involves the exercise of discretion in determining what is principal or income of the trust estate or in apportioning or allocating receipts and expenses and other charges between these accounts, or in any discretionary tax election or other decision affecting tax liabilities, if such decision involves a trust estate in which such Trustee has any beneficial interest and such Trustee's interest therein would be affected by such decision, and all such decisions shall be made

- 17 -

COMPLAINT EXHIBIT SET - PAGE 21

M.GALMOR_0133

solely by the other acting Trustee or Trustees, if any; provided, however, this paragraph shall not apply to the trust initially created hereunder, **THE GALMOR MARITAL TRUST** or **THE GALMOR CONTRIBUTION TRUST**.

        D.    Survivor's Disclaimed Interests:   If the Survivor has disclaimed the Survivor's interest in all or any portion of property which otherwise would have passed to **THE GALMOR MARITAL TRUST**, so that such property or portion is instead added to **THE GALMOR FAMILY TRUST**, then the Survivor as a Trustee of such latter trust shall not make or participate in any decision that involves the exercise of discretion in making any payment or distribution of trust income or principal which is attributable to such property or portion, to or for the benefit of anyone, and all such determinations shall be made solely by the other serving Trustee or Trustees, if any.

        E.    Marital Trust Qualification:  It is Trustors' intent that **THE GALMOR MARITAL TRUST** created hereunder qualify for the Federal estate tax marital deduction.  In accordance with this intent, any provision in this instrument to the contrary notwithstanding:

        1.  Trustee shall not possess any power which would disqualify said trust to any extent for said marital deduction and Trustee shall administer said trust so that said trust shall qualify for said marital deduction;

        2.  Without limiting the generality of the foregoing, Trustee shall not hold any unproductive or underproductive property as an asset of said trust for more than a reasonable time without the Survivor's consent; and

        3.  With respect to the gift of property passing to **THE GALMOR MARITAL TRUST** created hereunder, Trustors hereby authorize and encourage the Decedent's Executor to make the election under Section 2056(b)(7) of the Code, in order to qualify said gift for the marital deduction for Federal estate tax purposes in the Decedent's estate.  To the extent permitted by law, such election may be made as to all or only part of said gift, in said Executor's discretion. Said Executor and Trustee shall not be liable to any beneficiary of either Trustor's estate, any heir of Trustors or any other person for the consequences of said Executor's decision to make or not make such election.

    Third:    A.    Successor Trustees:  If either Trustor for any reason fails or ceases to serve as such Trustee, then **MICHAEL STEPHEN GALMOR** will serve as Co-Trustee with the Survivor. Upon the death of both Trustors, **MICHAEL STEPHEN GALMOR** shall serve as sole

X:\MDB\Matt\Galmor\Revocable Living Trust Long Form.doc

COMPLAINT EXHIBIT SET - PAGE 22       M.GALMOR_0134

Trustee. If for any reason **MICHAEL STEPHEN GALMOR** fails or ceases to serve as such Trustee, then **RANDY MARK GALMOR** shall serve as Successor Trustee. If for any reason **RANDY MARK GALMOR** fails or ceases to serve as such Trustee, then **TRACI MARIE GALMOR WILSON** shall serve as Successor Trustee. If for any reason **TRACI MARIE GALMOR WILSON** fails or ceases to serve as such Trustee, then **FIRST STATE BANK OF MOBEETIE** shall serve as Successor Trustee.

      B.    <u>Trustee Action</u>: Any action taken by any Trustee acting hereunder shall be binding upon the trust and may be relied upon by third parties dealing with the trust.

      C.    <u>Meaning of "Trustee"</u>: Except as otherwise specifically provided herein, all references to "Trustee," "Trustees," Co-Trustee" or "Co-Trustees" herein shall be deemed to refer to the Trustee or Trustees serving as such hereunder from time to time.

      D.    <u>Bond</u>: No bond shall be required of any person named as a Trustee hereunder or of any person appointed as a Trustee in the manner specified herein.

      E.    <u>Resignation</u>: Any Trustee hereunder may resign as Trustee at any time and for any reason.

      F.    <u>Written Notice</u>: Resignation of a Trustee or appointment of a Successor Trustee of any trust created hereunder shall be accomplished by written notice mailed or delivered to each person then authorized or entitled to receive income from such trust, to any Trustor then living who is not giving such notice, if any, and to any Trustee or Co-Trustee then serving who is not giving such notice, if any, and may be effected without court approval.

      G.    <u>Successor's Powers</u>: Every Successor Trustee at any time acting hereunder shall have the same powers, authorities and discretions as though originally named herein, except as otherwise specifically provided herein.

      H.    <u>Accounting to Successor</u>: No Successor Trustee shall have any duty to require an accounting of any predecessor Trustee, and a Successor Trustee shall be liable only for such property as the Successor Trustee shall receive.

      I.    <u>Exculpation</u>: In no matter shall any individual Trustee be liable to any beneficiary of any trust hereunder or any heir of Trustors for any act or default of that Trustee or of any other Trustee or of any person, unless resulting from that Trustee's own bad faith or gross negligence.

- 19 -

COMPLAINT EXHIBIT SET - PAGE 23      M.GALMOR_0135

     J.    <u>Compensation of Trustee</u>:  Each Trustee shall be entitled to reasonable compensation for all services rendered hereunder.

    <u>Fourth</u>:   <u>Cooperation with Executor</u>:  Trustee shall cooperate with and assist, as necessary, the deceased Trustor's Executor in connection with all tax decisions or elections, payments of taxes, debts and expenses of administration of the deceased Trustor's estate, in accordance with Article <u>Sixth</u> of this Part and otherwise in the administration of the deceased Trustor's probate estate.

    <u>Fifth</u>:   <u>Additional Powers of Trustee if No Executor Appointed</u>:  If no Executor of the deceased Trustor's estate is appointed, Trustee shall have the following additional powers, subject to the provisions of Article <u>Second</u> of this Part:

     A.    <u>Tax Decisions and Elections</u>:  1.  Following the Decedent's death, Trustee may file a joint return for the Decedent and the Survivor for any period permitted by any tax laws, and make any agreement with the Survivor (or the Survivor's representatives) as to how any burden of liability or benefit of any credit or refund, whether of taxes, interest or penalties, shall be allocated between the Decedent's estate and the Survivor.

     2.  With respect to the gift of property passing to **THE GALMOR MARITAL TRUST** under Article <u>Second</u> of PART THREE, Trustors hereby authorize and encourage Trustee to make the election under Section 2056(b)(7) of the Code, under the circumstances and subject to the conditions as set forth in Subparagraph 3 of Paragraph E of Article <u>Second</u> of this Part.

     B.    <u>Trustee's Disclaimers</u>:  Except to the extent Trustee deems it fundamentally inconsistent with the provisions of this instrument and Trustors' estate plan, Trustors hereby authorize Trustee to disclaim, in whole or in part, any interest (as that term is defined in Paragraph C of Article <u>Tenth</u> of PART SIX) with respect to which a deceased Trustor could have disclaimed if still living, at any time authorized by law or by the terms of the instrument creating in or granting to such Trustor said interest.  In particular, Trustors authorize Trustee to exercise this authority in order to obtain what Trustee, in Trustee's discretion, may deem to be advantageous results, considering, in the aggregate, all tax burdens and other related factors, including death taxes to be imposed on the Decedent's and the Survivor's estates, even though this may reduce or even eliminate what one or more persons would have received under this instrument or otherwise.

    <u>Sixth</u>:  A.   <u>Payment of Death Taxes, Debts and Expenses on Decedent's Death</u>:  Except as otherwise specifically provided in this instrument, or in writing in connection with any transfer

- 20 -

COMPLAINT EXHIBIT SET - PAGE 24      M.GALMOR_0136

made outside this instrument, upon the Decedent's death, Trustee shall pay such part or all of the debts, claims and expenses properly chargeable to the Decedent or the Decedent's estate and such part or all of any death taxes imposed by reason of the Decedent's death which are attributable to property included in the trust initially created hereunder or the Decedent's probate estate, as the Decedent's Executor may request in writing, and charge such payments as follows:

      1. First, from the property passing to **THE GALMOR FAMILY TRUST** created by Article Second of PART THREE, to the extent of said property;

      2. Thereafter, if said property is insufficient, out of the property passing to **THE GALMOR MARITAL TRUST** created by Article Second of PART THREE; and

      3. Trustee shall not use or apply to pay any such expenses or death taxes any proceeds of any insurance policy on the Decedent's life or proceeds of any employee benefit plan, if such proceeds are otherwise not included in the Decedent's gross estate for Federal estate tax purposes.

      B.   Payment of Death Taxes, Debts and Expenses on Survivor's Death: Except as otherwise specifically provided in this instrument, or in writing in connection with any transfer made outside this instrument, upon the Survivor's death, Trustee shall pay from the trust principal of **THE GALMOR CONTRIBUTION TRUST** such part or all of the debts, claims and expenses properly chargeable to the Survivor or the Survivor's estate and such part or all of the death taxes imposed by reason of the Survivor's death which are attributable to property included in **THE GALMOR CONTRIBUTION TRUST** or the Survivor's probate estate, as the Survivor's Executor may request in writing. Trustee shall not use or apply to pay any such expenses or death taxes any proceeds of any insurance policy on the Survivor's life or proceeds of any employee benefit plan, if such proceeds are otherwise not includable in the Survivor's gross estate for Federal estate tax purposes.

      C.   No Duty to Investigate: Trustee shall have no duty to investigate any request made under the provisions of this Article by the deceased Trustor's Executor of any information delivered by such Executor and such Executor's request for information shall be conclusive and binding upon all persons interested in any trust created hereunder.

      D.   Payments at Trustee's Option: Trustee, in Trustee's discretion, may make any payment described in this Article directly to the creditor or taxing agency involved, or may pay all or any portion thereof to the deceased Trustor's Executor requesting the payment. If no Executor

- 21 -

COMPLAINT EXHIBIT SET - PAGE 25

M.GALMOR_0137

of the deceased Trustor's estate is appointed, Trustee shall make all of the payments described in this Article directly, as if same had been requested by a properly appointed Executor.

        E.    <u>Payments Without Adjustment Among Beneficiaries</u>:   All payments described in this Article shall be made without adjustment among the trust beneficiaries and shall not be charged against or collected from any beneficiary of any trust hereunder or beneficiary of any probate estate.

        F.    <u>All Payments Binding on All Persons</u>:  All payments made by Trustee under this Article shall be conclusive and binding upon all persons interested in any trust created hereunder and in the deceased Trustor's probate estate.

<u>Seventh</u>:    <u>Survivorship</u>:  A.  For purposes of this instrument, a person shall be deemed not to have survived the deceased Trustor to whom reference as to survivorship is made herein if such person fails to survive such Trustor for thirty (30) days.

        B.    For purposes of Article <u>Second</u> of PART THREE only, if **SHIRLEY JO GALMOR** survives **BOBBY DON GALMOR** for any period of time or if they should die simultaneously, or if the order of their deaths is unknown, **SHIRLEY JO GALMOR** shall be conclusively presumed to have survived **BOBBY DON GALMOR**.

### END OF PART FIVE

X:\MDB\Matt\Galmor\Revocable Living Trust Long Form.doc

COMPLAINT EXHIBIT SET - PAGE 26      M.GALMOR_0138

## PART SIX

## DEFINITIONS AND MISCELLANEOUS PROVISIONS

First: Amendment or Revocation: A. While Both Trustors Are Living: While both Trustors are living, this instrument is revocable and amendable in whole or in part, as follows:

1. Either Trustor shall have the power to revoke this instrument as to the Trustor's community property and to remove such property from the trust initially created hereunder, and the Trustors, acting jointly, shall have the power to amend any of the terms.

2. Each Trustor alone shall have the power to revoke this instrument as to his or her separate property and to remove such property from the trust initially created hereunder.

B. Amendment and Revocation after Death of a Trustor: Upon the death of the Decedent the provisions relating to **THE GALMOR MARITAL TRUST** and **THE GALMOR FAMILY TRUST** hereunder shall be irrevocable and unamendable. However, the Survivor shall have the power to revoke **THE GALMOR CONTRIBUTION TRUST** created hereunder and to remove property therefrom. Upon the death of the Survivor, this instrument and each and every trust created hereunder shall be irrevocable and unamendable.

C. Written Instrument: Revocation or amendment shall be by written instrument signed by one Trustor or by both Trustors, as the case may be, and mailed or delivered to Trustee and to the nonsigning Trustor, if any.

Second: A. Retention of Character of Property: Any property held hereunder or otherwise transferred by either Trustor or both Trustors to any trust hereunder shall retain its character in trust as community or separate property, as the case may be, through all its changes in form. Any property transferred by persons other than the Trustors to the trust initially created hereunder while both Trustors are living shall be treated as the Trustors' community property and retained in trust as such through all its changes in form, unless otherwise provided in a written instrument delivered to Trustee at the time of transfer to said trust, in which event such property shall be treated as the separate property of the one Trustor specified therein and shall be retained in trust as such through all its changes in form. Any distribution from the trust initially created hereunder which is withdrawn or paid out to Trustors while both are living, whether under the terms

- 23 -

COMPLAINT EXHIBIT SET - PAGE 27

M.GALMOR_0139

of this instrument or by virtue of the amendment or revocation thereof, shall retain its character as community or separate property, as the case may be, and shall be transferred as such.

        B.     Trustee's Limited Powers over Community Property: Anything in this instrument to the contrary notwithstanding, during the Trustors' joint lives, Trustee shall have no power with respect to Trustors' community property more extensive than those powers possessed by a husband or wife.

        C.     Determination of Character of Property: Any written statement by Trustors as to the community or separate character of the property in any trust hereunder, or a determination thereof by the Court in the matter of the estate of either Trustor, shall be binding upon Trustee and all persons interested in the Trust. In the event of a conflict between such written statement and a court determination, the latter shall control.

    Third: No Gift Intent: No gift from one Trustor to the other is intended by either Trustor upon the creation or the partial or complete revocation of this instrument.

    Fourth: Applicable Law: This instrument shall be construed and administered, and the validity of any trust created hereunder shall be determined, in accordance with the laws of the State of Texas in effect from time to time, whether or not the situs of administration of any trust created hereunder is transferred to another jurisdiction.

    Fifth: Removal of Trust Assets to Another Jurisdiction: After the death of the Decedent, Trustee may in Trustee's discretion transfer the situs of administration of any trust hereunder to any other jurisdiction, subject to the provisions of Article Fourth of this Part.

    Sixth: Gender and Number: As used in this instrument, the masculine, feminine and neuter genders, and the singular and plural numbers, shall each be deemed to include the others whenever the context so indicates.

    Seventh: Descendants, etc. Defined: As used in this instrument, the terms "child" and "grandchild" and their plurals refer to lineal descendants of the first and second degree respectively; the term "issue" refers to lineal descendants of all degrees: and each such term includes adopted persons (if adopted during minority) and persons born or so adopted after the date of this instrument.

    Eighth: Code Defined: As used in this instrument, reference to the "Code" shall be deemed to mean the United States Internal Revenue Code of 1986, as amended from time to time. Each

- 24 -

COMPLAINT EXHIBIT SET - PAGE 28     M.GALMOR_0140

reference to a chapter or section of the Code shall be deemed to refer as well to any subsequent provisions of law enacted in its place.

Ninth:  Death Taxes Defined:  As used in this instrument (except as otherwise specifically provided herein), all references to "death taxes" shall be deemed to refer to all foreign or domestic inheritance, estate, succession or other transfer taxes or duties which are due by reason of the death of the person to whom reference is being made with respect to such taxes, including any penalties or interest on such taxes.

Tenth:  Disclaimers:  A.  Beneficial Interests:  In the event of any disclaimer of any interest granted under this instrument, the disclaimed interest (including the principal relating to any disclaimed income interest) shall, except as otherwise specifically provided in this instrument, devolve under this instrument as though the person disclaiming had predeceased the deceased Trustor from whom such interest derived, but such disclaimer shall not affect any other interest granted under this instrument (including the right of the Survivor to receive income or principal from property passing to any trust estate under this instrument by reason of such a disclaimer by the Survivor).

B.  Fiduciary Powers:  In the event of any disclaimer or release by a fiduciary of a power, discretion or authority granted under this instrument, the disclaimed power, discretion or authority shall be deemed not to have been granted by this instrument.

C.  Interest Defined:  The term "interest" as used in this Article shall mean and include any "interest in property" as that concept is used in Section 2518 of the Code, and the term "property" shall mean as that term is defined in Section 37A of the Texas Probate Code in effect as of the execution of this instrument.

Eleventh:  Omission of Heirs:  Except as otherwise provided in this instrument, Trustors have intentionally omitted to provide herein for any of Trustors' heirs living at the time of either death and for any person claiming to be issue of either Trustor.

Twelfth:  No-Contest:  If any beneficiary under this instrument or under either Trustor's Will in any manner, directly or indirectly, contests or attacks this instrument or any such Will, or any of the provisions of same, any share or interest in any trust hereunder given to that contesting beneficiary under this instrument is revoked and shall be disposed of in the same manner provided herein as if that contesting beneficiary had predeceased both Trustors.

- 25 -

X:\MDB\Matt\Galmor\Revocable Living Trust Long Form.doc

COMPLAINT EXHIBIT SET - PAGE 29          M.GALMOR_0141

Thirteenth:    Void Provisions:  If for any reason any provision or condition of this instrument shall be declared void, invalid or inoperative, then we direct that the void, invalid or inoperative provision or condition shall not affect any other provision or condition hereof.

Fourteenth:    Titles:  Titles and headings contained herein shall not be deemed to govern, limit, modify or in any manner affect the scope, meaning or intent of the provisions hereof.

Fifteenth:    Meaning of "Executor":  Except as otherwise specifically provided herein all references herein to the deceased Trustor's or any Executor shall be deemed to refer to the personal representative or representatives of such deceased Trustor's or other person's estate, duly appointed and serving as such from time to time.

Sixteenth:    Acceptance by Trustee:  Trustee hereby acknowledges receipt of the trust property referred to hereinabove, accepts the trusts created hereunder and agrees to execute the same in accordance herewith.

IN WITNESS WHEREOF, the undersigned have executed this instrument as of the date specified in PART ONE and in the title.

Trustors:                                             Trustees:

_____                    _____
Bobby Don Galmor                              Bobby Don Galmor

_____                    _____
Shirley Jo Galmor                               Shirley Jo Galmor

## END OF PART SIX

X:\MDB\Matt\Galmor\Revocable Living Trust Long Form.doc

COMPLAINT EXHIBIT SET - PAGE 30          M.GALMOR_0142

THE STATE OF TEXAS  §
 §
COUNTY OF WHEELER  §

    This instrument was acknowledged before me on this 20th day of July, 2005, by **BOBBY DON GALMOR** and wife, **SHIRLEY JO GALMOR**.

                                                    Notary Public in and for
                                                    The State of Texas

My Commission Expires:

MATTHEW D. BARTOSIEWICZ
Notary Public, State of Texas
My Commission Expires 03-25-06

X:\MDB\Matt\Galmor\Revocable Living Trust Long Form.doc

- 27 -

M.GALMOR_0143

# SCHEDULE A

## COMMUNITY PROPERTY OF BOBBY DON AND SHIRLEY JO GALMOR

1.  All of the Northwest one-fourth (NW/4) of Section Sixty-five (65), Block Seventeen (17), H&GN RR Co. Survey, Wheeler County, Texas.

2.  Lots One (1), Two (2), Three (3), Four (4), Five (5), Six (6), and Seven (7), in Block XII of the Town of Shamrock, Wheeler County, Texas.

3.  The East One Hundred Nineteen Feet (E 119') of Lot Five (5) and the West Six Feet (W 6') of Lot Six (6), Block Three (3), Schlegel Addition to the Town of Shamrock, Wheeler County, Texas.

4.  All of the North 260 acres of the East one-half (E/2) of Section Sixty-five (65), Block Seventeen (17), H&GN Ry. Co. Survey, SAVE AND EXCEPT the East one-half (E/2 of the Southeast one-fourth (SE/4) of the Northeast one fourth (NE/4) of said Section Sixty-five (65), all in Wheeler County, Texas.

5.  The South one-half (S/2) of Section Eleven (11), Block A-8, H&GN Ry. Co. Survey, Wheeler County, Texas.

6.  The Southwest one-fourth (SW/4) of Section Sixty-Four (64), Block Seventeen (17), H&GN Ry. Co. Survey, Wheeler County, Texas.

7.  Being the East Thirty-four feet (E/34') of Lot No. Four (4), and the West Ninety-one feet (W/91') of Lot No. Five (5), in Block No. Three (3) of the SCHLEGEL ADDITION to the City of Shamrock, Wheeler County, Texas, according to the recorded map or plat of said Addition in the office of the County Clerk of Wheeler County, Texas.

8.  183 acres of land, more or less, described in two tracts out of Section 64, Block 17, H&GN Railway Company Survey, Wheeler County, Texas, such tracts being described as follows:
    Tract One
    BEGINNING at a point in the West line of said Section 54, 58.66 chains North of the common corner of Sections 64, 65, 57, and 56, Block 17:
    THENCE North 21.68 chains to the Northwest corner of said Section 64, the same being the common corners of Sections 65, 77, 76, and 64;
    THENCE East 39.97 chains to a point for corner
    THENCE South 18 degrees 38 minutes West, 13.07 chains
    THENCE South 3 degrees 30 minutes West, 6.2 chains;
    THENCE South 2.38 chains;
    THENCE West 35.09 chains to the place of beginning,
    SAVE AND EXCEPT that parcel of land situated in the above, heretofore deeded to Wheeler County, Texas, as shown by Deed recorded in the Deed Records of Wheeler County, Texas, Volume 74, Page 31

- 28 -

COMPLAINT EXHIBIT SET - PAGE 32          M.GALMOR_0144

Tract Two

BEGINNING at the Southwest corner of Tract No. 1, as aforesaid and above described;
THENCE South 32.70 chains along the West Boundary line of said Section 64, as aforesaid;
THENCE East 16.99 chains;
THENCE North 2.08 chains;
THENCE East 11.06 chains to the NE Corner of the S.P. Beasley tracts sold to Lone Star Gas Company as shown by Deed Records of Wheeler County, Texas, Volume 94, page 150, the same being a point in the West Boundary line of Highway No. 4
THENCE in a Northernly direction with the West Boundary line of said State Highway No. 4, to the Southeast corner of Tract No. 1, hereinabove set forth and described;
THENCE West 35.09 chains to the place of beginning,
SAVE AND EXCEPT four (4) parcels of land containing a total of approximately 14.4 acres heretofore conveyed by Sellers out of the above described tracts of land: one tract being owned by Carl A. Wilkinson, and containing 5 acres; one tract owned by Chester Bessley, containing 7.4 acres; one tract owned by Larry Cook, and containing 1 acre. Reference being here made to the Deed Records of Wheeler County, Texas for metes and bounds description of these EXCEPTED parcels of land.

9.  The South one-half (S/2) of Section Eleven (11), Block A-8, H&GN Ry. Co. Survey, Wheeler County, Texas.

10. West 20 acres out of the East 100 acres of the Northwest one-quarter (NW/4) of Section Seventy-six (76), Block A-5, H&GN R. R. Co. Survey, Wheeler County, Texas

11. All of that certain tract or parcel of land situated in Wheeler County, Texas, and being a part of the West Half (W/2) of Section 64, Block 17, H&GN Ry. Co. Survey, Wheeler County, Texas, described by metes and bounds as follows:
Beginning at a point on the West boundary line of State Highway No. 4 at the Northeast Corner of a certain tract of land owned by Lone Star Gas Company, as shown by the Deed Records of Wheeler County, Texas, Volume 94, Page 150, for the Southeast corner of this tract;
THENCE West along the North boundary line of said Lone Star Gas Company tract 770 feet to Northwest corner of said Lone Star Gas Company tract;
THENCE due North 280 feet;
THENCE East approximately 785 feet (being estimated distance to the West boundary line of said State Highway No. 4) to West Boundary line of State Highway No. 4;
THENCE in a Southwesternly direction along the West boundary line of State Highway No. 4, to place of BEGINNING, and containing five (5) acres of land, more or less.

12. All of the E/2 of the E/2 of Section 62, Block 13, H&GN Ry. Co. Survey, Wheeler County, Texas, containing 161.29 acres, more or less.

13. All of the Northwest one-forth (NW/4) of Section 76, Block A-5, of the H. & G .N. RR Company Survey of Wheeler County, Texas

14. All of Lots 12 and 13, Block 118, New Mobeetie, Wheeler County, Texas.

- 29 -

COMPLAINT EXHIBIT SET - PAGE 33

M.GALMOR_0145

15.    A 299.45-acre tract of land out of East one-half (E/2) of Section Nine (9), Block A-8, H&GN Ry. Co. Survey, Wheeler County, Texas, said tract of land being more specifically described by metes and bounds as follows:

Survey of a 299.45 acre tract of land out of the East ½ of Section 9, Block A-8, H&GN RR Co. Survey, Wheeler Co. Texas, as described in Vol. 11, Page 100 of the Deed Records of Wheeler County, Texas.

Beginning at a set ½" rebar in the North Right-of-Way line of F.M. Road # 592, which bears N 0d 09' E a distance of 61.4 ft. and N 89d 51' W a distance of 688.88 ft. from the common corner of Sections 3,4,9, and 10 all in said Block A-8;

THENCE N 89d 51' W along the said North Right-of-Way Line a distance of 1212.0 ft. to a set ½" rebar w/cap for a corner of this tract;

THENCE N 00d 09' E a distance of 10.0 ft. to a set ½" rebar w/cap in the North Right–of-Way line of F.M. Road # 592 for a corner of this tract; (R.O.W. widens 10.0 ft. here)

THENCE N 89d 51' W along the said North Right-of-Way Line a distance of 744.62 ft. to a set ½" rebar w/cap for a corner of this tract;

THENCE N 00d 09' E along the ½ section line a distance of 5209.2 ft. to a set ½" rebar w/cap for a corner of this tract;

THENCE S 89d 51' E along the north section line a distance of 2595.5 ft. to set ½" rebar w/cap in the West Right-of-Way Line of U.S. Hwy. # 83 for a corner of this tract being 50.0 ft. west of the Northeast corner of said Section 9;

THENCE S00d 09' W along the said West Right-of-Way Line a distance of 3360.0 ft. to a set ½" rebar w/cap for a corner of this tract;

THENCE N 89d 51'W a distance of 362.0 ft. to a set ½" rebar w/cap for a corner of this tract.

THENCE S 00d 09' W a distance of 600.0 ft. to a set of ½" rebar w/cap for a corner of this tract;

THENCE S 89d 51' E a distance of 362.0 ft. to a set ½" rebar w/cap in the West Right-of-Way Line of U.S. Hwy. # 83 for a corner of this tract and being 50.0 ft. west of the east section line of said Section 9 for a corner of this tract;

THENCE S 00d 09' W along the said West Right-of-Way Line a distance of 660.0 ft. to a set ½" rebar /cap for a corner of this tract;

THENCE N 89d 51" W a distance of 214.0 ft. to a set 1/2'" rebar w/cap for a corner of this tract;

THENCE S 00d 09' W a distance of 247.5 ft. to a set ½" rebar w/cap for a corner of this tract;

THENCE N 89d 51' W a distance of 424.88 ft. to a set ½" rebar w/cap for a corner of this tract;

THENCE S 00d 09' W a distance of 351.7 ft. the place of beginning and containing 299.45 acres of land. Basis of bearings for this survey is U.S. Highway # 83.

16.    A 293.68 acre tract of land out of the West one-half (W/2) of Section Ten (10), Block A-8, H&GN Ry. Co. Survey, Wheeler county, Texas, said tract of land being more specifically described by metes and bounds as follows:

- 30 -

COMPLAINT EXHIBIT SET - PAGE 34    M.GALMOR_0146

Survey of a 293.68 acre tract of land out of the West ½ of Section 10, Block A-8, H&GN RR Co. Survey, Wheeler co. Texas, as described in Vol. 12, Page 107 of the Deed Records of Wheeler County, Texas.

Beginning at a set ½" rebar in the East Right-of-Way line of U.S. Hwy. # 83, which bears N 0d 09' E a distance of 50.0 ft. from the common corner of Section 3,4,9 and 10 all in said Block A-8;

THENCE N 00d 09' E along the said East Right-of-Way line a distance of 3825.8 ft to a set ½" rebar w/cap for the northwest corner of this tract and being 50.0ft east of the northwest corner of Sec. 10;

THENCE S 89d 51' E along the north line of Sec. 10 a distance of 2599.5 ft. to a set ½" rebar w/cap for the northeast corner of this tract;

THENCE S 00d 09' W along the ½ section line a distance of 5229.7 ft. to a set ½" rebar w/cap in the North Right-of-Way line of F.M. Road #592 for the southeast corner of this tract;

THENCE N 89d 51' W along said Right-of-Way line a distance of 1266.6 ft. to a set ½" rebar w/cap for a corner of this tract;

THENCE N 00d 09' E a distance of 259.7 ft to a set ½" rebar w/cap for a corner of this tract;

THENCE N 89d 51' W a distance of 852.5 ft, to a set ½" rebar w/cap for a corner of this tract.

THENCE S 00d 09' W a distance of 4.0 ft. to a set ½" rebar w/cap for a corner of this tract;

THENCE N 89d 51' W a distance of 63.0 ft. to a set of ½ rebar w/cap for a corner of this tract;

THENCE N 00d 09' E a distance of 1043.8 ft. to a set ½" rebar w/cap for a corner of this tract;

THENCE N 89d 51' W a distance of 208.7 ft. to a set ½" rebar w/cap for a corner of this tract;

THENCE N 00d 09' E a distance of 104.4 ft. to a set ½" rebar fro a corner of this tract;
THENCE N 89d 51' W a distance of 208.7 ft. to the place of beginning and containing 293.68 acres of land. Basis of bearings for this survey is U.S. Highway # 83.

17.    The Northwest Quarter (NW/4) of Section 70, Block 13, H&GN RR Co. Survey, Wheeler County, Texas

18.    All of Lots Nos. 70 and 71, Peyton Place Section of Sherwood Shores IX, situated in Donley County, Texas, according to the map or plat thereof on file in Volume 133, Page 655, Deed Records of Donley County, Texas.

Oil and Gas Leases
**Lease 1**
Recording:      Book 67, Page 191, Deed Records, Wheeler County, Texas
Lease Date:     May 13, 1929
Lessor:          **C. L. NICKELL**, et ux
Lessee:          **LONE STAR GAS COMPANY**

X:\MDB\Matt\Galmor\Revocable Living Trust Long Form.doc

COMPLAINT EXHIBIT SET - PAGE 35      M.GALMOR_0147

| | |
|---|---|
| Property: | The North Half of the Northwest Quarter (N/2 of NW/4) of Section 64, Block 17, H&GN RR Survey, Wheeler County, Texas. |

**Lease 2**

| | |
|---|---|
| Recording: | Book 72, Page 545, Deed Records, Wheeler County, Texas |
| Lease Date: | September 22, 1933 |
| Lessor: | **CLARENCE J. SCHWARTING**, Trustee |
| Lessee: | **ROBERT R. OSBORNE** |
| Property: | Southwest Quarter (SW/4) of Section 53, Block 13, H&GN Railway Company Survey, Wheeler County, Texas. |

**Lease 3**

| | |
|---|---|
| Lease Name: | Finley Lease |
| Property: | North Half of Northt Half (N/2 of N/2) of Section 75, Block 17, H&GN RR Survey, Wheeler County, Texas. |

**Lease 4**

| | |
|---|---|
| Recording: | Volume 306, Page 464, Deed Records, Wheeler County, Texas |
| Property: | Northwest Quarter (NW/4) of Section 102, Block 23, H&GN Ry. Co. Survey, Wheeler County, Texas. |

**Lease 5**

| | |
|---|---|
| Lease Name: | George #1 |
| Property: | Southeast Quarter of the Northwest Quarter (SE/4 of NW/4), the Southwest Quarter of the Northeast Quarter (SW/4 of NE/4), the Northeast Quarter of the Southwest Quarter (NE/4 of SW/4) and the Northwest Quarter of the Southeast Quarter (NW/4 of SE/4), All in Section 75, Block 17, H&GN RR Co. Survey, Wheeler County, Texas. |

**Lease 6**

| | |
|---|---|
| Lease Name: | Nicholson #1 |
| Property: | All of the Northeast Quarter (NE/4) of Section 58, Block 17, H&GN Ry. Co. Survey, Wheeler County, Texas, SAVE AND EXCEPT the North Half of the Northwest Quarter of the Northeast Quarter (N/2 of NE/4) of said tract. |

**Lease 7**

| | |
|---|---|
| Lease Name: | Fields A & B |
| Property: | All of the undivided interest in and to that certain lot, tract, or parcel of land north of the railroad right-of-way in Section 32, Block 23, of the H&GN Ry. Co. Survey, Wheeler County, Texas, SAVE AND EXCEPT an eighty (80) acre tract of land described in a Warranty Deed recorded in Volume 65, Page 442, Deed Records of Wheeler County, Texas. |

COMPLAINT EXHIBIT SET - PAGE 36

M.GALMOR_0148

**Lease 8**

Property:    The Southwest Quarter (SW/4) of Section 62, Block 16, H&GN Ry Co. Survey, Collingsworth County, Texas, Containing 162.5 Acres, more or less.

Reference:    It is the intention of Grantor to transfer all of their interest in all the oil and gas leases affecting the above-mentioned property. This interest is defined, without limitation, by that certain assignment dated September 7, 1990, effective April 1, 1990 from **BARKER PRODUCTION COPMNAY** to **B. D. GALMOR** that is filed in Volume 301, Page 171, Real Property Records, Collingsworth County, Texas.

**Lease 9**

Lessor:    **HARRY E. FRANKS**, et al

Lessee:    **MEADOWCREEK RESOURCES, INC.**

Recorded:    Volume 227, Page 540, Real Property Records, Collingsworth County, Texas (amended in Volume 227, Page 552 Real Property Records, Collingsworth County, Texas)

Property:    Southwest Quarter (SW/4) of Section 3, Block 23, H&GN Ry. Co. Survey, A-442, Collingsworth County, Texas, from the surface down to the subsurface depth of 3000 feet.

Personal Property

    One share of Stock in City Golf Club, Inc., as evidenced by Share Number 27

- 33 -

COMPLAINT EXHIBIT SET - PAGE 37    M.GALMOR_0149

M.GALMOR_0150

EXHIBIT 000

2/2/07

# FIRST AMMENDMENT TO
# THE BOBBY DON AND SHIRLEY JO GALMOR
# LIVING TRUST
# DATED JULY 20, 2005

### WITNESSETH:

WHEREAS, the undersigned **BOBBY DON GALMOR** and **SHIRLEY JO GALMOR**, husband and wife, as Trustors (hereinafter sometimes referred to as "Trustor"), and in their capacity as the initial Trustees as "Trustee", are the parties to a Revocable Trust Agreement Dated July 20, 2005, evidencing **"THE BOBBY DON AND SHIRLEY JO GALMOR LIVING TRUST DATED JULY 20, 2005"**; and

WHEREAS, pursuant to Article First of PART SIX of said Trust Agreement, Trustor has the power to amend any of the terms of said Trust; and

WHEREAS, Trustor desires to amend the Trust Agreement as hereinafter provided.

NOW, THEREFORE, Trustor hereby amends **THE BOBBY DON AND SHIRLEY JO GALMOR LIVING TRUST DATED JULY 20, 2005,** as follows:

First: The Trustor hereby amends and modifies the Trust Agreement by deleting Paragraph A. of Article Third of PART FOUR of said Trust Agreement in its entirety and by the inclusion of the following provision as Paragraph A. of Article Third of PART FOUR of said Trust, to-wit:

A. Survivor's Lifetime: As long as the Survivor is living, Trustee shall pay to and among those living at the time of such payment of the group consisting of the Survivor, **MICHAEL STEPHEN GALMOR, RANDY MARK GALMOR, LESLIE**

M.GALMOR_0100

DONNETTE GALMOR, TRACI MARIE GALMOR WILSON and SHAWN D'LEE GALMOR RODRIGUEZ, from time to time, so much of the net income and so much of the principal of the trust, up to the whole thereof, as in the discretion of Trustee is necessary for their support, education and medical care, after taking into consideration, to the extent Trustee may deem advisable, their resources known to Trustee, and accumulate any unexpended balance of net income and add the same to principal. In exercising the discretion conferred hereunder, Trustee may pay to some such beneficiaries more than to others and may make payments to one or more such beneficiaries to the exclusion of others, if Trustee deems this necessary or appropriate in light of all the circumstances, transfer and income tax consequences, investment objectives, the size of the trust estate and the probable future needs of such beneficiaries; provided, however, the Survivor's needs shall be considered primary, **MICHAEL STEPHEN GALMOR's, RANDY MARK GALMOR's, LESLIE DONNETTE GALMOR's, TRACI MARIE GALMOR WILSON's** and **SHAWN D'LEE GALMOR RODRIGUEZ's** needs shall be considered secondary and the needs of the other beneficiaries hereunder shall then be considered. Any payment pursuant hereto shall be charged against the trust estate, as a whole rather than against any distributive share.

Second: The Trustor hereby amends and modifies the Trust Agreement by deleting Paragraph B. of article Third of Part Four of said trust agreement in its; entirety and by inclusion of the following provision as paragraph B. Article Third Part Four of said trust, towit:

B.   Survivor's Death:   Upon the death of the Survivor, the Trustee shall distribute all property held in the trust estate in equal shares to **MICHAEL STEPHEN**

c: lawfirmfiles/MDB/Galmor/FirstTrust Ammendment          - 2 -

COMPLAINT EXHIBIT SET - PAGE 40          M.GALMOR_0101

GALMOR, RANDY MARK GALMOR, LESLIE DONNETTE GALMOR, TRACI MARIE GALMOR WILSON, TAYLOR LACE SANDERS and SHAWN D'LEE GALMOR RODRIGUEZ' then living, or all thereof to the one of them then living; provided, however, if any MICHAEL STEPHEN GALMOR, RANDY MARK GALMOR, LESLIE DONNETTE GALMOR, TRACI MARIE GALMOR WILSON, SHAWN D'LEE GALMOR RODRIGUEZ is not then living but leaves issue then living, such issue shall take the share, per stripes, to which such deceased child would have been entitled had such deceased child been then living.

Third: The Trustor hereby amends and modifies the Trust Agreement by deleting Paragraph C of article Third of Part Four of said trust agreement in its; entirety and by inclusion of the following provision as Paragraph C Article Third Part Four of said trust, towit:

C. Grandchild's Trust: Anything herein to the contrary notwithstanding, if any share of any trust estate is distributable at any time under this instrument to a beneficiary who is under the age of twenty-five (25) years, such share shall constitute a separate trust, to be designated by the name of such beneficiary and to be held, administered and distributed as follows:

1.   Terms: Trustee shall pay to such beneficiary, from time to time, so much of the income and so much of the principal of the trust, up to the whole thereof, as in Trustee's discretion is necessary for such beneficiary's support, education and medical care, after taking into consideration, to the extent Trustee deems advisable, such beneficiary's resources known to Trustee, and add to principal any unexpended net income,

c: lawfirmfiles/MDB/Galmor/FirstTrust Ammendment        - 3 -

until such grandchild attains the age of twenty-five (25) years, whereupon the trust shall terminate and Trustee shall distribute to such beneficiary the balance of the trust estate.

2. Beneficiary's Death: If such beneficiary dies before attaining the age of twenty-five (25) years, the trust shall then terminate and Trustee shall distribute the balance of the trust estate, including all accrued and undistributed income thereof, to such beneficiary's issue then living, by right of representation, or if there be no such issue, to the issue then living of such beneficiary's parent who was a child of Trustors, by right of representation, or if there be no such issue, to **MICHAEL STEPHEN GALMOR, RANDY MARK GALMOR, LESLIE DONNETTE GALMOR, TRACI MARIE GALMOR WILSON, SHAWN D'LEE GALMOR RODRIGUEZ** issue then living, per stirpes; provided, however, that any part of such property otherwise distributable to a minor of Trustors for whom a separate trust is then held under this instrument shall be added to such trust and administered as a part thereof.

Fourth: In all other respects, the Trustors confirm the provisions of **THE BOBBY DON AND SHIRLEY JO GALMOR LIVING TRUST DATED JULY 20, 2005** as amended

IN WITNESS WHEREOF, the undersigned have executed this instrument on the 2nd day of _Sbruay_, 2007.

TRUSTORS:                           TRUSTEES:

_____             _____
BOBBY DON GALMOR                    BOBBY DON GALMOR

_____             _____
SHIRLEY JO GALMOR                   SHIRLEY JO GALMOR

c: lawfirmfiles/MDB/Galmor/FirstTrust Ammendment          - 4 -

COMPLAINT EXHIBIT SET - PAGE 42          M.GALMOR_0103

THE STATE OF TEXAS §
§
COUNTY OF Wheler §

This instrument as acknowledged before me on the 2nd day of February 2007, by **BOBBY DON GALMOR**.

STACEY R. MORGAN
NOTARY PUBLIC
STATE OF TEXAS
Comm Exp. 02-22-08

Notary Public in and for The State of Texas

My Commission Expires:
02/22/08

THE STATE OF TEXAS §
§
COUNTY OF Wheler §

This instrument as acknowledged before me on the 2nd day of February 2007, by **SHIRLEY JO GALMOR**.

STACEY R. MORGAN
NOTARY PUBL.
STATE OF TEXAS
02-22-08

Notary Public in and for The State of Texas

My Commission Expires:
02/22/08

c: lawfirmfiles/MDB/Galmor/FirstTrust Ammendment     - 5 -

COMPLAINT EXHIBIT SET - PAGE 43     M.GALMOR_0104

Exhibit 000

*12/20/10*

# SECOND AMENDMENT TO

# THE BOBBY DON AND SHIRLEY JO GALMOR

# LIVING TRUST

## DATED JULY 20, 2005

WHEREAS, the undersigned BOBBY DON GALMOR and SHIRLEY JO GALMOR, husband and wife, as Trustors (hereinafter sometimes referred to as "Trustor"), and in their capacity as the initial Trustees as "Trustee", are the parties to a Revocable Trust Agreement Dated July 20, 2005, evidencing "THE BOBBY DON AND SHIRLEY JO GALMOR LIVING TRUST DATED JULY 20, 2005"; and

WHEREAS, pursuant to Article First of PART SIX of said Trust Agreement, Trustor has the power to amend any of the terms of said Trust; and

WHEREAS, Trustor desires to make this Second Amendment to the Trust Agreement as hereinafter provided:

NOW, THEREFORE, Trustor hereby amends THE BOBBY DON AND SHIRLEY JO GALMOR LIVING TRUST DATED JULY 20, 2005, as amended by the First Amendment to such Trust executed on February 2, 2007, (First Amendment) as follows:

First: The Trustor amends and modifies the Trust Agreement as amended by said First Amendment by deleting Paragraph A. of Article Third of PART FOUR of said Trust Agreement in its entirety and by the inclusion of the following provision as Paragraph A. of Article Third of PART FOUR of said Trust, to-wit:

"A.    Survivor's Lifetime:  As long as the Survivor is living, Trustee shall pay to and among those living at the time of such payment of the group consisting of the Survivor, MICHAEL STEPHEN GALMOR, RANDY MARK GALMOR, LESLIE DONNETTE GALMOR, and TRACI MARIE GALMOR WILSON, from time to time, so much of the net income and so much of the principal of the turst, up to the whole thereof, as in the discretion of Trustee is necessary for their support, education and medical care, after taking into consideration, to the extent

1

Trustee may deem advisable, their resources known to Trustee, and accumulate any unexpended balance of net income and add the same to principal. In exercising the discretion conferred hereunder, Trustee may pay to some such beneficiaries more than to others and may make payments to one or more such beneficiaries to the exclusion of others, if Trustee deems this necessary or appropriate in light of all the circumstances, transfer and income tax consequences, investment objectives, the size of the trust estate and the probable future needs of such beneficiaries; provided, however, the Survivor's needs shall be considered primary, MICHAEL STEPHEN GALMOR's, RANDY MARK GALMOR's, LESLIE DONNETTE GALMOR's and TRACI MARIE GALMOR WILSON's needs shall be considered secondary and the needs of the other beneficiaries hereunder shall then be considered. Any payment pursuant hereto shall be charged against the trust estate, as a whole rather than against any distributive share."

Second: The Trustor hereby amends and modifies the Trust Agreement as amended by said First Amendment by deleting Paragraph B. of Article Third of PART FOUR of said Trust Agreement in its entirety and by inclusion of the following provision as Paragraph B. of Article Third of PART FOUR of said Trust, to-wit:

"B.    Survivor's Death: Upon the death of the Survivor, the Trustee shall distribute all property held in the trust estate in equal shares to MICHAEL STEPHEN GALMOR, RANDY MARK GALMOR, LESLIE DONNETTE GALMOR, TRACI MARIE GALMOR WILSON and TAYLOR LACE SANDERS then living, or all thereof to the one of them then living; provided, however, if MICHAEL STEPHEN GALMOR, RANDY MARK GALMOR, LESLIE DONNETTE GALMOR, or TRACI MARIE GALMOR WILSON are not then living but leave issue then living, such issue shall take the share, per stirpes, to which such deceased beneficiary would have been entitled had such deceased been then living."

Third: The Trustor hereby amends and modifies the Trust Agreement as amended by said First Amendment by deleting Paragraph 2 of Paragraph C. of Article Third of PART FOUR of said Trust Agreement in its entirety and by inclusion of the following provision as Paragraph 2 of Paragraph C. of Article Third of PART FOUR of said Trust, to-wit:

"2.    Beneficiary's Death: If such beneficiary dies before attaining the age of twenty-five (25) years, the trust shall then terminate and Trustee

2

shall distribute the balance of the trust estate, including all accrued and undistributed income thereof, to such beneficiary's issue then living, by right of representation, or if there be no such issue, and save and except for SHAWN D'LEE GALMOR RODRIGUEZ, who is expressly excluded herefrom, to the issue then living of such beneficiary's parent who was a child of Trustors, by right of representation, or if there be no such issue, to MICHAEL STEPHEN GALMOR, RANDY MARK GALMOR, LESLIE DONNETTE GALMOR, and TRACI MARIE GALMOR WILSON then living, and their issue, should they be deceased, per stirpes, not per capita; provided, however, that any part of such property otherwise distributable to a minor of Trustors for whom a separate trust is then held under this instrument shall be added to such trust and administered as a part thereof."

Fourth:  In all other respects, the Trustors confirm the provisions of THE BOBBY DON AND SHIRLEY JO GALMOR LIVING TRUST DATED JULY 20, 2005 as amended.

IN WITNESS WHEREOF, the undersigned have executed this instrument on the _20_ day of December, 2010.

_____
BOBBY DON GALMOR, Individually and as Trustee of the Bobby Don and Shirley Jo Galmor Living Trust Dated July 20, 2005

_____
SHIRLEY JO GALMOR, Individually and as Trustee of the Bobby Don and Shirley Jo Galmor Living Trust Dated July 20, 2005

3

THE STATE OF TEXAS §
§
COUNTY OF WHEELER §

        BEFORE ME, the undersigned authority, on this day personally appeared BOBBY DON GALMOR, who is personally known to me to be the person whose name is subscribed to the foregoing instrument individually and Trustee of the BOBBY DON AND SHIRLEY JO GALMOR LIVING TRUST DATED JULY 20, 2005, and acknowledged to me that he executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

        Given under my hand and seal of office on December 20, 2010.



MARIA I. NEAL
My Commission Expires
February 05, 2012

Notary Public, State of Texas

THE STATE OF TEXAS §
§
COUNTY OF WHEELER §

        BEFORE ME, the undersigned authority, on this day personally appeared SHIRLEY JO GALMOR, who is personally known to me to be the person whose name is subscribed to the foregoing instrument individually and Trustee of the BOBBY DON AND SHIRLEY JO GALMOR LIVING TRUST DATED JULY 20, 2005, and acknowledged to me that she executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

        Given under my hand and seal of office on December 20, 2010.

MARIA I. NEAL
My Commission Expires
February 05, 2012

Notary Public, State of Texas

4

COMPLAINT EXHIBIT SET - PAGE 47

M.GALMOR_0108

Exhibit 000

*Should be... Third A...*

10/28/11

**FIRST AMENDMENT OF**

**THE BOBBY DON AND SHIRLEY JO GALMOR**

**LIVING TRUST DATED JULY 20, 2005**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

BOBBY DON GALMOR and SHIRLEY JO GALMOR, as Trustors, created THE BOBBY

DON AND SHIRLEY JO GALMOR LIVING TRUST DATED JULY 20, 2005 (the *"Trust"*) under

agreement dated July 20, 2005. BOBBY DON GALMOR and SHIRLEY JO GALMOR were

appointed as the Co-Trustees at the time the Trust was created, and they are the current Co-Trustees.

The Trustors reserved the right to amend, modify, or revoke the Trust. The Trustors desire to amend

the Trust, as follows:

I.

Paragraph B of Article Third of PART FOUR, beginning on page 8 and ending on page 9, is
amended in its entirety to hereafter read as follows:

      B.    Survivor's Death: Upon the death of the Survivor, the Trustee shall
distribute all property held in the trust estate as follows:

      1.    One-fourth (1/4) to MICHAEL STEPHEN GALMOR, if
living, or in the event MICHAEL STEPHEN GALMOR is not then living, to his
then living issue, per stirpes, subject to the provisions of Paragraph C of Article Third
of PART FOUR, below. In the event MICHAEL STEPHEN GALMOR predeceases
the Survivor without issue surviving him, the fractional share that would otherwise
be distributed to MICHAEL STEPHEN GALMOR shall instead be added pro rata to
each of the other fractional shares described in this paragraph.

      2.    One-fourth (1/4) to RANDY MARK GALMOR, if living, , or
in the event RANDY MARK GALMOR is not then living, to his then living issue,
per stirpes, subject to the provisions of Paragraph C of Article Third of PART FOUR,
below. In the event RANDY MARK GALMOR predeceases the Survivor without
issue surviving him, the fractional share that would otherwise be distributed to
RANDY MARK GALMOR shall instead be added pro rata to each of the other
fractional shares described in this paragraph.

M.GALMOR_0109

3. One-fourth (1/4) to LESLIE DONNETTE GALMOR PRITCHARD, if living, or in the event LESLIE DONNETTE GALMOR PRITCHARD is not then living, to her then living issue, per stirpes, subject to the provisions of Paragraph C of Article Third of PART FOUR, below. In the event LESLIE DONNETTE GALMOR PRITCHARD predeceases the Survivor without issue surviving her, the fractional share that would otherwise be distributed to LESLIE DONNETTE GALMOR PRITCHARD shall instead be added pro rata to each of the other fractional shares described in this paragraph.

4. One-fourth (1/4) to TRACI MARIE GALMOR WILSON, if living, or in the event TRACI MARIE GALMOR WILSON is not then living, to her then living issue, per stirpes, subject to the provisions of Paragraph C of Article Third of PART FOUR, below. In the event TRACI MARIE GALMOR WILSON predeceases the Survivor without issue surviving her, the fractional share that would otherwise be distributed to TRACI MARIE GALMOR WILSON shall instead be added pro rata to each of the other fractional shares described in this paragraph.

II.

All references in Paragraph C of Article Third of PART FOUR, on page 9, to the "age of twenty-five (25) years" are amended to read "the age of thirty (30) years."

III.

Paragraph A of Article Third of PART FIVE, beginning on page 18 and ending on page 19, is amended in its entirety to hereafter read as follows:

A. Successor Trustees:

1. If one of the Trustors for any reason fails or ceases to serve as such Trustee, then MICHAEL STEPHEN GALMOR will serve as Co-Trustee with the Survivor. If for any reason MICHAEL STEPHEN GALMOR fails or ceases to serve as Co-Trustee, then MICHAEL BRANDON GALMOR shall serve as Co-Trustee with the Survivor.

2. If both Trustors for any reason fail or cease to serve as such Trustees, then MICHAEL STEPHEN GALMOR shall serve as sole Trustee. If for any reason MICHAEL STEPHEN GALMOR fails or ceases to serve as such Trustee, then MICHAEL BRANDON GALMOR shall serve as sole Successor Trustee.

3. In the event all of the above-mentioned people should fail or cease to serve for any reason, they shall be succeeded by such

-2-

21344.001 652032_1.DOC

COMPLAINT EXHIBIT SET - PAGE 49      M.GALMOR_0110

individual or corporation as shall be designated by the last Trustee to serve or, if no such designation is made, by a majority of the adult current income beneficiaries, or if there be none, by a majority of the parents or legal guardians of the minor current income beneficiaries.

IV.

In every other respect, Trustors, BOBBY DON GALMOR and SHIRLEY JO GALMOR, do

hereby ratify and confirm THE BOBBY DON AND SHIRLEY JO GALMOR LIVING TRUST

DATED JULY 20, 2005 as set forth in the trust instrument dated July 20, 2005.

SIGNED this 28th day of October, 2011.

TRUSTORS:

_____
Bobby Don Galmor

_____
Shirley Jo Galmor

## TRUSTEES' RECEIPT

Receipt of the above FIRST AMENDMENT of THE BOBBY DON AND SHIRLEY JO

GALMOR LIVING TRUST DATED JULY 20, 2005 is hereby acknowledged and accepted by the

Trustees, BOBBY DON GALMOR and SHIRLEY JO GALMOR, this 28th day of October, 2011.

_____
Bobby Don Galmor

_____
Shirley Jo Galmor

-3-

21344.001 652032_1.DOC

THE STATE OF TEXAS     §
                                 §
COUNTY OF _Wheeler_    §

This instrument was acknowledged before me on the 28th day of October, 2011, by BOBBY DON GALMOR, as Trustor and Co-Trustee of THE BOBBY DON AND SHIRLEY JO GALMOR LIVING TRUST DATED JULY 20, 2005.



MARIA I. NEAL
My Commission Expires
February 05, 2012

_Maria I. Neal_
Notary Public, State of Texas
My Commission Expires: _February 05, 2012_

THE STATE OF TEXAS     §
                                 §
COUNTY OF _Wheeler_    §

This instrument was acknowledged before me on the 28th day of October, 2011, by SHIRLEY JO GALMOR, as Trustor and Co-Trustee of THE BOBBY DON AND SHIRLEY JO GALMOR LIVING TRUST DATED JULY 20, 2005.

MARIA I. NEAL
My Commission Expires
February 05, 2012

_Maria I. Neal_
Notary Public, State of Texas
My Commission Expires: _February 05, 2012_

-4-

21344.001 652032_1.DOC

COMPLAINT EXHIBIT SET - PAGE 51      M.GALMOR_0112

# EXHIBIT "9"

## AMENDMENT AND RATIFICATION OF
## COMPROMISE AND SETTLEMENT AGREEMENT

The undersigned agree to amend and supplement the Compromise and Settlement Agreement ("Settlement Agreement") originally signed over August 3-7, 2019, attached hereto, as follows:

1    The Settlement Agreement will be binding on and fully effective between and among the undersigned parties who signed the Settlement Agreement between August 3-7, 2019, who agree to this Amendment and Ratification;

2    The undersigned parties agree that the Settlement Agreement is amended to delete any and all references to Randy Mark "Rudas" Galmor in the Settlement Agreement including but not limited to in the following Sections of the Settlement Agreement: 1.03; 2.41; 2.42; 4.04b, 4.04c; however, Rudas shall retain his right to an equal distribution as a remaining beneficiary of the Galmor Trusts under Section 4.03;

3    The Effective Date of the Settlement Agreement and this Amendment and Ratification shall be September 13, 2019;

4    The releases in the Settlement Agreement are effective between the parties as of the Effective Date in this affirmation. The releases in the Settlement Agreement shall apply to and fully release the parties' for acts, omissions, claims and causes of action arising after the original signing of the Settlement Agreement and up to the Effective Date;

5    All the transactions that are to be accomplished by the Settlement Agreement itself are effective as of the Effective Date in this affirmation;

6    Effective as of the signing of this Affirmation by Leslie Pritchard and Traci Coleman, Michael Stephen Galmor resigns as manager of Galmor Management, LLC and from his other capacities as stated in the Settlement Agreement;

7    The undersigned consent to Kent Ries managing the liquidation of GFLP property in the manner described in the Settlement Agreement under the supervision of the Bankruptcy Court and consent to Kent Ries executing any documents necessary to close such sales of GFLP property

_____                        Date: 10-30-19
Michael Stephen Galmor,
In all his capacities under the Settlement Agreement


_____                        Date: _____
Leslie Pritchard

_____                        Date: 10-8-19
Traci Coleman

EXHIBIT

A

## AMENDMENT AND RATIFICATION OF
## COMPROMISE AND SETTLEMENT AGREEMENT

The undersigned agree to amend and supplement the Compromise and Settlement Agreement ("Settlement Agreement") originally signed over August 3-7, 2019, attached hereto, as follows:

1   The Settlement Agreement will be binding on and fully effective between and among the undersigned parties who signed the Settlement Agreement between August 3-7, 2019, who agree to this Amendment and Ratification;

2   The undersigned parties agree that the Settlement Agreement is amended to delete any and all references to Randy Mark "Rudas" Galmor in the Settlement Agreement including but not limited to in the following Sections of the Settlement Agreement: 1.03; 2.41; 2.42; 4.04b, 4.04c; however, Rudas shall retain his right to an equal distribution as a remaining beneficiary of the Galmor Trusts under Section 4.03;

3   The Effective Date of the Settlement Agreement and this Amendment and Ratification shall be September 13, 2019;

4   The releases in the Settlement Agreement are effective between the parties as of the Effective Date in this affirmation. The releases in the Settlement Agreement shall apply to and fully release the parties' for acts, omissions, claims and causes of action arising after the original signing of the Settlement Agreement and up to the Effective Date;

5   All the transactions that are to be accomplished by the Settlement Agreement itself are effective as of the Effective Date in this affirmation;

6   Effective as of the signing of this Affirmation by Leslie Pritchard and Traci Coleman, Michael Stephen Galmor resigns as manager of Galmor Management, LLC and from his other capacities as stated in the Settlement Agreement;

7   The undersigned consent to Kent Ries managing the liquidation of GFLP property in the manner described in the Settlement Agreement under the supervision of the Bankruptcy Court and consent to Kent Ries executing any documents necessary to close such sales of GFLP property

_____                        Date: 10-30-19
Michael Stephen Galmor,
In all his capacities under the Settlement Agreement

_____                        Date: 10/8/19
Leslie Pritchard

_____                        Date: _____
Traci Coleman

## COMPROMISE AND SETTLEMENT AGREEMENT

### I.      Parties

The following are the parties (collectively, the "Parties") to this Compromise, Settlement, and Release Agreement.

1.01      Michael Stephen Galmor, a natural person ("MSG");

1.02      Traci Marie Galmor Wilson ("Traci");

1.03      Randy Mark "Rudas" Galmor ("Rudas");

1.04      Leslie Donnette Galmor Pritchard ("Pritchard");

1.05      The Galmor Trusts, as defined below, by and through Michael Stephen Galmor, Trustee;

1.06      Estate of Shirley Jo Galmor, Deceased;

1.07      Galmor Family Limited Partnership, a Texas limited partnership ("GFLP");

1.08      Galmor Management, LLC, a Texas limited liability company ("Galmor GP").

### II.      Rules of Construction and Definitions

2.01      Party names and terms are defined under Article I of this Agreement.

2.02      All exhibits referenced and described in this Agreement are incorporated by reference herein as if fully set forth verbatim.

2.03      Defined terms which are not a proper noun need not be capitalized in order to carry the meaning provided in this Article II of this Agreement.

2.04      Unless otherwise defined herein, word shall have the same meaning as used in Code § 101 (as "Code" is defined below).

2.05      "Adversary Proceeding" shall mean and refer to Adv. No. 18-02010, *Leslie Pritchard, Individually and/or Derivatively on behalf of Estate of Shirley Jo Galmor, Galmor Family Limited Partnership, Galmor Management LLC, Bobby Don and Shirley Jo Galmor Living Trust, Galmor Family Trust, and Galmor Contribution Trust, Plaintiff(s) v. Michael Stephen Galmor and Galmor's/G&G Steam Service, Inc.,* in the in the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division, and including if and when applicable any appeals or derivative proceedings.

2.06      "Agreement" shall mean and refer to this Compromise, Settlement, and Release Agreement.

2.07    "Bankruptcy Cases" shall mean and refer to the MSG Case and the G&G Case.

2.08    "Bankruptcy Court" shall mean and refer to the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division, which Court presided over the Bankruptcy Cases.

2.09    "Claim" or "Claims" shall mean and refer to any "claim" as defined in Code § 101(5)[1] and includes any Setoff, right, remedy, fact, issue, or defense with respect to any such Claim.

2.10    "Code" shall mean and refer to the United States Bankruptcy Code, Title 11 of the United States code, 11 U.S.C. § 101 et seq.

2.11    "Combined Assets" shall mean and refer to all property, Claims, and/or interests of any kind or nature of the Probate Estates, the Galmor Trusts, GFLP, and Galmor GP.

2.12    "Combined Interests" shall mean and refer to the Combined Assets, the Probate Estates, the Galmor Trusts, GFLP, and Galmor GP.

2.13    "Designated Auctioneer" shall mean and refer to Assiter Auctioneers.

2.14    "Designated Broker" shall mean and refer to the broker to which the parties agree by August 12, 2019.

2.15    "Document" shall mean and refer to shall mean and include all documents and tangible things to the very broadest extent included within the scope of the Rules, including, but not limited to, the originals and all drafts and copies, together with any annotations or highlighted copies containing all or part of the information requested, in the possession, custody or control of a party, a party's attorneys, representative, employees, agents, or any other natural person or business or legal entity acting or purporting to act for or on a party's behalf, or their respective Personnel as the case may be. Also, the term "Document" or "writing" means any medium whatsoever, including all electronic, recorded and digital media of any kind, upon which intelligence or information can be recorded, or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any written material, correspondence, electronic mail, text or SMS messages, chat sessions, note file, book, pamphlet, printout, chart, record, report, periodical, letter, memorandum, (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, draft, working paper,

---

[1] Code § 101(5) defines "claim" as:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

chart, paper, print, drawing, sketch, graph, index, list, and any written, recorded, transcribed, punched, taped, filmed or graphic matter whatsoever, however produced or reproduced, which is in your possession, custody, or control or which was, but is no longer, in Your possession, custody, or control.   The term "Document" or "writing" shall also include all copies or drafts of Documents by whatever means made, including specifically but not exclusively, those copies bearing commentary or notations not appearing on the original.

2.16    "Effective Date" shall mean and refer to the first date of execution of this Agreement by all Parties to this Agreement.

2.17    "External Claims" shall mean and refer to any Claims of any party asserted against the Combined Assets or the Combined Interests, or any combination or subset thereof, including any Claims relating to or asserted against the G&G Estate and/or the MSG Estate that relate to and/or could affect in any way the Combined Assets and/or the Combined Interests.

2.18    "G&G Case" shall mean and refer to Case No. 18-20210, *In re Galmor's/G&G Steam Service, Inc.*, pending in the Bankruptcy Court.

2.19    "G&G Estate" shall mean and refer to bankruptcy estate created under the Code with respect to Galmor's/G&G Steam Service, Inc. and/or the G&G Case.

2.20    "Galmor GP" shall mean and refer to Galmor Management, LLC, a Texas limited liability company and the general partner of GFLP.

2.21    "Galmor Trusts" shall mean and refer to the (i) The Bobby Don and Shirley Jo Galmor Living Trust, created by trust instrument dated July 20, 2005, and as amended by amendments on February 2, 2007, December 20, 2010, and October 28, 2011; (ii) The Galmor Family Trust created on April 3, 2013, upon the death of Bobby Don Galmor, pursuant to Part Three, Article Second of the Trust Instrument of the Living Trust as Amended; (iii) The Galmor Contribution Trust created on April 3, 2013, upon the death of Bobby Don Galmor, pursuant to Part Three, Article Second of the Trust Instrument of the Living Trust as Amended, and as set forth in the Exhibits to the Original Complaint; and any other trust created pursuant to The Bobby Don and Shirley Jo Galmor Living Trust, as amended.

2.22    "Galmor Trust Mineral Interests" shall mean and refer to any Mineral Interests owned by the Galmor Trusts.

2.23    "GFLP" shall mean and refer to Galmor Family Limited Partnership, a Texas limited partnership, and when the context requires shall also include and/or mean and refer to its general partner, Galmor Management, LLC, a Texas limited liability company.

2.24    "GFLP Mineral Interests" shall mean and refer to any Mineral Interests owned by GFLP.

2.25 "Homeplace" shall mean and refer to certain real property consisting of a 175 acre tract of land and improvements thereon and commonly referred to as 6535 Highway 83, Shamrock, Texas 79079.

2.26 "Homeplace Debt" shall mean and refer to that debt owed by MSG to the Galmor Trusts arising from his purchase of an interest in the Homeplace, secured by the December 10, 2014 Deed of Trust recorded at Volume 697, Pages 92-99 of the Wheeler County Texas property records.

2.27 "Lis Pendens Suit" shall mean and refer to Cause No. 13854, *Galmor Family Limited Partnership v. Leslie Pritchard,* in the 31st District Court, in and for Wheeler County, Texas

2.28 "Mineral Interests" shall mean and refer to any interest in any severed mineral interest or severed oil and gas interest including any lease, royalty, well, working interest, well bore interest, overriding royalty interest, or equity position and all current receivables arising from such interests.

2.29 "MSG Case" shall mean and refer to Case No. 18-20209, *In re Michael Stephen Galmor*, pending in the Bankruptcy Court.

2.30 "MSG Estate" shall mean and refer to bankruptcy estate created under the Code with respect to Michael Stephen Galmor and/or the MSG Case.

2.31 "MSG" shall mean and refer to Michael Stephen Galmor.

2.32 "MSG Mineral Interests" shall mean and refer to any Mineral Interests devised or distributed to MSG by the Galmor Trusts or the Estate of Shirley Jo Galmor, Deceased, or devised to MSG by the Last Will and Testament of Shirley Jo Galmor dated June 14, 2014 under a power of appointment.

2.33 "Original Complaint" shall mean and refer to Docket No. 1 in the Adversary Proceeding.

2.34 "Petition Date" shall mean and refer to June 19, 2019, the date that both Bankruptcy Cases commenced.

2.35 "Post-Petition" or "Postpetition" shall refer to the individual rights and interests of MSG existing after the Petition Date.

2.36 "PPOC" or "PPOCs" shall mean and refer to the proofs of claims filed by Pritchard in the MSG Case (Proof of Claim No. 15) and the G&G Case (Proof of Claim No. 32), and any amendments and/or supplements thereto.

2.37 "Pritchard Parties" shall mean and refer to (i) Pritchard, (ii) Traci, and (iii) Leslie Pritchard on behalf of decedent Shirley Jo Galmor, and individually and/or derivatively on behalf of the behalf of Estate of Shirley Jo Galmor, Deceased, Galmor Family Limited Partnership, a Texas limited partnership, Galmor Management LLC,

a Texas limited liability company, the Bobby Don and Shirley Jo Galmor Living Trust, the Galmor Family Trust, and the Galmor Contribution Trust.

2.38    "<u>Probate</u>" shall mean and refer to Cause No. 13,507, *In the Estate of Shirley Jo Galmor, Deceased*, pending in the 31st District Court of Wheeler County, TX.

2.39    "<u>Probate Estates</u>" shall mean the decedent estates of Bobby Don Galmor and/or Shirley Jo Galmor.

2.40    "<u>Quarry Property</u>" shall mean and refer to all interest in real property and locations from which the Combined Interests at any time prior to the Effective Date have extracted rock, sand, gravel, and other materials including particularly the rock quarry property in Wheeler County legally described as "All of Section Five (5), Block A-8, H&GN Ry. Co. Survey, Wheeler County, Texas."

2.41    "<u>Released Parties</u>" shall mean and refer to MSG, Pritchard, Traci, Rudas, the Probate Estates, the Galmor Trusts, GFLP, Galmor GP, and the G&G Estate and each of their respective successors and assigns, partners, parents, subsidiaries, affiliates, agents, attorneys, representatives, servants, officers, directors, employees, heirs, personal representatives, and all persons, natural or corporate, in privity with each or any thereof (whether or not specifically listed by name herein).

2.42    "<u>Releasing Parties</u>" shall mean and refer to MSG, Pritchard, Traci, Rudas, the Probate Estates, the Galmor Trusts, GFLP, and Galmor GP, and each of their respective successors and assigns. For the avoidance of doubt, the Parties agree that MSG is authorized to effectuate the releases herein on behalf of the Probate Estates, the Galmor Trusts, GFLP, and Galmor GP.

2.43    "<u>Rule</u>" shall mean and refer to the Federal Rules of Bankruptcy Procedure or a rule under the Federal Rules of Bankruptcy Procedure.

2.44    "<u>Setoff</u>" shall mean and refer to any Claim, counterclaim, crossclaim, third party claim, recoupment, setoff, or any other matter which may be used to reduce any External Claim.

2.45    "<u>Subject Litigation</u>" shall mean and refer to the Probate, the Will Contest, the Trustee Removal Action, the Adversary Proceeding, and the Lis Pendens Suit.

2.46    "<u>Subject Mineral Interests</u>" shall mean and refer to the MSG Mineral Interests, GFLP Mineral Interests, and Galmor Trusts Mineral Interests.

2.47    "<u>Subject Real Property</u>" shall mean and refer to the tracts of real property of the GFLP referenced and described in **<u>Exhibit 001</u>** attached hereto and incorporated by reference herein.

2.48    "<u>Trustee Removal Action</u>" shall mean and refer to Cause No. 13,765, *Leslie Pritchard, Individually and on behalf of Shirley Jo Galmor v. Michael Stephen Galmor, as Trustee of The Bobby Don and Shirley Jo Galmor Living Trust, as Trustee*

*of The Galmor Family Trust, and as Trustee of Galmor Contribution Trust* pending in the 31st District Court of Wheeler County, Texas.

2.49   "<u>Trustee Ries</u>" shall mean and refer to Kent Ries, the Chapter 7 Trustee under the Code appointed in the MSG Case and the G&G Case, and any successor trustee(s) who may be appointed in the either Bankruptcy Case

2.50   "<u>Will Contest</u>" shall mean and refer to the First Amended Answer and General Denial and Opposition to Issuance for Letters Testamentary, and claims therein, filed in Cause No. 13,507, *In the Estate of Shirley Jo Galmor, Deceased*, pending in the 31st District Court of Wheeler County, TX.

### III.   <u>Recitals</u>

3.01   This Agreement is the result of a mediation that occurred in Amarillo, Texas on June 11, 2019.   Although each Party wishes to include and could include voluminous recitals, in the interest of time in effectively memorializing the substantive agreements reached at mediation, and in light of the substantial procedural history, the Parties have limited the Recitals.

3.02   The Parties wish to resolve all past and present disputes regarding the Combined Interests as set forth herein.

### IV.   <u>Acknowledgments and Agreement</u>

NOW THEREFORE, in consideration of the promises and agreements set forth in this Agreement, the Parties hereby agree to the following.

4.01.   <u>Disposition of Subject Litigation</u>

   a.   ***<u>Dismissal of Will Contest and the Trustee Removal Action, and Disposition of the Probate and the Estate of Shirley Jo Galmor</u>***. The Parties shall enter this Agreement into the Will Contest, the Probate, and the Trustee Removal Action as a family settlement agreement and cause the dismissal with prejudice of the Will Contest and the Trustee Removal Action. The Parties agree that the Combined Interests will be distributed as if the Will Contest had never been filed, and pursuant to the terms herein rather than pursuant to any Will of Shirley Jo Galmor offered for probate.

   b.   ***<u>Family Settlement Agreement Offered in Lieu of Probate of Will</u>***.   The parties agree that no administration of the Estate is necessary and that the Last Will and Testament of Shirley Jo Galmor dated June 14, 2014, shall <u>not</u> be admitted to probate.

      i.   As an alternate plan of distribution, the parties agree that the rest, residue, and remainder of the Estate of Shirley Jo Galmor shall be distributed in accordance with the terms of the Last Will and Testament of Shirley Jo Galmor dated June 14, 2014 as though set forth herein, with the sole

exception that any Mineral Interests shall be distributed to the Trustee of the Galmor Trusts as though in accordance with a valid Will of Shirley Jo Galmor admitted to probate and no testamentary power of appointment will be given effect as to Mineral Interests.

    ii.   The Parties to this Agreement expressly agree to not probate any other Will or Codicil of Shirley Jo Galmor other than the Last Will and Testament of Shirley Jo Galmor dated July 20, 2005 and the First Codicil thereto dated May 19, 2009, as may be necessary to effectuate the distribution of Mineral Interests to the Trustee of the Galmor Trusts in accordance with this Agreement or the Last Will and Testament of Shirley Jo Galmor dated June 14, 2014 as may be necessary to effectuate the distribution of property other than the Mineral Interests in accordance with this Agreement.

c.   ***Dismissal of Adversary Proceeding.*** Pritchard and/or the Pritchard Parties shall take the steps necessary and dismiss the Adversary Proceeding with prejudice and to amend the PPOCs consistent with this Agreement and the approval of the Parties. Pritchard will withdraw or dismiss any objections to discharge, objections to exemptions, or other filings in the Bankruptcy Cases, all with prejudice, except for the amendment of the PPOCs as set forth above.

d.   ***Removal of notices of Lis Pendens and Nonsuit of Lis Pendens Suit.*** Pritchard and/or the Pritchard Parties as applicable shall promptly remove any previously filed notice of lis pendens relating to the Subject Litigation, including but not limited to those notices of lis pendens recorded in vol. 741 page 214-216 of the Wheeler County property records. The parties will cause the dismissal with prejudice of the Lis Pendens Suit.

4.02.    **Disposition of Homeplace Debt.**

a.   In full and final satisfaction of the Homeplace Debt, MSG assigns, without recourse, to the Galmor Trusts the following: (1) any interest he may have in said Galmor Trusts, save for any interest received as a result of the Family Settlement Agreement contained within this Agreement; (2) any interest he may have in the MSG Mineral Interests; (3) any interest he may have in the GFLP; and (4) any Post-Petition claim he may have for compensation or reimbursement from the Galmor Trusts or GFLP, except as otherwise provided for in this Agreement. In the event any spendthrift provision in the Galmor Trusts prevents the above assignment of MSG's interest in the Galmor Trusts from being effective, MSG agrees to assign and does assign any distribution he receives from the Galmor Trusts back to the Galmor Trusts.

b.   To whatever extent is necessary, the Parties authorize MSG to execute and record any deed to record his ownership of the Homeplace or release of liens necessary to release any liens of the Galmor Trusts in, to, and/or against the Homeplace, and hereby ratify MSG's actions on behalf of the Galmor Trusts in that regard. The

Parties shall execute any power of attorney reasonably requested by MSG to effectuate such releases.

c. The Parties shall not seek to charge MSG or the Homeplace for any External Claims asserted or sustained against the Combined Interests. The Pritchard Parties do not dispute that the Homeplace is the property and homestead of MSG.

d. The Parties need not defend nor indemnify MSG and/or the Homeplace with respect to any External Claims.

4.03. **Disposition of Trust Assets.** Upon full execution of the transactions provided for herein, all assets presently belonging to the Galmor Trusts, including such assets acquired by the Galmor Trusts pursuant to this Agreement and less any assets disposed of by the Galmor Trusts pursuant to this Agreement, are to then be immediately distributed to the beneficiaries of the Trusts as follows.

| | |
|------|---|
| 25% | Pritchard |
| 25% | Rudas |
| 25% | Traci |
| 25% | Used by the Pritchard Parties for purposes of the defending and/or funding of a settlement of any External Claims, including any External Claims asserted by Trustee Ries, and any remainder of such 25% shall be distributed equally to Pritchard, Rudas, and Traci, and, if necessary, prosecuting any Claims against any third parties who are not Parties to this Agreement, with remaining funds being distributed equally to Pritchard, Traci, and Rudas. |

The Parties agree that due to MSG's assignment of any present or future interest he may have in the Galmor Trusts back to the Galmor Trusts, and his agreement to assign any distribution he receives back to the Galmor Trusts, the eventual distribution of the remaining property in the Galmor Trusts will be equally between Pritchard, Traci, and Rudas. This interest is subject to an External Claim that such trust interest is property of the MSG Estate and is to be defended by Pritchard and/or any of the Pritchard Parties pursuant to the following section of this Agreement.

4.04. **Continued Administration of the Combined Interests.**

a. ***Resignation of MSG from capacities within Combined Interests.*** Once all transactions provided for in this Agreement have been fully closed and executed, MSG shall resign and withdraw from his capacity as trustee of the Galmor Trusts, manager, partner, officer and/or director of GFLP, manager and/or officer of

Galmor GP, and any and all other similar capacities with respect to the Combined Interests.

b. ***Management of Combined Interests.*** MSG, Pritchard, Traci, and Rudas agree to the terms of the governing documents of GFLP and Galmor GP and, but to the extent such governing documents conflict with this Agreement this Agreement shall control, and MSG, Pritchard, Traci, and Rudas amend such governing documents as necessary to comply with the terms of this Agreement. MSG, Pritchard, Traci, and Rudas agree that until the liquidation and winding up of the Combined Interests is accomplished, the Combined Interests will be managed in accordance with this Agreement. Pritchard is appointed as Manager of Galmor GP with the limited authority to take actions required under this Agreement. Pritchard is authorized and directed to wind up the GFLP and Galmor GP, and effectuate the distributions and transactions required under this Agreement.

c. ***Management and Defense of Claims.*** Pritchard is authorized and in her business judgment may investigate, defend, and/or compromise any Claims and/or External Claims asserted by any party against any of the Combined Interests and/or Combined Assets, and may investigate, prosecute , and/or compromise any Claims against any third parties who are not Parties to this Agreement. Any proposed settlement of such Claims and/or External Claims must be unanimously approved by Pritchard, Traci, and Rudas, and authorization for Pritchard to undertake any other actions not authorized herein must be unanimously granted by Pritchard, Traci, and Rudas.

d. ***Books and Records of the Combined Interests.*** All Documents, books, records, computers, and other information of or relating to the Combined Interests shall be made available and/or turned over to Pritchard, including particularly without limitations all such things that have been or that currently exist at the Quarry Property. MSG hereby authorizes any party in possession of any books and records of or relating to the Combined Interests to provide such books and records to Pritchard. MSG will execute any documents necessary for any third parties to release Documents and information to Pritchard.

e. ***Records Relating to Subject Mineral Interests.*** By this agreement, MSG authorizes and directs all operators and similar parties to provide to Pritchard and/or otherwise cause Pritchard to receive any and all books, records, and Documents relating to the Subject Mineral Interests. MSG will execute any documents necessary for any third parties to release Documents and information to Pritchard.

f. ***Notice of Claims Against the Combined Interest, etc.***

    i. Promptly upon learning of any lawsuit or other legal action against the Combined Interests, formally or informally, MSG shall notify the other parties herein of any lawsuit or other action or proceeding that is

commenced against or relating any of the Combined Interests, the Subject Real Property, and/or the Subject Mineral Interests.

ii. MSG warrants and represents that to date MSG has disclosed to Pritchard any pending lawsuits relating to Combined Interests, the Subject Real Property, and/or the Subject Mineral Interests known by MSG as of the Effective Date hereto.

g. ***Global Cooperation of MSG.***

i. MSG shall cooperate with Pritchard and/or the Pritchard Parties in the investigation and/or defense of the External Claims.

ii. MSG shall continue to perform any duties required of MSG under the Code with respect to the Bankruptcy Cases and/or the Bankruptcy Estates. These duties take precedence over MGS's cooperation with Pritchard in the event of a conflict.

4.05. **Disposition of GFLP and Galmor GP Assets.** It is agreed by the Parties that the GFLP and Galmor GP shall wind up and terminate. Net proceeds of such winding up will be distributed to the interest-holders of GFLP and Galmor GP as such interest-holders exist after distribution of the property of the Galmor Trusts in accordance with this Agreement. Such distribution will be in accordance with their interests and governing documents for GFLP and Galmor GP. Assets of GFLP and Galmor GP will be disposed of in the following manner:

a. ***Disposition of Subject Real Property.***

i. The Designated Broker shall market and seek to sell the Subject Real Property for a period of six (6) months from the Effective Date (the "Marketing Period"), except for properties among the Subject Real Property for which a buyer has been identified prior to the Effective Date.

ii. Any contract presented by the Designated Broker to the Parties may be rejected only upon the combined veto of both MSG and Pritchard expressed in writing to the Designated Broker within five (5) calendar days of the presentation of any contract to MSG and Pritchard (the "Veto Procedures").

iii. If either, but not both, of MSG or Pritchard object to the contract presented by the Designated Broker, the Designated Broker may only proceed with the contract if the Designated Broker, in the Designated Broker's sole discretion, determines that such sale is commercially reasonable.

iv. Upon conclusion of the Marketing Period, any Subject Property not otherwise sold under this Agreement shall be submitted to the Designated Auctioneer for Auction according to the discretion of the auctioneer to

maximize value of the property, provided however, the Veto Procedures shall apply to any actions of the Designated Auctioneer.

v.  MSG and Pritchard are designated as the co-representatives of the GFLP to execute and conclude any contracts between the GFLP and the Designated Broker and/or the Designated Auctioneer as are necessary to fulfill this Agreement.

vi.  **Neither MSG nor Pritchard may separately contract or execute any instrument without the other. THUS, EACH CONTRACT AND ANY OTHER INSTRUMENT RELATING TO THE SUBJECT REAL PROPERTY MUST INCLUDE THE SIGNATURES OF BOTH MSG AND PRITCHARD TO BE VALID AND BINDING.**

vii.  *IN THE EVENT OF ANY DISAGREEMENT AS TO THE ACCEPTANCE OF ANY BONA FIDE AND GOOD FAITH OFFERS AS TO ANY OF THE SUBJECT PROPERTY, THEN THE DESIGNATED BROKER SHALL CAST A TIE-BREAKING VOTE AND DECIDE THE QUESTION AS BETWEEN MSG AND PRITCHARD.*

viii.  Should either the Designated Broker and/or the Designated Auctioneer resign or otherwise cease performance of their roles, MSG and Leslie, through their attorneys, shall appoint a replacement.

ix.  MSG shall undertake any and all reasonable actions in order to obtain a forbearance of any action by any secured lender, lien holder, and/or judgment holder from taking any further action against any of the GFLP and/or the Subject Real Property in order to permit the disposition of the Subject Real Property under this Agreement. The Parties acknowledge that MSG has no control over the parties who might bring such claims or actions and that he makes no guarantees regarding what forbearance might be obtained.

x.  Before any sales proceeds from the sale of the Subject Real Property are distributed to the parties herein, Great Plains Bank shall receive all available proceeds of the sale of the Subject Real Property until principal, interest, and late fees are paid in full for Notes 8411, 6145, 9900, and 3447, as more fully described in the Notice of Foreclosure Sale letter, dated July 15, 2019, from Johnathan H. Hinders, counsel for Great Plains Bank. Great Plains Bank's right to such proceeds from the sale of the Subject Real Property includes proceeds from the sale of all Subject Real Property and is not limited to Subject Real Property securing Notes 8411, 6145, 9900, and 3447.

b. ***Disposition of Cash of the Combined Interests.*** Cash currently in the possession of the Combined Interests may be used for the following purposes (the "Cash Distributions").

    i. An additional $25,000 to pay and fully satisfy any and all remaining attorney's fees owed or potentially owed, after the application of any retainer, by any of the Combined Interests to Lovell, Lovell, Isern & Farabough, LLP ("LLIF"). MSG is authorized to make this distribution. Any and all additional and/or subsequent attorney's fees of LLIF and/or Patrick Swindell relating to MSG and/or the matters addressed herein shall be the sole and exclusive individual responsibility of MSG. Upon receipt of this additional $25,000, LLIF agrees to release any liens on property of the Combined Interests. LLIF agrees to cooperate in any sale of property and satisfaction of prior liens.

    ii. $9,000 to MSG relating to activities of GFLP from March 18, 2019 to June 1, 2019. MSG is authorized to make this distribution.

    iii. A fee of three dollars per head per month to MSG cost to care for cattle on the gain currently situated on GFLP property, for the period from June 1, 2019 until the cessation of such cattle operation or August 31, 2019, whichever occurs first. Pritchard will cause the GFLP to make this distribution to MSG within 15 days of his submission of an invoice for this labor.

    iv. **AFTER AND BEYOND THE EXPENDITURES AUTHORIZED ABOVE, ANY AND ALL OTHER PRESENT OR FUTURE CASH, PROCEEDS, AND/OR OTHER FUNDS OR ASSETS OF THE COMBINED INTERESTS MAY BE USED ONLY IN ACCORDANCE WITH THIS AGREEMENT.**

c. **Disposition of GFLP Mineral Interests.** The GFLP Mineral Interests shall be distributed in-kind. Any distribution of such GFLP Mineral Interests distributed to Galmor GP shall also be distributed in kind.

d. **Letter Jackets.** MSG warrants that he does not possess or know the location of the high school letter jackets of Bobby Don Galmor and Shirley Jo Galmor. MSG agrees that should these jackets be found, he will give them to the Pritchard Parties.

4.06. **Releases.** Each of the Releasing Parties hereby releases and forever discharges each of the Released Parties from any and all Claims, demands, debts, liabilities, accounts, costs, expenses, liens, causes of action, verdicts and judgments of any kind whatsoever, at common law or in equity, statutory, or otherwise, known or unknown, that each of the Releasing Parties have or might have, prior to the Effective Date against the Released Parties; *provided*, however,

a. the Releasing Parties do not hereby waive, relinquish, or release any rights or any of the obligations of the Released Parties arising out of this Agreement or any instruments executed in connection with this Agreement; and

b. **Notwithstanding the above releases or any other part of this Agreement, the Parties specifically agree that the facts on which the Subject Litigation was based remain in dispute, that this Agreement does not preclude any Party from asserting any legal or factual defense against any External Claim, and does not preclude any Party from asserting that any External Claim is, in whole or in part, invalid or subject to recoupment. Except as otherwise stated herein, this Agreement does not ratify any prior actions that may have been taken by any of the Parties on behalf of another Party. The above release is limited in scope to the extent necessary to make the provisions of this paragraph effective among the Parties only.**

4.07. **<u>Notices</u>.**  Any notices that are required by this Agreement or that may otherwise be given regarding the subject matter of the Agreement shall be given to each of the parties at each party's last known addresses and to their respective attorney(s).  Any notice to the attorneys may accomplished by email if also accompanied by a writing sent by fax and/or regular mail.

4.08. **<u>Binding Effect</u>**.  This Agreement is fully integrated and contains the entire agreement of the parties with respect to the subject matter addressed herein and may not be contradicted except by a writing signed by the parties.  The parties acknowledge that this Agreement is executed after negotiations between and among representatives of the parties hereto.  The parties agree that: (a) each party and its attorneys have conducted their own investigation concerning the facts surrounding the matters covered by this Agreement and in voluntarily choosing to execute this Agreement, have relied upon their own analyses of such facts and not on any information furnished by any other party or their representatives; (b) there are no oral or other written agreements concerning the subject matter of this Agreement; and (c) any right to rely on any oral or written statement of any party or any failure of any party to state any fact is expressly waived and released, it being the intent of the parties hereto to waive any claims for fraudulent inducement.  If an ambiguity or question of intent or interpretation arises, the Agreement will be construed as if drafted jointly by the parties and no presumption or burden of proof will arise favoring or disfavoring any party because of the authorship of any provision of the Agreement.  This Agreement is binding upon and inures to the benefit of each of the parties and their respective partners, parents, subsidiaries, affiliates, agents, attorneys, representatives, servants, officers, directors, employees, heirs, and personal representatives.  This Agreement and the releases hereby granted are personal to the parties hereto and are not intended to create any right in any person who is not a party to this Agreement, except as otherwise set forth herein.  The parties are legally competent to execute this Agreement.

4.09. **<u>Miscellaneous</u>.**  Each Party shall bear, pay, and discharge all of their own expenses (including, but not limited to, attorneys' fees, court costs and other expenses) incurred

in connection with, arising from and relating to the disputes, litigation referenced herein, the additional transactions referenced in this Agreement, and the negotiation, execution, and performance of this Agreement. Each of the parties shall execute and deliver (and shall cooperate in the execution and delivery of) all the documents reasonably necessary to evidence or perfect the terms of this Agreement. This Agreement shall be construed under and governed by the laws of the State of Texas. Venue for any dispute arising out of this Agreement shall be the Courts of Wheeler County, Texas. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which shall constitute one Agreement. The parties further agree that copies of this Agreement and any of the attached Exhibits, including any facsimile copies or .pdf file copies with signatures, shall be binding and treated as original agreements. The paragraph headings contained in this Agreement are for convenience only. Whenever appropriate, the masculine gender may include the feminine or neuter, the singular, the plural, and vice versa. Should any portion(s) of this Agreement be declared to be illegal or unenforceable by a court of competent jurisdiction, then the remaining portions of this Agreement not affected by such judicial declaration shall remain in full force and effect and thereby bind the parties. Any deadline falling on a Saturday, Sunday, or state or federal legal holiday shall be extended to the immediate next day which is not a Saturday, Sunday, or legal holiday.

4.10. **Attorneys' Fees in Future Disputes.** Notwithstanding anything herein to the contrary, the parties acknowledge and agree that should any party to this Agreement be required to institute legal proceedings to enforce or interpret any of the provisions of this Agreement, the prevailing party in such legal proceeding shall recover from the non-prevailing party reasonable attorneys' fees, including fees on appeal, as well as court costs and expenses.

4.11. **Further Assurances.** Following the execution of this Agreement, the Parties covenant and agree to execute such other and further documents as may be necessary to evidence, fulfill, implement, and/or execute the obligations of this Agreement.

4.12. The terms of this Agreement are contractual and are not mere recitals.

_{continued on following sheet}_

**MICHAEL STEPHEN GALMOR**

_M. S L_

Dated: __8/5/19_____, 2019

**LESLIE GALMOR PRITCHARD**

**TRACI MARIE GALMOR WILSON**

Dated: _____, 2019

Dated: _____, 2019

**RANDY MARK "RUDAS" GALMOR**

Dated: _____, 2019

_{continued on following sheet}_

**GALMOR FAMILY LIMITED PARTNERSHIP, a Texas limited partnership**

**BY: GALMOR MANAGEMENT, LLC, a Texas limited liability company, its General Partner**

By: _____

Title: _Manager/Managing Member_

Dated: _8/5/19_ , 2019

**GALMOR MANAGEMENT, LLC, a Texas limited liability company**

By: _____

Title: _Manager/Managing Member_

Dated: _8/5/19_ , 2019

**THE BOBBY DON AND SHIRLEY JO GALMOR LIVING TRUST**

By: _____

Title: _Trustee_

Dated: _8/5/19_ , 2019

**THE GALMOR FAMILY TRUST**

By: _____

Title: _Trustee_

Dated: _8/5/19_ , 2019

**THE GALMOR CONTRIBUTION TRUST**

By: _____

Title: _Trustee_

Dated: _8/5/19_ , 2019

*{continued on following sheet}*

**MICHAEL STEPHEN GALMOR**

_____

Dated: _____, 2019

**LESLIE GALMOR PRITCHARD**

**TRACI MARIE GALMOR WILSON**

Dated: ___8/3/19___, 2019

Dated: _____, 2019

**RANDY MARK "RUDAS" GALMOR**

_____

Dated: _____, 2019

_{continued on following sheet}_

**DRAFT SUBJECT TO REVIEW, REVISION, WITHDRAWAL, AND CLIENT APPROVAL**

**MICHAEL STEPHEN GALMOR**

By: _____

Title: _____

Dated: _____, 2018


**LESLIE GALMOR PRITCHARD**

By: _____

Title: _____

Dated: _____, 2018


**RANDY MARK "RUDAS" GALMOR**

By: _____

Title: _____

Dated: _____, 2018


**TRACI MARIE GALMOR WILSON** *Coleman*

By: _Traci Galmor Coleman_

Title: _____

Dated: _8-7-19_____, 2018


*{continued on following sheet}*

**MICHAEL STEPHEN GALMOR**

_____

Dated: _____, 2019

**LESLIE GALMOR PRITCHARD**

_____

Dated: _____, 2019

**TRACI MARIE GALMOR WILSON**

_____

Dated: _____, 2019

**RANDY MARK "RUDAS" GALMOR**

_____

Dated: _____, 2019

_{continued on following sheet}_

**EXHIBIT 001 — SCHEDULE OF SUBJECT REAL PROPERTY**

Section 4, Block A-8 (560 acres, "The Flats)
Section 5, Block A-8 (640 acres, "The Flats")
North of Twitty: Section 9, Block A-8 (299.45 acres, "North of Twitty") in and in
Section 10, Block A-8 (283.88 acres, "North of Twitty")
Section 11, Block A-8 (318 acres, "The Pitcock")
Section 59, Block 17 (640 acres, "The Bradley")
Section 67, Block A-5 (160 acres, "The Turnbow")
Section 76, Block A-5 (100 acres, "Mobeetie Property"